Karen L. Handorf (*Pro Hac Vice* forthcoming)
Michelle C. Yau (*Pro Hac Vice* forthcoming)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW  ●  Fifth Floor
Washington, DC 20005
Telephone:  (202) 408-4600
Fax: (202) 408-4699

Todd Jackson (Cal. Bar No. 202598)
Nina Wasow (Cal. Bar No. 242047)
FEINBERG, JACKSON, WORTHMAN &
WASOW, LLP
383 4th Street ● Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998
Fax: (510) 269-7994

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

Charles Baird, individually, and on behalf of all others similarly situated, and on behalf of the BlackRock Retirement Savings Plan,

　　　　Plaintiffs,

　　vs.

BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; The BlackRock, Inc. Retirement Committee; Jason Herman, named Plan Sponsor; John and Jane Does 1-40, Members of the BlackRock Retirement Committee; The Administrative Committee of the Retirement Committee; John and Jane Does 1-20, Members of the Administrative Committee of the Retirement Committee; The Investment Committee of the Retirement Committee; John and Jane Does 21-40, Members of the Investment Committee of the Retirement Committee; each an individual, and John and Jane Does 41-60, each an individual,

　　　　Defendants.

**CLASS ACTION COMPLAINT**

CLASS ACTION COMPLAINT
Page 1

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & Toll PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# I. NATURE OF THE ACTION

1.     This is a civil enforcement action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1132(a)(2) & (a)(3), for violations of ERISA's fiduciary duty and prohibited transactions provisions.  It is brought as a class action by Charles Baird, who is a participant in the BlackRock Retirement Savings Plan (the "BlackRock Plan" or the "Plan"), on behalf of the Plan and all similarly situated Plan participants and beneficiaries (henceforth, collectively, "participants"), and all predecessor plans.

2.     This suit is about corporate self-dealing at the expense of a company's own retirement plan.  Defendants include BlackRock, Inc. ("BlackRock" or the "Company"), BlackRock Institutional Trust Company, N.A., the Retirement Committee appointed by the Company and its individual members (collectively referred to as the "Retirement Committee Defendants"), and the two sub-committees of the Retirement Committee: (1) the Investment Committee of the Retirement Committee and its individual members (collectively referred to as the "Investment Committee Defendants"), and (2) the Administrative Committee of the Retirement Committee and its individual members (collectively referred to as the "Administrative Committee Defendants").  The Retirement Committee Defendants, Investment Committee Defendants, Administrative Committee Defendants, and BlackRock, Inc. (collectively the "Fiduciary Defendants") are all Plan fiduciaries who are required by ERISA to act prudently, solely in the interest of the Plan's participants, and to prevent the Plan from engaging in prohibited transactions when acting with respect to the Plan.

3.     The Plan is a defined contribution pension plan as defined under ERISA and is subject to the provisions of ERISA. The Plan provides for retirement income for BlackRock employees and former employees. That retirement income depends on contributions made on behalf

CLASS ACTION COMPLAINT
Page 2

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

of each employee by his or her employer, deferrals of employee compensation and employer matching contributions, and on the performance of investment options net of fees and expenses.

4.    Fees and expenses (both direct and indirect) are determined by the fund options selected and maintained by the fiduciaries of the Plan.

5.    BlackRock is the sponsor of the Plan. BlackRock operates various investment-related businesses, including investment banking, brokerage, and investment management. BlackRock is by far the world's largest asset manager, with $5.1 trillion in assets under management. The Plan has approximately $1.56 billion in assets and approximately 9,700 participants. Combined with BlackRock's investment sophistication, the Plan has enormous leverage to demand and receive superior investment products and services.

6.    The Fiduciary Defendants were and are obligated to act for the exclusive benefit of participants and beneficiaries and ensure that plan expenses are reasonable. These duties are the "highest known to law" and must be performed with "an eye single to the interests of the participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271, 272 n.8 (2d Cir. 1982); *Herman v. NationsBank Trust*, 126 F.3d 1354, 1361 (11th Cir. 1997).

7.    The Fiduciary Defendants failed to honor these duties. Instead of using BlackRock's sophistication and the Plan's bargaining power to benefit participants and beneficiaries, BlackRock selected and retained high-cost and poor-performing investment options, with excessive layers of hidden fees that are not included in the fund expense ratios.

8.    Almost all of the fund options offered to BlackRock employees and participants are funds affiliated with BlackRock, Inc., meaning managed and/or maintained by a subsidiary of BlackRock, Inc., such as BlackRock Institutional Trust Company, N.A. or BlackRock Advisors, LLC (collectively referred to as the "BlackRock Affiliated Funds" or "BlackRock Proprietary Funds").

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

9. The continued investment of the Plan's assets in the BlackRock Affiliated Funds and/or BlackRock Proprietary Funds is expressly prohibited by ERISA. ERISA § 406, 29 U.S.C. 1106.

10. As a result of the Fiduciary Defendants' disloyal and imprudent monitoring, several BlackRock Proprietary Funds that would have been removed by a prudent and loyal fiduciary remained in the Plan during the Class Period (April 5, 2011 through judgment in this case).

11. BlackRock is a recognized leader in the investments and financial services fields. Each year, thousands of BlackRock employees and former employees invested $125 million, on average, in the Plan.

12. Plan participants were subjected to higher hidden fees through excessive fund layering, where one BlackRock fund invests in a rabbit hole of other BlackRock funds. In this layering scheme, each BlackRock fund charges additional fees to employee investors and those unnecessary layers of fees cannibalize the returns of the employee.

13. In total, 21 of the BlackRock Proprietary Funds offered to employees through the Plan funnel the employees' retirement assets into other BlackRock funds, which charge additional fees (not reported in the expense ratio), thereby eroding the participants' returns.

14. In some cases, a single BlackRock fund is funneled into as many as an additional 27 BlackRock Proprietary Funds.

15. It is thus not surprising that the majority of the BlackRock Proprietary Funds in the Plan performed worse than their respective benchmarks and other comparable non-proprietary funds with similar investment strategies.

16. The fees charged by the BlackRock Proprietary Funds in the Plan (most of which were hidden in excessive fund layering) were higher than the fees charged by comparative funds with like assets and similar investment strategies.

CLASS ACTION COMPLAINT
Page 4

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

17.    BlackRock funds also underperformed comparative funds despite high fees. For example, despite charging a 500% - 871% premium, BlackRock's Low Duration Bond Fund has underperformed Vanguard's alternative over ten, five, three, and one year horizons.

18.    The Fiduciary Defendants failed to remove and replace the BlackRock Proprietary Funds despite the fact that the continued investment of Plan assets in such funds constituted violations of ERISA's duties of prudence, loyalty and constituted self-dealing and prohibited transactions.

19.    In particular, the $509 million in retirement assets that employees and participants invested in BlackRock's LifePath Funds were imprudent and disloyal investments because each of the BlackRock LifePath Funds invests in 27 other BlackRock Funds, creating excessive fee layering that cannibalizes the employees' investment returns.

20.    As a result, the BlackRock LifePath Funds in the Plan underperformed relative to target date benchmarks and alternative target date funds with comparable investment strategies. On average, between December 31, 2010 and December 31, 2015, the nine Target Date Funds underperformed the Dow Jones Target Date Index counterparts by approximately 2,000 basis points ("bps"). Based on the $509 million the Plan invested in the BlackRock LifePath Funds, employees lost tens of millions of dollars in retirement assets due to the excessive fund layering of the BlackRock LifePath Funds, leading to excessive fees.

21.    Each of the ten BlackRock LifePath Funds funnel employee retirement assets into 27 additional BlackRock proprietary funds, which results in at least 26 additional layers of fees (see discussion below).

22.    A prudent fiduciary would have known that the investments were not suitable for the Plan.  By acting to benefit themselves and contrary to their fiduciary duty, the Fiduciary Defendants

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

caused the Plan, and hence participants, to suffer losses through excessive fees and underperformance of over $60 million.

23.    Plaintiff seeks relief including disgorgement of all investment advisory fees paid to BlackRock and/or its subsidiaries from Plan assets, as well as the losses caused to their retirement accounts from the many fiduciary breaches and prohibited transactions.

