UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>  Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 86, 90, 94, 133, 144, 148 |

Pending before the Court are the parties administrative motions to seal various documents pursuant to Civil Local Rule 79-5. Dkt. Nos. 86, 90, 94, 133, 144, and 148.

**I.  LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

1  promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179
2  (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the
3  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
4  litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

The various documents and portions of documents the parties seek to seal are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The parties have provided a compelling interest in sealing portions of the various documents listed below because they contain confidential business and financial information relating to the operations of BlackRock. *See Apple Inc. v. Samsung Elecs.*

2

*Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal). The parties have identified portions of the unredacted versions of motions and exhibits as containing confidential business information; the Court finds sufficiently compelling reasons to grant the motions to file the below-indicated portions under seal.

For other documents listed below, the parties have failed to narrowly tailor the redactions to BlackRock confidential business information.[1]

The parties request the following portions of the various documents be sealed:

| Docket Number Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| 86-3/(86-5, 86-6) | Motion for Relief and Declaration | Portions of motion, pages 6, 10; portions of attached declaration, pages 3–4. | GRANTED |
| **No Public Version Filed**/(86-7) | Attachment A, Plaintiffs' second set of RFPs, third set of interrogatories, and first set of RFAs | Portions of RFPs, pages 1–8, 11, 15–16; all of RFAs pages 4–36 | DENIED (no supporting declaration) |
| 86-4/(86-8) | Attachment B, August 31 Meeting Minutes | Entire document | DENIED (redactions not narrowly tailored) |
| **No Public Version Filed**/(86-9) | Attachment C, September 19 Meeting Minutes | Entire document | DENIED (redactions not narrowly tailored) |
| **Entire document sealed** /(86-10) | Attachment D, Contribution performance evaluation report | Entire document | GRANTED |
| **Entire document sealed**/(86-11) | Attachment E, Contribution | Entire document | GRANTED |

---

[1] A number of Plaintiffs' proposed redactions indicate that they are contingent upon BlackRock filing a declaration in support of those portions sought to be redacted. As evidenced in the chart, the Court DENIES the sealing of documents relating to BlackRock CBI for which neither party has provided support.

3

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | performance evaluation report | | |
| **Entire document sealed** /(90-3) | Ex. B, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-4) | Ex. C, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-5) | Ex. D, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-6) | Ex. E, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-7) | Ex. F, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-8) | Ex. G, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-9) | Ex. H, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-10) | Ex. I, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-11) | Ex. J, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-12) | Ex. K, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-13) | Ex. L, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-14) | Ex. M, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-15) | Ex. N, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-16) | Ex. O, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-17) | Ex. P, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-18) | Ex. Q, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-19) | Ex. R, Investment performance report | Entire document | GRANTED |
| **Entire document sealed** /(90-20) | Ex. S, Investment performance report | Entire document | GRANTED |
| **No Public Version Filed**/(94-8) | Plaintiffs' Reply in Support of Mot. for Relief | Portions of pages 5–6, 14 | GRANTED |
| **No Public Version Filed**/(94-9) | Supplemental Decl. of Mary Bortscheller | Portions of paragraphs 5–6 | DENIED (no compelling reason/good cause) |
| **No Public Version Filed**/(94-10) | Ex. A, Defendant's objections/responses to plaintiffs' second | Portions of pages 5, 10–17, 19–23 | DENIED (no objection to public filing) |

