UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**REDACTED VERSION FOR PUBLIC FILING**<br><br>Re: Dkt. No. 133-3 |

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint. Dkt. No. 133-3 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND

This is a putative class action brought pursuant to Sections 502(a)(2) and (a)(3) of the Employee Retirement Income Security Act of 1974, ("ERISA"), in which Plaintiffs allege that Defendants violated their fiduciary duties and engaged in prohibited transactions by choosing high-cost and poor-performing investments options for the BlackRock retirement plan. *See* Dkt. No. 75 ("FAC"). More specifically, Plaintiffs allege that Defendants gave preferential treatment to their own BlackRock products. *Id.*

On June 1, 2017, Defendants filed a motion to dismiss Plaintifs' complaint, contending that named Plaintiff Charles Baird lacked Article III standing as to claims regarding funds in which he never invested, and that Plaintiffs had failed to plausibly allege that BlackRock breached its fiduciary duties. Dkt. No. 35.

On October 10, 2017, Plaintiffs filed an unopposed motion to amend the complaint, and on

October 18, 2017, Plaintiffs filed their first amended complaint. Dkt. No. 71; FAC.

## II. LEGAL STANDARD

The party seeking to amend a pleading after expiration of the deadline set by the pretrial scheduling order "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (brackets in original), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has held that:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted). If "good cause" for amendment is found under Rule 16(b), then the Court should deny leave to amend "only if such amendment would be futile." *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016); *see also Kisaka v. Univ. of S. Cal.*, No. CV 11-01942 BRO (MANx), 2013 WL 12203018, at *2–3 (C.D. Cal. Nov. 20, 2013) (assessing motion for leave to amend under Rule 16(b) and holding that even if the Court were to find diligence and lack of prejudice, amendment would nonetheless be futile).

## III. DISCUSSION

Plaintiffs have satisfied the "good cause" standard of Rule 16(b) by acting diligently to file this motion relatively soon after becoming aware of new information during discovery. The deadline for amendment of pleadings and/or joinder of parties was April 23, 2018. Dkt. No. 103. On April 20, 2018, Plaintiffs moved to extend the deadline to amend pleadings until 24 days after the close of fact discovery. Dkt. No. 107. In that motion, Plaintiffs noted that one individual,

scheduled for deposition on June 7, 2018, "appeared to control the decision-making process . . . and thus acted as a *de facto* fiduciary." *Id.* at 3. Plaintiffs filed that motion, in part, in order to "seek to better understand the actions she took with respect to the Plan investments before deciding whether to name her as a defendant for the claims related to the selection and monitoring of the Plan investments." *Id.* Defendant argued in opposition to that motion that Plaintiffs had no good-faith basis to add this individual as a defendant, before or after her deposition. Dkt. No. 109 at 3. The Court denied Plaintiffs' motion, noting that Plaintiffs could establish good cause if and when they sought leave to amend. Dkt. No. 112.

Plaintiffs deposed Kathleen Nedl on June 7, 2018. Dkt. No. 148-3 ("Reply") at 3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. No. 148-17 88:17–89:1. On June 11, 2018, Plaintiffs requested that Defendants stipulate to amend to add several defendants, including Mercer. Mot. at 2. Defendants declined to stipulate. *Id.* Plaintiffs filed the present motion 10 days later. Defendants have not provided any persuasive evidence showing that Plaintiffs could have obtained the information concerning Mercer or the other new defendants prior to Ms. Nedl's deposition, which Plaintiffs conducted months before the close of fact discovery on September 20, 2018. The Court finds that Plaintiffs acted diligently by seeking leave to amend less than one month after discovering new information during discovery. *See Frucon Const. Corp v. Sacramento Mun. Util. Dist.*, No. CIV. S-05-583LKKGGH, 2006 WL 3733815, at *4–5 (E.D. Cal. Dec. 15, 2006) (finding good case where the defendant sought leave to amend two months after learning new information through discovery).

As fact discovery has not yet completed, the class certification hearing date is set for April 4, 2019, and no trial date has been set, the Court sees no undue prejudice to Defendants that will result from Plaintiffs' amendments. *See* Dkt. No. 122 (scheduling order). The Court agrees with Plaintiffs that the proposed amendments do not fundamentally alter the nature of their claims. Finally, the Court is not persuaded by the Defendants' argument regarding the futility of the motion. Opp. at 17–23. Defendants' substantive challenges to Plaintiffs' theory are appropriately addressed on their merits, and do not warrant denial of the motion for leave to amend.

3

For the foregoing reasons the Court **GRANTS** Plaintiffs' motion. The SAC must be filed within two days from the date of this Order. Once the SAC is filed, the pending motion to dismiss the FAC, Dkt. No. 79, will be terminated as moot.

**IT IS SO ORDERED.**

Dated: 8/23/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge