MORGAN, LEWIS & BOCKIUS LLP
Spencer H. Wan (CA Bar No. 304329)
  specner.wan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:    415.442.1126; Fax:    415.442.1001

Brian T. Ortelere (*pro hac vice*)
  brian.ortelere@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Tel:    215.963.5000; Fax:    215.963.5001

Matthew A. Russell (*pro hac vice*)
  matthew.russell@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel:    312.324.1771; Fax:    312.324.1001

Attorneys for Defendant
Mercer Investment Consulting

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CHARLES BAIRD and LAUREN SLAYTON, individually, and on behalf of all others similarly situated, and on behalf of the BLACKROCK RETIREMENT SAVINGS PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., *et al.*,<br><br>Defendants. | Case No. 4:17-cv-01892-HSG<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MERCER INVESTMENT CONSULTING'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date:  February 7, 2019<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, Oakland Courthouse<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

Defendant Mercer Investment Consulting ("Mercer") hereby requests that this Court take judicial notice of six exhibits to its Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC") (Dkt. 154).[1]  These documents, attached as Exhibits A through F to the Declaration of Matthew A. Russell, are either publicly available, referred to or otherwise incorporated into Plaintiffs' SAC, or both, and Plaintiffs cannot reasonably dispute each exhibit's authenticity.  Therefore, these materials are appropriately subject to judicial notice, and the Court may properly consider them in resolving Mercer's motion to dismiss for failure to state a claim.  Doing so here is not only consistent with Ninth Circuit authority, but also with the accepted practice of courts across the country that refer to similar plan-related documents when evaluating claims under the Employee Retirement Income Security Act of 1974 ("ERISA").

## APPLICABLE LEGAL STANDARDS

The Ninth Circuit recognizes two exceptions to the general rule that courts may not consider material beyond the pleadings in resolving a Rule 12(b)(6) motion to dismiss.  *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  First, the Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), which includes "matters of public record," *Khoja*, 899 F.3d at 999.  Second, the Court "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," and may "treat such a document as part of the complaint, and thus . . . assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quotations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) ("[C]ourts must consider . . . other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

This approach to evaluating a complaint at the motion-to-dismiss stage makes sense, as it

---

[1] References herein to specific paragraphs of the SAC are cited by paragraph number: "¶ __."

BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

MERCER REQ. FOR JUDICIAL NOTICE
4:17-CV-01892-HSG

1   "[p]revent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references
2   to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06
3   (9th Cir. 1998).  As such, a document may be incorporated by reference into a plaintiff's
4   complaint where the allegations depend or necessarily rely on its contents, even if the complaint
5   itself does not expressly attach it.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
6   2005); *Shrem v. Sw. Airlines Co.*, 2016 WL 4170462, at *1 (N.D. Cal. Aug. 8, 2016) (courts may
7   consider documents where "plaintiff's claim depends on the contents of a document . . . and the
8   parties do not dispute the authenticity of the document, even though the plaintiff does not
9   explicitly allege the contents of that document in the complaint") (quotations omitted).[2]

10          In evaluating motions to dismiss ERISA claims in particular, "[c]ourts routinely take
11  judicial notice of ERISA plan documents," including the "Plan itself, the summary plan
12  descriptions, Form 5500 filings submitted to the Department of Labor, participant fee disclosure
13  notices, [and] the master services agreement" between a plan sponsor and a plan service provider.
14  *Lorenz v. Safeway, Inc.*, 241 F. Supp. 3d 1005, 1012 (N.D. Cal. 2017); *see also, e.g.*, *White v.
15  Chevron Corp.*, 2017 WL 2352137, at *3 (N.D. Cal. May 31, 2017) (taking "judicial notice of
16  several Plan-related documents," including Form 5500 filings and publicly available prospectuses
17  for challenged investment options); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 WL
18  4507117, at *3-4 (C.D. Cal. Aug. 5, 2016) (taking judicial notice of plan document, Form 5500
19  filings, and public fund prospectuses and annual reports); *Care First Surgical Ctr. v. ILWU-PMA
20  Welfare Plan*, , 2014 WL 6603761, at *4 (C.D. Cal. July 28, 2014) (plan agreements); *Koblentz v.
21  UPS Flexible Emp. Benefit Plan*, 2013 WL 4525432, at *1–2 (S.D. Cal. Aug. 23, 2013) (plan
22  provisions and communications); *In re Disney ERISA Litig.*, 2017 WL 1505129, at *6 n.3 (C.D.
23  Cal. Apr. 21, 2017) (summary plan description).[3]

---

[2] *See also, e.g.*, *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (quotations omitted); *Parrino*, 146 F.3d at 705-06; *Kentwool Co. v. NetSuite Inc.*, 2015 WL 693552, at *2 (N.D. Cal. Feb. 18, 2015).

[3] *See also, e.g.*, *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018) (considering fund prospectuses and other investment-related information where plaintiffs challenged fees and performance of funds in the plan); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

2                              REQUEST FOR JUDICIAL NOTICE
                               4:17-CV-01892-HSG

**ARGUMENT**

The Court may take judicial notice of the six documents subject to this Request because each is either publicly available, incorporated by reference into Plaintiffs' SAC, or central to the SAC's allegations, and Plaintiffs cannot reasonably dispute any of the documents' authenticity.

**BlackRock Retirement Savings Plan Form 5500 Annual Report (2017) (Exhibit A)**. Both ERISA and the Internal Revenue Code impose annual reporting requirements for employee benefit plans.[4] A plan fulfills these requirements by filing a Form 5500, which was developed jointly by the Department of Labor, Internal Revenue Service, and Pension Benefit Guaranty Corporation. *Id.* Since 2010, all Form 5500 annual reports must be filed electronically, and they are publicly available for no charge through the DOL's website.[5] The BlackRock Plan's 2017 annual report/Form 5500 is properly subject to judicial notice under both exceptions to the general rule against considering matters outside of the pleadings.

*First*, the 2017 Form 5500 is properly noticeable as a public record under Federal Rule of Evidence 201(b). The document is publicly available, filed with governmental agencies as required by law, and Plaintiffs cannot reasonably question its authenticity. As such, courts regularly take judicial notice of Form 5500 filings and similar publicly available records. *See, e.g.*, *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of Form 5500 filings); *Powell v. Unum Life Ins. Co. of Am.*, 2016 WL 8731383, at *1 n.2 (E.D. Cal. Sept. 30, 2016) (same, finding Form 5500s to fall within "[r]ecords of state [and federal] agencies and other undisputed matters of public record") (second alteration in original); *Palmason v. Weyerhaeuser Co.*, 2013 WL 1788002, at *1 (W.D. Wash. Apr. 26, 2013) (same, because "[t]hese documents were filed with or produced by government agencies, plaintiffs have

---

(considering plan summaries and fund prospectuses); *Davis v. Wash. Univ. in St. Louis*, 2018 WL 4684244, at *2 (E.D. Mo. Sept. 28, 2018) (considering various plan-related documents, including statutorily required participant fee disclosures, the Plan document, Form 5500 filings, and various fund "prospectuses, fact sheets, and the like"); *Sweda v. Univ. of Pa.*, 2017 WL 4179752, at *2 n.4 (E.D. Pa. Sept. 21, 2017) (same).

[4] *See* EBSA, Form 5500 Series Overview, *available at* https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500.

[5] *See* EBSA, Form 5500/5500-SF Filing Search, *available at* https://www.efast.dol.gov/portal/app/disseminatePublic?execution=e2s1

Morgan, Lewis & Bockius LLP
Attorneys at Law
Philadelphia

3

REQUEST FOR JUDICIAL NOTICE
4:17-CV-01892-HSG

not challenged the authenticity of these documents, and their existence and contents can be ascertained by resort to public records"); *Almont Ambulatory Surgery Ctr., LLC v. United Health Grp., Inc.* 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015) (same); *see also supra* at 2 & n.2.

   *Second*, the Plan's 2017 Form 5500 is judicially noticeable because the SAC incorporates it by reference and necessarily relies upon its contents. Plaintiffs expressly state that the SAC's allegations are based upon "public documents, including filings with the U.S. Department of Labor and U.S. Securities and Exchange Commission." ¶ 12. These "filings" include the Form 5500s, which, as noted, the DOL and IRS require plans to submit to satisfy ERISA's and the Internal Revenue Code's annual reporting requirements. The SAC also incorporates the Plan's Form 5500 filing by repeatedly referencing information plainly derived from, and disclosed within, the document, including the number of participants and total assets in the Plan as of December 31, 2016 (¶ 100); the lineup of investment options offered under the Plan, including those affiliated with BlackRock (*see, e.g.*, ¶¶ 130, 133, 187, 196-97); and the amount or percentage of Plan assets held within certain funds (*see, e.g.*, ¶¶ 131, 173, 201, 252-54, 264, 277).

   For either or both of these reasons, the Court may take judicial notice of this document.

   **Statutorily Required Participant Fee Disclosures (Exhibits B & D)**. Exhibits B and D are statutorily required participant fee disclosures for the BlackRock Plan, issued pursuant to 29 C.F.R. § 2550.404a-5. Such disclosures include general information about the plan, specific information about certain administrative and individual expenses that may be charged against the individual accounts of participants, and investment-related information, including the name of each investment option, its type or category, its performance against a benchmark (which must be "an appropriate broad-based securities market index"), and the total annual operating expenses (*i.e.*, expense ratio) of each investment option. *See id.* These disclosures represent one component of ERISA's "extensive disclosure requirements," which are designed to give plan participants sufficient information to make informed investment decisions. *P.B.G.C. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 720 (2d Cir. 2013); *see also Meiners*, 898 F.3d at 822 ("ERISA plaintiffs typically have extensive information regarding the selected funds because of ERISA's disclosure requirements.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

4

REQUEST FOR JUDICIAL NOTICE
4:17-CV-01892-HSG

The Plan's 2017 and 2013 participant fee disclosures are judicial noticeable because they are incorporated by reference in Plaintiffs' SAC, the allegations of which necessarily rely upon the information contained within, and derived from, these materials.

First, the SAC directly refers to the Plan's participant disclosures throughout, thereby incorporating them by reference.  For example, Plaintiffs refer directly to the expense ratios for specific funds in the Plan, *see, e.g.*, ¶ 248 (BlackRock Global Allocation Fund); ¶¶ 267, 273 (alleging expense ratios of the BlackRock Low Duration Bond Fund "throughout the Class Period"), as well as to the performance of certain Plan investment options (as compared to its benchmark), *see, e.g.*, ¶ 255, all of which is information contained in the documents.  More notably, Plaintiffs allege that these same disclosures do not fully reflect the extent of the fees or costs associated with BlackRock-affiliated investments, thereby incorporating them by reference and putting their contents directly at issue. *See, e.g.*, SAC ¶¶ 7, 203-04, 286-303, 407, 562; *see Knievel*, 393 F.3d at 1076 (extending "'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document").

Second, even without such direct references, the SAC incorporates the Plan's participant fee disclosures by repeatedly referencing information plainly derived from, and disclosed within, these documents, upon which their claims necessarily rely.  For example, Plaintiffs' SAC, particularly as it relates to the BlackRock Plan, contends the fees and expenses participants paid for Plan investment options were "excessive." *See, e.g.*, ¶¶ 4, 7, 10, 110, 236.  The Plan's fee disclosures inform participants of the costs and expenses associated with participating and investing in the Plan.  And Plaintiffs' theory that these disclosures do not reflect all relevant information, noted above, also necessarily depends on the content of these documents.

Finally, Plaintiffs and all other Plan participants received these disclosures, and they cannot reasonably dispute their authenticity.  These documents therefore are judicially noticeable, and numerous courts have considered them in similar ERISA cases. *See Lorenz*, 241 F. Supp. 3d at 1012 (taking judicial notice of participant fee disclosure notices); *supra* at 2 & n.2.

**BlackRock Retirement Savings Plan Guideline and Fee Agreement (Oct. 17, 2016) (Exhibit C)**. Exhibit C is the Guideline and Fee Agreement ("GLFA") that has applied to the

Plan's collective trust fund ("CTF") investment options since October 17, 2016. The GLFA was agreed upon between the Plan fiduciaries and BlackRock Institutional Trust Company, N.A. ("BTC"), pursuant to the Investment Management Agreement between them. Among other things, the GLFA sets forth which CTFs will be made available as investment options in the Plan, and the fees and expenses BTC will charge for managing them.

This document is appropriately considered at this stage because Plaintiffs' allegations incorporate it by reference and necessarily rely upon its contents. Plaintiffs' primary claim involving the Plan is that its fiduciaries breached their duties under ERISA in managing the Plan's investment options by offering BlackRock-affiliated CTF options, because those funds were too expensive or had "hidden" fees. The Plan's GLFA sets forth fees and other terms on which the Plan invested in BlackRock CTFs, meaning Plaintiffs' allegations necessarily reference and incorporate the document governing this issue. *See* ¶ 102 (referring to the "Investment Management Agreement between BTC and the BlackRock Plan"), ¶ 166 (same). Moreover, Plaintiffs cannot reasonably dispute the authenticity of this document, as Mercer understands that it was disclosed by BlackRock in response to Plaintiffs' request under 29 U.S.C. § 1024(b), which requires disclosure of certain governing plan documents.

Given the centrality of governing plan-related documents and service-provider agreements to allegations like Plaintiffs' here, numerous courts have considered similar agreements in resolving a motion to dismiss. *See, e.g.*, *Lorenz*, 241 F. Supp. 3d at 1012 (considering service-provider agreement, noting "[c]ourts routinely take judicial notice of ERISA plan documents," including agreements between the plan sponsor and service providers central to the allegations); *In re Lehman Bros. Sec. & ERISA Litig.*, 2012 WL 6000575, at *1 n.2 (S.D.N.Y. Dec. 3, 2012) (taking judicial notice of plan-related documents, including agreement with plan service provider); *Care First Surgical Ctr.*, 2014 WL 6603761, at *4 (considering plan agreements). This Court should do the same and take judicial notice of the GLFA here.

**Federal Thrift Savings Plan Audited Financial Statements (Exhibit E)**. Exhibit E is the audited Financial Statements for the Thrift Savings Fund for the years ended December 31, 2017 and 2016. The Federal Thrift Savings Plan ("TSP") is a retirement savings and investment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

6

REQUEST FOR JUDICIAL NOTICE
4:17-CV-01892-HSG

plan for Federal employees and members of the uniformed services, which was created by Congress in the Federal Employees' Retirement System Act of 1986. The TSP is administered by an independent federal agency, the Federal Retirement Thrift Investment Board ("FRTIB"). The federal government makes the TSP's audited Financial Statements publicly available at both the TSP's website, www.tsp.gov, and the FRTIB's website, www.frtib.gov.[6]

This document is properly subject to judicial notice as a public record under Federal Rule of Evidence 201(b). The TSP's audited Financial Statements are prepared and filed pursuant to applicable law, overseen by a federal agency, and the document is publicly available. Nor can Plaintiffs reasonably question its authenticity.

**The Vanguard Retirement and Savings Plan, 2016 Form 5500 Filing (Exhibit F)**. For the same reasons outlined above, the 2016 Form 5500 for the Vanguard Retirement and Savings Plan, a 401(k) plan sponsored by The Vanguard Group, Inc., is properly subject to judicial notice as a public record under Federal Rule of Evidence 201(b). *Supra* at 3-4. The Vanguard Plan's 2016 Form 5500, like all Form 5500 filings, is publicly available on the DOL website, as noted above. Nor can Plaintiffs reasonably dispute its accuracy or authenticity. The Court may therefore take judicial notice of it.

### CONCLUSION

For the foregoing reasons, the Court should take judicial notice of Exhibits A through F of the Russell Declaration in Support of Mercer's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint.

Dated:  October 22, 2018                    MORGAN, LEWIS & BOCKIUS LLP

By:  /s/  *Matthew A. Russell*

Brian T. Ortelere
Matthew A. Russell
Spencer H. Wan

Attorneys for Defendant
Mercer Investment Consulting

---

[6] Specifically, the audited Financial Statements in Exhibit E may be found here: https://www.frtib.gov/ReadingRoom/FinStmts/TSP-FS-Dec2017.pdf.