MORGAN, LEWIS & BOCKIUS LLP
Spencer H. Wan (CA Bar No. 304329)
  spencer.wan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   415.442.1126; Fax:   415.442.1001

Brian T. Ortelere (*pro hac vice*)
  brian.ortelere@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Tel:   215.963.5000; Fax:   215.963.5001

Matthew A. Russell (*pro hac vice*)
  matthew.russell@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel:   312.324.1771; Fax:   312.324.1001

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Charles Baird et al., | Case No: 4:17-cv-01892-HSG |
| Plaintiffs, | **CORRECTED STIPULATION AND [PROPOSED] ORDER TO MODIFY THE CASE SCHEDULE** |
| v. | |
| BlackRock Institutional Trust Company, N.A., et al., | |
| Defendants. | |

Pursuant to Northern District of California Local Rule 6-2, Plaintiffs Charles Baird and Lauren Slayton (collectively, "Plaintiffs"), Defendant Mercer Investment Consulting ("Mercer"), and Defendants BlackRock Institutional Trust Company, N.A., Blackrock, Inc., the BlackRock, Inc. Retirement Committee, the Investment Committee of the Retirement Committee, the Administrative Committee of the Retirement Committee, the Management Development & Compensation Committee, Anne Ackerley, Catherine Bolz, Chip Castille, Marc Comerchero, Paige Dickow, Daniel A. Dunay, Any Engel, Nancy Everett, Joseph Feliciani, Jr., Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones, Milan Lint, Philippe Matsumoto, Katherine Nedl, John Perlowski,

1 Ann Marie Petach, Andy Phillips, Kurt Schansinger, Tom Skrobe, Jeffrey A. Smith, Joel Davies, John Davis, and Laraine McKinnon ("collectively, "BlackRock"), by and through respective counsel, hereby stipulate and agree as follows:

**The Current Case Schedule**

WHEREAS, on June 18, 2018, the Court entered a stipulated order modifying the case schedule by setting, among other dates, the close of fact discovery on September 21, 2018; the close of expert discovery on class issues on December 21, 2018; and the completion of briefing on the plaintiffs' motion for class certification on March 14, 2019, ECF No. 122;

WHEREAS, on August 27, 2018, with leave of Court, Plaintiffs filed a Second Amended Class Action Complaint, naming additional defendants, including Mercer, ECF No. 154;

WHEREAS, on September 17, 2018, Plaintiffs, Mercer, and BlackRock (collectively, the "Parties") filed a stipulation seeking to modify the case schedule, ECF No. 161;

WHEREAS, after holding a telephonic conference on September 25, 2018, the Court granted in part the Parties' proposed modifications to the case schedule, setting, among other dates, the close of fact discovery on December 21, 2018; the close of expert discovery on class certification issues on February 28, 2019; and the completion of briefing on Plaintiffs' class certification motion on May 14, 2019, ECF No. 173;

**Progress of Discovery Between Plaintiffs and BlackRock**

WHEREAS, Plaintiffs and the BlackRock Defendants have diligently pursued discovery in this case for over a year, including by exchanging and responding to numerous requests for production ("RFPs"), interrogatories, and requests for admission, and by taking the depositions of nine fact witnesses, Russell Decl. ¶ 3[1];

WHEREAS, BlackRock has represented that, by December 21, 2018, it will have completed the production of all responsive documents, *id.* ¶ 5;

WHEREAS, Plaintiffs and BlackRock shortly will have two joint discovery letters pending before Magistrate Judge Westmore regarding, respectively, BlackRock's Rule 30(b)(6) deposition

---

[1] A declaration from Matthew A. Russell setting forth the reasons for the Parties' request is attached hereto as Exhibit A.

testimony (ECF No. 197-3) and the scope of appropriate discovery in response to Plaintiffs' RFP Nos. 34 and 35 (to be filed this week), Russell Decl. ¶ 4;

WHEREAS, an extension of the fact discovery period will allow time for Magistrate Judge Westmore to decide these disputes and, should Judge Westmore authorize additional discovery, for that discovery to be completed;

WHEREAS, Plaintiffs have noticed the deposition of a BlackRock employee, Norbert Schnadt, but desire to conduct that deposition with documents that, if they exist, may be produced close to the discovery deadline, since BlackRock continues to diligently search for them, *id.* ¶ 6;

WHEREAS, absent relief from the December 21 fact discovery deadline, Plaintiffs may be required to take this deposition without those potentially relevant documents, if they exist;

WHEREAS, a 45-day extension of the case schedule would ensure the production of all outstanding documents in advance of the deposition of Mr. Schnadt;

WHEREAS, BlackRock will serve an amended privilege log after its document productions are completed, and a 45-day extension would allow time for the parties to obtain resolution (either informally or from Magistrate Judge Westmore) on any challenges Plaintiffs may have to specific entries on BlackRock's privilege log, without addressing such challenges in a piecemeal fashion, Russell Decl. ¶ 5;

**Progress of Discovery Between Plaintiffs and Mercer**

WHEREAS, Plaintiffs and Mercer had not engaged in any substantive discovery at the time Mercer was added as a party in late August 2018, but have since worked diligently in their respective discovery efforts, Russell Decl. ¶ 7;

WHEREAS, Plaintiffs and Mercer also have met-and-conferred multiple times concerning an ESI protocol to govern Mercer's production of documents and other electronically stored data, and they are nearing final agreement on this protocol, *id.* ¶ 8;

WHEREAS, Plaintiffs have issued, and Mercer has responded to, 11 requests for the production of documents; 16 interrogatories; and 41 requests for admission, *id.*

WHEREAS, Mercer also has collected a significant amount of data and documents from several Mercer custodians; has begun reviewing those materials to respond to Plaintiffs' document

requests; and it anticipates starting the production of documents in the very near future, *id.* ¶ 9;

WHEREAS, Plaintiffs and Mercer have held several additional meet-and-confers concerning the parameters of Mercer's production, such as search terms, custodians, and the applicable date ranges, as well as the scope of Plaintiffs' document requests, and although those discussions remain ongoing and some disagreement remains, Plaintiffs and Mercer have been negotiating in good faith and believe that, with additional time, they might reach a compromise and avoid an impasse that would otherwise require motion practice before the Court, *id.* ¶ 10;

WHEREAS, Plaintiffs and Mercer also have discussed potential deposition dates for two Mercer witnesses (one Rule 30(b)(1) individual deposition, and one Rule 30(b)(6) representative deposition), but although they have neared agreement on potential dates, the fact that negotiations over the scope of Plaintiffs' document requests and Mercer's production remain ongoing could result in a scenario under which the Parties are forced to proceed with depositions in order to meet the existing December 21, 2018 fact discovery deadline, but before resolving whether Plaintiffs have all documents to which they believe they are entitled, *id*. ¶ 11;

WHEREAS, Plaintiffs have indicated their intent to hold the Mercer depositions open in the event this occurs, and these circumstances could result in Mercer being required to present its witnesses for deposition twice, should the Court find it must produce additional documents, *id.* ¶ 12;

WHEREAS, although Mercer continues to work diligently to review and produce the categories of documents that it believes are appropriate for this case, the volume at issue will make it difficult to produce even these documents sufficiently in advance of Mercer depositions before December 21, 2018, *id.* ¶ 13; and

WHEREAS, Mercer and Plaintiffs believe the parties and the Court would benefit from (1) avoiding potentially unnecessary discovery disputes for this Court to resolve, when they believe in good faith that they may be able to resolve these issues if given the benefit of more time, and/or (2) allowing the depositions of Mercer witnesses to occur after documents are fully produced to avoid the risk that Mercer would be forced to present those witnesses for a second day of deposition;

**IT IS HEREBY STIPULATED AND AGREED,** subject to the approval of the Court that:

1. The Parties agree there is good cause for a modest extension of the existing case

schedule by forty-five (45) days, to allow all Parties sufficient time to complete fact discovery and proceed with expert discovery related to class certification. Russell Decl. ¶ 14.

2. The Parties further agree that the period between the submission of opening expert reports and the submission of rebuttal expert reports should be enlarged from 15 days to 30 days, but that the period between the submission of rebuttal expert reports and the close of expert discovery should be shortened from 30 days to 15 days, such that there is no overall change to the case schedule apart from the deadline to submit rebuttal expert reports.

3. The Parties further agree that, should the Court grant an extension on the case schedule, they will not issue any further written discovery requests on one another, except that Mercer and Plaintiffs reserve their rights to issue written discovery requests on each other in the event the facts adduced in discovery and not known to either of them as of the date of this Stipulation indicate that doing so is necessary.

4. Plaintiffs will not seek to depose any current or former Blackrock employee other than Mr. Schnadt or Ms. Fung, either as a percipient witness or as a corporate representative for a BlackRock affiliate, prior to the class certification hearing. Plaintiffs will not seek to depose any current or former Mercer employee or other Mercer witness other than Rashid Hassan, in his individual capacity, and Mercer, under Rule 30(b)(6), prior to the class certification hearing. No party will seek to depose any members of either putative class prior to the class certification hearing.

The Parties therefore stipulate and agree on the following case schedule:

| Event | Existing Deadline | Stipulated Deadline |
|---|---|---|
| Close of Fact Discovery | December 21, 2018 | February 4, 2019 |
| Opening expert reports on class cert. issues | January 14, 2019 | February 28, 2019 |
| Rebuttal expert reports on class cert. issues | January 29, 2019 | April 1, 2019 |
| Close of expert discovery on class cert. issues | February 28, 2019 | April 16, 2019 |
| Motion for class certification | March 28, 2019 | May 13, 2019 |
| Opposition to class certification motion | April 26, 2019 | June 10, 2019 |
| Reply in support of class certification motion | May 14, 2019 | June 28, 2019 |
| Class Certification Hearing | June 6, 2019 at 2 p.m. | July 25, 2019 at 2 p.m. |

Dated: December 7, 2018

| | |
|---|---|
| **COHEN MILSTEIN SELLERS & TOLL, PLLC** | **O'MELVENY & MYERS LLP** |
| */s/ Michelle C. Yau* <br> Michelle C. Yau | */s/ Michael J. McCarthy* <br> Michael J. McCarthy |
| Michelle C. Yau (admitted *Pro Hac Vice*) <br> Mary J. Bortscheller (admitted *Pro Hac Vice*) <br> Daniel R. Sutter (admitted *Pro Hac Vice*) <br> 1100 New York Avenue, N.W. <br> Suite 500, West Tower <br> Washington, D.C. 20005 <br> Tel: (202) 408-4600 <br> Fax: (202) 408-4699 <br> khandorf@cohenmilstein.com <br> myau@cohenmilstein.com <br> jhorwitz@cohenmilstein.com | Meaghan VerGow (admitted *Pro Hac Vice*) <br> Brian Boyle (Cal. Bar No. 126576) <br> Michael J. McCarthy (admitted *Pro Hac Vice*) <br> 1625 Eye Street, N.W. <br> Washington, D.C. 20006 <br> Tel: (202) 383-5504 <br> Fax: (202) 383-5414 <br> mvergow@omm.com <br> bboyle@omm.com <br> mmccarthy@omm.com |
| **FEINBERG, JACKSON, WORTHMAN & WASOW, LLP** <br> Nina Wasow (Cal. Bar No. 242047) <br> Todd Jackson (Cal. Bar No. 202598) <br> 2030 Addison Street <br> Suite 500 <br> Berkeley, CA 94704 <br> Tel: (510) 269-7998 <br> Fax: (510) 269-7994 <br> nina@feinbergjackson.com <br> todd@feinbergjackson.com | Randall W. Edwards (Cal. Bar No. 179053) <br> Adam M. Kaplan (Cal. Bar No. 298077) <br> Two Embarcadero Center, 28th Floor <br> San Francisco, CA 94111-3823 <br> Tel: (415) 984-8700 <br> Fax: (415) 984-8701 <br> redwards@omm.com <br> akaplan@omm.com |
| | ***Attorneys for the Blackrock Defendants*** |
| *Attorneys for Plaintiffs* | /s/ *Matthew A. Russell* <br> Matthew A. Russell |
| | **MORGAN, LEWIS, & BOCKIUS** <br> Spencer H. Wan (CA Bar No. 304329) <br> One Market, Spear Street Tower <br> San Francisco, CA 94105 <br> Tel: 415.442.1126; Fax: 415.442.1001 <br> spencer.wan@morganlewis.com |
| | Brian T. Ortelere (*pro hac vice*) <br> 1701 Market Street <br> Philadelphia, PA 19103-2921 <br> Tel: 215.963.5000; Fax: 215.963.5001 <br> brian.ortelere@morganlewis.com |
| | Matthew A. Russell (*pro hac vice*) <br> 77 West Wacker Drive <br> Chicago, IL 60601 <br> Tel: 312.324.1771; Fax: 312.324.1001 <br> matthew.russell@morganlewis.com |
| | ***Attorneys for Mercer Investment Consulting*** |

| | |
|---|---|
| 1 | **ATTESTATION** |
| 2 | I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in |
| 3 | the filing of this document. |
| 4 | Dated: December 7, 2018      By:    _/s/ Matthew A. Russell_ |
| 5 |                                    Matthew A. Russell |

**[PROPOSED] ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED: the above Stipulation and Proposed Order to Modify the Case Schedule is approved and all parties shall comply with its provisions.

Dated: 12/10/2018

_Haywood S. Gilliam, Jr._

U.S. District Court for the
Northern District of California