UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01892-HSG (KAW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 197 |

On December 3, 2018, Plaintiff filed an administrative motion to file under seal portions of the parties' joint discovery letter. (Dkt. No. 197.) Having reviewed the administrative motion and Attorney Jeanne Belanger's administrative motion to file under seal, the Court GRANTS IN PART and DENIES IN PART the motion to file under seal.

## I. LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Thus, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted). This public policy, however, does "not apply with equal force to non-dispositive materials." *Id.* at 1179. For non-dispositive motions, the parties need only show that "'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1180 (internal quotation omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1210-11 (9th Cir. 2002).

## II. DISCUSSION

### A. Joint Discovery Letter

With respect to the discovery letter, nearly all of the redactions pertain to general information that has been discussed in other publicly available documents. For example, the parties seek to redact all references to the "CTI Plan Documents" and the "STIF Plan Documents/Guidelines." (Proposed Discovery Letter at 1-4, Dkt. No. 197-4.) The declaration in support of the sealing motion fails to explain why the existence of these documents are confidential when it is already disclosed in the operative complaint. (*See* Second Amended Compl. ("SAC") ¶¶ 106, 424-427, 447, 508, 586(l). Dkt. No. 154.) The complaint also states that the BlackRock CTIs' assets are to be managed in accordance with the CTI Plan Documents. (SAC ¶ 106.) Similarly, the fact that there are changes to these documents is not confidential or commercially sensitive business information; the discovery letter does not detail what those changes are or what they pertain to, only that changes to unspecified provisions exist. (*See* Proposed Discovery Letter at 3.)

Likewise, the parties also seek to redact all references to the CIF Committee, whose existence and purpose is described in the declaration in support of the sealing motion. (Proposed Discovery Letter at 3-4; Belanger Decl. ¶ 7, Dkt. No. 199.) Additionally, the parties request redaction of what a GLFA is, despite having stated in the discovery letter itself that a GLFA is a "Guideline and Fee Agreement." (Proposed Discovery Letter at 2, 5.) Other proposed redactions include the existence of lending splits; lending splits are discussed in the operative complaint, and the discovery letter does not disclose any specific details about how the lending splits work or are effectuated. (SAC ¶¶ 380, 586(j).)

The parties also seek to redact descriptions of Mr. Strofs's testimony, without explaining why the testimony concerns confidential business information when Mr. Strofs is commenting on his lack of knowledge. (*See* proposed Discovery Letter at 2-3, 5.) Mr. Strofs's lack of knowledge or the fact that he testified about something is not confidential or commercially sensitive business information.

2

Thus, the Court will only allow redaction of: (1) the name of the entity responsible for establishing the CTI Plan Documents, (2) the specific sections at issue, (3) how GLFAs are used, and (4) what the mechanisms used to effectuate preferred splits affects. (Proposed Discovery Letter at 4:8-9, 4:23, 5:2, 5:9-10, 5:24.[1])

**B. Exhibit A**

With respect to Exhibit A, it appears the parties seek to redact the entirety of Mr. Strofs's deposition testimony. This is improper. The Court will allow redactions except of the following:

13:12-16: Discusses what GLFA stands for, which is already stated in the unredacted portions of the joint discovery letter.

21:5-22:2: Generally states that GLFAs can discuss fees, and Mr. Strofs's failure to review any GLFAs in preparation of the deposition.

37:22-38:8: Concerns Mr. Strofs's lack of knowledge regarding 16 Things, a document previously filed on the public docket. (*E.g.*, Dkt. No. 125, Exh. C.)

143:6-11: Discusses who put notes together, without any specific information on what was in the notes.

189:21-190:2: Concerns Mr. Strofs's preparation for the deposition.

238:2-239:2 (up to "plaintiffs"): Concerns provision of a binder to Plaintiffs, with no information as to the specific documents included in the binder.

239:18-242:19: Concerns provision of a binder to Plaintiffs and whether they are responsive to Plaintiffs' request for productions, with no information as to the specific documents included in the binder.

243:7-247:17: Concerns provision of a binder to Plaintiffs and general discussion about Defendants' response to Plaintiffs' requests for production, with no specific information as to the documents at issue.

C. **Exhibit B**

Finally, as to Exhibit B, most of the proposed redactions again concern general information

---

[1] Because the specific lines do not match with the pleading paper, the cites are meant as guidance for the parties.

3

with no specifics that would implicate confidential or commercially sensitive business information.

On page one, the parties seek to redact general information about the CTI Plan Documents and STIF Plan documents. There is no specific information related to these documents, and as discussed above, the existence of these documents has already been disclosed. Such information is not properly redacted.

On page six, the parties seek to redact information about hypothetical changes to the Plan Documents, lending splits, and one parties' characterization of the scope of a deposition topic. Again, there is no specific information as to any of these, including what those changes are, how lending splits are effectuated, or what the deposition topic entails. Redaction is not appropriate.

The Court will, however, permit the redactions on page four, which list the specific sections at issue.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the motion to file under seal. If the parties wish the Court to consider the joint discovery letter, the parties must file the discovery letter on the docket with only the permitted redactions discussed above.

IT IS SO ORDERED.

Dated: December 17, 2018

KANDIS A. WESTMORE
United States Magistrate Judge