UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al., | Case No. 17-cv-01892-HSG (KAW) |
| Plaintiffs, | |
| v. | **ORDER REGARDING JOINT DISCOVERY LETTER** |
| BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al., | Re: Dkt. No. 209 |
| Defendants. | |

Plaintiffs filed the instant putative class action against Defendants, alleging violations of the Employee Retirement Income Security Act's ("ERISA") fiduciary duty and prohibited transactions provisions. (Second Amended Compl. ("SAC") ¶ 1, Dkt. No. 154.) On December 20, 2018, the parties filed a joint discovery letter regarding the Rule 30(b)(6) deposition of Jason Strofs. (Discovery Letter, Dkt. No. 209.) Having reviewed the letter, the Court GRANTS IN PART and DENIES IN PART the relief sought.

## I. LEGAL STANDARD

Rule 30(b)(6) states:

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C 99–02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing *In re Vitamins Antitrust*

*Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003)).

A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6). "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition." *UniRAM Technology, Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04–1268 VRW (MEJ), 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)). "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." *Id.* (citing *Detoy*, 196 F.R.D. at 366-67). "However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Detoy*, 196 F.R.D. at 367 (quoting *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)) (internal quotations omitted).

## II. DISCUSSION

On September 17, 2018, Plaintiffs conducted a Rule 30(b)(6) deposition of Mr. Strofs, using 5.5 hours. Plaintiffs assert that Mr. Strofs was not adequately prepared, and therefore request an additional three hours to depose a fully prepared witness about Deposition Topics (n), (p), and (q). (Discovery Letter at 2, 3.) Defendants dispute whether Mr. Strofs was able to sufficiently testify on the Deposition Topics at issue. (*Id.* at 4.)

The Court finds that Plaintiffs are entitled additional time to conduct a Rule 30(b)(6) deposition on these topics. First, Deposition Topic (n) concerns the entity, entities, and/or persons responsible for establishing, monitoring, and/or amending the CTI Plan Documents under which Defendant BTC manages and administers the BlackRock CTIs' assets. (Discovery Letter at 1.) Plaintiffs argue that Mr. Strofs was not able to identify all of the relevant entity's members, its responsibilities, and whether other individuals were involved in the creation or amendment of the Plan Documents. (*Id.* at 3.) Defendants respond that Mr. Strofs' inability to recall all of the relevant entity's members does not show inadequate preparation. (*Id.* at 4.) While the Court agrees that the failure to identify every member of the relevant entity does not necessarily show

1    inadequate preparation, Defendants do not address Mr. Strofs' failure to identify basic information

2    about that entity, including its other responsibilities.

3           Second, Deposition Topic (p) concerns the terms of the documents under which Defendant

4    BTC manages and administers the assets of the BlackRock CTIs.  (Discovery Letter at 1.)  The

5    parties dispute which terms the parties agreed were the subject of the Deposition Topic.  (*Id.* at 2-

6    3, 4-5.)  Specifically, Plaintiffs point to the terms listed in a September 6, 2018 letter, while

7    Defendants argue that Plaintiffs limited the scope to five terms identified in a September 12, 2018

8    e-mail.  (*See* Discovery Letter, Exh. B at 4, 5.)  The Court agrees with Plaintiffs that the parties

9    had agreed to the terms listed in the September 6, 2018 letter.  The five terms in the September 12,

10   2018 e-mail were those that Plaintiff sought testimony regarding changes made.  (*Id.* at 5.)  This is

11   confirmed by the September 13, 2018 e-mail, in which Plaintiffs stated that "Defendants noted that

12   it would be impractical for Jason Strofs to be prepared to cover **all changes** to the Plan Document

13   and the reasons for those changes," and that "Plaintiffs agreed to provide Defendants with a list of

14   provisions that underwent changes that will be the focus of Plaintiffs' inquiries.  Plaintiffs sent that

15   list September 12, 2018."  (*Id.* at 6 (emphasis added).)  Defendants responded to Plaintiffs' e-mail

16   on September 14, 2018, stating that they "agree[d] with [Plaintffs'] characterization of the agreed-

17   upon scope of Topic[] P."  (*Id.*)  Thus, Plaintiffs were entitled to testimony regarding the broader

18   set of plan provisions listed in the September 6, 2018 letter.

19          Finally, Deposition Topic (r) concerns the terms of any agreements between the Blackrock

20   CTIs and Defendant BTC.  (Discovery Letter at 1.)  Plaintiffs point to Mr. Strofs's failure to

21   review a Guideline and Fee Agreement ("GLFA") and testify as to what was in the GLFAs, as

22   well as his inability to answer questions about cash movements related to preferred lending splits.

23   (*Id.* at 2.)  Defendants respond that Mr. Strofs did previously review GLFAs -- albeit a long time

24   ago, according to Mr. Strofs's own testimony -- and that with respect to the preferred lending

25   splits, was able to testify as to how they are calculated, how they are offered, and how it affects

26   clients.  (*Id.* at 5.)  The Court finds that Mr. Strofs was not adequately prepared to discuss the

27   GLFAs, as when asked about what information was in the GLFA, Mr. Strofs repeatedly stated that

28   he did not know.  While Defendants appear to suggest that the GLFA is not important because it is

"one document out of hundreds," the GLFA is an agreement that, significantly, Defendants repeatedly refer to in their pending motion to dismiss. (*Id.*; *see* Defs.' Mot. to Dismiss at 4, 17, Dkt. No. 181; McCarthy Decl., Exh. C, Dkt. No. 181-1.)  With respect to the preferred lending splits, however, the Court finds that Plaintiffs fail to explain why Mr. Strofs's inability to explain the exact mechanics of cash movements demonstrate a lack of preparation, when Mr. Strofs was able to testify as to their calculation, offering, and effects.

### III.    CONCLUSION

For the reasons stated above, the Court concludes that Mr. Strofs was not sufficiently prepared to discuss the three topics at issue.  While additional time is warranted to conduct the Rule 30(b)(6) deposition on these Deposition Topics, however, the Court finds that Plaintiffs have failed to explain why three hours are necessary.  Moreover, as discussed above, the Court disagrees that Mr. Strofs was not prepared on some of the topics, particularly the mechanisms used to effectuate preferred splits.  Accordingly, the Court finds that Plaintiffs may have an additional two hours to conduct the Rule 30(b)(6) deposition.  These two hours are separate from the 90 minutes that Plaintiffs reserved for Deposition Topics (v) and (w).

IT IS SO ORDERED.

Dated: January 30, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge