MORGAN, LEWIS & BOCKIUS LLP
Spencer H. Wan (CA Bar No. 304329)
  spencer.wan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:    415.442.1126; Fax:    415.442.1001

Brian T. Ortelere (*pro hac vice*)
  brian.ortelere@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Tel:    215.963.5000; Fax:    215.963.5001

Matthew A. Russell (*pro hac vice*)
  matthew.russell@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel:    312.324.1771; Fax:    312.324.1001

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Charles Baird et al., | Case No:  4:17-cv-01892-HSG |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER TO MODIFY THE CASE SCHEDULE** |
| v. | |
| BlackRock Institutional Trust Company, N.A., et al., | |
| Defendants. | |

Pursuant to Northern District of California Local Rule 6-2, Plaintiffs Charles Baird and

Lauren Slayton (collectively, "Plaintiffs"), Defendant Mercer Investment Consulting ("Mercer"),

and Defendants BlackRock Institutional Trust Company, N.A., Blackrock, Inc., the BlackRock, Inc.

Retirement Committee, the Investment Committee of the Retirement Committee, the Administrative

Committee of the Retirement Committee, the Management Development & Compensation

Committee, Anne Ackerley, Catherine Bolz, Chip Castille, Marc Comerchero, Paige Dickow, Daniel

A. Dunay, Any Engel, Nancy Everett, Joseph Feliciani, Jr., Michael Fredericks, Corin Frost, Daniel

Gamba, Kevin Holt, Chris Jones, Milan Lint, Philippe Matsumoto, Katherine Nedl, John Perlowski, Ann Marie Petach, Andy Phillips, Kurt Schansinger, Tom Skrobe, Jeffrey A. Smith, Joel Davies, John Davis, and Laraine McKinnon ("collectively, "BlackRock"), by and through respective counsel, hereby stipulate and agree as follows:

**The Current Case Schedule**

WHEREAS, on June 18, 2018, the Court entered a stipulated order modifying the case schedule by setting, among other dates, the close of fact discovery on September 21, 2018; the close of expert discovery on class certification issues on December 21, 2018; and the completion of briefing on the plaintiffs' motion for class certification on March 14, 2019, ECF No. 122;

WHEREAS, on August 27, 2018, with leave of Court, Plaintiffs filed a Second Amended Class Action Complaint, naming additional defendants, including Mercer, ECF No. 154;

WHEREAS, on September 17, 2018, Plaintiffs, Mercer, and BlackRock (collectively, the "Parties") filed a stipulation seeking to modify the case schedule, ECF No. 161;

WHEREAS, after holding a telephonic conference on September 25, 2018, the Court granted in part the Parties' proposed modifications to the case schedule, setting, among other dates, the close of fact discovery on December 21, 2018; the close of expert discovery on class certification issues on February 28, 2019; and the completion of briefing on Plaintiffs' class certification motion on May 14, 2019, ECF No. 173;

WHEREAS, on December 10, 2018, the Court granted the Parties' Stipulation to Modify the Case Schedule, setting, among other dates, the close of fact discovery on February 4, 2019; the close of expert discovery on class certification issues on April 16, 2019; the completion of briefing on Plaintiffs' class certification motion on June 28, 2019; and the hearing on Plaintiffs' class certification motion on July 25, 2019, ECF No. 204;

WHEREAS, on January 31, 2019, the Court granted the Parties' further Stipulation to Modify the Case Schedule, in which the Parties proposed a roughly two-week extension of most case deadlines to allow them to resolve certain disputes without motion practice and to reschedule certain remaining depositions, ECF No. 237;

1    WHEREAS, the Court set, among other deadlines, the close of fact discovery on February

2    19, 2019; the close of expert discovery on class certification issues on April 30, 2019; the

3    completion of briefing on Plaintiffs' class certification motion on July 11, 2019; and the hearing on

4    Plaintiffs' class certification motion on August 1, 2019, *id.*;

5    **Corporate Representative Depositions**

6    WHEREAS, BlackRock has agreed to provide 90 minutes of corporate testimony on two

7    topics—topics (v) and (w)—identified in Plaintiffs' Rule 30(b)(6) deposition notice to BlackRock

8    Inc., Russell Decl. ¶ 3[1];

9    WHEREAS, on January 30, 2019 (after the Parties filed the prior stipulated case schedule),

10   Magistrate Judge Westmore authorized an additional two hours of additional corporate testimony on

11   three other topics—topics (n), (p), and (r)—identified in Plaintiffs' Rule 30(b)(6) deposition notice,

12   *see* ECF No. 325;

13   WHEREAS, BlackRock's corporate representative on topics (n), (p), and (r) is available for

14   deposition on February 27, 2019, and BlackRock's corporate representative on topics (v) and (w) is

15   available for deposition on March 6, 2019, Russell Decl. ¶ 4;

16   WHEREAS, Mercer recently was forced to reschedule its Rule 30(b)(6) deposition that had

17   been scheduled for February 14, 2019, as a result of inclement weather affecting both New York

18   City and the greater northeast area that resulted in flight cancellations and prevented Mercer's

19   outside counsel who would be defending the deposition from traveling to New York from Tuesday,

20   February 12 through the date of the deposition, Thursday, February 14, 2019, *id.* ¶ 5;

21   WHEREAS, as a result of the aforementioned scheduling difficulties, Mercer and Plaintiffs

22   conferred and have agreed to reschedule Mercer's Rule 30(b)(6) deposition for February 28, 2019,

23   while another Mercer witness remains scheduled for a Rule 30(b)(1) individual deposition on

24   February 21, 2019, *id*. ¶ 6;

25   WHEREAS, while the Parties are able to accommodate these Rule 30(b)(6) depositions on

26   February 27, February 28, and March 6, to do so would require a modest adjustment to the case

27   ---
[1] A declaration from Matthew A. Russell setting forth the reasons for the Parties' request is attached

28   hereto as Exhibit A.

1 management schedule because BlackRock's and Mercer's corporate testimony should be completed

2 with sufficient time for expert review of any evidence that may be relevant to the opinions they

3 would express in the class certification expert reports, due on March 15, 2019 under the current

4 schedule, *id.* ¶ 7;

5 WHEREAS, due to the unforeseen events set forth above, the available dates for

6 BlackRock's and Mercer's corporate testimony are up to two weeks after the current close of fact

7 discovery on February 19, which would not provide sufficient time for expert review of any

8 evidence that may be relevant to the opinions they would express in the class certification expert

9 reports currently due on March 15, *id.*;

10 **The Parties' Continued Discovery Efforts**

11 WHEREAS, Plaintiffs and BlackRock continue to meet and confer about certain outstanding

12 discovery disputes and expect to file additional joint discovery letters with Magistrate Judge

13 Westmore during the week of February 18, Russell Decl. ¶ 8;

14 WHEREAS, Plaintiffs and Mercer had not engaged in any substantive discovery at the time

15 Mercer was added as a party in late August 2018, but have since worked diligently in their respective

16 discovery efforts, *id.* ¶ 9;

17 WHEREAS, Plaintiffs have issued, and Mercer has responded to, 11 requests for the

18 production of documents; 16 interrogatories; and 41 requests for admission, *id.* ¶ 10;

19 WHEREAS, Mercer also has collected a significant amount of data and documents from

20 several Mercer custodians; has reviewed those materials to respond to Plaintiffs' document requests;

21 has already made two productions totaling almost 60,000 pages of documents; and will be making at

22 least one further production of documents in the near future, *id.* ¶ 11;

23 WHEREAS, Plaintiffs and Mercer have held several additional meet-and-confers concerning

24 the parameters of Mercer's production, such as search terms, custodians, and the applicable date

25 ranges, as well as the scope of Plaintiffs' document requests, and Plaintiffs and Mercer have been

26 negotiating in good faith and believe they have now reached final compromises with respect to the

27 outstanding issues between them, but they require additional time to implement those compromises

28

1 by producing certain documents and/or responses to amended written discovery, *id.* ¶ 12;

2 WHEREAS, on January 22, 2019, Plaintiffs sought to meet and confer concerning Mercer's

3 objections and responses to certain of Plaintiffs' Requests for Admission and Interrogatories; Mercer

4 and Plaintiffs met and conferred about this issue and others on February 5 and February 7, 2019;

5 Plaintiffs agreed to serve amended versions of the written discovery in question, which they did on

6 February 7, 2019; Mercer agreed consider and respond to Plaintiffs' amended written discovery on

7 an expedited basis, if possible, by February 21, 2019, and Mercer currently is in the process of doing

8 so; and absent the modest extension proposed by this Stipulation, Plaintiffs may be compelled to

9 engage in motion practice before this Court to preserve their positions, when such disputes could be

10 avoided by Mercer's forthcoming written responses and/or if the Parties had additional time to

11 resolve them, *id.* ¶ 13;

12 WHEREAS, Mercer and Plaintiffs believe the parties and the Court would benefit from

13 (1) avoiding potentially unnecessary discovery disputes before this Court, when they believe in good

14 faith that they may resolve these issues if given the benefit of more time, and/or (2) allowing the

15 depositions of Mercer witnesses to occur after documents are fully produced to avoid the risk that

16 Mercer would be forced to present those witnesses for a second day of deposition, *id.* ¶ 14;

17 WHEREAS, Mercer and Plaintiffs are cognizant of the fact that they have sought multiple

18 modifications of the case schedule, are appreciative of the Court's scheduling flexibility, and at this

19 time intend for the current proposed extension to be the final one they seek; and Mercer and

20 Plaintiffs further believe the incremental and modest length of each requested extension arises from,

21 and reflects, the fact that they have continued to work together in good faith to resolve discovery-

22 related disputes without motion practice, combined with two unfortunate, unforeseen scheduling

23 issues with respect to Mercer's depositions, rather than suggesting any attempt or effort to unduly

24 delay these proceedings, *id.* ¶ 15; and

25 WHEREAS, the Parties propose a modest extension of the existing case schedule by

26 approximately fourteen days, including modifications outlined below, *id.* ¶ 16.

27 **IT IS HEREBY STIPULATED AND AGREED,** subject to the approval of the Court that:

28

1      1.      The Parties agree there is good cause for a modest extension of the existing case

2 schedule by approximately fourteen (14) days, and an extension of the hearing on the motion for

3 class certification by seven (7) days, to allow all Parties sufficient time to complete fact discovery

4 and proceed with expert discovery related to class certification.  Russell Decl. ¶ 16.

5      2.      The Parties further agree that, should the Court grant an extension on the case

6 schedule, they will not issue any further written discovery requests on one another (excepting

7 additional discovery between Plaintiffs and BlackRock that may be granted by the Court in the

8 resolution of currently-pending or forthcoming discovery disputes).

9      3.      Plaintiffs will not seek to depose any current or former Blackrock or Mercer

10 employee, other than those depositions the Parties have already noticed and/or scheduled (and

11 excepting additional depositions of BlackRock witnesses that may be ordered by the Court in the

12 resolution of currently-pending or forthcoming discovery disputes), prior to the class certification

13 hearing.  No party will seek to depose any members of either putative class prior to the class

14 certification hearing.

15      The Parties therefore stipulate and agree on the following case schedule:

16

| Event | Existing Deadline | Stipulated Deadline |
|---|---|---|
| Close of Fact Discovery | February 19, 2019 | March 6, 2019 |
| Opening expert reports on class cert. issues | March 15, 2019 | March 27, 2019 |
| Rebuttal expert reports on class cert. issues | April 16, 2019 | April 24, 2019 |
| Close of expert discovery on class cert. issues | April 30, 2019 | May 8, 2019 |
| Motion for class certification | May 21, 2019 | June 3, 2019 |
| Opposition to class certification motion | June 20, 2019 | July 3, 2019 |
| Reply in support of class certification motion | July 11, 2019 | July 25, 2019 |
| Class Certification Hearing | Aug. 1, 2019 at 2 p.m. | Aug. 8, 2019 at 2 p.m. |

2469099 v1

Dated: February 15, 2019

| | |
|---|---|
| **COHEN MILSTEIN SELLERS & TOLL, PLLC** | **O'MELVENY & MYERS LLP** |

*/s/ Mary J. Bortscheller*
Michelle C. Yau

Michelle C. Yau (admitted *Pro Hac Vice*)
Mary J. Bortscheller (admitted *Pro Hac Vice*)
Daniel R. Sutter (admitted *Pro Hac Vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
khandorf@cohenmilstein.com
myau@cohenmilstein.com
jhorwitz@cohenmilstein.com

**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
Nina Wasow (Cal. Bar No. 242047)
Todd Jackson (Cal. Bar No. 202598)
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
nina@feinbergjackson.com
todd@feinbergjackson.com

*Attorneys for Plaintiffs*

*/s/ Michael J. McCarthy*
Michael J. McCarthy

Meaghan VerGow (admitted *Pro Hac Vice*)
Brian Boyle (Cal. Bar No. 126576)
Michael J. McCarthy (admitted *Pro Hac Vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel: (202) 383-5504
Fax: (202) 383-5414
mvergow@omm.com
bboyle@omm.com
mmccarthy@omm.com

Randall W. Edwards (Cal. Bar No. 179053)
Adam M. Kaplan (Cal. Bar No. 298077)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Tel: (415) 984-8700
Fax: (415) 984-8701
redwards@omm.com
akaplan@omm.com

*Attorneys for the Blackrock Defendants*

*/s/ Matthew A. Russell*
Matthew A. Russell

**MORGAN, LEWIS, & BOCKIUS**
Spencer H. Wan (CA Bar No. 304329)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1126; Fax: 415.442.1001
spencer.wan@morganlewis.com

Brian T. Ortelere (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000; Fax: 215.963.5001
brian.ortelere@morganlewis.com

Matthew A. Russell (*pro hac vice*)
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1771; Fax: 312.324.1001
matthew.russell@morganlewis.com

*Attorneys for Mercer Investment Consulting*

2469099 v1

**ATTESTATION**

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

Dated: February 15, 2019          By:     /s/ *Matthew A. Russell*

                                            Matthew A. Russell


**~~[PROPOSED]~~ ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED: the above Stipulation and Proposed Order to Modify the Case Schedule is approved and all parties shall comply with its provisions.


Dated:    2/19/2019

                                       U.S. District Court for the
                                       Northern District of California

2469099 v1