UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al., | Case No. 17-cv-01892-HSG (KAW) |
| Plaintiffs, | |
| v. | **ORDER REGARDING JOINT DISCOVERY LETTERS** |
| BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al., | Re: Dkt. Nos. 238, 240 |
| Defendants. | |

Plaintiffs filed the instant putative class action against Defendants, alleging violations of the Employee Retirement Income Security Act's ("ERISA") fiduciary duty and prohibited transaction provisions. (Second Amended Compl. ("SAC") ¶ 1, Dkt. No. 154.) On January 31, 2019 and February 1, 2019, the parties filed two discovery letters concerning BlackRock's[1] second supplemental disclosures. (Jan. 31, 2019 Letter, Dkt. No. 238; Feb. 1, 2019 Letter, Dkt. No. 240.)

Upon consideration of the parties' filings, as well as the arguments presented at the February 21, 2019 hearing, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' request for relief.

## I. BACKGROUND

On July 5, 2017, the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). (Jan. 31, 2019 Letter at 1; Feb. 1, 2019 Letter at 1.) In their initial disclosures, Plaintiffs identified, among other individuals, Mr. Jeffrey Kirsh. (Jan. 31, 2019 Letter, Exh. 1 at 3.) BlackRock identified four individuals, including Plaintiff Baird. (Jan. 31, 2019 Letter, Exh. 2 at 3.) BlackRock also incorporated by reference any individual disclosed by

---

[1] BlackRock refers to all of the BlackRock-related Defendants.

another party in the case. (*Id.* at 2.)

On December 7, 2018, the parties filed a stipulation to modify the case schedule, including continuing the discovery deadlines. (Dkt. No. 202 at 4-5.) The parties agreed that if the extension was granted, they would not issue any further written discovery requests on one another. (*Id.* at 5.) Plaintiffs also agreed not to seek to depose any current or former BlackRock employee, other than Mr. Schnadt or Ms. Fung, prior to the class certification hearing. (*Id.*)

On December 21, 2018, BlackRock served a Supplemental Disclosure, which identified twenty-nine individuals likely to have discoverable information. (Jan. 31, 2019 Letter at 1.) After Plaintiffs objected, BlackRock provided a Second Supplemental Disclosure on January 17, 2019, less than three weeks prior to the close of fact discovery. (*Id.*) The Second Supplemental Disclosure provided greater detail as to what the individuals would be testifying to. (*See* Feb. 1, 2019 Letter, Exh. 5.)

The parties then filed joint letters concerning ten of the individuals identified by BlackRock's Supplemental Disclosures. On February 21, 2019, the Court held a discovery hearing on the parties' joint discovery letters. (Dkt. No. 252.) At the hearing, BlackRock noted that Ms. Jeanne Belanger and Ms. Irene Ashkenazy would be testifying as BlackRock's 30(b)(6) witnesses. BlackRock also emphasized that except for Mr. Kirsh, Ms. Belanger, and Ms. Ashkenazy, the other seven individuals at issue were identified in the event that Plaintiffs raised foundation objections at trial.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires that a party provide "the name . . . of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e) requires that disclosures be supplemented "in a timely manner." The purpose of these "disclosures is to identify those witnesses that a party intends to use at trial." *Vieste, LLC v. Hill Redwood Dev.*, Case No. 09-cv-4024-JSW (DMR), 2011 WL 2181200, at \*3 (N.D. Cal. June 3, 2011). Rule 37(c)(1), in turn, states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information

2

or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Thus, "Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 36(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

"The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a 'self-executing,' 'automatic' sanction to 'provide a strong inducement for disclosure of material' that must be disclosed pursuant to Rule 26." *Tristrata, Inc. v. Microsoft Corp.*, Case No. 11-cv-3797-JST, 2013 WL 12172909, at *2 (N.D. Cal. May 13, 2013). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. "[T]he burden," however, "is on the party facing sanctions to prove harmlessness." *Id.* at 1107.

### III. DISCUSSION

Plaintiffs seek to strike ten individuals that BlackRock did not disclose until December 21, 2018. (Jan. 31, 2019 Letter at 1; Feb. 1, 2019 Letter at 1.) BlackRock responds that its disclosures were not late, and that if they were, any delay was harmless or justifiable.

#### A. Previous Disclosures

BlackRock primarily argues that its supplemental disclosures were "for the purely ministerial purpose of memorializing individuals known to Plaintiffs for months . . . ." (Feb. 1, 2019 Letter at 4; *see also* Jan. 31, 2019 Letter at 4.) In other words, BlackRock contends that the disclosure was not late because the ten individuals were already previously disclosed in discovery. The Court addresses each of the individuals.

##### i. Jeffrey Kirsh (Managing Director and Senior Counsel)

On December 21, 2018, BlackRock disclosed Mr. Kirsh on the topic of "Fiduciary process and decisions for the plan." (*See* Jan. 31, 2019 Letter, Exh. 3 at 3.) On January 17, 2019, BlackRock supplemented its disclosure, stating that Mr. Kirsh "advised the Retirement Committee and Investment Committee regarding fiduciary processes," and that he "routinely attended meetings of the Investment Committee, and is familiar with its decisionmaking processes." (Feb.

3

1, 2019 Letter, Exh. A at 4.) Prior to being disclosed by BlackRock, Plaintiffs had identified Mr. Kirsh in their initial disclosures. (Jan. 31, 2019 Letter, Exh. 1 at 3.)

BlackRock contends that it has always identified Mr. Kirsh as a potential trial witness because its initial disclosures incorporated Plaintiffs' initial disclosures. (Jan. 31, 2019 Letter at 4.) BlackRock also explains it produced hundreds of documents showing that Mr. Kirsh regularly attended meetings of the fiduciary committees, as well as hundreds of communications with Mr. Kirsh. (*Id.*) Further, BlackRock argues that during the deposition of Katie Nedl, "Plaintiffs probed Mr. Kirsh's involvement and role in the Plan fiduciaries' deliberative process." (*Id.*)

Plaintiff responds that Mr. Kirsh being copied on documents involving the Investment Committee does not constitute a sufficient disclosure. (Jan. 31, 2019 Letter at 2.) Plaintiff also argues that BlackRock is now identifying Mr. Kirsh as the only individual with discoverable information about the Investment Committee's decisionmaking process after previously identifying Mr. Joe Feliciani, and that Mr. Feliciani has now been removed from the supplemental disclosures. (*Id.* at 3.) Based on this representation, Plaintiffs deposed Mr. Feliciani rather than deposing Mr. Kirsh. (*Id.*)

The Court finds that Mr. Kirsh was not sufficiently disclosed. With respect to BlackRock's initial disclosures, the Court notes that despite incorporating Plaintiffs' initial disclosures, BlackRock still separately identified four individuals who were also identified by Plaintiffs' initial disclosures. Specifically, Plaintiffs identified Plaintiff Baird and the individual members of the Retirement Committee, Investment Committee, and Administrative Committee in their initial disclosures. (Jan. 31, 2019 Letter, Exh. 1 at 1-2.) BlackRock, in turn, identified Plaintiff Baird, Mr. Feliciani (a member of the three committees), Ms. Nedl (a member of the Administrative Committee), and Mr. Herman (the secretary of the Retirement Committee). (Jan. 31, 2019 Letter, Exh. 2 at 3.) Under these circumstances, where BlackRock specifically identified individuals who were already "incorporated" from Plaintiffs' initial disclosures, BlackRock cannot rely on the incorporation of Plaintiffs' initial disclosures to satisfy its Rule 26 disclosure obligations.

This is particularly the case where, in response to Plaintiffs' interrogatories requesting the identification of all individuals involved in the choosing of funds, BlackRock did not identify Mr.

4

Kirsh. At the hearing, BlackRock argued that Mr. Kirsh did not himself choose the funds. Yet, as Plaintiffs point out, BlackRock chose to identify Mr. Kirsh as a trial witness for the purpose of explaining the Investment Committee's decisionmaking process.

As to Ms. Nedl's deposition, it is not clear how much information was provided regarding Mr. Kirsh's role in the deliberative process, including whether it was sufficient to put Plaintiffs on notice that BlackRock would be relying on Mr. Kirsh as a trial witness. More significantly, Plaintiffs correctly identify the substantial harm to them from BlackRock replacing Mr. Feliciani with Mr. Kirsh after Plaintiffs had deposed Mr. Feliciani on the same topics on which Mr. Kirsh is now expected to testify. Plaintiffs were not given the opportunity to depose Mr. Kirsh instead, or to determine what non-privileged information Mr. Kirsh would have. While BlackRock explained at the hearing that Mr. Feliciani was removed from the initial disclosure because he has retired, Mr. Feliciani's retirement does not preclude him from being a witness. Given these circumstances, the Court finds that Mr. Kirsh was not adequately disclosed.

### ii. Jeanne Belanger (Managing Director, Legal & Compliance)

On December 21, 2018, Ms. Belanger was disclosed on the topic of "CTF governing documents." (Jan. 31, 2019 Letter, Exh. 3 at 2.) On January 17, 2019, BlackRock identified Ms. Belanger as having "assisted with preparing Jason Strofs and Mr. Henige for their 30(b)(6) depositions." Ms. Belanger is also "familiar with the drafting of the collective trust ('CTI') plan documents . . . and related client disclosures and agreements, as well as the processes for reviewing and revising these documents . . ., and will be prepared to explain those processes." (Feb. 1, 2019 Letter, Exh. A at 3.)

BlackRock contends Plaintiff should have known of Ms. Belanger because Ms. Belanger signed four declarations in support of motions to file under seal, which stated that she was "familiar with the confidential information and documents . . . that are created in connection with the management, governance, and administration of BlackRock CTIs." (Jan. 31, 2019 Letter at 4; *e.g.*, Dkt. No. 141 ¶ 4.) BlackRock also argues that two deposition witnesses identified Ms. Belanger as helping them prepare for their 30(b)(6) testimony, which included the meaning and purpose of certain language in the CTI plan documents. (Jan. 31, 2019 Letter at 4.) At the

hearing, BlackRock stated that the deposition witnesses did not go into detail as to how Ms. Belanger helped them prepare for their 30(b)(6) testimony. BlackRock did, however, state that Ms. Belanger would soon be testifying as a 30(b)(6) witness.

The Court finds that, to the extent BlackRock intends to rely on Ms. Belanger in her individual capacity, rather than as a 30(b)(6) witness, Ms. Belanger was not sufficiently disclosed. The declarations in support of the motions to file under seal did not indicate that Ms. Belanger was familiar with drafting the CTI plan documents, or the processes for reviewing and revising these documents. Instead, the declaration only states that she is familiar with the documents themselves. Further, as Plaintiffs point out, the declarations do not indicate that Ms. Belanger has non-privileged information regarding these documents, such that she would be able to testify about them. (*See* Jan. 31, 2019 Letter at 3.) Finally, the fact that two deposition witnesses identified Ms. Belanger as helping them prepare for their 30(b)(6) testimony does not put Plaintiffs on notice that she could or would serve as a witness in this case. While BlackRock faults Plaintiffs for not asking more questions of the deposition witnesses regarding Ms. Belanger's role in helping them prepare their 30(b)(6) testimony, Plaintiffs' failure to ask such questions does not absolve BlackRock of its Rule 26 disclosure obligations.

### iii. Irene Ashkenazy (Managing Director, Head of Business Economics), Rajiv Khurana (Director, Corporate Financial Planning & Analysis), Sara Lo (Managing Director, Global Chief Operating; Officer, Trading & Liquidity Strategies)

In the December 21, 2018 supplemental disclosure, Ms. Ashkenazy was disclosed on the topic of "BlackRock, Inc. business reviews." (Jan. 31, 2019 Letter, Exh. 3 at 2.) In the January 17, 2019 second supplemental disclosure, Ms. Ashkenazy was identified as being "familiar with the processes surrounding BlackRock's financial planning and analysis, including how costs and revenues to BlackRock are allocated among BlackRock's business units." (Feb. 1, 2019 Letter, Exh. A at 2.)

In the January 17, 2019 second supplemental disclosure, Mr. Khurana was identified as preparing Mr. Jason Strofs for his 30(b)(6) deposition, and is involved in preparing quarterly business reviews ("QBRs"). (Feb. 1, 2019 Letter, Exh. A at 5.) Mr. Khurana can "explain

6

changes in the categories to which particular costs have been allocated over time," and "is familiar with costs that . . . are not reflected in the QBRs." (*Id.*)

In the January 17, 2019 second supplemental disclosure, Ms. Lo is identified as preparing Mr. Strofs for his 30(b)(6) deposition, and having "oversee[n] securities lending operations . . . which includes analysis of the type of cost and revenue information included in the QBRs for the securities lending business." (Feb. 1, 2019 Letter, Exh. A at 5.)

Plaintiffs state that Ms. Ashkenazy and Mr. Khurana "cannot be found anywhere in discovery to date," and that Ms. Lo was only referred to in a few documents. (Jan. 31, 2019 Letter at 2.) BlackRock does not dispute this. At the hearing, BlackRock stated that Ms. Ashkenazy would be providing 30(b)(6) deposition testimony on QBRs, and that Mr. Khurana and Ms. Lo would likely assist Ms. Ashkenazy in preparing for the deposition.

With respect to Ms. Ashkenazy, the Court finds that to the extent BlackRock intends to rely on Ms. Ashkenazy in her individual capacity, rather than as a 30(b)(6) witness on QBRs, she was not sufficiently disclosed. As noted above, BlackRock does not dispute that Ms. Ashkenazy could not be found in any discovery to date. As to Mr. Khurana and Ms. Lo, the Court likewise finds that these witnesses were not sufficiently disclosed.

### iv. Chris Christensen (Managing Director, BlackRock Services & Operations), Ianthus Martin (Director, Securities Lending Operations), Joel Munoz (Vice President)

In the December 21, 2018 supplemental disclosure, Ms. Christensen was disclosed on the topic of "BTC processes related to securities lending and cash collateral management." (Jan. 31, 2019 Letter, Exh. 3 at 3.) In the January 17, 2019 second supplemental disclosure, BlackRock further explained that Ms. Christensen "serves on BTC's strategic initiatives team," "assisted with preparing Ryan Henige for his 30(b)(6) deposition," and "was involved in oversight and management decisions regarding the STIFs that hold securities lending cash collateral during the period applicable to Plaintiffs' STIF claims. Ms. Christensen is familiar with operational processes in place during this period." (Feb. 1, 2019 Letter, Exh. A at 3.)

In the January 17, 2019 second supplemental disclosure, BlackRock identified Mr. Martin as helping prepare Mr. Strofs and Mr. Henige for their 30(b)(6) depositions. (Feb. 1, 2019 Letter,

1  Exh. A at 5.) Mr. Martin is also "familiar with operational processes surrounding securities

2  lending costs and fees," and "with how these costs are allocated among different financial

3  products, how securities lending income is distributed, and how BlackRock' securities lending fees

4  are paid." (*Id.*)

In the January 17, 2019 second supplemental disclosure, BlackRock also identified Mr. Munoz as helping prepare Mr. Henige for his 30(b)(6) deposition. (Feb. 1, 2019 Letter, Exh. A at 6.) Mr. Munoz is also "familiar with the funding accounting mechanisms by which BlackRock effectuates administrative expense caps and fee waivers applicable to CTIs, and can explain how these apply across the various layers in the fund-of-fund structure utilized by the BlackRock CTIs." (*Id.*)

BlackRock contends that Ms. Christensen, Mr. Martin, and Mr. Munoz helped Mr. Henige with his 30(b)(6) testimony on fund accounting issues in a January 2019 deposition. (Feb. 1, 2019 Discovery Letter at 4.) BlackRock asserts that it is therefore reasonable for it "to supplement its disclosures to confirm the individuals with personal knowledge on Plaintiffs' 30(b)(6) topics to ensure that there would be no foundational objections to testimony on those topics at trial." (*Id.* at 5.) Further, BlackRock argues generally that this case is similar to *Vieste*, where the district court found that the defendants' duty to supplement was sufficiently discharged where a deponent testified that the two individuals at issue were present at a meeting with a defendant regarding potential financing for the projects at issue in the case. (*Id.*; *see Vieste*, 2011 WL 2181200, at *3.)

At the hearing, however, BlackRock stated that only Mr. Kirsh was identified as providing assistance in preparing a 30(b)(6) witness on a specific topic. The other disputed individuals, including Ms. Christensen, Mr. Martin, and Mr. Munoz, were identified, but without further information on how they helped prepare the 30(b)(6) witnesses' deposition topic. Simply identifying the individual by name is insufficient; there must be sufficient information to show that "these individuals possessed discoverable information that supported BlackRock's case," such that Plaintiffs "could have made educated choices about how to best use their discovery resources." *Vieste*, 2011 WL 2181200, at *3. Again, although BlackRock faults Plaintiffs for not asking more questions, BlackRock had an independent duty to disclose all individuals it intended

8

1 to rely upon at trial. Therefore, the Court concludes that these individuals were not sufficiently
2 disclosed in prior discovery.

### v. Elizabeth Kent (Managing Director; Former Global Chief Operating Officer, Trading & Liquidity Strategies), Eric Hiatt (Director, Cash Portfolio Manager)

In the December 21, 2018 supplemental disclosure, Ms. Kent was disclosed on the topic of "management and operation of securities lending program." (Jan. 31, 2019 Letter, Exh. 3 at 3.) In the January 17, 2019 second supplemental disclosure, Ms. Kent was identified as having been "responsible for overseeing securities lending operations, which included analysis of the type of cost and revenue information included in the Quarterly Business Reviews ('QBRs') for the securities lending business." (Feb. 1, 2019 Letter, Exh. A at 4.)

In both the December 21, 2018 and January 17, 2019 supplemental disclosures, Mr. Hiatt was disclosed on the topic of "[m]anagement of STIFs used to hold securities lending cash collateral." (Jan. 31, 2019 Letter, Exh. 3 at 3; Feb. 1, 2019 Letter, Exh. A at 4.)

BlackRock argues that Ms. Kent and Mr. Hiatt were sufficiently "identified in a one-page organization chart that BlackRock produced to Plaintiffs on March 9, 2018," which Plaintiffs then used to craft discovery requests. (Feb. 1, 2019 Letter at 4.) Mr. Strofs also identified Mr. Hiatt as helping him prepare his 30(b)(6) testimony. (*Id.*)

The Court finds that Ms. Kent and Mr. Hiatt were not sufficiently disclosed prior to the supplemental disclosures. The fact that Ms. Kent and Mr. Hiatt were listed on an organization chart does not alone suggest that they would be witnesses in this case. Plaintiffs should not be put in the position of having to prepare for the possibility of facing every individual on an organization chart as a potential witness. Similarly, Mr. Strofs's identification of Mr. Hiatt as assisting him in preparing for his deposition is insufficient to satisfy Rule 26.

### B. Lack of Harm

In the alternative, BlackRock argues that there is no harm from the late disclosures because Plaintiffs could conduct further discovery after the class certification motion is decided. (Jan. 31, 2019 Letter at 5; Feb. 1, 2019 Letter at 5.) As Plaintiffs point out, however, the late-identified witnesses could have information relevant to class issues. (Feb. 1, 2019 Letter at 3.) Thus, the

9

ability to do discovery after class certification does not render BlackRock's late disclosure harmless, particularly if BlackRock relies on declarations from these witnesses to oppose class certification.

BlackRock also contends that Plaintiffs do not identify any prejudice from the supplemented disclosures, such as whether they would have conducted discovery differently. (Feb. 1, 2019 Letter at 5.) Specifically, BlackRock argues that Plaintiff cannot show that it would have conducted discovery differently, pointing to a December 7, 2018 stipulation where Plaintiffs agreed not to propound new discovery in exchange for an extension of the discovery request. (*Id.*) The Court disagrees. As an initial matter, it is not Plaintiffs' burden to demonstrate harm, but BlackRock's burden to prove harmlessness. *Yeti by Molly, Ltd.*, 259 F.3d at 1107. Further, the December 7, 2018 stipulation only highlights the harm as Plaintiffs agreed not to propound new discovery *prior* to BlackRock disclosing twenty-nine new individuals in their December 21, 2018 supplemental disclosures. It is not clear Plaintiffs would have agreed to limit future discovery requests if they had known there BlackRock intended to supplement its Rule 26 disclosures with so many individuals. Thus, the Court finds that BlackRock has not satisfied its burden to prove harmlessness from its late disclosures.

### C. Justifiable Delay

Finally, BlackRock argues that Plaintiffs "complain[t] that BlackRock should have formally revised its disclosures earlier . . . is misplaced" because Plaintiffs only filed their Second Amended Complaint in August 2018. (Feb. 1, 2019 Letter at 5.) BlackRock further contends that the discovery demands in connection with the amended pleading "evolved well past the amendment itself," arguing that Plaintiffs "compounded their demands for discovery" on the issue of cost and profitability by requesting information on QBRs. (*Id.*)

As Plaintiffs point out, however, the presiding judge found that the amended complaint "d[id] not fundamentally alter the nature of their claims." (Dkt. No. 151 at 3.) Moreover, even if the amended complaint had changed the scope of discovery, the complaint was amended in August 2018 whereas BlackRock waited until December 21, 2018 -- the Friday before the Christmas holidays -- to supplement its disclosures, and then again on January 17, 2019. While

10

BlackRock also points to additional discovery related to Mr. Strofs's deposition, that deposition occurred on September 17, 2018; BlackRock does not explain why it could not have timely amended its disclosures before December 21, 2018. Accordingly, the Court finds that the delay in supplementing the initial disclosures was not justifiable.

Thus, with the exception of Ms. Belanger in her capacity as a 30(b)(6) witness and Ms. Ashkenazy as a 30(b)(6) witness on QBRs, the Court concludes that BlackRock has not shown that the late disclosures were harmless or justified. The Court concludes that the remaining witnesses must be stricken -- including Ms. Belanger and Ms. Ashkenazy in their individual capacities -- such that BlackRock "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

This ruling, however, is without prejudice to call these witnesses at proceedings if a foundation objection is made as to the corporate testimony that these individuals assisted the 30(b)(6) witnesses in preparing. At the hearing, BlackRock emphasized that the individuals at issue in the February 1, 2019 discovery letter were only listed in the event that Plaintiffs were to raise -- and the presiding judge was to sustain -- a foundation objection as to the 30(b)(6) testimony. The fact that BlackRock may need these individuals as witnesses to handle foundation objections, however, does not warrant requiring Plaintiffs to have to prepare for all of these individuals as witnesses for any purpose.

## IV. CONCLUSION

For the reasons stated above, the Court strikes the individuals at issue in the joint letters except for Ms. Belanger and Ms. Ashkenazy in their capacity as 30(b)(6) witnesses only. The stricken individuals may not supply evidence on a motion, at a hearing, or at trial. Again, this ruling is without prejudice to foundation objections to 30(b)(6) testimony that the individuals assisted in preparing.

IT IS SO ORDERED.

Dated: February 27, 2019

KANDIS A. WESTMORE
United States Magistrate Judge