| | |
|---|---|
| Michelle C. Yau (*Admitted Pro Hac Vice*) | Todd Jackson (Cal. Bar No. 202598) |
| Mary J. Bortscheller (*Admitted Pro Hac Vice*) | Nina Wasow (Cal. Bar No. 242047) |
| Daniel R. Sutter (*Admitted Pro Hac Vice*) | FEINBERG, JACKSON, WORTHMAN & |
| COHEN MILSTEIN SELLERS & TOLL PLLC | WASOW, LLP |
| 1100 New York Ave. NW ● Fifth Floor | 2030 Addison St. ● Suite 500 |
| Washington, DC 20005 | Berkeley, CA 94704 |
| Telephone: (202) 408-4600 | Telephone: (510) 269-7998 |
| Fax: (202) 408-4699 | Fax: (510) 269-7994 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| Charles Baird and Lauren Slayton, as individuals, and on behalf of all others similarly situated, and on behalf of the BlackRock Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; The BlackRock, Inc. Retirement Committee; The Investment Committee of the Retirement Committee; The Administrative Committee of the Retirement Committee; The Management Development & Compensation Committee, Catherine Bolz, Chip Castille, Paige Dickow, Daniel A. Dunay, Jeffrey A. Smith; Anne Ackerley, Amy Engel, Nancy Everett, Joseph Feliciani Jr., Ann Marie Petach, Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones, Philippe Matsumoto, John Perlowski, Andy Phillips, Kurt Schansinger, Tom Skrobe; Kathleen Nedl, Marc Comerchero, Joel Davies, John Davis, Milan Lint, Laraine McKinnon, (collectively, "BlackRock Defendants") and Mercer Investment Consulting.<br><br>Defendants. | **DECLARATION OF MICHELLE C. YAU IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>No. 4:17:cv-01892-HSG/KAW |

I, Michelle Yau, declare as follows:

1. I am a member in good standing of the District of Columbia Bar and the Massachusetts Bar, and I am admitted *pro hac vice* in this case. I am a partner with the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), one of the counsel of record representing Plaintiffs Charles Baird and Lauren Slayton, on behalf of themselves and two proposed Classes in this case.

2. This Declaration is submitted in support of Plaintiffs' Motion for Class Certification. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Credentials of Michelle C. Yau**

3. I graduated from Harvard Law School in 2003, where I was awarded several public interest fellowships, including the Heyman Fellowship for academic excellence and a demonstrated commitment to public service. I graduated Phi Beta Kappa with a B.A. in Mathematics from the University of Virginia. I have been named a Rising Star by SuperLawyers.

4. Prior to joining Cohen Milstein, I was an Honor Program Attorney at the Department of Labor, where I enforced and administered of a variety of labor statutes, including ERISA.

5. Before law school, I worked as a financial analyst at Goldman, Sachs & Co. in the Financial Institutions Group of the Investment Banking Division.

6. For the past fifteen years my practice has consisted entirely of ERISA litigation. I have been a frequent speaker on ERISA issues, appearing on panels at conferences and for webinars sponsored by the American Bar Association.

7. I have led or participated in the litigation of several cases arising out of fiduciary breaches involving plan investments, securities lending arrangements, and defined benefit and defined contribution plans. Examples of my relevant experience include:

a. I currently represent, as court appointed co-lead counsel, participants in U.S. Bank, N.A.'s defined benefit plan in a lawsuit alleging plan fiduciaries violated ERISA by investing 100% of the plan's assets in a single asset class and engaged in fiduciary breaches and prohibited transactions in securities lending transactions, causing large losses to the plan. After denying defendants' initial motion to dismiss, the district court granted defendants' Rule 12(b)(1) motion to dismiss on mootness grounds after the sponsor contributed hundreds of millions of dollars to the plan; a divided panel of the Eighth Circuit affirmed on different grounds, and plaintiffs sought certiorari in the U.S. Supreme Court. In May of 2019, the United States Solicitor General filed an amicus brief in the Supreme Court, recommending that the Supreme Court grant cert and supporting plaintiffs' position that the dismissal was in error. The cert petition is currently pending. *Thole v. U.S. Bank NA*, No. 17-1712 (S. Ct.).

b. I currently represent a class of participants in a defined contribution plan alleging ERISA fiduciary breaches and prohibited transaction claims under 29 U.S.C. 1132(a)(2) and (3) based on the plan's purchase of private employer securities of Kruse-Western, a grain manufacturing company in California. *Zavala v. Kruse-Western, Inc. et al.*, No. 1:19-cv-00239 (E.D. Ca.). The plan is an Employee Stock Ownership Plan ("ESOP") and the claims of the ESOP participants are based on a highly leveraged transaction where the ESOP paid $244 million for 100% of the Company's stock, and two months later, the value of the stock had lost almost 90% of the value that the ESOP participants had paid.

c. I currently represent participants in the Choate Construction Employee Stock Ownership Plan ("ESOP"), which is a class action brought on behalf of a defined contribution plan under 29 U.S.C. 1132(a)(2) and (3). *Lee vs. Argent Trust, et al.*, No.

5:19-cv-00156 (E.D.N.C.) The class of ERISA participants alleged several ERISA fiduciary breaches and prohibited transaction claims based on a highly leveraged sale of Choate Construction stock to the plan participants, wherein the ESOP paid $198 million for the Company's stock and less than a month later, the value of the stock had lost approximately 66% of the value that ESOP participants had paid.

d. I along with colleagues from my firm and co-counsel represented participants in several class action cases asserting that hospital employers were improperly claiming the church plan exemption to ERISA. The primary issue of ERISA coverage was ultimately decided by Supreme Court in 2017. *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017).

e. I represented a multi-plan class of participants, beneficiaries and fiduciaries in a case against investment advisors to a Madoff feeder fund *In re Beacon Assoc. Litig.*, 09 Civ. 0777 (S.D.N.Y.). As counsel to the ERISA class, I helped to achieve an excellent result for our class, which settled along with other consolidated cases for $219 million in 2013. The settlement represents approximately 70% of the Class Members out of pocket losses. At the fairness hearing, Judge McMahon praised the settlement, stating, "And, yes, the fact that there was no objection to it reflects the hard work that all of you put into trying to get a global resolution of all of these cases[.] The settlement process really was quite extraordinary." Class members overwhelmingly supported the settlement and plan of allocation, and Judge McMahon applauded the outcome, stating: "[i]n the history of the world there has never been such a response to a notice of a class action settlement that I am aware of, certainly, not in my experience." Prior to settlement, the litigation prompted several notable decisions, including a holding that certain defendants were fiduciaries under the investment advisor for a fee regulation,

and that certification of a multi-plan class including numerous defined benefit plans was appropriate.

f. I, along with other Cohen Milstein ERISA attorneys, served as co-lead counsel in *In re: Merrill Lynch, & Co., Inc. Securities, Derivative and ERISA Litigation*, No. 07-cv-10268 (S.D.N.Y.), an defined contribution case based on allegations that fiduciaries of the Merrill Lynch retirement plans imprudently purchased and held inflated Merrill employer stock for the retirement accounts of the Companies' employees. We achieved a $75 million settlement for the class of participants and beneficiaries.

g. I successfully represented the New York City Employee Retirement Funds in a securities lending action alleging that BNY Mellon, the Funds' securities lending agent violated its duty of prudence and several provisions of its contract with the pension Funds by investing in Lehman Brother bonds, which ultimately defaulted. The amount of the recovery for our client pension fund, achieved shortly after the complaint was filed, is confidential.

h. I lead an action against Weyerhaeuser Company and Morgan Stanley alleging the Weyerhaeuser's defined benefit plan fiduciaries violated ERISA by investing 80-95% of the plan's assets in risky and illiquid alternative investments (hedge funds, private equity funds and derivatives). *Palmason, et al. v. Weyerhaeuser Co., et al.*, No. C11-695RSL (W.D. Wash). We won a motion to dismiss filed by Morgan Stanley and had several claims sustained in a motion to dismiss filed by Weyerhaeuser. Cohen Milstein researched and developed the *Weyerhaeuser* case, a groundbreaking case challenging the investment practices of a major defined benefit plan with billions of dollars in assets.

   i. I represented trustees of multiple defined benefit pension plans against Austin Capital and its parent corporation Key Corp based on their investment of plan assets in a Bernie Madoff feeder fund. *In re Austin Capital Management, Ltd. Securities and ERISA Litigation*, SDNY 1:09-md-02075-TPG. I oversaw the ERISA claims, which were sustained after Austin and Key Corp filed a motion to dismiss. The Court commended the ERISA allegations: "The court is particularly impressed by the allegation that Madoff's returns, based on his advertised investment strategy, were mathematically impossible – a fact allegedly recognized by other investment managers well before the fraud was revealed to the wider world." *In re Austin Capital Mgmt., Ltd., Sec. & ERISA Litig.*, No. 09-md-2075, 2012 WL 6644623, at *7 (S.D.N.Y. Dec. 21, 2012), *reconsideration denied*, 2013 WL 1680109 (S.D.N.Y. Apr. 16, 2013). The ERISA participants ultimately received a $43 million recovery for their ERISA claims after plaintiffs succeeded on the motion to dismiss.

**Credentials of Karen Handorf**

8. Cohen Milstein's Employee Benefits Group is headed by Karen L. Handorf. For several years prior to joining Cohen Milstein, Ms. Handorf was the Deputy Associate Solicitor of Labor for the Plan Benefits Security Division at the United States Department of Labor. In that position, she was the Government's second highest ranking lawyer for the enforcement of Title I of ERISA, including ERISA's fiduciary responsibility provisions which are at issue in this litigation.

9. As the Deputy Associate Solicitor, Ms. Handorf also advised the agency within the Department of Labor, the Employee Benefits Security Administration, which enforces and interprets Title I of ERISA. Since 1982, her practice has focused exclusively on Title I of ERISA, with more than 25 years as an attorney or supervising attorney at the Department of Labor.

10. She is a fellow of the American College of Employee Benefits Counsel (http://www.acebc.com/index.asp), an organization dedicated to elevating the standards and the advancing the public's understanding of the practice of employee benefits law, and is currently serving on the Board of Governors.

11. Ms. Handorf has served as the plaintiff's co-chair of both the Preemption the Civil Procedure Subcommittees of the Employee Benefits Committee of the Labor Section of the ABA.

12. Ms. Handorf has been a frequent speaker on ERISA issues for more than two decades, appearing on panels for the ABA, ALI-ABA, PLI, ACI, the Minnesota Bar, the New York Federal Bar, the District of Columbia Bar and others.

13. Ms. Handorf has extensive experience briefing complex and novel legal issues that often arise in lawsuits involving employee benefit plans. In particular, while she was at the Department of Labor she supervised appellate litigation and developed the ERISA amicus brief writing program which addressed a number of issues involving defined contribution pension plans, including: (1) fiduciary standards applicable to investment options for 401(k) plans; (2) fiduciary status; (3) remedies available to plan participants; (4) participant standing to bring claims; and (5) prohibited transactions involving defined contribution plans. Currently, she is the court-appointed co-lead counsel representing participants in two defined contribution plans, in *Fuller v. SunTrust, Inc*., 11-cv-784-ODE (N.D. Ga.) and in *Feinberg v. T. Rowe Price Group, Inc*., No. 1:17-cv-00427-JKB (D. Md.).

14. Ms. Handorf has been actively involved in the investigation and prosecution of this Action. Because of Ms. Handorf's extensive knowledge of ERISA, I consulted her on numerous occasions regarding the factual and legal issues surrounding the breaches of fiduciary duty and prohibited transactions detailed in the Complaint.

**Cohen Milstein is a Leader in Class Action Litigation With a Premier ERISA Practice.**

15. Lawyers at Cohen Milstein are well-versed in class action litigation and are among the leading litigators of class actions on behalf of plaintiffs. Moreover, the lawyers in Cohen Milstein's Employee Benefits group have many years of experience litigating ERISA class actions.

16. Cohen Milstein is consistently lauded as one of the most successful plaintiffs' firms in the country. *Forbes* has called us a "class action powerhouse," while *Inside Counsel* has dubbed us "[t]he most effective law firm in the United States for lawsuits with a strong social and political component."

17. Recent firm-wide and practice-specific accolades of note include:

- In May 2019, *The National Law Journal* selected Cohen Milstein as a finalist in its "Elite Trial Lawyers" award survey (http://bit.ly/30Xotux), recognizing five of Cohen Milstein's practice areas as among the best in the country, including: Antitrust, Securities Litigation, Mass Torts, Environmental Protection, and Pharmaceutical Litigation.

- In January 2019, *Law360* named Cohen Milstein "Practice Group of the Year (2018)" in two categories: Consumer Protection and Environmental (http://bit.ly/2JRMuhp), recognizing our record-breaking $115 million settlement in *In Re Anthem Data Breach Litigation* (N.D.C.A.), the largest consumer data privacy breach class actions settlement to date, as well as a $36 million settlement in *In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Liability Litigation* (E.D. Va.), also a high-profile consumer class action, the subject of which had been the subject of a "60 Minute" investigative report not once, but twice; as well as our on-going co-lead counsel efforts in two of the largest environmental toxic tort class actions in the country, including *Flint Water Crisis Class Action Litigation* (E.D. Mich.) and *Carey v. E.I. DuPont De Nemours and Co., Inc.* (E.D.N.C.).

- In December 2018, Cohen Milstein was named the 2018 "Winner" of *The National Law Journal's* "Elite Trial Lawyer" (http://bit.ly/2HNvwys) in four categories: Consumer Protection, Counterterrorism, Immigration, and Financial Products.

- In January 2018, *Law360* named Cohen Milstein "Practice Group of the Year (2017)" in "Privacy," also for its co-lead role in *In Re Anthem Data Breach Litigation* (N.D.C.A.) (http://bit.ly/2KiUvuX).

18. The firm has also been honored to receive enthusiastic praise from the court. For example, on July 16, 2018, The Honorable Michael M. Baylson for the U.S. District Court for the Eastern District of Pennsylvania noted that plaintiffs' counsel, specifically naming Cohen Milstein,

had done "outstanding work" in *In re Domestic Drywall Antitrust Litigation*, including surviving an extensive summary judgment motion in February 2016.

19. In the July 29, 2016 court Order granting final approval of the settlement in *In re: Urethanes Antitrust Litigation*, Judge John W. Lungstrum for the U.S. District Court for the District of Kansas, commended plaintiffs' counsel: "[C]ounsel achieved incredible success on the merits of the claims. . . . Liability on these claims was far from certain, and thus the case presented a great deal of risk, as counsel was required to advance all expenses and attorney time to litigate a hard fought case against highly experienced opposing counsel hired by a defendant with ample resources. . . . In almost 25 years of service on the bench, this Court has not experienced a more remarkable result."

20. Moreover, Cohen Milstein's individual lawyers are regularly recognized as leaders in their respective areas of law in leading peer-reviewed industry rankings, such as Law360 MVP, Lawdragon 500, Chambers, Legal 500, Best Lawyers in America, Benchmark Litigation, Martindale-Hubbell, Super Lawyers, among others.

21. Finally, Cohen Milstein has extensive ERISA class action experience in federal courts throughout the country. For example, Cohen Milstein's Employee Benefits Practice Group has served as class counsel or has been appointed lead counsel or co-lead counsel in numerous ERISA class actions, including the following:

- *Palmason v. Weyerhaeuser Co.*, No. C11-695RSL (W.D. Wash);
- *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, No. 07-cv-10268 (S.D.N.Y.);
- *Overall v. Ascension Health*, et al., No. 2:13-cv-11396-AC-LJM (E.D. Mich.);
- *Chavies, et al. v. Catholic Health East, et al.*, No. 13-1645-CDJ (E.D. Pa.);
- *Lann v. Trinity Health Corporation*, 8:14-cv-02237-PJM (D. Md.);
- *Medina v. Catholic Health Initiatives, et al.*, No. 13-cv-01249-REB-KLM (D. Colo.);
- *Stapleton v. Advocate Health Care Network & Subsidiaries*, 1:14-cv-01873 (N.D. Ill.);
- *Griffith v. Providence Health & Services*, 2:14-cv-01720-JCC (W.D. Wash.);
- *Holcomb v. Hospital Sisters Health System*, No. 3:16-cv-03282 (C.D. Ill.);
- *In re Wheaton Franciscan ERISA Litig.*, No. 16-04232 (N.D. Ill.);
- *Carver v. Presence Health Network*, No. 15-2905 (N.D. Ill.);

- *Garbaccio v. St. Joseph's Hospital System & Medical Center*, 2:16-cv-02740 (D.N.J.);
- *Sanzone v. Mercy Health*, No. 16-cv-923 (E.D. Mo.);
- *Smith v. OSF Healthcare System*, No. 16-cv-467 (S.D. Ill.);
- *Owens v. St. Anthony Medical Center, Inc.*, No. 14-cv-4068 (N.D. Ill.);
- *Dooley v. Saxton*, No. 1:12-CV-1207-CL (D. Or.);
- *Hodges v. Bon Secours Health Sys., Inc.*, No. 16-1079 (D. Md.);
- *In re Beacon Associates Litigation*, No. 09 Civ. 0777 (S.D.N.Y.);
- *Banyai v. Mazur*, 2007 WL 959066 (S.D.N.Y. Mar. 29, 2007);
- *Chesemore v. Alliance Holdings, Inc., et al.*, No. 09-CV-413-WMC (W.D. Wis.);
- *Hans v. Tharaldson, et al.*, No. 3:05-CV-00115-RRE-KKK (D.N.D.);
- *In re Merck & Co., Inc. Securities, Derivative and "ERISA" Litigation*, No. 3:05-cv-01151 (D.N.J.);
- *Slipchenko v. Brunel Energy, Inc.*, No. 4:11-cv-01465 (S.D. Tex.);
- *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, No. C08-04058 (N.D. Cal.);
- *Mehling v. New York Life Ins. Co.*, No. 99-CV-5417 (E.D. Pa.);
- *Simpson v. Fireman's Fund Insurance Company*, No. C 05-00225 CW (N.D. Cal.);
- *Pfeifer, et al. v. Wawa, Inc., et al.*, No. 2:16-cv-00497 (E.D. Pa).;
- *Redington v. Goodyear Tire & Rubber Co.*, No. 07-1999 (N.D. Ohio).

22. Cohen Milstein is currently serving as class counsel in *Fuller v. SunTrust Banks, Inc.*, No. 11-cv-784 (N.D. Ga.) and *Feinberg v. T.Rowe Price Group, Inc.*, No. 1:17-cv-427 (D. Md.), both of which involve 401(k) plans, as well as in the following cases: *Rollins v. Dignity Health, et al.*, No. C13-1450-TEH (N.D. Cal.); *Kaplan v. Saint Peter's Healthcare System, et al.*, No. 3:13-cv-02941-MAS-TJB (D.N.J.); *Capello v. Franciscan Alliance, Inc.*, No. 3:16-cv-00290-RLM-MGG (N.D. Ind.); and *Thole v. U.S. Bank, N.A.*, No. 13-cv-02687 (D. Minn.).

23. Having prosecuted numerous ERISA class action cases, Class Counsel possess extensive litigation experience and are well-equipped to prosecute this action on behalf of the proposed Classes.

**Facts and Exhibits Related to Class Certification**

24. Both Plaintiff Baird and Plaintiff Slayton have diligently participated in the investigation of the case, and the discovery process to date. For example, both Plaintiffs responded to written discovery requests and were deposed by counsel for the defendants, and Plaintiff Baird

attended the March 6, 2019 oral argument on Defendants' Motion to Dismiss. Both Plaintiffs have evinced a commitment to protecting the interests of the class members they seek to represent.

25. I and other lawyers at Cohen Milstein began investigating the claims in this case in 2016. And together with our co-counsel at Feinberg, Jackson, Worthman & Wasow, we have been diligently litigating this complex and contentious case since we filed the initial complaint in April 2017.

26. Lawyers at Cohen Milstein had expended thousands of hours in prosecuting this case and have advanced hundreds of thousands of dollars in litigation costs, including for over ten fact witness depositions, and the retention of a damages expert. All costs and legal fees have been advanced on a contingency basis, so that Plaintiffs' counsel will only be paid legal fees, and reimbursed for costs, if Plaintiffs secure a judgment at trial or negotiate a settlement with defendants, and have those fees and costs approved by the Court.

27. Plaintiffs' counsel are not aware of other litigation between Defendants and the members of the proposed Classes regarding the claims in this case.

28. Attached hereto as Ex. 1 is a list of the thirty BlackRock CTIs that comprise the CTI Plan Class.

29. Attached hereto as Ex. 2 is a true and correct copy of the excerpted transcript of the Deposition of Plaintiff Lauren Slayton, taken November 6, 2018 in San Francisco, CA.

30. Attached hereto as Ex. 3 is a true and correct copy of the excerpted transcript of the Deposition of Plaintiff Charles Baird, taken November 7, 2018 in San Francisco, CA.

31. Attached hereto as Ex. 4 is a true and correct copy of BAIRD_0000642, the BlackRock 401(k) plan summary of Charles Baird from October 1, 2016–December 31, 2016.

32. Attached hereto as Ex. 5 is a true and correct copy of BRPL_000069, the BlackRock 401(k) plan summary of Lauren Slayton from April 1, 2017–June 30, 2017.

33. Attached hereto as Ex. 6 is a true and correct copy of BRPL_000139, the BlackRock 401(k) plan summary of Lauren Slayton from July 1, 2012–September 30, 2012. Plaintiffs have added yellow highlighting to the cited portion of the statement.

34. Attached hereto as Ex. 7 is a true and correct copy of BAIRD_0000508, the BlackRock 401(k) plan summary of Charles Baird from April 1, 2013–June 30, 2013. Plaintiffs have added yellow highlighting to the cited portion of the statement.

35. Attached hereto as Ex. 8 is a true and correct excerpt of BAIRD_0203646, which was produced by the BlackRock Defendants as an Excel spreadsheet and printed to .pdf for purposes of this exhibit. It shows ███████████████████████████████████████████ .

36. Attached hereto as Ex. 9 is a true and correct copy of BAIRD_0001682, a document titled 16 Things You Should Know: Information About BTC, dated June 2014.

37. Attached hereto as Ex. 10 is a true and correct copy of an excerpt of BAIRD_0002825, the ███████████████████████████████████████████████████████████████████████████████ . Plaintiffs have added yellow highlighting of the cited provisions.

38. Attached hereto as Ex. 11 is a true and correct copy of an excerpt of BAIRD_0032318, the ███████████████████████████████████████████████ . Plaintiffs have added yellow highlighting of the cited provisions.

39. Attached hereto as Ex. 12 is a true and correct copy of an excerpted transcript of the 30(b)(6) Deposition of Jason Strofs, a BlackRock witness and corporate designee, taken on September 19, 2018, in New York, NY.

40. Attached hereto as Ex. 13 is a true and correct copy of BAIRD_0036224, ████████ ███████████████████████████████████████. This document ████████

███████████████████████████████████████████████

██████████████████████████. Plaintiffs have added yellow highlighting of the cited provisions.

41. Attached hereto as Ex. 14 is a true and correct copy of BAIRD_0017500, ████

█████████████████████████████████████████. This document ████

██████████████████████████████████████████████

██████████████████████. Plaintiffs have added yellow highlighting of the cited provisions.

42. Attached hereto as Ex. 15 is a true and correct copy of BAIRD_0165781, ████

██████████████████████████████████████████████

████████████.

43. Attached hereto as Ex. 16 is a true and correct copy of an excerpt of BAIRD_0095047, ██████████████████████████████████████ and previously marked as Plaintiffs' Deposition Exhibit 91. Plaintiffs have added yellow highlighting of the cited provisions.

44. Attached hereto is a true and correct copy of Exhibit 17, which is a printed .pdf version of an Excel spreadsheet produced by the BlackRock Defendants at BAIRD_0094895. It contains the same information as found in Exhibit 16, BAIRD_0095047 at 95052, and is provided for the Court's convenience given the low-quality resolution of the slides found at Exhibit 16.

45. Attached hereto as Ex. 18 is a true and correct copy of Defendants' Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories to All Defendants, served on Plaintiffs June 27, 2018.

46. Attached hereto as Ex. 19 is a true and correct copy of an excerpt of BAIRD_0049004, titled ████████████████████████████████████████████

████████████████████████████ This excerpt includes the entire ████████

▮▮▮. Plaintiffs have added yellow highlighting of the cited provisions.

47. Attached hereto as Ex. 20 is a true and correct copy of an excerpt of BAIRD_0051775, titled ▮▮▮ This excerpt includes the entire ▮▮▮. Plaintiffs have added yellow highlighting of the cited provisions.

48. Attached hereto as Ex. 21 is a true and correct copy of the excerpted transcript of the Deposition of Norbert Schnadt, a BlackRock witness, taken January 31, 2019 in Berkeley, CA.

49. Attached hereto as Ex. 22 is a true and correct copy of BlackRock's Supplemental Objections and Responses to Plaintiffs' Sixth Set of Requests for Admission to All Defendants, served on Plaintiffs April 15, 2019.

50. Attached hereto as Ex. 23 is a true and correct copy of BAIRD_0175330, a document ▮▮▮.

51. Attached hereto as Ex. 24 is a true and correct copy of an excerpt of BAIRD_0000172, titled ▮▮▮.

52. Attached hereto as Ex. 25 is a true and correct copy of the excerpted transcript of the Deposition of Joseph Feliciani, Jr., a BlackRock witness, taken April 19, 2018 in Princeton, NJ.

53. Attached hereto as Ex. 26 is a true and correct copy of the excerpted transcript of the 30(b)(1) Deposition of Jason Strofs, a BlackRock witness, taken September 18, 2018 in New York, NY.

54. Attached hereto as Ex. 27 is a true and correct copy of BAIRD_0087637, ▮▮▮.

55.     Attached hereto as Ex. 28 is a true and correct copy of the excerpted transcript of the Deposition of Katie Nedl, a BlackRock witness and corporate designee, taken on July 12, 2018 in New York, NY.

56.     Attached hereto as Ex. 29 is a true and correct copy of an excerpt of BAIRD_0040174, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." This excerpt shows that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

57.     Attached hereto as Ex. 30 is a true and correct copy of an excerpt of MERCER00003883, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

58.     Attached hereto as Ex. 31 is a true and correct copy of BAIRD_0096277, a redacted ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The BlackRock Defendants applied the blacked-out redactions in this document.

59.     Attached hereto as Ex. 32 is a true and correct copy of an excerpt of BAIRD_0133590, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

60.     Attached hereto as Ex. 33 is a true and correct copy of an excerpt of MERCER00051306, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiffs have added yellow highlighting of the cited text.

61.     Attached hereto as Ex. 34 is a true and correct copy of the excerpted transcript of Ryan Henige, a BlackRock witness, taken January 10, 2019 in Berkeley, CA.

62. Attached hereto as Ex. 35 is a true and correct copy of the Expert Report of Dr. Charles Cowan Regarding Computation of Damages in a Class Action, served March 27, 2019.

Dated: June 3, 2019        /s/Michelle C. Yau
                           Michelle C. Yau

        Michelle C. Yau (admitted *Pro Hac Vice*)
        Mary J. Bortscheller (admitted *Pro Hac Vice*)
        Daniel R. Sutter (admitted *Pro Hac Vice*)
        COHEN MILSTEIN SELLERS & TOLL PLLC
        1100 New York Ave., NW, Suite 500
        Washington, D.C. 20005
        Telephone: (202) 408-4600
        Facsimile: (202) 408-4699
        myau@cohenmilstein.com
        mbortscheller@cohenmilstein.com
        dsutter@cohenmilstein.com

        Nina Wasow
        Todd Jackson
        FEINBERG, JACKSON, WORTHMAN
        & WASOW, LLP
        2030 Addison Street, Suite 500
        Berkeley, CA 94704
        Telephone: (510) 269-7998
        Facsimile: (510) 269-7994
        nina@feinbergjackson.com
        todd@feinbergjackson.com

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I served this document via electronic mail on all Counsel of Record.

Dated: June 3, 2019                   /s/ Michelle C. Yau

                                              Michelle C. Yau
                                              myau@cohenmilstein.com
                                              COHEN MILSTEIN SELLERS & TOLL PLLC
                                              1100 New York Ave., NW, Suite 500
                                              Washington, D.C. 20005
                                              Telephone: (202) 408-4600
                                              Facsimile: (202) 408-4699