UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01892-HSG (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 262 |

On March 6, 2019, the parties filed a joint discovery letter regarding Defendants' discovery log, in which Plaintiffs sought the production of thirty-three documents. (Discovery Letter, Dkt. No. 262.) On May 1, 2019, the Court ordered the parties to file supplemental briefing as to whether revisions to guidelines are subject to the fiduciary exception. (Dkt. No. 282 at 1.) The Court also ordered Defendants to produce certain documents for in camera review. (*Id.*, Dkt. No. 299.) Defendants filed their supplemental brief on May 8, 2019, and Plaintiffs filed their supplemental brief on May 15, 2019. (Defs.' Supp. Brief, Dkt. No. 284; Plfs.' Supp. Brief, Dkt. No. 293.) Having reviewed the parties' briefing, the relevant legal authority, and the in camera documents, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' request to require the production of the challenged documents.

**A.　Documents Regarding Fee Changes and Guidelines Revisions**

In the context of Employee Retirement Income Security Act ("ERISA") cases, the fiduciary exception to attorney-client privilege "provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). The fiduciary exception does not apply to legal "advice that a fiduciary obtains in an

United States District Court
Northern District of California

effort to protect herself from civil or criminal liability." *Id.* at 1066. The fiduciary exception also does not apply to settlor functions, such as the adoption, modification, or termination of an employee benefit plan. *See Ronches v. Dickerson Empl. Benefits*, Case No. CV 09-4279 MMM (PJWx), 2009 WL 10669571, at *11 (C.D. Cal. Oct. 30, 2009); *Bins v. Exxon Co. U.S.A.*, 220 F.3d 1042, 1047 (9th Cir. 2000) (internal quotation omitted) ("It is well established that a company does not act in a fiduciary capacity when deciding to amend or terminate a welfare benefits plan.").

Here, the majority of documents at issue concern fee changes and revisions to documents, including the investment guidelines and STIF Guidelines. The parties dispute whether such changes and revisions fall within the fiduciary exception. Defendants argue that the fiduciary exception does not apply because "a plan administrator is not an ERISA fiduciary when negotiating the terms of its services with plan trustees." (Defs.' Supp. Brief at 1.) Relying on *Santomenno v. Transamerica Life Insurance Co.*, Defendants contend that because "revisions became operative only upon client approval, BlackRock did not have fiduciary control over the contents of (or proposed changes to) these guidelines." (*Id.* at 2.) Plaintiffs, in turn, argue that at the time such amendments were made, Defendants "already owed a fiduciary duty to the investing plans." (Plfs.' Supp. Brief at 4.)

In the motion to dismiss, Defendants raised similar arguments regarding whether Defendant BlackRock Institutional Trust Company, N.A. ("BTC") was acting as a fiduciary when "negotiating the terms of its appointment as securities lending agent" for the collective trust investments ("CTIs"). (Dkt. No. 181 at 16 (capitalization omitted). Defendants relied on *Santomenno* to argue that "BTC simply does not act as a fiduciary in negotiating the fees under which it will provide services . . . to ERISA plans." (*Id.* at 17.)

In denying Defendants' motion to dismiss, the presiding judge found that BTC was "correct that it was not a fiduciary when it negotiated its appointment and compensation." (Order re Mot. to Dismiss at 21, Dkt. No. 340.) The presiding judge, however, found there was a distinct inquiry as to "whether BTC was a fiduciary and breached its duties when it collected its compensation . . . ." (*Id.*) Specifically, the presiding judge explained that Plaintiffs were

2

"alleg[ing] that BTC acted as a fiduciary in this regard, because it had discretionary control over disposition of its fees, which purportedly came from the Plan assets in the BTC-sponsored CTIs." (*Id.*) To the extent Defendants argued that BTC's compensation terms were calculated pursuant to a non-discretionary formula, the presiding judge further explained that the documents incorporated by reference did not support that claim. (*Id.* at 22.) Thus, the presiding judge concluded that Plaintiffs had "sufficiently allege[d] that BTC had control and discretion in setting its compensation, and that such compensation came out of the Plan's funds . . . ." (*Id.*)

As found by the presiding judge, there is a factual dispute as to whether BTC had control and discretion in setting its compensation, and thus whether BTC breached its duties as a fiduciary. Further, the documents at issue concern changes and revisions to fees and investment guidelines, which would presumably occur *after* BTC was appointed as the securities lending agent – in contrast to *Santomenno*, which concerned "the determination of fees . . . *before* the actual administration of the Plan." (Order re Mot. to Dismiss at 20-21 (explaining *Santomenno*, 883 F.3d at 838).) Thus, the changes and revisions go more towards the collection of compensation, including BTC's discretionary control over disposition of the fees. Accordingly, the Court finds that the documents are discoverable under the fiduciary exception, and GRANTS Plaintiffs' request to compel the production of privilege log entries 89, 91, 280, 305, 346, 351, 380, 382, 422, 436, 454, 518, 535, and 536.

### B. Other Fiduciary Exception Documents

Plaintiffs also seek other documents that they believe do not fall within the fiduciary exception. (Discovery Letter at 2, 4.) The Court rules on these documents as follows:

The Court DENIES production of privilege log entry 285. Per the privilege log, this e-mail concerns discussions with in-house counsel about a 401(k) lawsuit. Thus, the e-mail appears to concern civil liability, and would not fall within the fiduciary exception.

The Court DENIES production of privilege log entry 343. The privilege log states this e-mail concerns settlor functions in connection with an audit. Thus, the e-mail would not fall within the fiduciary exception.

The Court GRANTS production of privilege log entry 350. The e-mail concerns a

response to client questions about retained income in a particular closed-end fund. Having conducted an *in camera* review, the document does not concern legal liability or any plan terms. Thus, the e-mail falls within the fiduciary exception.

The Court GRANTS production of privilege log entries 385, 401, 405, 450, and 451. The redacted portion of the document does not appear to contain legal advice, even if the underlying data (which was apparently based on public sources) was compiled by a law firm.

### C. Legal Advice

Plaintiffs also seek a number of documents they believe do not convey or seek legal advice. (Discovery Letter at 2-3, 4-5.)

The Court DENIES production of privilege log entry 45. The privilege log states that the e-mails concern legal advice regarding fiduciary risk questions related to investment actions, which goes to potential legal liability. Thus, the document does not fall within the fiduciary exception.

The Court DENIES production of privilege log entries 83, 96, and 118. Having conducted *in camera* review, the redacted portions concern legal advice and compliance.

The Court DENIES production of privilege log entry 304. Having conducted *in camera* review, the redacted portions contain legal advice.

The Court DENIES production of privilege log entry 339, which concerns notification of default events. Having conducted an *in camera* review, the document seeks legal advice.

The Court GRANTS production of privilege log entry 357. Having conducted *in camera* review, the redacted portions concern fees of publicly available mutual funds. It does not appear to seek or contain legal advice, even if the data was compiled by a law firm.

The Court GRANTS production of privilege log entry 421, which concerns preparation for an upcoming annual review meeting. Having conducted an *in camera* review, the document does not seek or contain legal advice, and does not concern potential legal liability or settlor functions. It appears to concern logistics and opening comments for the presentation.

### D. Waiver

Finally, Plaintiffs challenge privilege log entries 522, 523, and 524 on the grounds that

these documents have been disclosed to a third party, waiving privilege. (Discovery Letter at 3.) Defendants respond that the privilege log entries are undistributed drafts of the documents that were disclosed. (*Id.* at 5.)

Plaintiffs do not dispute that "[d]rafts of a document that will ultimately be distributed in a manner that would waive privilege are not necessarily outside of the privilege." *Gen-Probe Inc. v. Becton, Dickinson & Co.*, Civil Nos. 09cv2319 BEN NLS, 10cv0602 BEN NLS, 2012 WL 3762447, at *2 (S.D. Cal. Aug. 29, 2012). Thus, a party "may assert attorney-client privilege for undistributed documents, such as drafts of communications which were created with the intention of confidentiality, even where the final distribution of the draft might constitute a waiver of the privilege." *Helm v. Alderwoods Grp., Inc.*, Case No. 08-cv-1184-SI, 2010 WL 2951871, at *2 n.2 (N.D. Cal. July 27, 2010). Rather, Plaintiffs contend there is insufficient information in the privilege log to determine if the documents were privileged drafts. (Discovery Letter at 3.) The Court agrees. The privilege log only states that the documents are "Privileged materials prepared in response to Callan Request for Information." This is insufficient to suggest that the documents were drafts, or different from what was ultimately provided to Callan, a third party. The Court ORDERS Defendants to provide a revised privilege log, which contains sufficient information to allow Plaintiff to determine if the documents are privileged.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5