BRIAN BOYLE (S.B. #126576)
bboyle@omm.com
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MEAGHAN VERGOW (admitted *pro hac vice*)
mvergow@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:      +1 415 984 8700
Facsimile:      +1 415 984 8701

Attorneys for Defendants
BlackRock Institutional  Trust Company, N.A.;
BlackRock, Inc.; the BlackRock, Inc. Retirement
Committee; the Investment Committee of the
Retirement Committee; the Administrative  Committee
of the Retirement Committee; Catherine Bolz; Chip
Castille; Paige Dickow; Daniel A. Dunay; Jeffrey A.
Smith; Anne Ackerley; Nancy Everett; Joseph
Feliciani,  Jr.; Ann Marie Petach; Michael Fredericks;
Corin Frost; Daniel Gamba; Kevin Holt; Chris Jones;
Philippe Matsumoto; John Perlowski; Andy Phillips;
Kurt Schansinger; Tom Skrobe; Amy Engel;
Management Development  & Compensation
Committee  of the BlackRock, Inc. Board of Directors;
Kathleen Nedl; Marc Comerchero; Joel Davies; John
Davis; Milan Lint; and Laraine McKinnon

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Baird and Lauren Slayton,  as individuals,  and on behalf of all others similarly  situated, and on behalf of the BlackRock Retirement Savings  Plan,<br><br>Plaintiffs,<br><br>v.<br><br>BlackRock Institutional  Trust Company, N.A., et al.,<br><br>Defendants. | Case No. 17-cv-01892-HSG-KAW<br><br>**BLACKROCK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

1    Defendants BlackRock Institutional Trust Company, N.A. ("BTC"); BlackRock, Inc.

2  (together with BTC, "BlackRock"); the BlackRock, Inc. Retirement Committee; the Investment

3  Committee of the Retirement Committee; the Administrative Committee of the Retirement

4  Committee; Catherine Bolz; Chip Castille; Paige Dickow; Daniel A. Dunay; Jeffrey A. Smith;

5  Anne Ackerley; Nancy Everett; Joseph Feliciani, Jr.; Ann Marie Petach; Michael Fredericks;

6  Corin Frost; Daniel Gamba; Kevin Holt; Chris Jones; Philippe Matsumoto; John Perlowski; Andy

7  Phillips; Kurt Schansinger; Tom Skrobe; Amy Engel; Management Development &

8  Compensation Committee of the BlackRock, Inc. Board of Directors; Kathleen Nedl; Marc

9  Comerchero; Joel Davies; John Davis; Milan Lint; and Laraine McKinnon submit this Answer to

10  Plaintiffs' Second Amended Complaint ("SAC") pursuant to Rules 7 and 8 of the Federal Rules

11  of Civil Procedure.

12    Unless specifically admitted, Defendants deny all the allegations in the numbered

13  paragraphs of the SAC. To the extent plaintiffs have included headings, footnotes, illustrations,

14  or allegations not contained within the specifically numbered paragraphs of the SAC, no response

15  is necessary. To the extent any headings, footnotes, illustrations, or allegations not contained

16  within the specifically numbered paragraphs of the SAC require a response, Defendants deny

17  them. With respect to those allegations that do not specify an applicable time period, unless

18  otherwise noted BlackRock has answered as of the present date where possible. BlackRock

19  expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

20    **I.    NATURE OF THE ACTION**

21    1.    Paragraph 1 asserts legal conclusions to which no response is required. To the

22  extent a response is required, Defendants admit that plaintiffs purport to bring this action on

23  behalf of classes as described and otherwise deny the allegations in paragraph 1.

24    2.    Paragraph 2 asserts legal conclusions to which no response is required.

25  Defendants deny the remaining allegations in paragraph 2.

26    3.    Defendants deny the allegations in paragraph 3.

27    4.    Defendants deny the allegations in paragraph 4.

28    5.    Defendants deny the allegations in paragraph 5.

1      6.      Defendants deny the allegations in paragraph 6.

2      7.      Defendants deny the allegations in paragraph 7.

3      8.      Paragraph 8 asserts legal conclusions to which no response is required.
Defendants admit that BTC manages the assets of the collective trust investments enumerated in footnote 2 of the SAC (the "BlackRock CTIs") and deny the remaining allegations in paragraph 8.

7      9.      Defendants deny the allegations in paragraph 9.

8      10.     Defendants deny the allegations in paragraph 10.

9      11.     Paragraph 11 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny that plaintiffs are entitled to it. Defendants deny the remaining allegations in paragraph 11.

12     12.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 12.

## II.     JURISDICTION AND VENUE

13     Paragraph 13 asserts legal conclusions to which no response is required.

14     Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BlackRock may be found in this District, and deny the remaining allegations in paragraph 14.

## III.     PARTIES

**A.     <u>Plaintiffs</u>**

15     Defendants admit that Plaintiff Charles Baird was an employee of BlackRock from December 2009 until July 2016, and that he was employed by Barclays Global Investors N.A. ("BGI") or an affiliate thereof from March 2000 until December 2009. Defendants deny the remaining allegations in paragraph 15.

16     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 16.

17     Defendants deny the allegations in paragraph 17.

18     Defendants admit the allegations in paragraph 18.

19.     Defendants admit that Plaintiff Baird formerly maintained an individual BlackRock Retirement Savings Plan ("BlackRock Plan") account that was at various times invested in BlackRock Large Cap Core Retirement Portfolio (MKLRX), BlackRock Global Allocation Fund (MALOX), BlackRock Total Return Fund (MPHQX), Russell 1000 Index Fund F, Active Stock Fund F, BlackRock MSCI ACWI ex-U.S. Index Fund F, U.S. Treasury Inflation Protected Securities Fund F, and U.S. Debt Index Fund F, but deny that Plaintiff Baird maintains a Plan account now.  Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that Plaintiff Lauren Slayton was an employee of BlackRock from December 2009 until March 2012, and that she was employed by BGI or an affiliate thereof from November 2006 until December 2009.  Defendants deny the remaining allegations in paragraph 20.

21.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 21.

22.     Defendants admit that Plaintiff Slayton maintains an individual BlackRock Plan account.

23.     Defendants admit that Plaintiff Slayton's individual BlackRock Plan account was invested in the LifePath Index 2050 Fund F, a BTC-sponsored CTI offered as an investment option to participants in the BlackRock Plan.

24.     Defendants admit that Plaintiff Slayton's individual BlackRock Plan account is currently invested in an investment option sponsored or advised by BlackRock.

25.     Paragraph 25 asserts legal conclusions to which no response is required.

**B.     Defendants**

1.     Defendant BlackRock Institutional Trust Company, N.A. ("BTC")

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit that BTC has its main office in San Francisco, California.

28.     Defendants admit that BTC was known as BGI before it was acquired by BlackRock in 2009.  Defendants otherwise deny the allegations in paragraph 28.

29.     Defendants admit the allegations in paragraph 29.

ANSWER TO SAC
17-CV-01892-HSG-KAW

30.     Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the BlackRock Plan's Investment Management Agreement ("IMA") with BTC provides that the Named Fiduciary of the BlackRock Plan appoints BTC as investment manager to hold, invest and manage a portion of the BlackRock Plan's assets within the meaning of Section 3(38) of ERISA, with authority as described in the IMA and other governing documents, and that BTC accepts that appointment. Defendants otherwise deny the allegations in paragraph 30.

31.     Paragraph 31 asserts legal conclusions to which no response is required.

32.     Paragraph 32 asserts legal conclusions to which no response is required.

33.     Paragraph 33 asserts legal conclusions to which no response is required.

34.     Paragraph 34 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC is a subsidiary of BlackRock, Inc. and deny the remaining allegations in paragraph 34.

35.     Paragraph 35 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that investing plans have appointed BTC to be the investment manager of assets invested in the BlackRock CTIs and that BTC, as trustee, maintains the BlackRock CTIs, and otherwise deny the allegations in paragraph 35.

2.     Defendant Management Development & Compensation Committee ("MDCC") of the BlackRock Board of Directors

36.     Defendants admit that the Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors ("MDCC") has at times had oversight of BlackRock's employee benefit plans, and otherwise deny the allegations in paragraph 36.

37.     Defendants admit that the MDCC created the Investment Committee of the Retirement Committee ("Investment Committee") and Administrative Committee of the Retirement Committee ("Administrative Committee") effective December 13, 2007. Defendants deny the remaining allegations in paragraph 37.

38.     Defendants admit that the MDCC appointed members of the BlackRock, Inc. Retirement Committee ("Retirement Committee") when the Retirement Committee was

1    constituted.  Defendants deny the remaining allegations in paragraph 38.

2        39.    Defendants admit that the documents governing the BlackRock Plan have at times

3    provided that a committee of the Board of Directors of BlackRock, Inc. may remove the members

4    of the identified committees, and otherwise deny the allegations in paragraph 39.

5        40.    Paragraph 40 asserts legal conclusions to which no response is required.

6        41.    Paragraph 41 asserts legal conclusions to which no response is required.

7            3.    Defendant BlackRock, Inc. ("BlackRock")

8        42.    Defendants admit that BlackRock, Inc. is the sponsor of the BlackRock Plan and

9    that BlackRock, Inc. is a Delaware company with its principal place of business in New York,

10   NY. Defendants further admit that BlackRock, Inc., through its subsidiaries, provides securities

11   lending and investment management services.  Defendants deny the remaining allegations in

12   paragraph 42.

13       43.    Paragraph 43 asserts legal conclusions to which no response is required.

14   Defendants further state that paragraph 43 purports to characterize the Plan Document for the

15   BlackRock Retirement Savings Plan ("RSP Plan Document"), and refer to that document as the

16   best evidence of its contents.  To the extent a response is required, Defendants admit that the RSP

17   Plan Document has at times identified BlackRock, Inc. as a Named Fiduciary to the extent of the

18   particular powers, duties, responsibilities and obligations specifically delegated to BlackRock,

19   Inc. under the RSP Plan Document, and otherwise deny the allegations in paragraph 43.

20       44.    Paragraph 44 asserts legal conclusions to which no response is required.  To the

21   extent a response is required, Defendants admit that BTC is a subsidiary of BlackRock, Inc., and

22   otherwise deny the allegations in paragraph 44.

23       45.    Paragraph 45 asserts legal conclusions to which no response is required.  To the

24   extent a response is required, Defendants admit that BTC is a subsidiary of BlackRock, Inc., and

25   otherwise deny the allegations in Paragraph 45.

26       46.    Paragraph 46 asserts legal conclusions to which no response is required.

27   Defendants admit that the RSP Plan Document has at times identified BlackRock, Inc. as a

28   Named Fiduciary to the BlackRock Plan to the extent of the particular powers, duties,

ANSWER TO SAC
17-CV-01892-HSG-KAW

responsibilities and obligations specifically delegated to BlackRock, Inc. under the RSP Plan Document, and otherwise deny the allegations in paragraph 46.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC is a wholly-owned subsidiary of BlackRock, Inc., and otherwise deny the allegations in paragraph 47.

48. Paragraph 48 asserts legal conclusions to which no response is required. Defendants further state that paragraph 48 contains a sentence fragment to which Defendants are unable to respond. Defendants admit that certain payroll employees of BTC are subject to dual-hatting arrangements with other BlackRock affiliates, and deny the remaining allegations in paragraph 48.

49. Paragraph 49 asserts legal conclusions to which no response is required. Defendants admit that BTC generally receives a share of net income earned through securities lending in the BlackRock CTIs and that it receives fees in connection with its management of short term investment funds ("STIFs") that hold securities lending cash collateral for lending CTIs. Defendants otherwise deny the allegations in Paragraph 49.

50. Paragraph 50 asserts legal conclusions to which no response is required. Defendants admit that BlackRock maintains records regarding its revenues. Defendants otherwise deny the allegations in paragraph 50.

51. Defendants admit that BlackRock maintains records regarding its revenues, including revenue generated through securities lending. Defendants otherwise deny the allegations in paragraph 51.

52. Paragraph 52 asserts legal conclusions to which no response is required. Defendants admit that BlackRock maintains records regarding its revenues. Defendants otherwise deny the allegations in paragraph 52.

53. Defendants admit that BlackRock maintains records regarding its revenues, including revenue generated through cash collateral management. Defendants otherwise deny the allegations in paragraph 53.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      Defendant BlackRock, Inc. Retirement Committee and its Members
(collectively, the "Retirement Committee Defendants")

54.      Paragraph 54 asserts legal conclusions to which no response is required.

Defendants further state that paragraph 54 purports to characterize the RSP Plan Document, and

refer to that document as the best evidence of its contents. To the extent that a response is

required, Defendants admit that the RSP Plan Document identifies the Retirement Committee (or

sub-committee) as the Plan Administrator for the BlackRock Plan if appointed by BlackRock,

Inc., and that the RSP Plan Document further identifies the Plan Administrator as a Named

Fiduciary of the BlackRock Plan to the extent of the particular powers, duties, responsibilities and

obligations specifically delegated to the Retirement Committee under the RSP Plan Document.

55.      Paragraph 55 asserts legal conclusions to which no response is required.

56.      Paragraph 56 asserts legal conclusions to which no response is required.

57.      Paragraph 57 asserts legal conclusions to which no response is required.

Defendants further state that paragraph 57 purports to characterize the RSP Plan Document, and

refer to that document as the best evidence of its contents. To the extent a response is required,

Defendants deny the allegations in paragraph 57.

58.      Paragraph 58 asserts legal conclusions to which no response is required.

59.      Paragraph 59 asserts legal conclusions to which no response is required. To the

extent a response is required, Defendants state that the documents governing the BlackRock Plan,

including the RSP Plan Document and Retirement Committee Charter, set forth certain authorities

of the Retirement Committee with respect to sub-committees, and otherwise deny the allegations

in paragraph 59.

60.      Paragraph 60 asserts legal conclusions to which no response is required. To the

extent a response is required, Defendants state that the documents governing the BlackRock Plan,

including the RSP Plan Document and Retirement Committee Charter, set forth certain

responsibilities of the Retirement Committee with respect to sub-committees, and otherwise deny

the allegations in paragraph 60.

61.      Paragraph 61 asserts legal conclusions to which no response is required. To the

ANSWER TO SAC
17-CV-01892-HSG-KAW

1   extent a response is required, Defendants state that the documents governing the BlackRock Plan,

2   including the RSP Plan Document and Retirement Committee Charter, set forth certain powers

3   and duties for the Retirement Committee with respect to the administration of the BlackRock

4   Plan, and otherwise deny the allegations in paragraph 61.

5         62.    Paragraph 62 asserts legal conclusions to which no response is required.  To the

6   extent a response is required, Defendants state that the documents governing the BlackRock Plan,

7   including the RSP Plan Document and Retirement Committee Charter, set forth certain

8   monitoring responsibilities of the Retirement Committee, and otherwise deny the allegations in

9   paragraph 62.

10         63.    Paragraph 63 asserts legal conclusions to which no response is required.  To the

11   extent a response is required, Defendants admit that the BlackRock Plan's IMA with BTC

12   provides that the Named Fiduciary of the BlackRock Plan appoints BTC as investment manager

13   to hold, invest and manage a portion of the BlackRock Plan's assets within the meaning of

14   Section 3(38) of ERISA, with authority as described in the IMA and other governing documents,

15   and that BTC accepts that appointment.  Defendants otherwise deny the allegations in paragraph

16   63.

17         64.    Paragraph 64 asserts legal conclusions to which no response is required.  To the

18   extent a response is required, Defendants state that the documents governing the BlackRock Plan,

19   including the RSP Plan Document and Retirement Committee Charter, set forth certain

20   monitoring responsibilities of the Retirement Committee, and otherwise deny the allegations in

21   paragraph 64.

22         65.    Defendants admit that Anne Ackerley, Catherine Bolz, Chip Castille, Paige

23   Dickow, Daniel Dunay, Joseph Feliciani, Jr., Kevin Holt, Ann Marie Petach and Jeffrey Smith

24   served on the Retirement Committee. Defendants further admit that Anne Ackerley, Chip

25   Castille, Joseph Feliciani, Jr., Kevin Holt, and Ann Marie Petach served on the Investment

26   Committee, and that Catherine Bolz, Chip Castille, Paige Dickow, Daniel Dunay, Joseph

27   Feliciani, Jr., Kevin Holt, Ann Marie Petach, and Jeffrey Smith served on the Administrative

28   Committee.  Defendants further admit that the aforementioned individuals have held various titles

1   and responsibilities at BlackRock over time, including roles alleged in paragraph 65, and

2   otherwise deny the allegations in paragraph 65.

3                     5.      Defendant Investment Committee and its Members

4         66.      Paragraph 66 asserts legal conclusions to which no response is required. To the

5   extent a response is required, Defendants admit that the Retirement Committee has appointed

6   members of the Investment Committee and has delegated to the Investment Committee the power

7   to select appropriate investment vehicles or options for the investment of Plan assets and all other

8   duties and rights reasonably related thereto. Defendants deny the remaining allegations in

9   Paragraph 66.

10         67.      Paragraph 66 asserts legal conclusions to which no response is required. To the

11   extent a response is required, Defendants admit that the Investment Committee selected

12   investment options for the BlackRock Plan, and otherwise deny the allegations in paragraph 67.

13         68.      Defendants admit that Anne Ackerley, Chip Castille, Amy Engel, Nancy Everett,

14   Joseph Feliciani, Jr., Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones,

15   Philippe Matsumoto, John Perlowski, Ann Marie Petach, Andy Phillips, Kurt Schansinger, and

16   Tom Skrobe served on the Investment Committee. Defendants further admit that the

17   aforementioned individuals have held various titles and responsibilities at BlackRock over time,

18   including but roles alleged in paragraph 68, and otherwise deny the allegations in paragraph 68.

19         69.      Defendants admit that Kathleen Nedl served, at times, as Secretary to the

20   Retirement Committee, Investment Committee, and Administrative Committee. Defendants

21   further admit that Ms. Nedl is a Managing Director at BlackRock and Chief Operating Officer of

22   BlackRock's Retirement Group, and that she has held that role since 2016. Defendants further

23   admit that Ms. Nedl worked for BlackRock's Human Resources team from 2006 to 2016, and that

24   she served as its Head of Global Benefits from 2013 to 2016. Defendants deny the remaining

25   allegations in paragraph 69.

26         70.      Defendants deny the allegations in paragraph 70.

27         71.      Defendants deny the allegations in paragraph 71.

28         72.      Defendants deny the allegations in paragraph 72.

73.     Defendants admit that Ms. Nedl signed documents in her capacity as Secretary to the Retirement Committee, Investment Committee, and Administrative Committee, subject to the approval of members of those committees, and has also signed documents on behalf of the BlackRock Plan sponsor, BlackRock, Inc.  Defendants otherwise deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants state that paragraph 76 purports to quote and characterize a document, and refer to that document as the best source of its contents.  Defendants admit that the specified quotation appears in the referenced document, and otherwise deny the allegations in paragraph 76.

77.     Paragraph 77 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 77.

78.     Defendants state that paragraph 78 sets forth a definition for use in the SAC to which no response is required.

6.     Defendant Administrative Committee of the Retirement Committee and its Members (collectively, the "Administrative Committee Defendants")

79.     Defendants admit that the Administrative Committee was established effective December 13, 2007, that the Retirement Committee has appointed members of the Administrative Committee, and that the Retirement Committee has delegated to the Administrative Committee discretionary authority with respect to administrative matters affecting the BlackRock Plan.

80.     Paragraph 80 asserts legal conclusions to which no response is required.

81.     Defendants admit that Catherine Bolz, Chip Castille, Marc Comerchero, Joel Davies, John Davis, Paige Dickow, Daniel Dunay, Joseph Feliciani, Jr., Kevin Holt, Milan Lint, Laraine McKinnon, Kathleen Nedl, Ann Marie Petach, and Jeffrey Smith served on the Administrative Committee.  Defendants further admit that the aforementioned individuals have held various titles and responsibilities at BlackRock over time, including roles alleged in paragraph 81, and otherwise deny the allegations in paragraph 81.

7.    Defendant Mercer Investment Consulting ("Mercer")

82.    Paragraph 82 requires no response to the extent it asserts allegations that relate to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).  To the extent a response is required, Defendants admit Mercer provides investment consulting services to large 401(k) plans and other clients, and state that they lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 82.

83.    Paragraph 83 requires no response to the extent it asserts allegations that relate to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).  To the extent a response is required, Defendants admit the allegations in Paragraph 83.

84.    Defendants admit that since 2010 Mercer has provided research, advice, and recommendations as an investment consultant to the BlackRock Plan, and that BlackRock compensated Mercer for its services to the BlackRock Plan during that period.  Defendants deny the remaining allegations in paragraph 84.

85.    Paragraph 85 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Mercer provided investment advice to the Investment Committee at the Investment Committee's quarterly meetings, and that BlackRock and Mercer entered into a written agreement for Mercer to provide services to the Plan. Defendants deny the remaining allegations in paragraph 85.

86.    Defendants admit the allegations in paragraph 86.

87.    Defendants admit the allegations in paragraph 87.

88.    Defendants deny that Mercer maintained a "watch list" as here described, and therefore deny the allegations in Paragraph 88.

89.    Defendants deny that Mercer maintained a "watch list" as here described, and therefore deny the allegations in Paragraph 89.

90.    Defendants admit that portfolio managers from various investment management firms, including BlackRock, have presented information to the Investment Committee.

1    Defendants otherwise deny the allegations in paragraph 90.

2        91.    Paragraph 91 asserts legal conclusions to which no response is required.

3    Defendants further state that paragraph 91 purports to quote one or more documents, and refer to

4    those documents as the best evidence of their contents. To the extent a further response is

5    required, Defendants admit that the specified quotation appears in the referenced document

6    except as altered, and otherwise deny the allegations in paragraph 91.

7        92.    Paragraph 92 asserts legal conclusions to which no response is required.

8    Defendants further state that paragraph 92 contains a sentence fragment to which Defendants are

9    unable to respond.

10                          **IV.    FACTS**

11   **A.    Facts related to Claims of the BlackRock Plan Class**

12              1.    The BlackRock Plan

13   93.    Paragraph 93 asserts legal conclusions to which no response is required.

14   94.    Defendants admit the allegations in paragraph 94.

15   95.    Defendants admit the allegations in paragraph 95.

16   96.    Defendants admit that participant and employer contributions each contribute to

17   the funding of benefits under the BlackRock Plan and that BlackRock intends the Plan to qualify

18   under Internal Revenue Code § 401(k).

19   97.    Defendants admit that the Investment Committee selects the investment options

20   made available for the investment of participant accounts and that such options may be referred to

21   collectively as the Plan "menu" or "line-up." Defendants deny the remaining allegations in

22   paragraph 97.

23   98.    Defendants admit the allegations in paragraph 98.

24   99.    Defendants admit that the value of each Plan participant's individual account

25   depends on contributions made by the Plan participant and employer, and on the performance of

26   the investment options net of fees and expenses. Defendants deny the remaining allegations in

27   paragraph 99.

28   100.    Defendants state that paragraph 100 purports to quote from or characterize the

1    BlackRock Plan's Form 5500 from the year 2016, and refer to that document as the best evidence

2    of its contents.  To the extent a further response is required, Defendants admit that as of

3    December 31, 2016, the BlackRock Plan's Form 5500 reports that the Plan had approximately

4    $1.78 billion in assets and approximately 10,000 participants with nonzero account balances.

5    Defendants deny the remaining allegations in paragraph 100.

6         101.    Defendants deny the allegations in paragraph 101.

7         102.    Paragraph 102 asserts legal conclusions to which no response is required.  To the

8    extent a response is required, Defendants state that paragraph 102 purports to quote from the IMA

9    by and among BTC, BlackRock, Inc., and the BlackRock Plan, and refer to that document as the

10   best evidence of its contents.  To the extent a further response is required, Defendants admit that

11   the specified quotation appears in the referenced document, and otherwise deny the allegations in

12   paragraph 102.

13        103.    Paragraph 103 asserts legal conclusions to which no response is required.  To the

14   extent a response is required, Defendants admit that the "Plan of BlackRock Institutional Trust

15   Company, N.A. Investment Funds for Employee Benefit Trusts" and "Plan of the BlackRock

16   Institutional Trust Company, N.A. Investment Funds for Tax Exempt and Foreign Organizations

17   'Group B'" (the "CTI Plan Documents") articulate BTC's authority and enumerate BTC's powers

18   as trustee to the BlackRock CTIs.  Defendants deny the remaining allegations in paragraph 103.

19        104.    Paragraph 104 asserts legal conclusions to which no response is required.  To the

20   extent a response is required, Defendants state that paragraph 104 purports to quote and

21   characterize the CTI Plan Documents, and refer to those documents as the best evidence of their

22   contents.  To the extent a further response is required, Defendants admit that the specified

23   quotation appears in the referenced document, and otherwise deny the allegations in paragraph

24   104.

25        105.    Paragraph 105 asserts legal conclusions to which no response is required.  To the

26   extent a response is required, Defendants state that paragraph 105 purports to quote and

27   characterize the CTI Plan Documents, and refer to those documents as the best evidence of their

28   contents.  To the extent a further response is required, Defendants admit that the specified

1    quotation appears in the referenced documents except as altered, and otherwise deny the

2    allegations in paragraph 105.

3         106.    Paragraph 106 asserts legal conclusions to which no response is required. To the

4    extent a response is required, Defendants state that paragraph 106 purports to quote from and

5    characterize documents and refer to those documents as the best evidence of their contents.

6         2.    By Routinely Favoring BlackRock Proprietary Funds, Defendants Violated
          ERISA Duties Owed to the BlackRock Plan Class and Engaged in
7         Prohibited Transactions

8         107.    Paragraph 107 asserts legal conclusions to which no response is required. To the

9    extent a response is required, Defendants state that paragraph 107 purports to characterize the

10   Retirement Committee Charter, and refer to that document as the best evidence of its contents.

11        108.    Defendants admit the allegations in paragraph 108.

12        109.    Defendants admit the allegations in paragraph 109.

13        110.    Paragraph 110 asserts legal conclusions to which no response is required.

14        111.    Paragraph 111 asserts legal conclusions to which no response is required.

15        112.    Paragraph 112 asserts legal conclusions to which no response is required.

16        113.    Paragraph 113 asserts legal conclusions to which no response is required. To the

17   extent a response is required, Defendants admit that the Investment Committee Defendants

18   monitored the BlackRock Plan's investment options on an ongoing basis, and deny the remaining

19   allegations in paragraph 113.

20        114.    Paragraph 114 asserts legal conclusions to which no response is required.

21        115.    Defendants deny the allegations in paragraph 115.

22        116.    Paragraph 116 requires no response to the extent it asserts allegations that relate to

23   claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and

24   Administrative Motions to Seal (ECF No. 340). Defendants further state that paragraph 116

25   asserts legal conclusions to which no response is required.

26        117.    Paragraph 117 requires no response to the extent it asserts allegations that relate to

27   claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and

28   Administrative Motions to Seal (ECF No. 340). Defendants further state that paragraph 117

1  asserts legal conclusions to which no response is required.

2             *a.*    *Defendants Improperly Favored BlackRock Proprietary Funds*

3      118.    Defendants deny the allegations in paragraph 118.

4      119.    Defendants deny the allegations in paragraph 119.

5      120.    Defendants deny the allegations in paragraph 120.

6      121.    Defendants state that paragraph 121 purports to quote or characterize the IPS, and

7  refer to the document as the best evidence of its contents. To the extent a response is required,

8  Defendants admit that an Investment Policy Statement ("IPS"), as revised over time, sets forth a

9  framework to help the Investment Committee assess the performance of the investment options

10  offered by the BlackRock Plan, and that the quoted language appears in the IPS. Defendants

11  otherwise deny the allegations in paragraph 121.

12      122.    Defendants state that Paragraph 122 purports to characterize the IPS, and refer to

13  the document as the best evidence of its contents.

14      123.    Defendants deny the allegations in paragraph 123.

15      124.    Defendants admit that BlackRock Large Cap Core Retirement Portfolio (MKLRX)

16  and Active Stock Fund F were placed on the Investment Committee's watch list in late 2010.

17  Defendants deny the remaining allegations in paragraph 124.

18      125.    Defendants deny the allegations in paragraph 125.

19      126.    Defendants deny the allegations in paragraph 126.

20      127.    Defendants admit that the Dodge & Cox Stock Fund (DODGX) was put on the

21  Investment Committee's watch list in March 2012, and that the Investment Committee voted to

22  remove the fund as an investment option within the BlackRock Plan in September 2012.

23  Defendants deny the remaining allegations in paragraph 127.

24      128.    Defendants deny the allegations in paragraph 128.

25      129.    Defendants deny that Mercer maintained a "watch list" as here described, and

26  therefore deny the allegations in Paragraph 129.

27      130.    Defendants deny the allegations in paragraph 130.

28      131.    Defendants deny the allegations in paragraph 131.

1    132.    Paragraph 132 asserts legal conclusions to which no response is required. To the

2    extent a response is required, Defendants deny the allegations in paragraph 132.

3    133.    Defendants admit that the Active Stock Fund F, Emerging Markets Index Fund F,

4    Equity Dividend Fund F, BlackRock Global Allocation Collective Fund F, LifePath Index Fund F

5    target date funds, BlackRock Low Duration Bond Portfolio (CLDBX), BlackRock MSCI ACWI

6    ex-U.S. IMI Index Fund F, Russell 1000 Index Fund F, Russell 2000 Alpha Tilts Fund F, Short-

7    Term Investment Fund, BlackRock Total Return Bond Fund F, U.S. Debt Index Fund F, U.S.

8    Treasury Inflation Protected Securities Fund F, Strategic Income Opportunities Bond Fund F,

9    BlackRock, Inc. Common Stock, and PNC Financial Services Group, Inc. Common Stock are

10    investment options currently offered to BlackRock Plan participants. Defendants deny the

11    remaining allegations in paragraph 133.

12                 *b.*    *Mercer Provided Investment Advice Tailored to Rubber Stamp the Preferential Treatment the Committee Defendants Gave to BlackRock Proprietary Funds*

14    134.    Defendants deny the allegations in paragraph 134.

15    135.    Defendants admit the allegations in paragraph 135.

16    136.    Paragraph 136 asserts legal conclusions to which no response is required.

17    Defendants admit that Mercer advised the Investment Committee regarding the selection,

18    monitoring, and removal of investment options for the BlackRock Plan menu, and that the

19    Investment Committee believed that Mercer had taken on some fiduciary responsibilities related

20    to the selection of investments for the BlackRock Plan. Defendants deny the remaining

21    allegations in paragraph 136.

22    137.    Defendants admit the allegations in paragraph 137.

23    138.    Defendants admit the allegations in paragraph 138.

24    139.    Defendants admit that the Investment Committee made decisions regarding the

25    selection, retention, and removal of investment options for the Plan, and otherwise deny the

26    allegations in paragraph 139.

27    140.    Defendants deny the allegations in paragraph 140.

28    141.    Defendants deny the allegations in paragraph 141.

142.  Paragraph 142 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 142.

143.  Defendants state that paragraph 143 purports to characterize particular emails, and refer to those emails as the best evidence of their contents. Defendants deny the remaining allegations in paragraph 143.

144.  Defendants deny the allegations in paragraph 144.

145.  Defendants state that they lack sufficient information to admit or deny, and therefore deny, allegations respecting Mercer's internal processes. Defendants deny the remaining allegations in paragraph 145.

146.  Defendants state that they lack sufficient information to admit or deny, and therefore deny, allegations respecting Mercer's internal processes. Defendants admit that Mercer recommended BlackRock products to which Mercer had previously assigned the rating specified in paragraph 146. Defendants otherwise deny the allegations in paragraph 146.

147.  Defendants deny the allegations in paragraph 147.

148.  Defendants deny the allegations in paragraph 148.

149.  Defendants deny the allegations in paragraph 149.

150.  Defendants state that they lack sufficient information to admit or deny, and therefore deny, allegations respecting Mercer's internal processes. Defendants further state that paragraph 150 purports to quote and characterize a document, and refer to that document as the best evidence of its contents. Defendants admit that the specified quotation appears in the referenced document except as altered, and otherwise deny the allegations in paragraph 150.

151.  Defendants state that paragraph 151 purports to quote and characterize a document, and refer to that document as the best evidence of its contents. To the extent a further responses is required, Defendants admit that the specified quotations appear in email communications among certain Investment Committee Defendants, and otherwise deny the allegations in paragraph 151.

152.  Defendants state that paragraph 152 purports to quote an email, and refer to that email as the best evidence of its contents. To the extent a further response is required, Defendants

admit that the first specified quotation appears in email communications among certain Investment Committee Defendants, and otherwise deny the allegations in paragraph 152.

153. Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

156. Defendants admit that BlackRock, Inc. and Mercer each provide services to retirement plans. Defendants deny the remaining allegations in paragraph 156.

157. Defendants admit that certain clients that either select funds managed by BlackRock, Inc. subsidiaries, or whose portfolios are managed by BlackRock, Inc. subsidiaries, are also advised by Mercer. Defendants deny the remaining allegations in paragraph 157.

158. Defendants admit that certain clients that either select funds managed by BlackRock, Inc. subsidiaries, or whose portfolios are managed by BlackRock, Inc. subsidiaries, are also advised by Mercer. Defendants deny the remaining allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

        c. *During the Class Period, the Majority of the BlackRock Plan's Assets Have Been Invested in BTC-Sponsored CTIs Which Engage in Securities Lending That is Highly Remunerative for BlackRock*

162. Defendants deny the allegations in paragraph 162.

163. Paragraph 163 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC maintains collective trust investments and otherwise deny the allegations in paragraph 163.

164. Paragraph 164 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that a CTI is a pooled investment vehicle maintained by a bank or trust company that is available only to certain types of investors. Defendants otherwise deny the allegations in paragraph 164.

165. Paragraph 165 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 165.

166.    Defendants admit that BlackRock, Inc. acquired BGI and renamed it BTC; that the Retirement Committee entered into an IMA with BTC and the Plan sponsor, BlackRock, Inc., dated November 23, 2010, and that the IMA appointed BTC as investment manager with respect to Plan assets held in BTC-sponsored CTIs. Defendants otherwise deny the allegations in paragraph 166.

167.    Defendants admit that BTC, as investment manager, manages the assets invested in the CTIs that are offered through the Plan, subject to its investment management agreements with plans whose assets are invested in those CTIs and other governing documents. Defendants further admit that BTC, as trustee, maintains the CTIs offered through the Plan and controls the assets that are invested in those CTIs, subject to its investment management agreements with the plans whose assets are invested those CTIs and other governing documents. Defendants otherwise deny the allegations in paragraph 167.

168.    Paragraph 168 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 168.

169.    Paragraph 169 asserts legal conclusions to which no response is required. Defendants admit that the Retirement Committee appointed BTC as investment manager with respect to certain BlackRock Plan assets as provided in the IMA, and deny the remaining allegations in paragraph 169.

170.    Defendants admit that the BlackRock Plan's IMA provides that BTC accepts the appointment by the Named Fiduciary of BTC as investment manager with respect to certain Plan assets, and that the IMA further provides that BTC acknowledges that it is a fiduciary of the BlackRock Plan within the meaning of ERISA 3(21) with respect to the Plan's Account, as defined in the IMA. Defendants otherwise deny the allegations in paragraph 170.

171.    Defendants state that paragraph 171 purports to quote and characterize a document and refer to that document as the best evidence of its contents. To the extent a further response is required, Defendants deny that the specified quotation appears in the referenced document as alleged, and otherwise deny the allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.     Defendants state that paragraph 173 purports to quote from or characterize the BlackRock Plan's Form 5500 from the year 2016, and refer to that document as the best evidence of its contents. Defendants deny the remaining allegations in paragraph 173.

174.     Defendants deny the allegations in paragraph 174.

175.     Defendants admit that securities lending transactions typically involve a lender, a borrower, and a lending agent. Defendants further admit that in the CTIs' securities lending program, BTC, as lending agent, enters into a master securities lending agreement with each borrower, negotiates securities loans, accepts delivery of collateral, performs daily marks-to-market on loaned securities and collateral, and accepts returns of loaned securities. Defendants further admit that the borrower is considered the legal owner of a loaned security and is entitled to the benefits of ownership, but is contractually obligated to pay to the lending CTI the equivalent of all interest, dividends, and other distributions that the owner of the loaned securities is entitled to receive. Defendants also admit that the CTIs' securities lending program is designed to enhance returns of the lending CTIs. Defendants otherwise deny the allegations in paragraph 175.

176.     Defendants admit that in a typical securities lending transaction, the borrower provides collateral exceeding the value of the loaned stock or bond and pays a fee to the lending fund or account. Defendants further admit that the lending fund or account invests cash collateral in short-term investment funds, which generate a return. Defendants further admit that at the end of the loan (or when the fund or account requests), the borrower must return the security back to the lending fund or account, at which time the lending fund or account then releases the collateral and any rebates due back to the borrower. Defendants deny the remaining allegations in paragraph 176.

177.     Defendants admit that BTC is compensated for its services to plans that invest in the BlackRock CTIs that engage in securities lending in part through a share of the net income earned through securities lending. Defendants further admit that other lending agents may be compensated at least in part through a share of net securities lending income. Defendants lack sufficient information to admit or deny, and therefore deny, allegations regarding all

1  compensation arrangements used in the market, and otherwise deny the allegations in paragraph

2  177.

3           178.    Paragraph 178 asserts legal conclusions to which no response is required.

4           179.    Paragraph 179 asserts legal conclusions to which no response is required.

5  Defendants deny the remaining allegations in paragraph 179.

6           180.    Defendants admit that BTC serves as the lending agent for the plans invested in

7  the BlackRock CTIs, and otherwise deny the allegations in paragraph 180.

8           181.    Defendants admit that with respect to the BlackRock Plan BTC receives a 50%

9  share of net income earned through securities lending in the BlackRock CTIs, and otherwise deny

10  the allegations in paragraph 181.

11          182.    Paragraph 182 asserts legal conclusions to which no response is required.

12  Defendants deny the remaining allegations in paragraph 182.

13          183.    Paragraph 183 asserts legal conclusions to which no response is required.

14  Defendants deny the remaining allegations in paragraph 183.

15          184.    Defendants state that paragraph 184 purports to quote and characterize a

16  document, and refer to that document as the best evidence of its contents.  Paragraph 184 further

17  asserts legal conclusions to which no response is required.  To the extent a further response is

18  required, Defendants deny the allegations in paragraph 184.

19          185.    Defendants deny the allegations in paragraph 185.

20          186.    Defendants deny the allegations in paragraph 186.

21          187.    Defendants admit that the BlackRock Plan invested assets in CTIs that were

22  authorized to invest in other CTIs and to lend portfolio securities held by the CTIs.  Defendants

23  deny the remaining allegations in paragraph 187.

24          188.    Defendants deny the allegations in paragraph 188.

25          189.    Defendants lack sufficient information to admit or deny, and therefore deny, the

26  allegations in paragraph 189.

27          190.    Defendants deny the allegations in paragraph 190.

28          191.    Defendants deny the allegations in paragraph 191.

1      192.    Defendants deny the allegations in paragraph 192.

2      193.    Defendants deny the allegations in paragraph 193.

3      194.    Paragraph 194 asserts legal conclusions to which no response is required. Defendants admit that BTC earned compensation through the BlackRock Plan's investment in funds advised or sponsored by BlackRock, and deny the remaining allegations in paragraph 194.

195.    Paragraph 195 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 195.

      d.    *The BlackRock Target Date Funds, the Default Investment Option for the BlackRock Plan, Underperformed Alternatives but Generated Significant Securities Lending Fees for BlackRock*

196.    Defendants admit that the qualified default investment alternative for participants in the BlackRock Plan, pursuant to 29 C.F.R. § 2550.404c-5(e), is the LifePath Index Fund F, a suite of target date CTIs. Defendants deny the remaining allegations in paragraph 196.

197.    Defendants admit that BlackRock sponsors and manages the LifePath Index Fund F target date CTIs, that BTC is empowered to lend portfolio securities held by the CTIs, and that BTC is appointed and compensated to provide investment management, securities lending, and cash collateral management services with respect to the plans' respective assets invested in those CTIs. Defendants deny the remaining allegations in paragraph 197.

198.    Defendants admit that CTIs may invest in securities and other instruments indirectly by holding an interest in a fund that holds such securities and/or other instruments directly. Defendants deny the remaining allegations in paragraph 198.

199.    Defendants admit that CTIs may invest in securities and other instruments indirectly by holding an interest in a fund that holds such securities and/or other instruments directly. Defendants deny the remaining allegations in paragraph 199.

200.    Defendants admit that each LifePath Index Fund is invested in securities and other assets with the objective of providing for retirement outcomes consistent with investor preferences throughout the savings and drawdown phase based on quantitatively measured risk that investors, on average, may be willing to accept. Defendants otherwise deny the allegations in paragraph 200.

201.     Defendants state that paragraph 201 purports to quote from or characterize the BlackRock Plan's Form 5500 from the year 2016, and refer to that document as the best evidence of its contents.  Defendants deny the remaining allegations in paragraph 201.

202.     Defendants deny the allegations in paragraph 202.

203.     Defendants deny the allegations in paragraph 203.

204.     Defendants deny the allegations in paragraph 204.

205.     Defendants state that paragraph 205 includes a graphical illustration to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 205.

206.     Defendants admit that BlackRock Plan assets are invested in the LifePath Index Fund F target date CTIs.  Defendants otherwise deny the allegations in paragraph 206.

207.     Defendants admit that the assets of the LifePath Index Fund F target date CTIs are invested in other BlackRock CTIs, and that at various times the BlackRock CTIs specified in paragraph 207 were among the CTIs so used.  Defendants otherwise deny the allegations in paragraph 207.

208.     Defendants state that paragraph 208 refers to the graphical illustration in Paragraph 205 to which no response is required. To the extent a response is required, Defendants admit that some of the BlackRock CTIs that have received assets of LifePath Index Fund F target date CTIs have invested directly in other BlackRock CTIs, and that at various times the BlackRock CTIs specified in the chart included in paragraph 205 have been among the funds so used.  Defendants otherwise deny the allegations in paragraph 208.

209.     Defendants admit that the assets of the BlackRock MSCI ACWI ex-U.S. IMI Index Fund E are invested in other BlackRock CTIs, and that at various times the BlackRock CTIs specified in paragraph 209 have been among the funds so used.  Defendants otherwise deny the allegations in paragraph 209.

210.     Defendants admit that the assets of the U.S. Debt Index Fund E are invested in other BlackRock CTIs, and that at various times the BlackRock CTIs specified in paragraph 210 have been among the funds so used.  Defendants otherwise deny the allegations in paragraph 210.

ANSWER TO SAC
17-CV-01892-HSG-KAW

211.   Defendants deny the allegations in paragraph 211.

212.   Defendants deny the allegations in paragraph 212.

213.   Paragraph 213 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 213.

214.   Defendants deny the allegations in paragraph 214.

215.   Defendants deny the allegations in paragraph 215.

216.   Defendants admit that the qualified default investment alternative for participants in the BlackRock Plan, pursuant to 29 C.F.R. § 2550.404c-5(e), is the LifePath Index Fund F, a suite of target date CTIs. Defendants further admit that the LifePath Index Fund F target date CTIs have been the qualified default investment alternative for participants in the BlackRock Plan since 2010. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in paragraph 216.

217.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 217.

218.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 218.

219.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 219.

220.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 220.

221.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 221.

222.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 222.

223.   Defendants admit that BlackRock manages assets for the Thrift Savings Plan. Defendants deny the remaining allegations in paragraph 223.

224.   Defendants deny the allegations in paragraph 224.

225.   Defendants deny the allegations in paragraph 225.

226.    Defendants admit that the BlackRock Equity Index Fund E and the C Fund are benchmarked to the S&P 500 Index, and deny the remaining allegations in paragraph 226.

227.    Defendants admit that the U.S. Debt Index Fund E and the F Fund are benchmarked to the Barclays Capital U.S. Aggregate Bond Index, and deny the remaining allegations in paragraph 227.

228.    Defendants deny the allegations in paragraph 228.

229.    Defendants deny the allegations in paragraph 229.

230.    Defendants deny the allegations in paragraph 230.

231.    Defendants deny the allegations in paragraph 231.

232.    Defendants deny the allegations in paragraph 232.

233.    Defendants deny the allegations in paragraph 233.

234.    Defendants deny the allegations in paragraph 234.

235.    Defendants admit that the Investment Committee selected and maintained the LifePath Index Fund F target date suite as the qualified default investment alternative for the BlackRock Plan. Defendants deny the remaining allegations in paragraph 235.

236.    Defendants admit that the Investment Committee selected and maintained the LifePath Index Fund F target date suite as the qualified default investment alternative for the BlackRock Plan. Defendants deny the remaining allegations in paragraph 236.

237.    Defendants deny the allegations in paragraph 237.

238.    Defendants deny the allegations in paragraph 238.

239.    Defendants deny the allegations in paragraph 239.

240.    Defendants admit that the LifePath Index Fund F target date CTIs, BlackRock MSCI ACWI ex-U.S. IMI Index Fund F, Equity Dividend Fund F, BlackRock Global Allocation Collective Fund F, Active Stock Fund F, Russell 1000 Index Fund F, U.S. Debt Index Fund F, U.S. Treasury Inflation Protected Securities Fund F, and Russell 2000 Alpha Tilts Fund F are maintained by BTC. Defendants further state that paragraph 240 purports to quote from or characterize the BlackRock Plan's Form 5500, and refer to that document as the best evidence of its contents. Defendants deny the remaining allegations in paragraph 240.

1    241.    Defendants deny the allegations in paragraph 241.

2    242.    Defendants deny the allegations in paragraph 242.  Defendants further state that

3    paragraph 242 purports to compute data from one or more documents, and refer to those

4    documents as the best evidence of their contents.

5    243.    Defendants deny the allegations in paragraph 243.  Defendants further state that

6    paragraph 243 purports to compute data from one or more documents, and refer to those

7    documents as the best evidence of their contents.

8            e.    *BlackRock Used Plan Funds For Its Own Benefit and Harmed*
         *Participants By Seeding the CTI Versions of the BlackRock Global*
9               *Allocation Fund and the Total Return Fund*

10    244.    Defendants deny the allegations in paragraph 244.

11    245.    Paragraph 245 asserts legal conclusions to which no response is required.

12    Defendants deny the remaining allegations in paragraph 245.

13    246.    Defendants admit that the Plan invested in a mutual fund with the ticker symbol

14    MALOX until June 2014, and deny the remaining allegations in paragraph 246.

15    247.    Defendants deny the allegations in paragraph 247.

16    248.    Defendants admit that the prospectus for MALOX, dated February 27, 2015,

17    identifies a gross expense ratio of 87 bps in the year ending October 31, 2014.  Defendants deny

18    the remaining allegations in paragraph 248.

19    249.    Defendants deny the allegations in paragraph 249.

20    250.    Defendants deny the allegations in paragraph 250.

21    251.    Defendants admit that MALOX was replaced in the BlackRock Plan's lineup with

22    the BlackRock Global Allocation Collective Fund F CTI, which followed the same investment

23    strategy, in 2014.  Defendants deny the remaining allegations in Paragraph 251.

24    252.    Defendants admit that MALOX was replaced in the BlackRock Plan's lineup with

25    the BlackRock Global Allocation Collective Fund F CTI, which followed the same investment

26    strategy, in 2014.  Defendants deny the remaining allegations in Paragraph 252.

27    253.    Defendants deny the allegations in paragraph 253.

28    254.    Defendants admit the allegations in paragraph 254.

1    255.    Defendants admit the allegations in paragraph 255.

2    256.    Defendants deny the allegations in paragraph 256.

3    257.    Defendants admit that the BlackRock Total Return Fund (MPHQX) remained in
the BlackRock Plan's lineup until it was replaced with the BlackRock Total Return Bond Fund F
CTI. Defendants deny the remaining allegations in Paragraph 257.

6    258.    Defendants deny the allegations in paragraph 258.

7    259.    Defendants deny the allegations in paragraph 259.

8    260.    Defendants admit that the BlackRock Total Return Fund (MPHQX) remained in
the BlackRock Plan's lineup until it was replaced with the BlackRock Total Return Bond Fund F
CTI, which launched in August 2016. Defendants deny the remaining allegations in Paragraph
260.

12   261.    Defendants deny the allegations in paragraph 261.

13   262.    Defendants admit that the referenced funds were added to the BlackRock Plan
investment lineup. Defendants deny the remaining allegations in Paragraph 262

15   263.    Paragraph 263 asserts legal conclusions to which no response is required.

    *f. Failure to Remove Expensive and Underperforming BlackRock Low
      Duration Bond Mutual Fund*

264.    Defendants deny the allegations in paragraph 264.

265.    Defendants deny the allegations in paragraph 265.

266.    Defendants deny the allegations in paragraph 266.

267.    Defendants admit that the annual prospectuses for the BlackRock Low Duration
Bond Portfolio (CLDBX) disclose expense ratios for the fund, and BlackRock refers to those
disclosures as the best evidence of the fund's expense ratios. Defendants deny the remaining
allegations in Paragraph 267.

268.    Defendants admit that the investment adviser for the BlackRock Low Duration
Bond Portfolio (CLDBX) is BlackRock subsidiary BlackRock Advisors, LLC.

269.    Defendants state that paragraph 269 purports to quote and characterize a
document, and refer to that document as the best evidence of its contents. To the extent a further

response is required, Defendants admit that the specified quotation appears in the prospectus for the BlackRock Low Duration Bond Portfolio (CLDBX), dated January 27, 2017, and otherwise deny the allegations in paragraph 269.

270.   Defendants state that paragraph 270 purports to quote and characterize a document, and refer to that document as the best evidence of its contents. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in paragraph 270.

271.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 271.

272.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 272.

273.   Defendants deny the allegations in paragraph 273.

274.   Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 274.

275.   Defendants deny the allegations in paragraph 275.

276.   Defendants deny the allegations in paragraph 276.

g.   *By Concentrating Investment Management Under BlackRock Subsidiaries, Defendants Failed to Adequately Diversify Risk*

277.   Defendants deny the allegations in paragraph 277.

278.   Defendants deny the allegations in paragraph 278.

279.   Defendants state that paragraph 279 purports to quote and characterize a document, and refer to that document as the best evidence of its contents. Defendants deny the remaining allegations in paragraph 279.

280.   Defendants admit that there are risks associated with securities lending, as with all investment strategies, and otherwise deny the allegations in paragraph 280.

281.   Defendants state that paragraph 281 purports to characterize publicly filed documents, and refers to those documents as the best evidence of their contents. Defendants admit that BlackRock's Risk and Quantitative Analysis Group ("RQA") performs independent

oversight of fiduciary and enterprise risk, including with respect to BlackRock's securities lending program. Defendants otherwise deny the allegations in paragraph 281.

282. Paragraph 282 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 282.

283. Defendants deny the allegations in paragraph 283.

284. Defendants deny the allegations in paragraph 284.

285. Defendants deny the allegations in paragraph 285.

3. The Administrative Committee Defendants Failed to Properly Disclose Fees Consistent with ERISA's Disclosure Rules

286. Paragraph 286 asserts legal conclusions to which no response is required.

287. Paragraph 287 asserts legal conclusions to which no response is required.

288. Paragraph 288 asserts legal conclusions to which no response is required. Defendants further state that paragraph 288 purports to quote and characterize a regulation, and refer to that regulation as the best evidence of its contents.

289. Paragraph 289 asserts legal conclusions to which no response is required. Defendants further state that paragraph 289 purports to quote and characterize a regulation, and refer to that regulation as the best evidence of its contents.

290. Paragraph 290 asserts legal conclusions to which no response is required. Defendants further state that paragraph 290 purports to quote and characterize a regulation, and refer to that regulation as the best evidence of its contents.

291. Paragraph 291 asserts legal conclusions to which no response is required. Defendants further state that paragraph 291 purports to quote and characterize a regulation, and refer to that regulation as the best evidence of its contents.

292. Paragraph 292 asserts legal conclusions to which no response is required.

293. Defendants deny the allegations in paragraph 293.

294. Defendants state that paragraph 294 purports to quote from a document, and refer to that document as the best evidence of its contents. To the extent a response is required, Defendants deny the allegations in paragraph 294.

1    295.    Defendants state that paragraph 295 purports to quote from and characterize a

2    document, and refer to that document as the best evidence of its contents.  To the extent a

3    response is required, Defendants deny the allegations in paragraph 295.

4    296.    Defendants state that paragraph 296 purports to characterize a document, and refer

5    to that document as the best evidence of its contents.  Defendants admit that the 2 bps cap on

6    annual operating expenses does not cover BlackRock's share of net income earned through

7    securities lending in the BlackRock CTIs.  Defendants deny the remaining allegations in

8    paragraph 296.

9    297.    Defendants admit that the 2 bps cap on annual operating expenses does not cover

10   BlackRock's share of net income earned through securities lending in the BlackRock CTIs.

11   Defendants otherwise deny the allegations in paragraph 297.

12   298.    Defendants deny the allegations in paragraph 298.

13   299.    Paragraph 299 asserts legal conclusions to which no response is required.

14   300.    Defendants deny the allegations in paragraph 300.

15   301.    Defendants deny the allegations in paragraph 301.

16   302.    Paragraph 302 asserts legal conclusions to which no response is required.

17   Defendants deny the remaining allegations in paragraph 302.

18   303.    Defendants deny the allegations in paragraph 303.

19   **B.**    **Facts Related to the Claims of the CTI Class**

20       1.    **BTC and BlackRock are Fiduciaries to the CTI Class**

21   304.    Defendants admit that the BlackRock Plan and other eligible investors invest in

22   BTC-sponsored CTIs.  Defendants also admit that plaintiffs purport to bring the claims of the CTI

23   Class on behalf of the identified class.  Defendants otherwise deny the allegations in paragraph

24   304.

25   305.    Defendants admit that Plaintiff Slayton's individual BlackRock Plan account was

26   allocated in part to the LifePath Index 2050 Fund F, which may be invested in other BTC-

27   sponsored CTIs.  Defendants otherwise deny the allegations in paragraph 305.

28   306.    Defendants admit that the LifePath Index 2050 Fund F invested in other BTC-

ANSWER TO SAC
17-CV-01892-HSG-KAW

1    sponsored CTIs, which varied over time.  Defendants otherwise deny the allegations in paragraph

2    306.

3         307.    Defendants admit the allegations in paragraph 307.

4         308.    Defendants admit that the BTC-sponsored CTIs enumerated in paragraph 307 were

5    authorized to invest in other BTC-sponsored CTIs.  Defendants otherwise deny the allegations in

6    paragraph 308.

7         309.    Defendants admit that the Russell 1000 Index Fund F; Active Stock Fund F;

8    BlackRock MSCI ACWI ex-U.S. Index Fund F; U.S. Treasury Inflation Protected Securities

9    Fund F; and U.S. Debt Index Fund F each invested in other BTC-sponsored and managed CTIs.

10   Defendants otherwise deny the allegations in paragraph 309.

11        310.    Defendants deny the allegations in paragraph 310.

12        311.    Paragraph 311 asserts legal conclusions to which no responses are required.  To

13   the extent a response is required, Defendants admit that the referenced CTIs are organized as

14   trusts, and otherwise deny the allegations in paragraph 311.

15        312.    Defendants admit that the referenced CTIs have held assets of the BlackRock Plan

16   at various times since 2011.  Paragraph 312 otherwise asserts legal conclusions to which no

17   response is required.  To the extent a response is required, Defendants deny the remaining

18   allegations in paragraph 312.

19        313.    Paragraph 313 asserts legal conclusions to which no response is required.

20        314.    Defendants admit that plans investing in the referenced CTIs have appointed BTC

21   as investment manager, and that BTC has exercised its authority as investment manager pursuant

22   to that appointment.  The remainder of paragraph 314 asserts legal conclusions to which no

23   response is required.

24        315.    Paragraph 315 asserts legal conclusions to which no response is required.

25        316.    Paragraph 316 asserts legal conclusions to which no response is required.

26        317.    Paragraph 317 asserts legal conclusions to which no response is required.

27        318.    Paragraph 318 asserts legal conclusions to which no response is required.  To the

28   extent a response is required, Defendants deny the allegations in paragraph 318.

1       319.    Defendants admit that certain payroll employees of BTC were subject to dual-

2   hatting arrangements with other BlackRock affiliates under which they provided services to those

3   affiliates.  Defendants otherwise deny the allegations in Paragraph 319.

4       320.    Defendants deny the allegations in paragraph 320.

5       321.    Defendants admit the allegations in paragraph 321.

6       322.    Paragraph 322 asserts legal conclusions to which no response is required.

7       323.    Defendants deny the allegations in paragraph 323.

8       324.    Defendants admit that BTC, by virtue of its appointment as investment manager

9   and lending agent by plans investing in BlackRock CTIs, makes securities lending decisions on

10   behalf of BlackRock CTIs in accordance with applicable governing documents.  Defendants

11   otherwise deny the allegations in paragraph 324.

12       325.    Defendants admit that BTC, by virtue of its appointment as investment manager

13   and lending agent by plans investing in BlackRock CTIs, makes securities lending decisions on

14   behalf of BlackRock CTIs in accordance with applicable governing documents.  Defendants

15   otherwise deny the allegations in paragraph 325.

16       326.    Defendants admit that BTC, by virtue of its appointment as investment manager

17   and lending agent by plans investing in BlackRock CTIs, makes securities lending decisions

18   (including decisions on the types of collateral to be accepted from borrowers) on behalf of

19   BlackRock CTIs in accordance with applicable governing documents.  Defendants otherwise

20   deny the allegations in paragraph 326.

21       327.    Defendants admit that BTC manages the securities lending cash collateral

22   pursuant to plan-approved governing documents, including investment guidelines.  Defendants

23   otherwise deny the allegations in paragraph 327.

24       328.    Defendants admit that BTC, by virtue of its appointment as investment manager by

25   plans investing in BlackRock CTIs, negotiates with securities lending borrowers the amount of

26   the rebate that will be paid, if any, to the borrower in a securities lending transaction.  Defendants

27   otherwise deny the allegations in paragraph 328.

28       329.    Defendants deny the allegations in paragraph 329.

330.    Defendants state that paragraph 330 purports to characterize particular documents, and refer to those documents as the best evidence of their contents.  Defendants admit that various groups within BlackRock provide input into BlackRock's negotiations with the independent fiduciaries of investing plans regarding the terms on which the plans invest in BlackRock CTIs.  To the extent a further response is required, Defendants admit that the specified quotations appear in the referenced documents, and otherwise deny the allegations in paragraph 330.

331.    Paragraph 331 asserts legal conclusions to which no response is required.

332.    Paragraph 332 asserts legal conclusions to which no response is required.

333.    Paragraph 333 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 333.

334.    Paragraph 334 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 334.

335.    Paragraph 335 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 335.

2.    <u>BTC was required to manage the assets of the BlackRock CTIs in accordance with ERISA's fiduciary requirements and the CTI Plan Documents</u>

336.    Paragraph 336 asserts legal conclusions to which no response is required.  Paragraph 336 also purports to characterize particular documents and regulations, and Defendants refer to those documents and regulations as the best evidence of their contents.  To the extent a response is required, Defendants admit that the specified quotations appear in the referenced regulations and documents, and otherwise deny the allegations in paragraph 336.

337.    Paragraph 337 asserts legal conclusions to which no response is required.  Paragraph 337 also purports to characterize particular documents, and Defendants refer to those documents as the best evidence of their contents.  To the extent a response is required, Defendants admit that the specified quotation appears in the referenced documents, and otherwise deny the allegations in paragraph 337.

338.    Paragraph 338 asserts legal conclusions to which no response is required.  Paragraph 338 also purports to characterize particular documents, and Defendants refer to those

1    documents as the best evidence of their contents. To the extent a response is required,

2    Defendants admit that the specified quotation appears in the referenced documents, and otherwise

3    deny the allegations in paragraph 338.

4        339.    Paragraph 339 asserts legal conclusions to which no response is required.

5    Paragraph 339 also purports to characterize particular documents, and Defendants refer to those

6    documents as the best evidence of their contents. To the extent a response is required,

7    Defendants admit that the specified quotation appears in the referenced documents, and otherwise

8    deny the allegations in Paragraph 339.

9        340.    Paragraph 340 asserts legal conclusions to which no response is required.

10   Paragraph 340 also purports to characterize particular documents, and Defendants refer to those

11   documents as the best evidence of their contents. To the extent a response is required,

12   Defendants admit that the specified quotation appears in the referenced documents, and otherwise

13   deny the allegations in paragraph 340.

14       341.    Paragraph 341 purports to characterize particular documents, and Defendants refer

15   to those documents as the best evidence of their contents. To the extent a response is required,

16   Defendants admit that the specified quotations appear in the referenced documents, and otherwise

17   deny the allegations in paragraph 341.

18       342.    Paragraph 342 purports to characterize particular documents, and Defendants refer

19   to those documents as the best evidence of their contents. To the extent a response is required,

20   Defendants admit that the specified quotations appear in the referenced documents, and otherwise

21   deny the allegations in paragraph 342.

22       343.    Defendants deny the allegations in paragraph 343.

23       344.    Paragraph 344 asserts legal conclusions to which a response is not required.

24   Paragraph 344 also purports to characterize particular documents, and Defendants refer to those

25   documents as the best evidence of their contents. To the extent a response is required,

26   Defendants admit that the specified quotations appear in the referenced documents, and otherwise

27   deny the allegations in paragraph 344.

28       345.    Paragraph 345 asserts legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in paragraph 345.

346.     Paragraph 346 asserts legal conclusions to which no response is required. Paragraph 346 also purports to characterize particular documents, and Defendants refer to those documents as the best evidence of their contents. To the extent a response is required, Defendants deny the allegations in paragraph 346.

347.     Paragraph 347 purports to characterize particular documents, and Defendants refer to those documents as the best evidence of their contents. To the extent a response is required, Defendants admit that the specified quotations appear in the referenced documents, and otherwise deny the allegations in paragraph 347.

348.     Paragraph 348 purports to characterize particular documents, and Defendants refer to those documents as the best evidence of their contents. To the extent a response is required, Defendants admit that the specified quotations appear in the referenced documents, and otherwise deny the allegations in paragraph 348.

349.     Paragraph 349 asserts legal conclusions to which no response is required. Paragraph 349 further purports to characterize particular documents, and Defendants refer to those documents as the best evidence of their contents. To the extent a response is required, Defendants deny the allegations in paragraph 349.

350.     Paragraph 350 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 350.

351.     Paragraph 351 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 351.

3.     <u>BTC Violated Its ERISA Fiduciary Duties to the Participants in Each of the Employee Benefit Plans Invested in the BlackRock CTIs</u>

352.     Paragraph 352 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 352.

353.     Defendants deny the allegations in paragraph 353.

354.     Defendants deny the allegations in paragraph 354.

355.     Defendants admit that BTC serves as the lending agent for plans that invest in the

BlackRock CTIs that engage in securities lending.   Defendants otherwise deny the allegations  in paragraph 355.

356.    Paragraph 356 asserts legal conclusions  to which no response is required.  To the extent a response is required, Defendants deny the allegations  in paragraph 356.

a.    *BTC Charged/Charges Excessive Fees of 50% of all Securities Lending Revenue.*

357.    Paragraph 357 asserts legal conclusions  to which no response is required. Defendants admit that BTC serves as the lending agent to plans that invest in the BlackRock CTIs that engage in securities lending,  and that BTC generally  receives part of its compensation  for the services it provides  to plans that invest in lending CTIs from a share of the net income  earned through securities lending  in the CTIs. Defendants further admit that, if a loan is collateralized with cash, net income  is determined  by calculating  the return received by the BlackRock CTI's investment  of cash collateral  posted for securities loans in cash collateral funds, net of borrower rebate fees.  Defendants otherwise deny the allegations  in paragraph 357.

358.    Defendants state that paragraph 358 purports to quote and characterize a document, and refer to that document as the best evidence of its contents.  Defendants admit that the specified  quotation  appears in the referenced document, and otherwise deny the allegations  in paragraph 358.

359.    Defendants state that paragraph 359 purports to quote and characterize a document, and refer to that document as the best evidence of its contents.  Defendants deny the remaining  allegations  in paragraph 359.

360.    Defendants deny the allegations  in paragraph 360.

361.    Defendants state that paragraph 361 purports to quote and characterize a document, and refer to that document as the best evidence of its contents.  To the extent a response is required, Defendants lack sufficient  information  to admit or deny, and therefore deny, the allegations  in paragraph 361.

362.    Defendants state that paragraph 362 purports to quote and characterize a document, and refer to that document as the best evidence of its contents.  To the extent a

1   response is required, Defendants lack sufficient information to admit or deny, and therefore deny,

2   the allegations in paragraph 362.

3        363.    Defendants lack sufficient information to admit or deny, and therefore deny, the

4   allegations in paragraph 363.

5        364.    Defendants state that paragraph 364 purports to quote and characterize a

6   document, and refer to that document as the best evidence of its contents. To the extent a

7   response is required, Defendants lack sufficient information to admit or deny, and therefore deny,

8   the allegations in paragraph 364.

9        365.    Defendants state that paragraph 365 purports to quote and characterize a

10  document, and refer to that document as the best evidence of its contents. To the extent a

11  response is required, Defendants lack sufficient information to admit or deny, and therefore deny,

12  the allegations in paragraph 365.

13       366.    Defendants admit that the BlackRock CTIs have hundreds of billions of dollars in

14  invested assets under management. Defendants otherwise deny the allegations in Paragraph 366.

15       367.    Paragraph 367 asserts legal conclusions to which no response is required.

16  Defendants deny the remaining allegations in paragraph 367.

17       368.    Defendants state that paragraph 368 purports to quote and characterize a

18  document, and refer to that document as the best evidence of its contents. To the extent a further

19  response is required, Defendants admit that the specified quotation appears in the referenced

20  document, and otherwise deny the allegations in paragraph 368.

21       369.    Defendants state that paragraph 369 purports to quote and characterize a

22  document, and refer to that document as the best evidence of its contents. Defendants admit that

23  the specified quotation appears in the referenced document, and otherwise deny the allegations in

24  paragraph 369.

25       370.    Defendants deny the allegations in paragraph 370.

26       371.    Defendants state that paragraph 371 purports to quote and characterize a

27  document, and refer to that document as the best evidence of its contents. Defendants admit that

28  the specified quotation appears in the referenced document, and otherwise deny the allegations in

1   paragraph 371.

2         372.    Defendants deny the allegations in paragraph 372.

3         373.    Defendants state that paragraph 373 purports to quote and characterize a

4   document, and refer to that document as the best evidence of its contents.  To the extent a further

5   response is required, Defendants deny the allegations in paragraph 373.

6         374.    Defendants deny the allegations in paragraph 374.

7         375.    Defendants deny the allegations in paragraph 375.

8         376.    Defendants admit that employees of BlackRock were aware that the compensation

9   structures available to certain investors from competitors in the market included arrangements in

10   which the service provider retained a lower share of net income it earned through securities

11   lending.  Defendants otherwise deny the allegations in paragraph 376.

12         377.    Defendants deny the allegations in paragraph 377.

13         378.    Defendants state that paragraph 378 purports to quote and characterize particular

14   documents, and refers to those documents as the best evidence of their contents.  To the extent a

15   further response is required, Defendants deny the remaining allegations in paragraph 378.

16         379.    Defendants state that paragraph 379 purports to quote and characterize a

17   document, and refer to that document as the best evidence of its contents.  Paragraph 379 further

18   asserts legal conclusions to which no response is required.  Defendants deny the remaining

19   allegations in paragraph 379.

20         380.    Paragraph 380 asserts legal conclusions to which no response is required.  To the

21   extent a response is required, Defendants deny the allegations in paragraph 380.

22         381.    Defendants deny the allegations in paragraph 381.

23         382.    Defendants deny the allegations in paragraph 382.

24         383.    Defendants admit that it is possible for a borrower rebate to exceed net securities

25   lending income to a CTI in a given transaction, and otherwise deny the allegations in paragraph

26   383.

27         384.    Defendants state that paragraph 384 purports to characterize documents, and refer

28   to those documents as the best evidence of their contents.  Defendants otherwise deny the

1   allegations in paragraph 384.

2       385.   Defendants admit that BTC is generally paid a fee in connection with its

3   management of cash collateral for lending CTIs, and otherwise deny the allegations in paragraph

4   385.

5            b.   *BTC Pays Itself Excessive, Undisclosed Management Fees for the*
    *Investment of Securities Lending Cash Collateral for an Passes All*

6               *Risks of Securities Lending to the CTI Class.*

7       386.   Defendants admit that BTC receives a share of net income earned through

8   securities lending in the BlackRock CTIs and a cash collateral management fee. Defendants

9   otherwise deny the allegations in paragraph 386.

10       387.   Defendants admit that securities lending cash collateral for the BlackRock CTIs

11   was invested in BTC-sponsored STIFs as agreed with client plans, and that for most clients the

12   fee for managing the cash collateral within those STIFs ranged from 5.0 to 5.6 bps. Defendants

13   otherwise deny the allegations in paragraph 387.

14       388.   Paragraph 388 asserts legal conclusions to which no response is required. To the

15   extent a response is required, Defendants deny the allegations in paragraph 388.

16       389.   Defendants state that paragraph 389 purports to quote and characterize a

17   document, and refer to that document as the best evidence of its contents. To the extent a further

18   response is required, Defendants admit that the referenced financial statement contains the quoted

19   language, and otherwise deny the allegations in paragraph 389.

20       390.   Paragraph 390 asserts legal conclusions to which no response is no required. To

21   the extent a response is required, Defendants deny the allegations in paragraph 390.

22       391.   Defendants deny the allegations in paragraph 391.

23       392.   Defendants lack sufficient information to admit or deny, and therefore deny, the

24   allegations in paragraph 392.

25       393.   Defendants deny the allegations in paragraph 393.

26       394.   Defendants state that paragraph 394 purports to quote and characterize a

27   document, and refer to that document as the best evidence of its contents. Defendants admit that

28   the specified quotation appears in the referenced document, and otherwise deny the allegations in

1    paragraph 394.

2         395.    Defendants deny the allegations in paragraph 395.

3         396.    Defendants deny the allegations in paragraph 396.

4         397.    Defendants deny the allegations in paragraph 397.

5         398.    Defendants deny the allegations in paragraph 398.

6         399.    Defendants deny the allegations in paragraph 399.

7         400.    Defendants deny the allegations in paragraph 400.

8         401.    Defendants deny the allegations in paragraph 401.

9         402.    Defendants deny the allegations in paragraph 402.

10         403.    Defendants deny the allegations in paragraph 403.

11              c.    *The Excessive Fee is Not Justified Because, Among Other Things,*
                       *All Risk is Allocated to the CTI Class.*
12

13         404.    Defendants admit that there are risks associated with securities lending, and deny

14    the remaining allegations in paragraph 404.

15         405.    Defendants deny the allegations in paragraph 405.

16         406.    Defendants deny the allegations in paragraph 406.

17         407.    Defendants state that paragraph 407 includes a graphical illustration to which no

       response is required. Paragraph 407 further asserts legal conclusions to which no response is
18
       required. Defendants deny the remaining allegations in paragraph 407.
19
           408.    Defendants deny the allegations in paragraph 408.
20
           409.    Defendants deny the allegations in paragraph 409.
21
           410.    Defendants deny the allegations in paragraph 410.
22

23              d.    *BTC's Selection of Excessively Risky Synthetic STIFs for the*
                       *BlackRock CTI's Cash Collateral and in turn, BTC's Portfolio*
                       *Management of the STIFs, Increased BTC's Securities Lending*
24                     *Revenue but Caused Significant Losses to the CTI Class.*

25         411.    Paragraph 411 asserts legal conclusions to which no response is required.

26    Defendants admit that securities lending cash collateral was invested in Cash Equivalent Fund II

27    ("CEF II") and Cash Equivalent Fund B ("CEF B") pursuant to plan-approved governing

28    documents. Defendants otherwise deny the allegations in paragraph 411.

1    412.    Defendants admit the allegations in paragraph 412.

2    413.    Defendants admit that different types of securities have different risk and return

3    profiles. Defendants otherwise deny the allegations in paragraph 413.

4    414.    Defendants deny the allegations in paragraph 414.

5    415.    Paragraph 415 purports to quote and characterize the contents of public

6    documents, and Defendants refer to the documents themselves as the best evidence of their

7    contents. To the extent a further response is required, Defendants deny the allegations in

8    paragraph 415.

9    416.    Defendants admit that securities lending cash collateral was invested in CEF II and

10   CEF B pursuant to plan-approved governing documents. Defendants otherwise deny the

11   allegations in paragraph 416.

12   417.    Defendants admit that securities lending cash collateral was invested in CEF II and

13   CEF B pursuant to plan-approved governing documents. Defendants otherwise deny the

14   allegations in paragraph 417.

15   418.    Defendants admit that investing plans have appointed BTC to be the investment

16   manager of assets invested in CEF II and CEF B and that BTC, as trustee, maintains CEF II and

17   CEF B. Defendants otherwise deny the allegations in paragraph 418.

18   419.    Defendants deny the allegations in paragraph 419.

19   420.    Defendants deny the allegations in paragraph 420.

20   421.    Paragraph 421 purports to characterize the contents of certain documents, and

21   Defendants refer to the documents themselves as the best evidence of their contents. To the

22   extent a response is required, Defendants admit that BTC manages CEF II, CEF B, and other

23   BTC-sponsored STIFs pursuant to the CTI Plan Documents and other governing documents, and

24   otherwise deny the allegations in paragraph 421.

25   422.    Paragraph 422 purports to quote and characterize the contents of documents, and

26   Defendants refer to the documents themselves as the best evidence of their contents. To the

27   extent a further response is required, Defendants admit that the specified quotations appear in the

28   referenced documents, and otherwise deny the allegations in paragraph 422.

423.    Paragraph 423 asserts legal conclusions to which no response is required. Paragraph 423 also purports to quote and characterize the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that the pertinent provisions of the CTI Plan Documents in 2011 and 2012 (addressed to short-term investment funds used for management of securities lending cash collateral) provided that BTC shall maintain a dollar-weighted average portfolio maturity of ninety (90) days or less, and hold the assets of such short-term fixed income funds until maturity under usual circumstances, but deny that dollar-weighted average portfolio maturity was or is used as a measure of the time to repayment of all the principal of a debt obligation. Defendants otherwise deny the allegations in paragraph 423.

424.    Paragraph 424 purports to quote and characterize the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that in 2011 and 2012 BTC-sponsored STIFs were subject to governing documents, including investment guidelines titled "Short-Term Investment Funds: Overview and Guidelines" and frequently referred to as the "STIF Guidelines." Defendants otherwise deny the allegations in paragraph 424.

425.    Paragraph 425 purports to quote and characterize the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that the quoted language appears in the STIF Guidelines applicable in 2011 and 2012.

426.    Paragraph 426 purports to quote and characterize the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that the quoted language appears in the STIF Guidelines applicable in 2011 and 2012.

427.    Paragraph 427 purports to characterize the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that a portfolio-level specification for a dollar-weighted average portfolio maturity of 90 days, and a security-level specification for a maximum expected

1    maturity of three years (applied at the time of purchase) appear in the STIF Guidelines for CEF II

2    and CEF B applicable in 2011 and 2012. Defendants otherwise deny the allegations in paragraph

3    427.

4         428.    Defendants admit that maximum expected maturity specifications can be used to

5    mitigate potential credit risk in a portfolio. Defendants are otherwise without knowledge or

6    information sufficient to admit or deny the remaining allegations in paragraph 428.

7         429.    Defendants deny the allegations in paragraph 429.

8         430.    Paragraph 430 purports to quote and characterize the contents of documents, and

9    Defendants refer to the documents themselves as the best evidence of their contents. Defendants

10   otherwise deny the allegations in paragraph 430.

11        431.    Paragraph 431 purports to quote and characterize the contents of documents, and

12   Defendants refer to the documents themselves as the best evidence of their contents. Defendants

13   otherwise deny the allegations in paragraph 431.

14        432.    Defendants deny the allegations in paragraph 432.

15        433.    Defendants deny the allegations in paragraph 433.

16        434.    Paragraph 434 asserts legal conclusions as to which no response is required. To

17   the extent a response is required, Defendants deny the allegations in paragraph 434.

18        435.    Defendants deny the allegations in paragraph 435.

19        436.    Paragraph 436 asserts legal conclusions to which no response is required. To the

20   extent a response is required, Defendants deny the allegations in paragraph 436.

21        437.    Defendants admit that the financial statements for the fund specified in paragraph

22   437, for the year ending December 31, 2011, indicated unrealized losses, in amounts specified in

23   paragraph 437, in securities identified as "medium term notes." Defendants otherwise deny the

24   allegations in paragraph 437.

25        438.    Paragraph 438 asserts legal conclusions to which no response is required. To the

26   extent a response is required, Defendants deny the allegations in paragraph 438.

27        439.    Defendants admit that there were sales of portfolio securities from the funds

28   specified in paragraph 439 during 2012, that these securities were identified as "medium term

ANSWER TO SAC
17-CV-01892-HSG-KAW

1   notes," and that the funds recorded realized losses on such sales as a result.  Defendants otherwise

2   deny the allegations in paragraph 439.

3          440.    Defendants deny the allegations in paragraph 440.

4          441.    Paragraph 441 requires no response to the extent it asserts allegations that relate to

5   claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and

6   Administrative Motions to Seal (ECF No. 340).  To the extent a response is required, Defendants

7   deny the allegations in paragraph 441.

8          442.    Paragraph 442 requires no response to the extent it asserts allegations that relate to

9   claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and

10  Administrative Motions to Seal (ECF No. 340).  To the extent a response is required, Defendants

11  deny the allegations in paragraph 442.

12         443.    Defendants admit that BTC elected, prior to 2012, not to distribute some of the net

13  investment income of the funds specified in paragraph 443 in order to increase the funds' unit

14  value per share by partially offsetting the impact of temporary declines in investment valuations

15  or any potential future interest and principal losses.  Defendants otherwise deny the allegations in

16  paragraph 443.

17         444.    Paragraph 444 purports to characterize the contents of documents, and Defendants

18  refer to the documents themselves as the best evidence of their contents.  To the extent a response

19  is required, Defendants admit that the audited financial statements for the fund specified in

20  paragraph 444 for the year ending December 31, 2011 disclose accumulated undistributed net

21  investment income of over the amount specified in paragraph 444.  Defendants otherwise deny

22  the allegations in paragraph 444.

23         445.    Paragraph 445 purports to characterize the contents of documents, and Defendants

24  refer to the documents themselves as the best evidence of their contents.  To the extent a response

25  is required, Defendants admit that the audited financial statements for the fund specified in

26  paragraph 445 for the year ending December 31, 2011 disclose accumulated undistributed net

27  investment income of over the amount specified in paragraph 445.  Defendants otherwise deny

28  the allegations in paragraph 445.

1    446.    Paragraph 446 purports to characterize the contents of documents, and Defendants

2    refer to the documents themselves as the best evidence of their contents.  To the extent a response

3    is required, Defendants admit that the audited financial statements for the funds specified in

4    paragraph 446 for the year ending December 31, 2012 disclose that BTC elected to offset realized

5    losses in the amounts specified in paragraph 446 with accumulated undistributed investment

6    income.  Defendants otherwise deny the allegations in paragraph 446.

7    447.    Paragraph 447 asserts legal conclusions to which no response is required.

8    Paragraph 447 also purports to describe the contents of regulations, and Defendants refer to the

9    regulations themselves as the best evidence of their contents.

10    448.    Paragraph 448 purports to describe the contents of documents, and Defendants

11    refer to the documents themselves as the best evidence of their contents.  To the extent a further

12    response is required, Defendants deny the allegations in paragraph 448.

13    449.    Defendants admit that CTI Plan Document A was amended after 2012 to include

14    the quoted language.  Defendants otherwise deny the allegations in paragraph 449.

15    450.    Paragraph 450 purports to describe the contents of a document, and Defendants

16    refer to the document itself as the best evidence of its contents.  To the extent a further response is

17    required, Defendants admit that the specified quotation appears in the referenced document, and

18    otherwise deny the allegations in paragraph 450.

19    451.    Paragraph 451 asserts legal conclusions to which no response is required.  To the

20    extent a response is required, Defendants deny the allegations in paragraph 451.

21    452.    Paragraph 452 purports to describe the contents of documents, and Defendants

22    refer to the documents themselves as the best evidence of their contents.  To the extent a further

23    response is required, Defendants admit that a Capital Support Agreement with Barclays Bank

24    PLC was in place with respect to specific covered securities to support the net asset value per unit

25    of CEF II, CEF B, and certain other BTC-sponsored STIFs, and otherwise deny the allegations in

26    paragraph 452.

27    453.    Paragraph 453 purports to describe the contents of documents, and Defendants

28    refer to the documents themselves as the best evidence of their contents.  To the extent a further

1  response is required, Defendants admit that a Capital Support Agreement with Barclays Bank

2  PLC was in place with respect to specific covered securities to support the net asset value per unit

3  of CEF II, CEF B, and certain other BTC-sponsored STIFs, and otherwise deny the allegations in

4  paragraph 453.

5  454.  Paragraph 454 asserts legal conclusions to which no response is required. To the

6  extent a response is required, Defendants deny the allegations in paragraph 454.

7  455.  Paragraph 455 requires no response to the extent it asserts allegations that relate to

8  claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and

9  Administrative Motions to Seal (ECF No. 340). Paragraph 455 further asserts legal conclusions

10  to which no response is required. To the extent a response is required, Defendants deny the

11  allegations in paragraph 455.

12  456.  Defendants state that paragraph 456 purports to characterize the contents of

13  records and refer to those records as the best evidence of their contents. Defendants admit that

14  the audited financial statements for CEF II for the years ending December 31, 2011 and

15  December 31, 2012, enumerate various accounting metrics (including, as applicable, value and

16  realized/unrealized losses, as defined and explained in the notes to the financial statements) for

17  the assets in the portfolio, which include the Capital Support Agreements. Defendants otherwise

18  deny the allegations in paragraph 456.

19  457.  Defendants state that paragraph 457 purports to characterize the contents of

20  records and refer to those records as the best evidence of their contents. Defendants admit that

21  the audited financial statements for CEF B for the years ending December 31, 2011 and

22  December 31, 2012, enumerate various accounting metrics (including, as applicable, value and

23  realized/unrealized losses, as defined and explained in the notes to the financial statements) for

24  the assets in the portfolio, which include the Capital Support Agreements. Defendants otherwise

25  deny the allegations in paragraph 457.

26  458.  Defendants admit that net realized losses may negatively affect income distributed

27  to investors in short-term investment funds like CEF II and CEF B. Defendants otherwise deny

28  the allegations in paragraph 458.

459.     Defendants state that paragraph 459 purports to characterize the contents of records and refer to those records as the best evidence of their contents.  Defendants admit that the audited financial statements for CEF II and CEF B for the years ending December 31, 2011 and December 31, 2012, enumerate various accounting metrics (including, as applicable, value and realized/unrealized losses, as defined and explained in the notes to the financial statements) for the assets in the portfolio, which include the Capital Support Agreements.  Defendants otherwise deny the allegations in paragraph 459.

460.     Defendants admit the allegations in paragraph 460.

461.     Defendants deny the allegations in paragraph 461.

462.     Defendants deny the allegations in paragraph 462.

463.     Defendants deny the allegations in paragraph 463.

464.     Defendants deny the allegations in paragraph 464.

465.     Defendants admit that PricewaterhouseCoopers has audited the financial statements for the BlackRock CTIs since BlackRock acquired BGI, and otherwise deny the allegations in paragraph 465.

466.     Defendants admit that the CTI Plan Documents are among the documents that govern the BlackRock CTIs.  Defendants further admit that BlackRock employs processes to ensure compliance with documents governing the BlackRock CTIs, including the CTI Plan Documents.  Defendants otherwise deny the allegations in paragraph 466.

467.     Defendants admit that the Notes to certain audited financial statements for the BlackRock CTIs include a statement that the accounting policies followed by BTC in the preparation of the financial statements "are in conformity with accounting principles generally accepted in the United States of America ('GAAP') and the Fund's plan documents, which are not within the scope of the audit."  Defendants otherwise deny the allegations in paragraph 467.

468.     Defendants deny the allegations in paragraph 468.

469.     Defendants deny the allegations in paragraph 469.

470.     Paragraph 470 purports to describe the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents.  To the extent a further

response is required, Defendants admit that the "statement of assets and liabilities" included in the 2013 audited financial statements for CEF II reports a cash position of the amount specified in paragraph 470. Defendants otherwise deny the allegations in paragraph 470.

471.    Defendants deny the allegations in paragraph 471.

472.    Defendants admit that the audited financial statements for the STIFs did not include a "statement of cash flows" after 2013. Defendants otherwise deny the allegations in paragraph 472.

473.    Paragraph 473 purports to describe the contents of documents, and Defendants refer to the documents themselves as the best evidence of their contents. To the extent a further response is required, Defendants admit that the "statement of assets and liabilities" included in the 2013 audited financial statements for CEF B reports a cash position of the amount specified in paragraph 473. Defendants otherwise deny the allegations in paragraph 473.

474.    Defendants deny the allegations in paragraph 474.

475.    Defendants deny the allegations in paragraph 475.

476.    Defendants admit that some securities lending cash collateral for the BlackRock CTIs was invested in CEF II in the 2011 through 2013 period, pursuant to plan-approved governing documents. Defendants otherwise deny the allegations in paragraph 476.

477.    Paragraph 477 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 477.

478.    Paragraph 478 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 478.

479.    Defendants deny the allegations in paragraph 479.

480.    Defendants deny the allegations in paragraph 480.

## V.    CLASS ALLEGATIONS

481.    Paragraph 481 asserts legal conclusions to which no response is required. Defendants admit that plaintiffs purport to bring this action on behalf of two classes, and deny the remaining allegations in paragraph 481.

ANSWER TO SAC
17-CV-01892-HSG-KAW

**A.    The Class of BlackRock Plan Participants ("BlackRock Plan Class")**

482.    Paragraph 482 asserts legal conclusions to which no response is required. Defendants admit that plaintiffs purport to bring claims on behalf of the described class.

483.    Paragraph 483 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 483.

484.    Paragraph 484 asserts legal conclusions to which no response is required. Defendants admit that as of the date of this Answer the Plan has more than 10,000 participants.

485.    Paragraph 485 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 485.

486.    Paragraph 486 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 486.

487.    Paragraph 487 asserts legal conclusions to which no response is required. Defendants admit that plaintiffs' counsel have handled prior class actions and ERISA litigation, and deny the remaining allegations in paragraph 487.

488.    Defendants state that they lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 488.

489.    Paragraph 489 asserts legal conclusions to which no response is required. Defendants admit that individual members of the Class have experienced no losses at all, and deny the remaining allegations in paragraph 489.

490.    Paragraph 490 asserts legal conclusions to which no response is required. Defendants state that they lack sufficient information to admit or deny, and therefore deny, the allegations in paragraph 490 concerning plaintiffs' knowledge.

491.    Paragraph 491 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 491.

**B.    The Class of Participants Invested in the CTIs ("the CTI Class")**

492.    Paragraph 492 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiffs purport to bring claims on behalf of a class of CTI investors, but deny that they have sought to certify the class described in paragraph

1  492 or that such a class can properly be certified.

2       493.    Paragraph 493 asserts legal conclusions to which no response is required.  To the
3  extent a response is required, Defendants deny the allegations in paragraph 493.

4       494.    Paragraph 494 asserts legal conclusions to which no response is required.  To the
5  extent a response is required, Defendants lack sufficient information to admit or deny, and
6  therefore deny, the remaining allegations in paragraph 494.

7       495.    Paragraph 495 asserts legal conclusions to which no response is required.  To the
8  extent a response is required, Defendants deny the allegations in paragraph 495.

9       496.    Paragraph 496 asserts legal conclusions to which no response is required.  To the
10  extent a response is required, Defendants deny the allegations in paragraph 496.

11       497.    Paragraph 497 asserts legal conclusions to which no response is required.  To the
12  extent a response is required, Defendants state that they lack sufficient information to admit or
13  deny, and therefore deny, the allegations concerning plaintiffs' counsel's knowledge and
14  arrangement with their clients, and deny the remaining allegations in paragraph 497.

15       498.    Paragraph 498 asserts legal conclusions to which no response is required.  To the
16  extent a response is required, Defendants admit that the BlackRock CTIs are collective trust
17  investments, and otherwise deny the allegations in paragraph 498.

18       499.    Paragraph 499 asserts legal conclusions to which no response is required.  To the
19  extent a response is required, Defendants admit that individual members of the Class have
20  experienced no losses at all, and deny the remaining allegations in paragraph 499.

21       500.    Paragraph 500 asserts legal conclusions to which no response is required.  To the
22  extent a response is required, Defendants state that they lack sufficient information to admit or
23  deny, and therefore deny, the allegations in paragraph 500 concerning plaintiffs' knowledge, and
24  otherwise deny the allegations in paragraph 500.

25       501.    Paragraph 501 asserts legal conclusions to which no response is required.  To the
26  extent a response is required, Defendants deny the allegations in paragraph 501.

27

28

1

## VI.    CAUSES OF ACTION

2

### Count I

3
Breach of Fiduciary Duties for Failing to Prudently and Loyally Monitor, Select, and Diversify
Investments for the Plan in Violation of ERISA § 404, 29 U.S.C. § 1104

4
(BlackRock Plan Class Against Retirement Committee Defendants, and Investment Committee
Defendants)

5

       502.    Defendants repeat their answers to paragraphs 1 through 501 herein by reference.

6

       503.    Paragraph 503 asserts legal conclusions to which no response is required.

7

       504.    Paragraph 504 asserts legal conclusions to which no response is required.

8

       505.    Paragraph 505 asserts legal conclusions to which no response is required.

9

       506.    Paragraph 506 asserts legal conclusions to which no response is required.

10

       507.    Paragraph 507 asserts legal conclusions to which no response is required.

11

       508.    Paragraph 508 asserts legal conclusions to which no response is required.  To the

12
extent a response is required, Defendants deny the allegations in paragraph 508.

13

       509.    Paragraph 509 asserts legal conclusions to which no response is required.  To the

14
extent a response is required, Defendants deny the allegations in paragraph 509.

15

       510.    Paragraph 510 asserts legal conclusions to which no response is required.  To the

16
extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

17
that plaintiffs are entitled to it.

18

### Count II

19
Violations of ERISA §406(a), 29 U.S.C. § 1106(a) for Engaging in Party-in-Interest Transactions

20
(BlackRock Plan Class Against the Retirement Committee Defendants, Investment Committee
Defendants, BlackRock, and BTC)

21

       511.    Defendants repeat their answers to paragraphs 1 through 510 herein by reference.

22

       512.    Paragraph 512 asserts legal conclusions to which no response is required.

23

       513.    Paragraph 513 asserts legal conclusions to which no response is required.

24

       514.    Paragraph 514 asserts legal conclusions to which no response is required.  To the

25
extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

26
that plaintiffs are entitled to it.

27

       515.    Paragraph 515 asserts legal conclusions to which no response is required.  To the

28

1    extent a response is required, Defendants deny the allegations in paragraph 515.

2        516.    Paragraph 516 asserts legal conclusions to which no response is required. To the

3    extent a response is required, Defendants admit that BlackRock maintains records regarding its

4    revenues, and otherwise deny the allegations in paragraph 516.

5        517.    Paragraph 517 asserts legal conclusions to which no response is required. To the

6    extent a response is required, Defendants deny the allegations in paragraph 517.

7        518.    Paragraph 518 asserts legal conclusions to which no response is required. To the

8    extent a response is required, Defendants admit that BlackRock, Inc. is the BlackRock Plan

9    sponsor and otherwise deny the allegations in paragraph 518.

10       519.    Paragraph 519 asserts legal conclusions to which no response is required. To the

11   extent a response is required, Defendants admit that BTC is a subsidiary of the sponsor of the

12   BlackRock Plan, BlackRock, Inc., and otherwise deny the allegations in paragraph 519.

13       520.    Paragraph 520 asserts legal conclusions to which no response is required. To the

14   extent a response is required, Defendants deny the allegations in paragraph 520.

15       521.    Paragraph 521 asserts legal conclusions to which no response is required.

16       522.    Paragraph 522 asserts legal conclusions to which no response is required.

17       523.    Paragraph 523 asserts legal conclusions to which no response is required.

18       524.    Paragraph 524 asserts legal conclusions to which no response is required. To the

19   extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

20   that Plaintiffs are entitled to it.

21       525.    Paragraph 525 asserts legal conclusions to which no response is required. To the

22   extent a response is required, Defendants deny the allegations in paragraph 525.

23       526.    Paragraph 526 asserts legal conclusions to which no response is required. To the

24   extent a response is required, Defendants admit that BlackRock maintains records regarding its

25   revenues, and otherwise deny the allegations in paragraph 526.

26       527.    Paragraph 527 asserts legal conclusions to which no response is required. To the

27   extent a response is required, Defendants deny the allegations in paragraph 527.

28       528.    Paragraph 528 asserts legal conclusions to which no response is required. To the

extent a response is required, Defendants admit that BlackRock, Inc. is the BlackRock Plan sponsor and otherwise deny the allegations in paragraph 528.

529.    Paragraph 529 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that BTC is a subsidiary of the sponsor of the BlackRock Plan, BlackRock, Inc., and otherwise deny the allegations in paragraph 529.

530.    Paragraph 530 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 530.

## Count III

Violations of ERISA § 406(b), 29 U.S.C. § 1106(b) for Engaging in Prohibited Transactions (BlackRock Plan Class Against the Retirement Committee Defendants, Investment Committee Defendants, and BTC)

531.    Defendants repeat their answers to paragraphs 1 through 530 herein by reference.

532.    Paragraph 532 asserts legal conclusions to which no response is required.

533.    Paragraph 533 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 533.

534.    Paragraph 534 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 534.

535.    Paragraph 535 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 535.

536.    Paragraph 536 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny that plaintiffs are entitled to it.

## Count IV

Breach of Fiduciary Duties for Failing to Prudently and Loyally Provide Investment Advice with respect to the BlackRock Funds as investment options for the Plan in Violation of ERISA § 404, 29 U.S.C. § 1104 and §406, 29 U.S.C. § 1106

537.    Defendants repeat their answers to paragraphs 1 through 536 herein by reference.

538.    Paragraph 538 asserts legal conclusions to which no response is required.

539.    Paragraph 539 asserts legal conclusions to which no response is required.

540.    Paragraph 540 asserts legal conclusions to which no response is required.

541.     Paragraph 541 asserts legal conclusions to which no response is required.

542.     Paragraph 542 asserts legal conclusions to which no response is required. Paragraph 542 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

543.     Paragraph 543 asserts legal conclusions to which no response is required. Paragraph 543 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

544.     Paragraph 544 asserts legal conclusions to which no response is required. Paragraph 544 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

545.     Paragraph 545 asserts legal conclusions to which no response is required.

546.     Paragraph 546 asserts legal conclusions to which no response is required.

547.     Paragraph 547 asserts legal conclusions to which no response is required. Paragraph 547 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

548.     Paragraph 548 asserts legal conclusions to which no response is required. Paragraph 548 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

## Count V

Breach of Fiduciary Duties for Failing to Prudently and Loyally Disclose the Fees for the Investments for the Plan in Violation of ERISA § 404, 29 U.S.C. § 1104
(BlackRock Plan Class Against Administrative Committee Defendants)

549.     Defendants repeat their answers to paragraphs 1 through 548 herein by reference.

550.     Paragraph 550 asserts legal conclusions to which no response is required.

- 55 -

1   551.   Paragraph 551 asserts legal conclusions to which no response is required.

2   552.   Paragraph 552 asserts legal conclusions to which no response is required.

3   553.   Paragraph 553 asserts legal conclusions to which no response is required.

4   554.   Paragraph 554 asserts legal conclusions to which no response is required. To the

5   extent a response is required, Defendants deny the allegations in paragraph 554.

6   555.   Paragraph 555 asserts legal conclusions to which no response is required. To the

7   extent a response is required, Defendants deny the allegations in paragraph 555.

8   556.   Paragraph 556 asserts legal conclusions to which no response is required. To the

9   extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

10  that plaintiffs are entitled to it.

11  **Count VI**

Failure to Monitor Other Fiduciaries in Violation of ERISA §404, 29 U.S.C. § 1104

12  (BlackRock Plan Class Against Retirement Committee Defendants, Investment Committee

13  Defendants, BlackRock and the MDCC)

14  557.   Defendants repeat their answers to paragraphs 1 through 556 herein by reference.

15  558.   Paragraph 558 asserts legal conclusions to which no response is required.

16  559.   Paragraph 559 asserts legal conclusions to which no response is required.

17  560.   Paragraph 560 asserts legal conclusions to which no response is required.

18  561.   Paragraph 561 asserts legal conclusions to which no response is required. To the

19  extent a response is required, Defendants deny the allegations in paragraph 561.

20  562.   Paragraph 562 asserts legal conclusions to which no response is required. To the

21  extent a response is required, Defendants deny the allegations in paragraph 562.

22  563.   Paragraph 563 asserts legal conclusions to which no response is required. To the

23  extent a response is required, Defendants deny the allegations in paragraph 563.

24  564.   Paragraph 564 asserts legal conclusions to which no response is required. To the

25  extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

26  that plaintiffs are entitled to it.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Count VII**
Co-Fiduciary Liability, Violation of ERISA § 405, 29 U.S.C. § 1105
(BlackRock Plan Class Against BlackRock, BTC, the MDCC, Retirement Committee
Defendants, Investment Committee Defendants, Administrative Committee Defendants, and
Mercer)

565.    Defendants repeat their answers to paragraphs 1 through 565 herein by reference.

566.    Paragraph 566 asserts legal conclusions to which no response is required.

567.    Paragraph 567 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 567.

568.    Paragraph 568 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 568.

569.    Paragraph 569 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 569.

570.    Paragraph 570 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 570.

571.    Paragraph 571 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 571.

572.    Paragraph 572 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 572.

573.    Paragraph 573 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 573.

574.    Paragraph 574 asserts legal conclusions to which no response is required. Paragraph 574 also requires no response from Defendants because it relates to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340).

575.    Paragraph 575 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 575.

576.    Paragraph 576 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny

that plaintiffs are entitled to it.

## Count VIII
Violations of ERISA § 404, 29 U.S.C. § 1104 Relating to the Management of the BlackRock CTIs
(CTI Class Against BTC and BlackRock)

577.    Defendants repeat their answers to paragraphs 1 through 576 herein by reference.

578.    Paragraph 578 asserts legal conclusions to which no response is required.

579.    Paragraph 579 asserts legal conclusions to which no response is required.

580.    Paragraph 580 asserts legal conclusions to which no response is required.

581.    Paragraph 581 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that certain payroll employees of BTC were subject to dual-hatting arrangements with other BlackRock affiliates under which they provided services to those affiliates. Defendants otherwise deny the allegations in paragraph 581.

582.    Paragraph 582 asserts legal conclusions to which no response is required.

583.    Paragraph 583 asserts legal conclusions to which no response is required.

584.    Paragraph 584 asserts legal conclusions to which no response is required.

585.    Paragraph 585 asserts legal conclusions to which no response is required.

586.    Paragraph 586 asserts legal conclusions to which no response is required. Paragraph 586 also requires no response to the extent it asserts allegations that relate to claims which the Court dismissed in its September 3, 2019 Order on Motions to Dismiss and Administrative Motions to Seal (ECF No. 340). To the extent a response is required, Defendants deny the allegations in paragraph 586.

587.    Paragraph 587 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 587.

588.    Paragraph 588 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 588.

589.    Paragraph 589 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny that plaintiffs are entitled to it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Count IX**
Violations of ERISA § 406 Relating to the Management of the
BlackRock CTIs
(CTI Class Against BTC and BlackRock)

590.     Defendants repeat their answers to paragraphs 1 through 589 herein by reference.

591.     Paragraph 591 asserts legal conclusions to which no response is required.

592.     Paragraph 592 asserts legal conclusions to which no response is required.

593.     Paragraph 593 asserts legal conclusions to which no response is required.

594.     Paragraph 594 asserts legal conclusions to which no response is required.

595.     Paragraph 595 asserts legal conclusions to which no response is required.

596.     Paragraph 596 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 596.

597.     Paragraph 597 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 597.

598.     Paragraph 598 asserts legal conclusions to which no response is required.

599.     Paragraph 599 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 599.

600.     Paragraph 600 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 600.

601.     Paragraph 601 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC was generally compensated for services it provided to plans that invested in the BlackRock CTIs, and otherwise deny the allegations in paragraph 601.

602.     Paragraph 602 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 602.

603.     Paragraph 603 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 603.

604.     Paragraph 604 asserts legal conclusions to which no response is required. To the

ANSWER TO SAC
17-CV-01892-HSG-KAW

extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny that plaintiffs are entitled to it.

605.    Paragraph 605 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 605.

606.    Paragraph 606 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 606.

607.    Paragraph 609 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BlackRock maintains records regarding its revenues, and otherwise deny the allegations in paragraph 607.

608.    Defendants admit that BlackRock maintains records regarding its revenues. Defendants deny the remaining allegations in paragraph 608.

609.    Paragraph 609 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 609.

610.    Paragraph 610 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BlackRock, Inc. is the BlackRock Plan sponsor and otherwise deny the allegations in paragraph 610.

611.    Paragraph 611 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC is a subsidiary of the sponsor of the BlackRock Plan, BlackRock, Inc., and otherwise deny the allegations in paragraph 611.

612.    Paragraph 612 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 612.

## Count X
Co-Fiduciary Liability Under ERISA § 405, 29 U.S.C. § 1105 Relating to Mismanagement of BlackRock CTIs as alleged in Counts VIII and IX
(CTI Class Against BTC and BlackRock)

613.    Defendants repeat their answers to paragraphs 1 through 612 herein by reference.

614.    Paragraph 614 asserts legal conclusions to which no response is required.

615.    Paragraph 615 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 615.

616.     Paragraph 616 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC's management decisions helped protect the BTC-sponsored STIFs from "breaking the buck," and otherwise deny the allegations in paragraph 616.

617.     Paragraph 617 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 617.

618.     Paragraph 618 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 618.

619.     Paragraph 619 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that BTC's management decisions helped protect the BTC-sponsored STIFs from "breaking the buck" and that certain payroll employees of BTC were subject to dual-hatting arrangements with other BlackRock affiliates under which they provided services to those affiliates, and otherwise deny the allegations in paragraph 619.

## VII.     PRAYER FOR RELIEF

The "Prayer for Relief" paragraph of the Second Amended Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiffs seek the relief requested, but deny that plaintiffs are entitled to any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

### (Standing)

Plaintiffs lack constitutional and statutory standing to bring the claims alleged.

### Second Affirmative Defense

### (Failure To State a Claim)

Plaintiffs fail to state a claim or cause of action upon which relief can be granted.

### Third Affirmative Defense

### (No Fiduciary Status)

1    Plaintiffs' claims, and those of the members of the putative classes, against Defendants are

2    barred, in whole or in part, because Defendants are not ERISA fiduciaries with respect to the

3    conduct alleged in the Second Amended Complaint.

4                                **Fourth Affirmative Defense**

5                                      **(Prudent Action)**

6    Without conceding that Defendants are fiduciaries with respect to the conduct alleged in

7    the Second Amended Complaint, plaintiffs' claims, and those of the members of the putative

8    classes, are barred in whole or in part because Defendants' actions were prudent and cannot give

9    rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

10                               **Fifth Affirmative Defense**

11                                     **(Loyal Action)**

12   Without conceding that Defendants are fiduciaries with respect to the conduct alleged in

13   the Second Amended Complaint, Plaintiffs' claims, and those of the members of the putative

14   classes, are barred in whole or in part because Defendants actions were loyal and cannot give rise

15   to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

16                               **Sixth Affirmative Defense**

17                                 **(Reasonableness of Fees)**

18   Plaintiffs' claims, and those of the members of the putative classes, are barred, in whole or

19   in part, because the challenged fees and expenses are not excessive or unreasonable.

20                               **Seventh Affirmative Defense**

21                                 **(Exempted Transactions)**

22   Any transactions alleged to be Prohibited Transactions under 29 U.S.C. § 1106 were

23   covered by statutory and/or regulatory exemptions, including ERISA § 408(b)(2), 29 U.S.C. §

24   1108(b)(2); ERISA § 408(b)(8), 29 U.S.C. § 1108(b)(8); Class Exemption 77-3; Class Exemption

25   77-4; and Class Exemption 2006-16.

26                               **Eighth Affirmative Defense**

27                                 **(Fees Not Plan Assets)**

28

ANSWER TO SAC
17-CV-01892-HSG-KAW

Plaintiffs' claims, and those of the members of the putative classes, are barred in whole or in part because the challenged fees are not plan assets within the meaning of ERISA § 3(42), 29 U.S.C. § 1002(42).

### Ninth Affirmative Defense

### (Causation)

Plaintiffs' claims, and those of the members of the putative classes, are barred in whole or in part because any losses alleged by plaintiffs were not caused by any breach of fiduciary duty by Defendants.

### Tenth Affirmative Defense

### (Lack of Control)

Plaintiffs' claims, and those of the members of the putative classes, are barred, in whole or in part, because any loss that plaintiffs allege was not caused by the fault or wrongdoing of Defendants or persons or entities over which Defendants had responsibility or control.

### Eleventh Affirmative Defense

### (Independent Control)

Plaintiffs' claims, and those of the members of the putative classes, are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), to the extent that plaintiffs' claims are based on plaintiffs' exercise of independent control over their individual accounts.

### Twelfth Affirmative Defense

### (Statutes of Limitations and Repose)

Plaintiffs' claims, and those of the members of the putative classes, are barred in whole or in part by the applicable statute of limitations and statute of repose, including ERISA § 413, 29 U.S.C. § 1113.

### Thirteenth Affirmative Defense

### (Laches)

Plaintiffs' claims, and those of the members of the putative classes, are barred in whole or in party by the doctrine of laches.

### Fourteenth Affirmative Defense

ANSWER TO SAC
17-CV-01892-HSG-KAW

1   **(Not Appropriate Relief)**

2       The claimed relief does not constitute appropriate relief under ERISA § 502(a)(3), 29

3   U.S.C. § 1132(a)(3).

4   **Fifteenth Affirmative Defense**

5   **(Failure to Mitigate)**

6       Plaintiffs' claims, and those of the members of the putative classes, are barred, in whole or

7   in part, because plaintiffs or members of the putative class have proximately caused, contributed

8   to, or failed to mitigate any and all claimed losses.

9   **Sixteenth Affirmative Defense**

10   **(Independent Fiduciary)**

11       Plaintiffs' claims, and those of the members of the putative classes, are barred, in whole or

12   in part, because authorized fiduciaries independent of Defendants directed or approved the

13   challenged actions.

14   **Seventeenth Affirmative Defense**

15   **(Setoff)**

16       If any damages have been sustained by plaintiffs, or by members of the putative classes,

17   Defendants are entitled under the equitable doctrine of setoff to eliminate or reduce any such

18   damages by gains accruing to plaintiffs and the putative classes as a result of the conduct alleged.

19   **Eighteenth Affirmative Defense**

20   **(Recoupment)**

21       If any damages have been sustained by plaintiffs, or by members of the putative classes,

22   Defendants are entitled under the equitable doctrine of recoupment to eliminate or reduce any

23   such damages by gains accruing to plaintiffs and the putative classes as a result of the conduct

24   alleged.

25   **Nineteenth Affirmative Defense**

26   **(Mutual Mistake)**

27       Plaintiffs' claims for monetary relief, and those of the members of the putative classes, are

28   barred, in whole or in part, by the doctrine of mutual mistake.

**Twentieth Affirmative Defense**

**(Unilateral Mistake)**

Plaintiffs' claims for monetary relief, and those of the members of the putative classes, are barred, in whole or in part, by the doctrine of unilateral mistake.

**Twenty-First Affirmative Defense**

**(Release)**

The claims of members of the putative classes are barred in whole or in part to the extent that they have been released.

**Twenty-Second Affirmative Defense**

**(Covenant Not to Sue)**

The claims of members of the putative class are barred to the extent that they are subject to a covenant not to sue.

**Twenty-Third Affirmative Defense**

**(Bad Faith)**

The claims alleged in the Second Amended Complaint were brought in bad faith and on the basis of insufficient factual investigation by plaintiffs and plaintiffs' counsel, resulting in an unreasonable and vexatious proceeding. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g), and 28 U.S.C. § 1972, Defendants' costs and attorneys' fees should be assessed against plaintiffs and plaintiffs' counsel and awarded to BlackRock.

**Reservation of Rights to Assert Additional Affirmative Defenses**

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

**<u>DEFENDANTS' PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray that the Court determine and adjudge:

a.    that the suit cannot be maintained as a class action;

b.    that the Second Amendment Complaint be dismissed on the merits;

- 65 -

1    b.    that Plaintiffs take nothing by the Second Amended Complaint;

2    c.    that Defendants be awarded their costs, attorney's fees, and expenses incurred herein; and

3    d.    that Defendants be awarded such other and further relief as the Court may deem proper.

4

5

6    Dated: October 1, 2019

7    O'MELVENY & MYERS LLP

8

9    By:        */s/ Brian Boyle*
     _____
10                  Brian Boyle

11   Attorneys for Defendants
     BlackRock Institutional Trust Company, N.A.;
12   BlackRock, Inc.; the BlackRock, Inc.
     Retirement Committee; the Investment
     Committee of the Retirement Committee; the
13   Administrative Committee of the Retirement
     Committee; Catherine Bolz; Chip Castille;
14   Paige Dickow; Daniel A. Dunay; Jeffrey A.
     Smith; Anne Ackerley; Nancy Everett; Joseph
15   Feliciani, Jr.; Ann Marie Petach; Michael
     Fredericks; Corin Frost; Daniel Gamba; Kevin
16   Holt; Chris Jones; Philippe Matsumoto; John
     Perlowski; Andy Phillips; Kurt Schansinger;
17   Tom Skrobe; Amy Engel; Management
     Development & Compensation Committee of
18   the BlackRock, Inc. Board of Directors;
     Kathleen Nedl; Marc Comerchero; Joel Davies;
19   John Davis; Milan Lint; and Laraine McKinnon

20

21

22

23

24

25

26

27

28

ANSWER TO SAC
17-CV-01892-HSG-KAW