BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MEAGHAN VERGOW (admitted *pro hac vice*)
mvergow@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:      +1 415 984 8700
Facsimile:      +1 415 984 8701

Attorneys for Defendants
BlackRock Institutional Trust Company, N.A.; BlackRock,
Inc.; the BlackRock, Inc. Retirement Committee; the
Investment Committee of the Retirement Committee;
Catherine Bolz; Chip Castille; Paige Dickow; Daniel A.
Dunay; Jeffrey A. Smith; Anne Ackerley; Nancy Everett;
Joseph Feliciani, Jr.; Ann Marie Petach; Michael
Fredericks; Corin Frost; Daniel Gamba; Kevin Holt; Chris
Jones; Philippe Matsumoto; John Perlowski; Andy Phillips;
Kurt Schansinger; Tom Skrobe; Amy Engel; Management
Development & Compensation Committee of the
BlackRock, Inc. Board of Directors; Kathleen Nedl; Marc
Comerchero; Joel Davies; John Davis; Milan Lint; and
Laraine McKinnon

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Baird and Lauren Slayton, individually, and on behalf of all others similarly situated, and on behalf of the BlackRock Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>BlackRock Institutional Trust Company, N.A., *et al.*<br><br>Defendants. | Case No. 17-cv-01892-HSG<br><br>**RULE 72 OBJECTIONS TO MAGISTRATE JUDGE'S SEPTEMBER 24, 2019 PRETRIAL ORDER COMPELLING BLACKROCK TO PRODUCE PRIVILEGED DOCUMENTS** |

1   The BlackRock Defendants seek relief from being required to produce 15 privileged or

2   partially privileged documents without redactions.  This limited appeal as to those documents (the

3   "Challenged Privilege Log Documents") is the only means of protecting them from a compelled

4   production premised on clear errors in Magistrate Judge Westmore's September 24, 2019 order.[1]

5   (ECF No. 350, the "Order".)  There is no dispute that the Challenged Privilege Log Documents

6   reflect attorney-client communications involving legal advice.  Nonetheless, Section A of the

7   Order would compel their production without redactions because Judge Westmore erroneously

8   concluded that the documents "are discoverable under the fiduciary exception" to attorney-client

9   privilege applicable in ERISA cases.  (*Id.* at 1:23-3:18.)  Because this aspect of the Order is both

10  clearly erroneous and contrary to law, Defendants request that it be set aside and that the Court

11  deny Plaintiffs' request to compel production of Challenged Privilege Log Documents.  Fed. R.

12  Civ. P. 72 (an order of a magistrate judge must be modified or set aside if it is "clearly erroneous

13  or contrary to law.").

14       Under ERISA, a fiduciary exception exists to the attorney-client privilege, but only related

15  to communications about plan administration or other fiduciary decisions, on the ground that the

16  ultimate clients of the attorney in that particular context are the beneficiaries of the plan.  *See,*

17  *e.g., In re Grand Jury Proceedings Grand Jury No. 97-11-8*, 162 F.3d 554, 556 (9th Cir. 1998);

18  *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999).  However, the fiduciary exception

19  does not apply to communications about issues on which the party claiming privilege is not acting

20  in a fiduciary capacity.  A "functional" fiduciary test applies: "the threshold question is not

21  whether the actions of some person employed to provide services under a plan adversely affected

22  a plan beneficiary's interests, but whether that person was acting as a fiduciary (that is, was

23  performing a fiduciary function) when taking the action subject to the complaint."  *Pegram v.*

24

25  [1] The specific documents or portions of documents at issue are privilege log entries 89, 91, 280,
    305, 346, 350, 351, 380, 382, 422, 436, 454, 518, 535, and 536.  Nine of these 15 documents
26  contain redactions (the other six were withheld in their entirety).  Defendants have submitted
    redacted versions of the nine documents containing redactions that do not reveal their privileged
27  contents as exhibits 1-9 to the accompanying Declaration of Randall Edwards.  Should the Court
    wish to review unredacted versions of the documents or the withheld documents *in camera*,
28  Defendants will coordinate their submission.

1   *Herdrich*, 530 U.S. 211, 226 (2000).

2           Applying these principles, the Ninth Circuit held in *Santomenno v. Transamerica Life Ins.*

3   *Co.* that a plan service provider is not an ERISA fiduciary when negotiating with plan trustees

4   about the terms of the provider's own services to the plan.  883 F.3d 833, 838 (9th Cir. 2018).

5   The Ninth Circuit explained that "only discretionary acts of plan management trigger fiduciary

6   duties." By contrast, when service providers and plan trustees negotiate the terms of service,

7   "discretionary control over plan management lies with the trustee, who decides whether to agree

8   to the service provider's terms."  *Id*.  The court reasoned that a service provider thus owes no

9   fiduciary duty to a plan with respect to those activities.  *Id*.  Other circuit courts are in accord.

10  *McCaffree Fin. Corp. v. Principal Life Ins. Co.*, 811 F.3d 998, 1003 (8th Cir. 2016); *Santomenno*

11  *ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 293–95, 297 (3d

12  Cir. 2014); *Hecker v. Deere & Co.*, 556 F.3d 575, 583– 84 (7th Cir. 2009).

13          The Order recognizes that the Challenged Privilege Log Documents "concern fee changes

14  and revisions to documents, including the investment guidelines and STIF guidelines" and that

15  the fiduciary exception does ***not*** apply to BTC's negotiation of its appointment and

16  compensation.  (Order at 2:8-9, 2:24-3:5, citing Order re Motion to Dismiss, ECF 340, at 21.)

17  However, the Order then makes several errors that collectively would compel Defendants to

18  produce documents properly protected by privilege.

19          ***First***, Judge Westmore reads *Santomenno* to create a bright-line rule that the fiduciary

20  exception applies to all communications that post-date any fiduciary role, even where the

21  subsequent communication related to revising the terms of the role.  The Order stated that

22  because "the documents at issue concern changes and revisions to fees and investment

23  guidelines" that occurred ***after*** BTC was originally appointed as securities lending agent, they

24  must "go more towards the collection of compensation, including BTC's discretionary control

25  over compensation."  (Order at 3:14-15.)  However, a plan service provider such as BTC

26  naturally does not serve in a fiduciary capacity when negotiating the terms of its retention,

27  regardless of whether that negotiation occurs at the outset of a potential engagement or later in

28  connection with a potential amendment to the terms of an engagement.  That is the central

RULE 72 OBJECTIONS TO SEPT. 24, 2019
DISCOVERY ORDER; 17-CV-01892-HSG

1  instruction of *Santomenno* and similar decisions, and the Order's conclusion to the contrary is a

2  clear error of law.

3      The Challenged Privilege Log Documents discuss potential "revisions to fees and

4  investment guidelines," and BTC does not have fiduciary responsibility over the contents of, or

5  proposed changes to, the terms of its continued engagement.  In order to become effective, any

6  such proposed revisions must be approved by the plan trustee clients; thus, *Santomenno* dictates

7  that BTC is not acting in a fiduciary capacity when they communicate with counsel regarding

8  ***amendments*** to the guidelines that it is considering proposing to plan trustees. 883 F.3d at 838;

9  *see also, e.g., King v. Nat'l. Human Resource Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000) ("It

10  is also clear that the defined functions of a fiduciary do not include plan design, the amendment

11  of a plan, or the termination of a plan.").  By contrast, BTC does act as a fiduciary when it

12  ***interprets*** existing guidelines (and other current terms of engagement), and without presenting

13  those interpretations for client approval.  Pursuant to the fiduciary exception, BTC thus produced

14  to Plaintiffs many privileged communications concerning the interpretation and application of

15  existing client-approved guidelines.  The first document Defendants are ordered to produce—

16  privilege log entry 89—illustrates this point.  (Edwards Decl. at Ex. 1.) ██████████████

17  ███████████████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████

20  ████████████████████████████████  Privilege log entry 89 should thus remain protected.

21      ***Second***, the Order compounds its error by misinterpreting this Court's order on

22  BlackRock's Motion to Dismiss as somehow precluding Defendants' privilege claims.  Judge

23  Westmore's Order states that this Court previously (i) "found" that "a factual dispute as to

24  whether BTC had control and discretion in setting its compensation" and other terms of

25  engagement, and (ii) concluded that the documents BlackRock cited as showing a non-

26  discretionary compensation formula "did not support that claim."  (Order at 3:8-9, 3:3-5.)  Both

27  of these statements about the dismissal order are wrong.  This Court did not say there was a

28  factual dispute about whether BTC had discretion in "setting its compensation"; it found the

1    factual allegations sufficient to plead a dispute regarding whether BTC had discretion to ***calculate***

2    its compensation.  (Order re Motion to Dismiss, ECF 340, at 22.)  And this Court did not hold

3    that the documents BlackRock cited "did not support [its] claim"; this Court said "[i]t is not clear

4    from the few documents the Court has found properly incorporated by reference whether BTC's

5    compensation terms were calculated pursuant to a non-discretionary formula as the BlackRock

6    Defendants allege."  The Court expressly determined it could not consider on a motion to dismiss

7    the further evidence that BlackRock presented to contradict Plaintiffs' allegations, such as the "16

8    Things document."  (*Id*.)  Judge Westmore by contrast could and should have considered the

9    evidence before deciding to order Defendants to produce undisputedly privileged documents

10   under the fiduciary exception.  For these reasons, all 15 of the Challenged Privilege Log

11   Documents should be protected and not disclosed.

12          ***Finally***, five of the documents Judge Westmore orders BlackRock to produce under the

13   "fiduciary exception" do not even fit Judge Westmore's own analysis of that exception.  Privilege

14   log entries 380, 382, 422, 436, 454 are internal discussions about negotiations between

15   BlackRock and boards of directors of the BlackRock-managed ***mutual funds***, as opposed to the

16   collective trusts of which Plaintiffs and the Plan participants are beneficiaries.  ERISA (and its

17   fiduciary exception) simply do not apply to the relationship between mutual funds and their

18   investment adviser and, in any event, Plaintiffs do not appear in this suit as mutual fund investors

19   seeking to vindicate the funds' rights against their investment adviser.  Plaintiffs thus have no

20   claim to access the privileged communications of BlackRock as a contractual counterparty to the

21   mutual funds.  Under *Mett*, they would only be entitled to communications regarding decisions as

22   to which they are the ultimate client, as beneficiaries of the plan.  178 F.3d at 1063.

23          Accordingly, Defendants request that this Court set aside Section A of the Order in its

24   entirety as clearly erroneous and contrary to law, and deny Plaintiffs' request to compel

25   production of the Challenged Privileged Log Documents, privilege log entries 89, 91, 280, 305,

26   346, 350, 351, 380, 382, 422, 436, 454, 518, 535, and 536.

27

28

RULE 72 OBJECTIONS TO SEPT. 24, 2019
DISCOVERY ORDER; 17-CV-01892-HSG

1

Dated:  October 8, 2019          O'MELVENY & MYERS LLP

2

By:    */s/ Randall W. Edwards*
3                                        Randall W. Edwards

Attorneys for BlackRock Defendants
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RULE 72 OBJECTIONS TO SEPT. 24, 2019
DISCOVERY ORDER; 17-CV-01892-HSG