UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER ON DEFENDANTS' MOTION FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER OF A MAGISTRATE JUDGE AND ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 354, 355 |

## I.   MOTION FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER

Defendants filed Rule 72 objections to Magistrate Judge Westmore's September 24, 2019 pretrial order, Dkt. No. 350, which the Court construes as a Motion for Relief from a Nondispositive Pretrial Order of a Magistrate Judge under Civil Local Rule 72-2. *See* Dkt. No. 355. Defendants seek relief from Judge Westmore's order compelling the production of fifteen documents which Defendants claim they should be allowed to withhold or redact for privilege. *See generally id*.

A district court may refer nondispositive pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's judge's order is clearly erroneous or contrary to law." 28 U.S.C § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A district court reviews the magistrate judge's factual determinations for clear error, and reviews the magistrate judge's legal conclusions to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential, and a district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

1          The Court has carefully reviewed Defendants' objections and Judge Westmore's order.
The Court finds that Defendants have not demonstrated that Judge Westmore's order is clearly erroneous or contrary to law. Accordingly, the Court **DENIES** Defendants' motion.

## II.  ADMINISTRATIVE MOTION TO SEAL

Defendants seek to file under seal Exhibits 1–9 to the Declaration of Randall Edwards, which contain confidential information concerning BlackRock's internal business processes, financials, and client relationships. Dkt. No. 354; Dkt. No. 354-1 ¶ 5. Defendants also seek to file under seal portions of their motion for relief (lines 16–20 on page three) which they allege reference the information contained in Exhibits 1–9. Dkt. No. 354; Dkt. No. 354-1 ¶ 4.

While courts generally apply a "compelling reasons" standard when considering motions to seal documents, records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Records attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. at 1179–80 (citation and quotations omitted). The good cause standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation and quotations omitted).

Because these documents are related to Defendants' motion for relief from a nondispositive pretrial order, the Court will apply the lower good cause standard. The Court finds that there is good cause to seal Exhibits 1–9 but not the five lines in Defendants' motion for relief. Exhibits 1–9 contain confidential business and financial information relating to the operations of BlackRock and its relationship with its clients, which the Court previously held constituted a sufficiently compelling reason to seal. *See* Dkt. No. 340 at 32; *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex*

*Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014)). With respect to the five lines in the motion for relief, Defendants' proffered justification for sealing is that they "characterize[]" and "reference" Exhibits 1–9. Dkt. No. 354 at 1; Dkt. No. 354-1 ¶ 4. However, the Court finds that general descriptions and characterizations of the subject matter alleged in the exhibits do not necessarily warrant sealing. Defendants' basis falls short of the "particularized showing" of "specific prejudice or harm" Defendants must make to outweigh the public interest in access to judicial records. *See Phillips*, 307 F.3d at 1210–11 (citation and quotations omitted); *see also* Fed. R. Civ. P. 26(c).

The Court therefore **GRANTS IN PART AND DENIES IN PART** Defendants' administrative motion to seal.

### III. CONCLUSION

The Court **DENIES** Defendants' motion for relief from a nondispositive pretrial order of a magistrate judge, Dkt. No. 355, and **GRANTS IN PART AND DENIES IN PART** Defendants' administrative motion to file under seal, Dkt. No. 354.

The Court **DIRECTS** Defendants to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Defendants may also file new motions to seal within seven days of this order according to the requirements discussed above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 10/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge