BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
MEAGHAN VERGOW (admitted *Pro Hac Vice*)
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4061
Telephone:   +1 202 383 5300
Facsimile:   +1 202 383 5414

RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:   +1 415 984 8700
Facsimile:   +1 415 984 8701

Attorneys for Defendants
BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; the BlackRock, Inc. Retirement Committee; the Investment Committee of the Retirement Committee; the Administrative Committee of the Retirement Committee; Catherine Bolz; Chip Castille; Paige Dickow; Daniel A. Dunay; Jeffrey A. Smith; Anne Ackerley; Nancy Everett; Joseph Feliciani, Jr.; Ann Marie Petach; Michael Fredericks; Corin Frost; Daniel Gamba; Kevin Holt; Chris Jones; Philippe Matsumoto; John Perlowski; Andy Phillips; Kurt Schansinger; Tom Skrobe; Amy Engel; Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors; Kathleen Nedl; Marc Comerchero; Joel Davies; John Davis; Milan Lint; and Laraine McKinnon

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Baird and Lauren Slayton, as individuals, and on behalf of all others similarly situated, and on behalf of the BlackRock Retirement Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>BlackRock Institutional Trust Company, N.A. *et al.*,<br><br>Defendants. | Case No. 17-cv-01892-HSG<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

A Motion for Summary Judgment ("the motion") filed by defendants BlackRock Institutional Trust Company, N.A. ("BTC"); BlackRock, Inc.; the BlackRock, Inc. Retirement Committee; the Investment Committee of the Retirement Committee; the Administrative Committee of the Retirement Committee; Catherine Bolz; Chip Castille; Paige Dickow; Daniel A. Dunay; Jeffrey A. Smith; Anne Ackerley; Nancy Everett; Joseph Feliciani, Jr.; Ann Marie Petach; Michael Fredericks; Corin Frost; Daniel Gamba; Kevin Holt; Chris Jones; Philippe Matsumoto; John Perlowski; Andy Phillips; Kurt Schansinger; Tom Skrobe; Amy Engel; Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors; Kathleen Nedl; Marc Comerchero; Joel Davies; John Davis; Milan Lint; and Laraine McKinnon came on hearing before this Court on December 10, 2020.  Having considered the motion, together with all papers filed in support of and in opposition to the motion, the argument of counsel, and all other matters properly before the Court, and for good cause appearing, the Court finds that defendants are entitled to summary judgment:

- on all prohibited transaction claims (Counts II, III & IX) to the extent premised on transactions occurring before April 5, 2011 because they are time-barred by ERISA's six-year statute of repose, 29 U.S.C. § 1113(1);
- on all prohibited transactions claims (Counts II, III, & IX) because undisputed evidence establishes the application of ERISA prohibited transaction exemptions to the Plan's investment in BlackRock funds and BlackRock's receipt of securities lending compensation in connection with the same;
- on all claims for breach of fiduciary duty with respect to the selection and monitoring of Plan investments (Count I) because plaintiffs lack evidence from which a reasonable factfinder could conclude that defendants engaged in an imprudent or disloyal process;
- on all claims for breach of fiduciary duty with respect to the selection and monitoring of Plan investments (Count I) because plaintiffs lack evidence from which a reasonable factfinder could conclude that the challenged investment options were objectively imprudent or that Plan's investment in them caused any losses;

- on all claims for breach of fiduciary duty with respect to the disclosure of fees (Count V) because plaintiffs lack evidence from which a reasonable factfinder could conclude that the Plan's fee disclosures to participants were deficient or otherwise in violation of law;
- on all claims against individual members of the Plan's fiduciary committees (Counts I, II, III, V, VI, & VII) because plaintiffs lack evidence from which a reasonable factfinder could conclude that those individuals breached any fiduciary duties;
- on all claims with respect to BTC's management of securities lending cash collateral (Count VIII) because plaintiffs lack evidence from which a reasonable factfinder could conclude that BTC's management of the cash collateral violated applicable guidelines or caused any loss to the Plan; and
- on all claims for failure to monitor other fiduciaries (Count VI) and co-fiduciary liability (Counts VII & X) because these claims derive entirely from the foregoing alleged breaches of fiduciary duties and prohibited transactions, and thus plaintiffs lack evidence from which a reasonable factfinder could find in their favor.

and hereby **GRANTS** the motion in its entirety.

**IT IS SO ORDERED.**

Dated: _____          _____
                                      HON. HAYWOOD S. GILLIAM, JR.