24.    The class consists entirely of participants in the Plan, and their beneficiaries, (excluding the Defendants) who had a balance through their Plan accounts in any of the BlackRock Proprietary Funds at any time during the Class Period.

25.    The allegations in this complaint are based upon counsel's investigation of public documents, including filings with the U.S. Department of Labor and U.S. Securities and Exchange Commission. As many facts are still within Defendants' exclusive possession, Plaintiffs may make further changes to the claims herein after discovery.

## II.  JURISDICTION AND VENUE

26.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

27.    Venue is proper in this district pursuant to ERISA, U.S.C. § 1132(e)(2) because: (1) Defendant BlackRock Institutional Trust Company, N.A., has its principal office in this District, CA; (2) Defendant BlackRock, Inc. also maintains an office in this District; and/or (3) many of the breaches occurred in this District.

## III.  PARTIES

**A.    Plaintiffs**

28.    Plaintiff Charles Baird ("Plaintiff Baird" or "Plaintiff") was an employee of Barclays from 2000 until 2009, when Barclays was acquired by BlackRock, and an employee of BlackRock from 2009 until July 2016.

29.    Plaintiff Baird resides in San Francisco, California, within this District.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

30.     Plaintiff Baird is a participant in the BlackRock Retirement Savings Plan.

31.     Plaintiff Baird's individual account in the Plan was invested in various investment options offered under the Plan's investment menu in the Class Period.

32.     Plaintiff Baird is currently invested in one or more of the BlackRock Proprietary Funds offered by the Plan.

33.     Plaintiff, like substantially all Plan participants, was not provided any information regarding the substance of deliberations, if any, of the Investment Committee Defendants, concerning the Plan's menu of investment options or selection and monitoring of service providers during the Class Period, including the availability of non-proprietary alternatives.

34.     Plaintiff also had no knowledge of the layering within the BlackRock funds, the associated fees.

35.     Plaintiff discovered all the facts underlying his claims shortly before commencing this action.

**B.     Defendants**

36.     **Defendant BlackRock Institutional Trust Company, N.A.** Defendant BlackRock Institutional Trust Company, N.A. is a national banking association organized under the laws of the United States that operates as a limited purpose trust company.

37.     Defendant BlackRock Institutional Trust Company, N.A. has its principal office in San Francisco, California.

38.     Defendant BlackRock Institutional Trust Company, N.A. is a wholly owned subsidiary of BlackRock, Inc.

39.     Defendant BlackRock Institutional Trust Company, N.A., throughout the Class Period, was and continues to be a party-in-interest to the Plan as defined in 29 U.S.C. § 1002(14) because it is an employer of employees covered by the Plan.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

40.     Defendant BlackRock Institutional Trust Company, N.A. manages and maintains all the collective trusts offered through the Plan.

41.     **Defendant BlackRock, Inc. ("BlackRock").** Defendant BlackRock, Inc., the Plan Sponsor, is a Delaware company with its principal place of business in New York, New York.

42.     Throughout the Class Period, BlackRock was and continues to be a fiduciary because it appointed, directly or through its executives, the members of the Investment Committee, the Administrative Committee, and/or the Retirement Committee.

43.     BlackRock was and continues to be a party-in-interest to the Plan as defined in 29 U.S.C. § 1002(14) because it is an employer of employees covered by the Plan.

44.     BlackRock operates various investment-related businesses, including investment banking, brokerage, and investment management.

45.     BlackRock is by far the world's largest asset manager, with $5.1 trillion in assets under management.

46.     **The BlackRock, Inc. Retirement Committee ("Retirement Committee").** The Retirement Committee and its individual members serve as a named fiduciary and administrator of the Plan.

47.     Two sub-committees of the Retirement Committee were established effective January 1, 2008, for purposes of performing the Committee's duties, responsibilities and obligations attendant to the Plan: the Administrative Committee of the Retirement Committee and the Investment Committee of the Retirement Committee.

48.     Individuals who served on the Retirement Committee during the Class Period include:

     **a.  Jason Herman,** who is Director of Financial Benefits (Americas).

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

b. **John and Jane Does 1-40.** Plaintiff does not currently know the identity of all of the Plan's fiduciaries, in particular the identities of all the persons who served on the Retirement Committee. Once the identities of those not currently named, if any, are ascertained, Plaintiff will seek leave to join them under their true names.

49.     The Retirement Committee and its individual members are collectively referred to as the "Retirement Committee Defendants."

50.     **The BlackRock, Inc. Investment Committee ("Investment Committee").** The Investment Committee of the Retirement Committee has responsibility for investment related matters of the Plan.

a. **John and Jane Does 1-20.** Plaintiff does not currently know the identity of all of the Plan's fiduciaries, in particular the identities of all the persons who served on the Retirement Committee. Once the identities of those not currently named, if any, are ascertained, Plaintiff will seek leave to join them under their true names.

51.     The Investment Committee and its individual members are collectively referred to as the "Investment Committee Defendants."

52.     **The BlackRock, Inc. Administrative Committee ("Administrative Committee").** The Administrative Committee of the Retirement Committee has the responsibility for administrative related matters of the Plan.

a.      **John and Jane Does 21-40.** Plaintiff does not currently know the identity of all of the Plan's fiduciaries, in particular the identities of all the persons who served on the Administrative Retirement Committee. Once the identities of those not currently named, if any, are ascertained, Plaintiff will seek leave to join them under their true names.

53.     The Administrative Committee and its individual members are collectively referred to as the "Administrative Committee Defendants."

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

54.     Every employee benefit plan must provide for one or more named fiduciaries that jointly or severally possess the authority to control and manage the operation and administration of the plan. ERISA, 29 U.S.C. §1102(a)(1). Further, a person who functions as a fiduciary is a fiduciary, even if he or she is not named as such, so long as the person exercises any discretionary authority or control over the operation or administration of the plan or any authority or control over the disposition of plan assets. ERISA, 29 U.S.C. §1001(21)(A).

55.     Each of the following Defendants was named as a fiduciary and/or functioned as one: BlackRock, Inc., the Retirement Committee Defendants, the Investment Committee Defendants, and the Administrative Committee Defendants, (collectively referred to as the "Fiduciary Defendants").

## IV.  FACTS

**A.     The BlackRock Retirement Savings Plan**

56.     At all relevant times, the Plan was an "employee pension benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(2)(A), and was established to provide retirement income to BlackRock employees.

57.     The Plan is a defined contribution plan sponsored by BlackRock.

58.     The Plan covers eligible employees of BlackRock, Inc., including its domestic subsidiaries, such as BlackRock Institutional Trust Company, N.A.

59.     The Plan's administrator is the BlackRock, Inc. Retirement Committee.

60.     The Plan has approximately $1.56 billion in assets and approximately 9,700 participants.

61.     Combined with BlackRock's investment sophistication, the Plan and its fiduciaries have enormous leverage to demand and receive superior investment products and services.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

62.    Participants in the Plan have the opportunity to direct the investment of all of the assets allocated to their individual accounts into the investment options offered by the Plan, and the return on those investments are credited to each participant's account.

63.    The Plan's benefits are funded by participants' voluntary tax-deferred contributions and by employer matching contributions. The Plan is intended to qualify under Internal Revenue Code § 401(k).

64.    As of December 31, 2015, the Plan's investments had a reported value of $1,496,651,702.

65.    Approximately 92.9%, or $1,390,551,546, of the Plan's assets were invested in entities affiliated with BlackRock.

66.    These investments include BlackRock Active Stock Fund; BlackRock Emerging Market Index; BlackRock Equity Dividend; BlackRock Global Allocation Collective Trust Fund; BlackRock LifePath 2020 Index; BlackRock LifePath 2025 Index; BlackRock LifePath 2030 Index; BlackRock LifePath 2035 Index; BlackRock LifePath 2040 Index; BlackRock LifePath 2045 Index; BlackRock LifePath 2050 Index; BlackRock LifePath 2055 Index; BlackRock LifePath 2060 Index; BlackRock LifePath Retirement Index; BlackRock Low Duration Bond Fund; BlackRock MSCI ACWI Ex. US CL F; BlackRock Russell 1000 Fund; BlackRock Russell 2000 Alpha Fund; BlackRock Short Term Investment Fund; BlackRock Total Return Fund; BlackRock US Debt Index Fund; BlackRock US TIPS Fund; BlackRock Strategic Income Opportunities Fund, BlackRock, Inc. Common Stock; and the PNC Financial Services Group, Inc. Common Stock.[1]

---

[1] During the Class Period, the Plan held positions in other BlackRock affiliated funds including the BlackRock LifePath 2015 Index Fund, the BlackRock Large Cap Core Fund, the BlackRock Equity Index Trust, the FFI Premier Institutional Fund, the FFI Government Fund, and the BlackRock Retirement Preservation Trust.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**B.    The Investment Committee Defendants Disloyally and Imprudently Favor BlackRock Proprietary Funds, Despite the Fact that Investment in Proprietary Funds Constitutes Prohibited Transactions.**

67.    The Investment Committee Defendants had the authority, discretion, and responsibility to select, monitor, and remove or replace the investment options in the Plan.  Their specific responsibilities included, but were not limited to:

a.    Selecting and making decisions with respect to removing or replacing investment options for the Plan;

b.    Monitoring the performance of the Plan's investment options on a regular basis and removing any investment options that either alone or in the context of the entire Plan portfolio were imprudent, disloyal and/or non-diversified;

c.    Removing any investment options that caused the Plan to engage in Prohibited Transactions; and

d.    Ensuring that the Plan did not engage in Prohibited Transactions.

68.    The Investment Committee Defendants selected and monitored investments for the Plan in a manner that benefited BlackRock and the other Defendants rather than the Plan and its beneficiaries, in dereliction of Investment Committee Defendants' ERISA fiduciary duties.

69.    In 2009, BlackRock acquired Barclays' fund management arm, Barclays Global Investors, which became BlackRock Institutional Trust Company, N.A.

70.    BlackRock Institutional Trust Company, N.A. sponsors all collective trusts offered through the Plan.

71.    Prior to the acquisition, there were no Barclays vehicles offered through the Plan.

72.    Following the acquisition, the Fiduciary Defendants exhibited a clear trend of preferring affiliate investment options, including trusts sponsored by the new BlackRock Institutional Trust Company, N.A.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

73.    Specifically, 92.9% of the Plan's assets were invested in BlackRock Proprietary Funds.

74.    By selecting BlackRock's own Proprietary Funds, the Investment Committee Defendants ensured that BlackRock would receive the substantial fees paid with Plan assets and would increase BlackRock affiliates' assets under management ("AUM").

75.    Such an act would improve the marketability of BlackRock products and portray confidence to the public in BlackRock's ability to manage assets.

76.    However, the BlackRock Proprietary Funds charged excessive fees, primarily though fund and fee layering, and underperformed their respective benchmarks and similar cheaper investment vehicles.

77.    In addition, some of the funds were actively managed mutual funds, which are more expensive than other fund vehicles available to institutional investors such as 401(k) plans, such as collective investment trusts.[2]

78.    The Investment Committee Defendants have also mapped non-affiliated investment options to affiliated alternatives.

79.    For instance, the Tamro Small Cap Collective Fund was mapped to the BlackRock Russell 2000 Alpha Tilts Fund. The Investment Committee Defendants selected an affiliated Russell 2000 product even though small-cap indices like the S&P 600 had a history of outperforming the Russell 2000.

---

[2] In this complaint, **"mutual fund"** refers to an investment fund governed by the Investment Company Act of 1940. A "**Collective Investment Trust**" refers to an investment vehicle, other than a mutual fund governed by the Investment Company Act of 1940, that is offered for investment to more than one investor. Such funds are typically offered by financial institutions such as banks, are usually cheaper than mutual funds, and are only available to high net worth investors such as institutional investors or retirement plans.

CLASS ACTION COMPLAINT
Page 13

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

80.    On December 31, 2009, 37.15% of the Plan's assets were not affiliated with BlackRock.

81.    By December 31, 2015, less than 8% of the Plan's assets were not affiliated with BlackRock.

**C.    BlackRock LifePath Funds Expose Participants to Unnecessary and Imprudent Fees through Fund Layering.**

82.    The Plan has a substantial position in target date funds through the Retirement Committee Defendant's selection of BlackRock's own LifePath Target Date Funds (the "BlackRock LifePath Funds" or "LifePath Funds").

83.    The LifePath funds are collective investment trusts sponsored by BlackRock Institutional Trust Company, N.A.

84.    The Investment Committee also designated and continues to designate the BlackRock LifePath funds as the default investment option for Plan participants. A participant that is automatically enrolled in the Plan will have his or her contributions invested in a LifePath fund.

85.    As of December 31, 2015, the BlackRock LifePath funds made up $509,916,830.00, or 34.07%, of the Plan's assets, all of which was comprised of BlackRock Proprietary Funds.

86.    The LifePath funds selected and maintained for the Plan by Investment Committee Defendants underperformed comparable investments and subjected the Plan to a mire of expense layering that cannibalized the employees' investment returns.

87.    Despite this, the LifePath funds have remained the Plan's default options since at least 2010.

88.    Each LifePath fund unnecessarily invests in 27 **additional** BlackRock proprietary funds.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

89.     In other words, with each investment into a single LifePath fund, employee retirement assets were funneled into a total of 28 distinct BlackRock funds, all of which charge additional fund fees (except one).

90.     Department of Labor Form 5500 filings report that the Plan participates in the M class of each LifePath fund.

91.     The M class is layered such that its assets feed into another class of the same LifePath fund--the F class.

92.     The M class has higher expenses than other classes of the same fund, including the F class.

93.     By participating in the M class, rather than in cheaper classes of the same Fund, the Plan incurred expenses over 10 times more than other available share classes, which offer the exact same investment for lower fees.

94.     Moreover, the funneling of employee retirement assets into additional BlackRock proprietary funds continues beyond the F class.

95.     The F class of the LifePath funds feeds into the following seven BlackRock funds: BK MSCI ACWI EX-US IMI INDEX FUND E; COMMODITY INDEX DAILY FUND E; DEVELOPED REAL ESTATE INDEX FUND E; EQUITY INDEX FUND E; EXTENDED EQUITY MARKET FUND E; US DEBT INDEX FUND E; and US TIPS FUND E.

96.     The BK MSCI ACWI EX-US IMI INDEX FUND E, which is also fed directly by the F class of the LifePath funds, then feeds into the following five BlackRock funds: BK MSCI CANADA IMI INDEX FUND; BK MSCI EAFE SMALL CAP EQUITY INDEX FUND E; EAFE EQUITY FUND F; EMERGING MARKETS EQUITY INDEX MASTER FUND; and EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FND.

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

97.    The EQUITY INDEX FUND E, which is also fed directly by the F class of the LifePath funds, feeds into the following BlackRock fund: EQUITY INDEX FUND.

98.    The EXTENDED EQUITY MARKET FUND E, which is also fed directly by the F class of the LifePath funds, feeds the following BlackRock fund: EXTENDED EQUITY MARKET FUND.

99.    The US DEBT INDEX FUND E, which is also fed directly by the F class of the LifePath funds, feeds the following six BlackRock funds: INT GOVERNMENT BOND INDEX FUND; INT TERM CREDIT BOND INDEX FUND; LONG TERM CREDIT BOND INDEX FUND; LONG TERM GOV BOND INDEX FUND; MBS INDEX FUND; and US SEC CREDIT EX-MBS IDX NL FD E.

100.    The BK MSCI CANADA IMI INDEX FUND, which is fed by the BK MSCI ACWI EX-US IMI INDEX FUND E, feeds the following two BlackRock funds: BK MSCI CANADA SMALL CAP EQUITY INDEX FUND and MSCI EQUITY INDEX FUND-CANADA.

101.    The BK MSCI EAFE SMALL CAP EQUITY INDEX FUND E, which is fed by the BK MSCI ACWI EX-US IMI INDEX FUND E, feeds the following BlackRock fund: BK MSCI EAFE SMALL CAP EQUITY INDEX FUND.

102.    The EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FND E, which is fed by the BK MSCI ACWI EX-US IMI INDEX FUND E, feeds the following BlackRock fund: EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FUND.

103.    The table below illustrates the layering of BlackRock funds in each LifePath fund, described above.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

| Master-Level | Sub-Level | Name | EIN | Administrative Expense at Level? |
|---|---|---|---|---|
| Feeder Level | | LIFEPATH INDEX [YEAR] FUND M | | Yes |
| Level 1 | 0 | LIFEPATH INDEX [YEAR] FUND F | | Yes |
| Level 2 | A.1 | BK MSCI ACWI EX-US IMI INDEX FUND E | 336371935 | Yes |
| | B.1 | COMMODITY INDEX DAILY FUND E | 272531932 | Yes |
| | C.1 | DEVELOPED REAL ESTATE INDEX FUND E | 336371934 | Yes |
| | D.1 | EQUITY INDEX FUND E | 943138576 | Yes |
| | E.1 | EXTENDED EQUITY MARKET FUND E | 943170135 | Yes |
| | F.1 | US DEBT INDEX FUND E | 943149397 | Yes |
| | G.1 | US TIPS FUND E | 336370138 | Yes |
| Level 3 | A.1.1 | BK MSCI CANADA IMI INDEX FUND | 336379492 | Yes |
| | A.1.2 | BK MSCI EAFE SMALL CAP EQUITY INDEX FUND E | 272050259 | Yes |
| | A.1.3 | EAFE EQUITY FUND F | 943358162 | Yes |
| | A.1.4 | EMERGING MARKETS EQUITY INDEX MASTER FUND | 272777161 | Yes |
| | A.1.5 | EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FND E | 272050190 | No |
| | C.1.1 | MSCI RE | 336370139 | Yes |
| | C.1.2 | EX-US RE | 205998056 | Yes |
| | D.1.1 | EQUITY INDEX FUND | 946052285 | Yes |
| | E.1.1 | EXTENDED EQUITY MARKET FUND | 946507863 | Yes |
| | F.1.1 | INT GOVERNMENT BOND INDEX FUND | 943118548 | Yes |
| | F.1.2 | INT TERM CREDIT BOND INDEX FUND | 943118549 | Yes |
| | F.1.3 | LONG TERM CREDIT BOND INDEX FUND | 943118550 | Yes |
| | F.1.4 | LONG TERM GOV BOND INDEX FUND | 943118547 | Yes |
| | F.1.5 | MBS INDEX FUND | 946581672 | Yes |
| | F.1.6 | US SEC CREDIT EX-MBS IDX NL FD E | 453620007 | Yes |
| Level 4 | A.1.1.1 | BK MSCI CANADA SMALL CAP EQUITY INDEX FUND | 336379493 | Yes |
| | A.1.1.2 | MSCI EQUITY INDEX FUND-CANADA | 943149391 | Yes |
| | A.1.2.1 | BK MSCI EAFE SMALL CAP EQUITY INDEX FUND | 260719768 | Yes |
| | A.1.5.1 | EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FUND | 270794016 | Yes |

104.     Each of the 28 of BlackRock funds (except one--the EMERGING MARKETS SMALL CAPITALIZATION EQUITY INDEX NL FND E) cannibalizes the employees' investment returns through fees charged by the management of each fund.

105.     The fees paid by employees through this rabbit hole of fund layering are not reflected in the expense ratio reported to participants.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

106.    Rather, each fund nets expenses against the assets it holds on its balance sheet; thereby decreasing the performance and growth of each fund underlying the LifePath funds.

107.    Similar investments offered by non-BlackRock entities exhibit significantly less fee layering (if any), and as a result, outperformed the LifePath funds.

108.    The Vanguard Group ("Vanguard") is a reputable, low-cost asset manager that offers comparable alternative investments to the LifePath funds.

109.    For instance, Vanguard manages the Vanguard Target Retirement Income Trust I target date funds (the "Vanguard Target Date funds"), which are comparable in investment strategy to the BlackRock LifePath funds.

110.    The LifePath funds underperformed the Vanguard Target Date funds by approximately 8.5% on average for the period between December, 31 2010 and December 31, 2015 (after taking into account the compounding of returns realized every year).

111.    The LifePath suite performed even worse compared to the Dow Jones Target Date benchmark indices.

112.    After taking into account the compounding of returns realized every year, the LifePath funds underperformed the Dow Jones Target Date indices by almost 20% during this period.

113.    The Vanguard Target Date funds do not have extensive expense layering like the LifePath funds.

114.    Underlying each Vanguard fund investment are only six additional funds: a master trust and five index funds. This comes in stark contrast to the 27 additional funds and attendant expenses underlying each LifePath investment.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

115.    Like Vanguard and BlackRock, the Thrift Savings Plan offers a suite of target date funds (the "TSP funds") that, like the Vanguard and LifePath funds, strategically shift their asset allocation from risky to conservative as the target date approaches.

116.    Although the TSP funds are only available to government employees, BlackRock was hired to manage the assets underlying the TSP funds; namely the C, F, G, I and S Funds.

117.    BlackRock applied many of the same strategies in the C, F, G, I and S Funds as it did for the funds underlying the LifePath funds.

118.    For instance, both the EQUITY INDEX FUND E, which directly underlies the LifePath funds, and C Fund, which underlies the TSP funds, were indexed to the S&P 500.

119.    Similarly, both the US DEBT INDEX FUND E, underlying the LifePath Funds, and F Fund, underlying the TSP funds, were indexed to the BarCap US Agg Bond TR USD Index.

120.    BlackRock managed the funds underlying the TSP funds and implemented similar strategies to the funds underlying the LifePath funds.

121.    The TSP funds are therefore a helpful benchmark against which to compare the performance and structure of LifePath funds available to Plan participants.

122.    Specifically, the TSP and LifePath funds that were indexed to the exact same underlying assets and managed by the same company should have performed almost exactly the same.

123.    However, in reality, the LifePath funds underperformed the TSP funds.

124.    After taking into account the compounding of returns realized every year, the LifePath funds underperformed the TSP funds by 5.6% on average during this period.

125.    Investment documents provided by TSP indicate that BlackRock invests the C, F, G, I and S Funds in separate accounts which directly purchase the securities making up the indices, thereby avoiding the excessive fund layering utilized by the BlackRock LifePath Funds.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

126.    Thus, government employees are spared multiple layers of management fees that BlackRock employees invested in the LifePath funds are charged.

127.    By selecting and maintaining the LifePath funds and designating them as the default for participants, the Investment Committee enabled all trusts layered within the LifePath funds sponsored by BlackRock Institutional Trust Company, N.A. to report large institutional participation and growing assets under management.

128.    By selecting and maintaining the LifePath funds and designating them as the default for participants, the Investment Committee Defendants exposed the Plan and participants to excessive fee layering and underperformance.

129.    As a result of the Investment Committee Defendants' actions, the Plan's investment in trusts with excessive fee layering has dramatically increased.

**D.    Most Investments That the Investment Committee Defendants Selected and Retained in the Plan Expose Participants to Unnecessary and Imprudent Fund and Fee Layering.**

130.    Most of the other BlackRock proprietary funds offered in the Plan exhibit excessive and unnecessary fund and fee layering.

131.    This includes the BlackRock MSCI ACWI Ex. US IMI Index Fund, Equity Dividend Fund, Global Allocation Fund, Strategic Income Opportunities Bond Fund, Active Stock Fund, Russell 1000 Index Fund, U.S. Debt Index Fund, U.S. Treasury Inflation Fund, and Russell 2000 Alpha Fund.

132.    In total, these layered funds and the layered LifePath funds comprise $1.15 billion, or 77%, of the Plan's assets.

133.    These funds are also administered and sponsored by BlackRock Institutional Trust Company N.A.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

134.    The Russell 2000 Alpha Tilts Fund is an example of a fund with unnecessary layering. A participant that selects the Russell 2000 Alpha Tilts Fund F class feeds five distinct BlackRock trusts.

| Master-Level | Sub-Level | Name | EIN |
|---|---|---|---|
| Level 1 | 0 | RUSSELL 2000 ALPHA TILTS FUND F | 472641596 |
| Level 2 | A.1 | RUSSELL 2000 INDEX FUND F | 943318704 |
|  | B.1 | RUSSELL 2000 ALPHA TILTS FUND | 943123057 |
| Level 3 | A.1.1 | RUSSELL 2000 INDEX FUND E | 943283276 |
| Level 4 | A.1.1.1 | RUSSELL 2000 INDEX FUND | 943273839 |

135.    However, BlackRock allows other non-BlackRock retirement plans to participate directly in the sub-funds layered within the Russell 2000 Alpha Tilts Fund F class. Those retirement plans avoid fees associated with the Russell 2000 Alpha Tilts Fund F class.

136.    Other retirement plans not sponsored by BlackRock are able to participate in trusts layered within the Russell 2000 Alpha Tilts Fund F class. Those retirement plans avoid layers fed by the Plan and avoid associated expenses.

137.    In total, 21 of the BlackRock Proprietary Funds offered to employees in the Plan funnel employee retirement assets into other BlackRock Proprietary Funds, which charge additional fees (not reported in the expense ratio for the top level fund), thereby eroding the participants' returns.

138.    Participants are thereby exposed to more layers and expenses than other retirement plans not sponsored by BlackRock.

**E.    Other Breaches of Fiduciary Duty and Prohibited Transactions.**

      1.    BlackRock Global Allocation Trust

139.    The Plan offers the BlackRock Global Allocation Trust F. As of December 31, 2015, the Plan's position in this trust was worth $179,472,599.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

140.    However, until mid-2014, the Plan held the Global Allocation Fund mutual fund, instead of the collective investment trust. This mutual fund has the ticker symbol "MALOX."

141.    The investment manager for MALOX is BlackRock Advisors, LLC.

142.    The Investment Committee Defendants selected and retained MALOX even though it subjected the Plan to excessive fees.

143.    MALOX had a gross expense ratio ranging from 99 bps in 2009 to 87 bps in 2014.

144.    MALOX was over 4000% more expensive than the gross fee for the collective investment trust version of this fund.

145.    During the Class Period, MALOX participated in an advisory agreement with BlackRock Advisors, LLC ("BRAL") whereby BRAL would provide various services to MALOX for a fee ranging from 75 bps to 60 bps of fund assets, depending on the mutual fund's total assets under management.

146.    These services included (1) portfolio management responsibilities like researching investments, selecting investments and executing trades, voting and exercising shareholder discretion, and supervising asset composition; and (2) administrative duties like maintaining books and records, preparing regulatory filings, overseeing performance of accountants, and ensuring compliance with regulatory requirements.

147.    BRAL delegated the substance of its responsibilities under the advisory agreement to BlackRock Investment Management ("BRIM") through a sub-advisory arrangement.

148.    The responsibilities BRAL delegated included (1) portfolio management responsibilities like researching investments, selecting investments and executing trades, voting and exercising shareholder discretion, and supervising asset composition; and (2) administrative duties like maintaining books and records, communicating investment decisions, and complying with BlackRock Advisor, LLC's policies, objective, and restrictions.

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

149.    BRIM performed these delegated responsibilities for approximately half the fee paid to BlackRock Advisors, LLC (BRAL) by the BlackRock Global Allocation Fund.

150.    Third party investment advisors entered into arm's-length negotiations for BRIM to provide advisory services similar to those BRAL agreed to provide MALOX. For instance, Allianz Investment Management LLC ("AZL") and Jackson National Asset Management, LLC ("JNL") negotiated for and hired BRIM to provide advisory services to mutual funds marketed under the AZL and JNL brands.

151.    BRIM agreed to provide these services to third parties, including JNL and AZL, at expense ratios ranging from 42 to 37.5 basis points, depending on assets under management-- significantly less than the fees charged to MALOX.

152.    By investing in the BlackRock affiliated fund, MALOX, the Plan was subjected to excessive fees for the services rendered, when it could have paid less for the exact same fund and services by including JNL or AZL in the Plan rather than the BlackRock affiliate.

153.    Between 2009 and mid-2014, the Plan paid approximately $4.8 million fees for MALOX.

    2.    BlackRock Low Duration Bond Mutual Fund

154.    In 2013, The Investment Committee Defendants added to the Plan the BlackRock Low Duration Bond Fund, which is a mutual fund.  As of December 31, 2015, the Plan held a position in this fund worth $6,951,559.38.

155.    The Investment Committee Defendants selected and failed to remove the BlackRock Low Duration Bond Fund despite a substantially higher expense ratio than comparable investments and a history of underperformance.

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

156.    The BlackRock Low Duration Bond Fund charged between 61 and 36 basis points throughout the Class Period. Vanguard offers a fund similar to this[3] that charges only 7 basis points for its bond fund.  In other words, employees are paying 500% - 871% more than necessary for the Low Duration Bond Fund.

157.    The investment manager for the BlackRock Low Duration Bond Fund is BlackRock Advisors, LLC.

158.    The BlackRock Low Duration Bond Fund uses the following strategy:

"The Low Duration Fund invests primarily in investment grade bonds and maintains an average portfolio duration that is between 0 and 3 years. The Low Duration Fund normally invests at least 80% of its assets in debt securities. The Low Duration Fund may invest up to 20% of its assets in non-investment grade bonds (commonly called "high yield" or "junk bonds"). The Low Duration Fund may also invest up to 25% of its assets in assets of foreign issuers, of which 10% (as a percentage of the Fund's assets) may be invested in emerging markets issuers."

159.    The Vanguard Short-Term Investment-Grade Fund implements a similar strategy:

"The Fund invests in a variety of high-quality and, to a lesser extent, medium-quality fixed income securities, at least 80% of which will be short- and intermediate-term investment-grade securities. … The Fund is expected to maintain a dollar weighted average maturity of 1 to 4 years."

160.    Despite the similar strategies, the BlackRock Low Duration Bond Fund has an expense ratio that is over 400% greater than the Vanguard alternative.

161.    After fee waivers, the K Shares of the BlackRock Low Duration Bond Fund have an expense ratio of 0.36%.

162.    The comparable institutional class of the Vanguard Short-Term Investment-Grade Fund has an expense ratio of 0.07%.

163.    The substantially higher fee has not come with a commensurate performance improvement.

---

[3] The BlackRock Low Duration Bond Fund invests 80% of its assets in investment-grade short- to intermediate-term bonds.  Vanguard offers the Short-Term Investment Grade Fund, which is similar to the BlackRock Low Duration Bond Fund in that it also invests 80% of its assets in investment-grade short- to intermediate-term bonds.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

164.    Rather, the BlackRock Low Duration Bond Fund has consistently underperformed Vanguard and other alternative investments.

### 3.    The Selection and Maintenance of Mutual Funds and Other More Expensive Share Classes

165.    The Investment Committee Defendants selected and retained the BlackRock Total Return Fund, which is a mutual fund managed by BlackRock Advisors LLC, and which is more expensive than similar alternative non-proprietary funds.

166.    Similarly, even when the Plan offers collective trust funds, the share class option offered is often more expensive than other available share classes.

167.    For instance, the Plan offers the W class of the US Debt Index Fund according to DOL Form 5500 reporting.

168.    The expenses reported by the W class are 50-150% greater than other classes of the same US Debt Index Fund, such as the E class.

### 4.    Failure to Include Passively Managed Alternatives for Certain Asset Classes

169.    The Plan only offers three passively managed index funds: the BlackRock US Debt Index Fund, the BlackRock Russell 1000 Index Fund, and the BlackRock MSCI ACWI-ex US IMI Index Fund.

170.    The Investment Committee Defendants failed to include any other passively managed equity index funds, even though the actively managed equity funds that the Investment Committee Defendants selected were more expensive and demonstrated a consistently worse performance than the passively managed index funds.

**F.    By Concentrating Investments Under BlackRock Affiliates' Administration, the Retirement Committee Defendants Failed to Adequately Diversify Risk**

171.    The Retirement Committee Defendants have concentrated the Plan's assets under the management and/or administration of BlackRock affiliates.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

172.     Most of the investments selected by the Retirement Committee Defendants for the Plan are administered by BlackRock affiliates, including BlackRock Institutional Trust Company, N.A. and BlackRock Advisors, LLC.

173.     The Retirement Committee Defendants' decision subjects the Plan's assets to risks that could be avoided by diversifying investments outside the BlackRock umbrella.

174.     The following risks, among others, are discussed in the prospectus and statement of additional information provided for the BlackRock Low Duration Bond Fund (a mutual fund). BlackRock Advisors, LLC manages and administers the BlackRock Low Duration Bond Fund.

*175.*     ***Cyber Security Issues****.* With the increased use of technologies such as the Internet to conduct business, each Fund is susceptible to operational, information security and related risks related to cyber-attacks, which have the ability to cause disruptions and impact business operations, potentially resulting in financial losses, interference with a Fund's ability to calculate its net asset value ("NAV"), impediments to trading, the inability of Fund shareholders to transact business, violations of applicable privacy and other laws, regulatory fines, penalties, reputational damage, reimbursement or other compensation costs, or additional compliance costs. In addition, substantial costs may be incurred in order to prevent any cyber incidents in the future.

176.     ***Operational Risk****.* The Fund is exposed to operational risk arising from a number of factors, including but not limited to human error, processing and communication errors, errors of the Fund's service providers, counterparties or other third-parties, failed or inadequate processes and technology or systems failures.

177.     Collective trusts do not have the same risk disclosure requirements as mutual funds like the Low Duration Bond Fund, so Defendants were not required to disclose these risks to their

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

employees with respect to the collective investment trusts—including the LifePath funds, which are the default investment.

178.    On information and belief, the systemic risks discussed above are pertinent to collective trusts offered through the Plan.

179.    Diversification would minimize these known risks by preventing the failures at one organization from having an effect on a substantial portion of the Plan's assets.

180.    By failing to diversify the Plan's assets beyond BlackRock affiliates, the Retirement Committee Defendants subject the Plan to greater risk than is controllable.

## V.  CLASS ALLEGATIONS

181.    Plaintiff brings this action on behalf of:

> All participants and beneficiaries in the BlackRock Retirement Savings Plan from April 5, 2011 through the date of judgment.  Any individual Defendants are excluded from the class.

182.    Class certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(3).

183.    The class satisfies the numerosity requirement because it is composed of thousands of persons.  The Plan currently has more than 9,700 participants.  The number of class members is so large that joinder of all its members is impracticable.

184.    Common questions of law and fact include:

(a)    Whether all the Retirement Committee Defendants were and are ERISA fiduciaries responsible for monitoring the Plan investments;

(b)    Whether Defendant BlackRock, Inc. was and is an ERISA fiduciary to the Plan;

(c)    Whether the Investment Committee Defendants breached their ERISA fiduciary duties in monitoring or failing to monitor the investment options in the Plan during the Class Period;

(d)    Whether the Investment Committee Defendants breached their ERISA fiduciary duties in selecting additional BlackRock Proprietary Fund options for the Plan during the Class Period;

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

(e)    Whether the Investment Committee Defendants caused the Plan to engage in multiple prohibited transactions in violation of ERISA § 406, 29 U.S.C. 1106, throughout the Class Period;

(f)    Whether the Plan and its participants suffered losses as a result of Defendants' fiduciary breaches.

185.    Plaintiff's claims are typical of the claims of the Class.  He has no interests that are antagonistic to the claims of the Class.  He understands that this matter cannot be settled without the Court's approval.

186.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is committed to the vigorous representation of the Class.  Plaintiff's counsel are Cohen Milstein Sellers and Toll PLLC ("Cohen Milstein") and Feinberg, Jackson, Worthman & Wasow ("Feinberg Jackson").

187.    Plaintiff's counsel has agreed to advance the costs of the litigation contingent upon the outcome.  Counsel is aware that no fee can be awarded without the Court's approval.

188.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Joinder of all members of the class is impracticable.  The losses suffered by some of the individual members of the class may be small, and it would therefore be impracticable for individual members to bear the expense and burden of individual litigation to enforce their rights.

189.    Moreover, Defendants, as Plan fiduciaries, were obligated to treat all class members similarly because ERISA imposes uniform standards of conduct on fiduciaries.    Individual proceedings, therefore, would pose the risk of inconsistent adjudications.  Plaintiff is unaware of any difficulty in the management of this action as a class action.

190.    This Class may be certified under Rule 23(b).

A.    23(b)(1).    As an ERISA breach of fiduciary duty action, this action is a classic 23(b)(1) class action.  Prosecution of separate actions by individual members would create

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

the risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants, or (B) adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

B.      23(b)(2).  Rule 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.  Here, the challenged conduct at issue—Defendants' investment of plan assets and improper use thereof—not only can be, but must be enjoined or declared unlawful only as to all of the class members or as to none of them.  Because the focus of Plaintiff's claims is on Defendants' actions, and because the relief sought is equitable plan-wide relief, there are simply no individual issues.  The requirements for Rule 23(b)(2) certification are plainly met.

C.      23(b)(3).  This action is suitable to proceed as a class action under 23(b)(3) because questions of law and fact common to the members of the Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter.

## VI.  CAUSES OF ACTION

### Count I
Breach of Fiduciary Duties for Failing to Prudently and Loyally Monitor and Select Investments for the Plan during the Class Period in Violation of ERISA §404, 29 U.S.C. § 1104
(Against Investment Committee Defendants)

191.    Plaintiff restates and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

192.    The Investment Committee Defendants were responsible for selecting, monitoring and removing if necessary the investments of the Plan, including the fund options offer to participants.

193.    At all relevant times, the Investment Committee Defendants were fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A)(i) by exercising authority or control respecting the management or disposition of Plan assets.

194.    At all relevant times, the Investment Committee Defendants were also fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A)(i) by exercising discretionary authority or discretionary control respecting management of the Plan.

195.    The Investment Committee Defendants had an ongoing duty to act solely in the interest of the participants and beneficiaries of the Plan they served and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan" in accordance with ERISA § 404(a)(l)(A), 29 U.S.C. § 1104(a)(l)(A).

196.    The Investment Committee Defendants had an ongoing duty to act prudently when exercising authority or control of the Plan's assets or management of the Plan, meaning to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims," in accordance with ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

197.    ERISA's duty of prudence required the Investment Committee Defendants to follow reasonable standards of investment due diligence by giving appropriate consideration to those facts and circumstances that, given the scope of their fiduciary investment duties, they knew or should

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

have known were relevant to the particular investments of the Plan, and then to act accordingly. 29 CFR § 2550.404a-1.

198.    The Investment Committee Defendants were required to diversify the investments of the Plan so as to minimize the risk of large losses unless it was clearly prudent not to do so in accordance with § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C).  This obligation includes a duty to avoid the risk of manager concentration.

199.    Specifically, the Investment Committee Defendants had ongoing duties to monitor the Plan's assets, including evaluating and monitoring the Plan's investment fund options on a regular and frequent basis, and removing imprudent or disloyal options or options that constituted prohibited transactions or caused the Plan to be non-diversified as a whole.

200.    The Investment Committee Defendants, in violation of their fiduciary duties, employed disloyal and imprudent monitoring processes, including giving preferential treatment to BlackRock affiliated funds because maintaining those funds in the Plan financially benefited BlackRock, its subsidiaries, and its officers and directors.

201.    The imprudent and disloyal monitoring process resulted in a plan loaded with relatively expensive and poor-to-mediocre options which substantially impaired the Plan's use, value, and investment performance for all participants, past and present.

202.    The BlackRock affiliated funds included the use of BlackRock's own proprietary mutual funds, collective investment trusts, and separate accounts, all of which had hidden fees, excessive fund and fee layering, and poor-to-mediocre performance.

203.    The Retirement Committee Defendants breached their duties of loyalty, prudence, and diversification under 29 U.S.C. §§ 1104(a)(l) by selecting and then failing to timely monitor and remove as Plan investment options the following funds:

BlackRock Active Stock Fund

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    BlackRock Emerging Market Index

2    BlackRock Russell 1000 Fund

3    BlackRock US Debt Index Fund

4    BlackRock US TIPS Fund

5    BlackRock LifePath 2015 Index

6    BlackRock LifePath 2020 Index

7    BlackRock LifePath 2025 Index

8    BlackRock LifePath 2030 Index

9    BlackRock LifePath 2035 Index

10   BlackRock LifePath 2040 Index

11   BlackRock LifePath 2045 Index

12   BlackRock LifePath 2050 Index

13   BlackRock LifePath 2055 Index

14   BlackRock LifePath 2060 Index

15   BlackRock LifePath Retirement Index

16   BlackRock MSCI ACWI Ex. US CL F

17   BlackRock Equity Dividend

18   BlackRock Global Allocation Fund

19   BlackRock Global Allocation Collective Trust Fund

20   BlackRock Short Term Investment Fund

21   BlackRock Low Duration Bond Fund

22   BlackRock Total Return Fund

23   BlackRock Russell 2000 Alpha Fund

24   BlackRock Strategic Income Opportunities Fund

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

204.    In giving preferential treatment to BlackRock affiliated funds and/or failing to adequately consider for the Plan better-performing investments with substantially less or no fee layering that were not affiliated with BlackRock, the Investment Committee Defendants failed to discharge their fiduciary duties with respect to the entire Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

205.    In giving preferential treatment to BlackRock affiliated funds and/or failing to adequately consider for the Plan better-performing investments with substantially less or no fee layering that were not affiliated with BlackRock, the Investment Committee Defendants failed to act with undivided loyalty to the participants and beneficiaries, or to discharge their fiduciary duties with an "eye single" to the interests of the Plan's participants and beneficiaries.   *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982), *cert denied*, 459 US 1069 (1982).

206.    In giving preferential treatment to BlackRock affiliated funds and/or failing to adequately consider for the Plan better-performing investments with substantially less or no fee layering that were not affiliated with BlackRock, the Investment Committee Defendants caused the Plan to be non-diversified in that almost all of the investment options have the same manager and operational risk associated with BlackRock.

207.    Had a prudent and loyal fiduciary taken these factors into consideration, it would have concluded that the Plan's investment options were selected and retained for reasons other than the best interest of the Plan and its participants.

208.    The Investment Committee Defendants committed these breaches during each of the meetings of the Investment Committee that occurred periodically during each year of the relevant period.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

209.    At each of these meetings, the Investment Committee Defendants had cause to remove the BlackRock Funds based on their poor performance.

210.    At each of these meetings, the Investment Committee Defendants failed to do so.

211.    As a direct and proximate result of these breaches of fiduciary duties, the Plan and each of its participants have suffered tens of millions of losses in retirement assets which continue to accrue, for which all Defendants are jointly and severally liable pursuant to 29 U.S.C. § 1109.

212.    Pursuant to ERISA §§ 409 and 502(a)(2) and 502(3), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(3), Plaintiffs seek to restore all losses to the Plan resulting from the breaches of fiduciary duties alleged in this Count, to restore to the Plan any profits made by any fiduciary defendant including BlackRock through use of Plan assets, and any other equitable or remedial relief as appropriate.

### Count II
#### Violations of ERISA §406(a) and (b), 29 U.S.C. § 1106(a) and (b) for
#### Engaging in Multiple Party in Interest Transactions
#### (Against the Investment Committee Defendants, BlackRock Inc.
#### and BlackRock Institutional Trust Company)

213.    Plaintiff restates and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

214.    As an employer and the sponsor of the Plan, BlackRock, Inc. was and continues to be a party-in-interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

215.    As an employer of employees who participate in the Plan, BlackRock Institutional Trust Company, N.A. was and continues to be a party-in-interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

216.    ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits transactions that constitute direct or indirect sale or exchange of property between the Plan and any parties in interest and prohibits fiduciaries from causing the Plan to engage in such transactions.

CLASS ACTION COMPLAINT
Page 34

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

217.    ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits transactions that constitute direct or indirect transfers of the Plans' assets to, or use of the Plans' assets by or for the benefit of, parties in interest and prohibits fiduciaries from causing the Plan to engage in such transactions.

218.    Engaging in such transactions are considered a per se violations because they entail a high risk for abuse.

219.    By virtue of their positions as fiduciaries of the Plan, the Investment Committee Defendants caused the Plan to engage in multiple party-in-interest transactions, namely the repeated purchase of BlackRock affiliated funds which transferred plan assets directly and indirectly to BlackRock, Inc. and BlackRock Institutional Trust Company, N.A. (both parties in interest), in the form of various direct or indirect fees paid to BlackRock, Inc., BlackRock Institutional Trust Company, N.A., their subsidiaries, and/or their affiliates, which constituted multiple violation of ERISA § 406(a)(1)(D),  29 U.S.C. § 1106(a)(1)(D).

220.    By virtue of their positions as fiduciaries of the Plan, the Investment Committee Defendants also caused the Plan to engage in multiple party-in-interest transactions, namely the repeated purchase of funds affiliated with BlackRock Inc. or BlackRock Institutional Trust Company (both parties in interest), which constituted the direct or indirect sale or exchange of property between the Plan and with BlackRock Inc. or BlackRock Institutional Trust Company constituting multiple violation of ERISA § 406(a)(1)(A),  29 U.S.C. § 1106(a)(1)(A).

221.    ERISA § 406(b), 29 U.S.C. § 1106(b), prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account" ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1) or from acting "in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or

LAW OFFICES OF
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC.
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

beneficiaries," which has been interpreted to prohibit fiduciaries of the Plan from acting on both sides of a transaction that involves Plan assets. ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2)

222.   By virtue of their positions as fiduciaries of the Plan, the Investment Committee Defendants and BlackRock, Inc., made decisions about the investment of the Plan's assets in ways that benefitted themselves or were in their own self-interest because: (a) BlackRock, Inc. received many direct and indirect fees from the Plan investing in BlackRock proprietary funds; and/or (b) the Investment Committee Defendants were BlackRock executives whose compensation and promotion levels increased when they acted to increase revenues for BlackRock, Inc., which violated ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

223.   Because BlackRock, Inc. was the corporate parent of the managers of all the BlackRock Affiliated Funds, BlackRock, Inc. was acting on both sides of all transactions where the Plan invested or redeemed its interest in the BlackRock Affiliated Funds.  By these actions, BlackRock, Inc. violated its fiduciary duties under ERISA numerous times by engaging in transactions involving the Plan on behalf of a party whose interests were and are adverse to the interests of the Plan or the interests of its participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

224.   Pursuant to ERISA §§ 409 and 502(a)(2) and 502(3), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(3), Plaintiff seeks to restore all losses to the Plan resulting from violations of ERISA § 406,  29 U.S.C. § 1106, and to disgorge any profits or fees received by the Investment Committee Defendants, BlackRock, Inc., and/or BlackRock Institutional Trust, in connection with such prohibited transactions and to restore to the Plan the losses suffered by the Plan as a result of the prohibited transactions.

**Count III**
Failure to Monitor Other Fiduciaries in Violation of ERISA §404, 29 U.S.C. § 1104
(Against BlackRock, Inc.)

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

225.    Plaintiff restates and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

226.    As alleged above, BlackRock, Inc. was and continues to be a Plan fiduciary under 29 U.S.C. § 1002(21) because it appointed, directly or through its executives, the members of the Investment Committee, the Administrative Committee, and/or the Retirement Committee.

227.    The scope of the fiduciary responsibilities of BlackRock thus included the responsibility to appoint, and remove, and thus, monitor the performance of all fiduciaries that it appointed, including the members of the Investment Committee, the Administrative Committee, and/or the Retirement Committee.

228.    As a result, BlackRock is a monitoring fiduciary under ERISA.

229.    A monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the investment and holding of plan assets.

230.    A monitoring fiduciary must take prompt and effective action to protect the plan and participants when the monitored fiduciaries fail to perform their obligations.

231.    To the extent the Investment Committee Defendants managed the assets of the Plan, BlackRock's monitoring duties included an obligation to ensure that any delegated tasks were being performed prudently and loyally.

232.    BlackRock, Inc. breached its fiduciary monitoring duties by:

a.    failing to monitor its appointees, to evaluate their performance, or to have a system in place for doing so, and standing idly by as the Plan suffered significant losses as a result of its appointees' imprudent actions and omissions with respect to the Plan;

b.    failing to monitor its appointees' fiduciary process, which would have alerted any prudent fiduciary to the potential breach because of the excessive fees and fee

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

layering of the BlackRock affiliated funds and the consistent underperformance of such funds in violation of ERISA;

c.  failing to ensure that the monitored fiduciaries considered the ready availability of comparable non-affiliated fund options to a plan of the size of this Plan, including lower-cost similar funds that performed better than the Blackrock affiliated funds; and

d.  failing to remove appointees whose performance was inadequate in that they continued to maintain imprudent, excessive-cost investments that did not perform as well as comparable options, all to the detriment of Plan participants' retirement savings.

233.    As a consequence of these breaches of the fiduciary duty to monitor the performance of other fiduciaries, participants and employees suffered very substantial losses.

234.    Had BlackRock, Inc. discharged its fiduciary monitoring duties prudently as described above, the losses suffered by the Plan would have been avoided.

235.    Therefore, as a direct result of the breaches of fiduciary duty alleged herein, the Plan, and Plaintiff and other Class members, lost tens of millions of dollars of their retirement savings.

236.    Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the breaches of fiduciary duties alleged in this Count and is subject to other equitable or remedial relief as appropriate.

237.    Pursuant to ERISA §§ 409 and 502(a)(2) and 502(3), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(3), Plaintiff seeks to restore all losses to the Plan resulting from the breaches of fiduciary duties alleged in this Count, to restore to the Plan any profits made by any fiduciary defendant including BlackRock through use of Plan assets, and any other equitable or remedial relief as appropriate.

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

2

3

**Count IV**
Co-Fiduciary Liability, Violation of ERISA § 405, 29 U.S.C. §1105
(Against BlackRock, Inc., Investment Committee Defendants and Administrative Committee
Defendants)

4

5

238.    Plaintiff restates and incorporates the allegations of the preceding paragraphs as if set forth fully herein.

6

7

8

9

10

239.    As alleged above, during the Class Period, BlackRock and the Administrative Committee Defendants were named as fiduciaries pursuant to ERISA § 402(a), 29 U.S.C. § 1102(a), were de facto fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), or both.  Thus, they were bound by the duties of loyalty, exclusive purpose, and prudence.

11

12

13

14

15

16

17

18

19

240.    Section 405 of ERISA, 29 U.S.C. § 1105 imposes co-fiduciary liability, in addition to any other liability a fiduciary may have under any other provision of ERISA.  Specifically, Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1) imposes liability for the knowing participation in a breach of fiduciary duty by a co-fiduciary.  Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2), imposes liability if a fiduciary, in the administration of his fiduciary responsibilities, enables another fiduciary to commit a breach.  Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3), imposes liability on a fiduciary if he knows of a breach by a co-fiduciary and fails to make reasonable efforts to remedy it.

20

21

22

241.    BlackRock, Inc. knew that the Plan had virtually all BlackRock Affiliated Funds because its officers and directors reviewed and signed off on the Form 5500s, which indicated the investment options for the Plan.

23

24

25

26

242.    Defendant BlackRock is therefore liable as co-fiduciary because it was aware of, participated in, enabled, concealed, and failed to remedy the Investment Committee Defendants' breaches of fiduciary duty and the many prohibited transactions committed during the Class Period

27

28

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

related to the Plan's selection of, and failure to remove, the BlackRock affiliated funds from the Plan.

243.   As a direct and proximate result of BlackRock's actions, the Plan and its participants lost tens millions of dollars and BlackRock profited from direct and indirect fees it received from the Plan.

244.   Pursuant to ERISA 29 U.S.C. §§1132(a)(2) & 1109(a), BlackRock is therefore liable to restore all losses to the Plan caused by the breaches of its co-fiduciaries and disgorge all profits or gains it received from such breaches.

245.   The Administrative Committee Defendants knew that the Plan had virtually all BlackRock affiliated funds because its members reviewed and signed off on the Form 5500s, which indicated the investment options for the Plan.

246.   The Administrative Committee Defendants are all liable as co-fiduciaries because they were aware of, participated in, enabled, concealed, and failed to remedy the Investment Committee Defendants' breaches of fiduciary duty and the many prohibited transactions committed during the Class Period, related to the Plan's selection of, and failure to remove, the BlackRock affiliated funds from the Plan.

247.   As a direct and proximate result of the actions or inaction by the Administrative Committee Defendants, the Plan and its participants lost tens millions of dollars.

248.   Pursuant to ERISA 29 U.S.C. §§1132(a)(2) & 1109(a), the Administrative Committee Defendants are therefore liable to restore all losses to the Plan caused by the breaches of its co-fiduciaries.

249.   Pursuant to ERISA §§ 409 and 502(a)(2) and 502(3), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(3), Plaintiffs seek to restore all losses to the Plan resulting from the breaches of fiduciary duties alleged in this Count, to restore to the Plan any profits made by any fiduciary

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

defendant including BlackRock through use of Plan assets, and any other equitable or remedial relief as appropriate.

## VII.  <u>PRAYER FOR RELIEF</u>

Plaintiff, on behalf of the Plan and all similarly-situated Plan participants and beneficiaries, respectfully requests that the Court:

a. Issue a declaration that the Defendants have breached their fiduciary duties to the Class in the manner described herein;

b. Order each fiduciary found to have breached his/her/its fiduciary duty to the Plan to jointly and severally pay such amount or surcharge to the Plan as is necessary to make the Plan whole for any losses which resulted from said breaches or by virtue of liability pursuant to ERISA § 405, plus pre-judgement and post-judgment interest;

c. Order Defendants to provide all accountings necessary to determine the amounts Defendants must remit to the Plan under 29 U.S.C. § 1109(a) to restore losses and any profits fiduciaries obtained from the use of plan assets or other violations of 29 U.S.C. § 1104, 1106, or 1105;

d. To the extent necessary, issue an injunction or order creating a constructive trust into which all ill-gotten gains, fees and/or profits paid to any of the Defendants in violation of ERISA shall be placed for the sole benefit of the Plan and its participants and beneficiaries.  This includes, but is not limited to, the ill-gotten gains, fees and/or profits paid to any of the Defendants that have been wrongly obtained as a result of breaches of fiduciary duty or prohibited transactions or other violations of ERISA.

CLASS ACTION COMPLAINT
Page 41

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

e.  Issue an injunction removing the fiduciaries who have breached their fiduciary duties their roles as fiduciaries for the Plan, and an order appointing an independent fiduciary to manage the assets of the Plan;

f.  Issue an injunction requiring all fiduciaries to avoid all prohibited transactions and future ERISA violations, including but not limited to removing all BlackRock affiliated funds from the Plan;

g.  Certify the Class, appoint Plaintiff as a class representative, and appoint Cohen Milstein Sellers & Toll PLLC, and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel;

h.  Award to the Plaintiff and the Class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and/or the common fund doctrine;

i.  Order the payment of interest to the extent it is allowed by law; and

j.  Order other equitable or remedial relief as the Court deems appropriate.

Dated:  April 5, 2017

**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**

 /s/ Nina Wasow
Nina Wasow (Cal. Bar No. 242047)
Todd Jackson (Cal. Bar No. 202598)
383 4th Street
Suite 201
Oakland, CA 94607
Tel: (510) 269-7998
Fax: (510) 269-7994
nina@feinbergjackson.com
todd@feinbergjackson.com

CLASS ACTION COMPLAINT
Page 42

LAW OFFICES OF
**FEINBERG, JACKSON, Worthman & Wasow LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Karen L. Handorf (*Pro Hac Vice* forthcoming)
Michelle C. Yau (*Pro Hac Vice* forthcoming)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
khandorf@cohenmilstein.com
myau@cohenmilstein.com


*Counsel for Plaintiff*

LAW OFFICES OF
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 Fourth Street #201
OAKLAND, CA 94607
TELEPHONE: (510) 269-7998
FACSIMILE: (510) 269-7994

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC.**
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600