| | | | |
|---|---|---|---|
| | | set of RFPs | |
| **No Public Version Filed**/(94-11) | Ex. B, Schedule of investments | Entire document | DENIED (no objection to public filing) |
| **No Public Version Filed**/(94-12) | Ex. C, Cash Equivalent Fund II | Entire document | DENIED (no objection to public filing) |
| 133-3/(133-12) | Plaintiffs' Motion for Leave to File Second Amended Complaint | Portions of pages 4, 6–7, 10–12 | GRANTED |
| 133-4/(133-13) | Declaration in support of motion for leave to file second amended complaint | Paragraphs 12, 22–25, 27 | GRANTED |
| 133-5/(133-14) | Ex. A, Second amended complaint | Portions of pages 12, 13, 18, 19, 22, 23, 25–27, 29, 30, 32–35, 41, 50, 53, 54, 60, 67, 68–80, 82–87, 89–98, 107, 113, 118, 122, 128, 129 | GRANTED |
| **No Public Version Filed**/(133-15) | Ex. B, Excerpt from Nedl depo. | Entire document | DENIED (no objection to public filing) |
| **No Public Version Filed**/(133-16) | Ex. C, Excerpt from Nedl depo. | Entire document | DENIED (no objection to public filing) |
| **No Public Version Filed**/(133-17) | Ex. D, Excerpt from Nedl depo. | Entire document | DENIED (no objection to public filing) |
| **No Public Version Filed**/(133-18) | Ex. E, Excerpts from Castille depo. | Entire document | DENIED (no objection to public filing) |
| **Entire document sealed**/(133-19) | Ex. F, Statement of Work | Entire document | GRANTED |
| **Entire document sealed**/(133-20) | Ex. G, Statement of Work | Entire document | GRANTED |
| 144-4/(144-6) | Defendants' Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint | Portions of pages i, 5–9, 11–12, 18, 19, 21 | GRANTED |
| **Entire document sealed** /(144-7) | Ex. A, Meeting minutes | Entire document | GRANTED |
| **Entire document sealed** /(144-7) | Ex. B, Slide deck | Entire document | GRANTED |
| 144-5/(144-7) | Ex. C, Excerpts from Feliciani depo. | Page 155 | GRANTED |
| **Entire document** | Ex. D, Email | Entire document | GRANTED |

5

| | | | |
|---|---|---|---|
| **sealed**/(144-7) | | | |
| **Entire document sealed**/(144-7) | Ex. E, Email | Entire document | GRANTED |
| **Entire document sealed**/(144-7) | Ex. F, BlackRock Savings Plain, Articles I, XI | Entire document | GRANTED |
| **Entire document sealed**/(144-7) | Ex. G, Excerpts from plan sections | Entire document | GRANTED |
| **Entire document sealed**/(144-8) | Ex. J, Excerpts from plan sections | Entire document | GRANTED |
| **Entire document sealed**/(144-9) | Ex. K, Excerpts from plan sections | Entire document | GRANTED |
| 148-3/(148-14) | Plaintiffs' Reply in Support of Motion for Leave to File SAC | Portions of pages 1, 3–8, 12–15 | GRANTED |
| 148-4/(148-15) | Yau Decl. | Portions of pages 2–7 | GRANTED |
| 148-5/(148-16) | Ex. 1, Email | Portions of page 2 | DENIED (no objection to public filing) |
| **Entire document sealed**/(148-17) | Ex. 2, Excerpt from Nedl Depo. | Entire document | GRANTED |
| 148-7/(148-17) | Ex. 3, Plaintiffs' Second Set of Interrogatories | Portions of pages 4–5 | GRANTED |
| 148-8/(148-18) | Ex. 4, Defendants' objections/responses to Plaintiffs' second set of interrogatories | Portions of pages 3–4 | GRANTED |
| **No Public Version Filed**/(148-20) | Ex. 5, Investment Policy Statement | Entire document | DENIED (not narrowly tailored) |
| **Entire document sealed** /(148-21) | Ex. 6, BlackRock Retirement Savings Plan | Entire document | GRANTED |
| **No Public Version Filed**/(148-22) | Ex. 7, Managing ERISA Assets | Entire document | DENIED (no objection to public filing) |
| **Entire document sealed**/(148-23) | Ex. 8, Retirement Committee Charter | Entire document | GRANTED |
| **No Public Version Filed**/(148-24) | Ex. 9, Investment Fund for Employee Benefit Trusts | Entire document | DENIED (no objection to public filing) |

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Dkt.

Nos. 86, 94, 133, and 148 and **GRANTS** Dkt. Nos. 90 and 144. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied and/or for which no public version has been filed, as indicated in the chart above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 8/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge