UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 364 |

Pending before the Court is the parties' joint administrative motion to seal certain portions of the parties' briefs related to the motion to exclude expert testimony of Russell Wermers (Dkt. Nos. 321-3, 333-3, 336- 4) pursuant to Civil Local Rule 79-5. Dkt. No. 364.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

1   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

2   (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the

3   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

4   litigation will not, without more, compel the court to seal its records." *Id.*

5         The Court must "balance[] the competing interests of the public and the party who seeks to

6   keep certain judicial records secret.  After considering these interests, if the court decides to seal

7   certain judicial records, it must base its decision on a compelling reason and articulate the factual

8   basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5

9   supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a

10  document or portions of it under seal must "establish[] that the document, or portions thereof, are

11  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The

12  request must be narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

13        Records attached to nondispositive motions, however, are not subject to the strong

14  presumption of access.  *See Kamakana*, 447 F.3d at 1179.  Because such records "are often

15  unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal

16  must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

17  *Id.* at 1179-80 (quotation omitted).  This requires only a "particularized showing" that "specific

18  prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v.*

19  *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).

20  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will

21  not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation

22  omitted).

23        The Court finds that under either standard, the parties have provided a compelling interest

24  in sealing portions of the various documents listed below because they contain confidential

25  business and financial information that is subject to a license agreement which imposes strict

26  requirements to keep the licensed information, and information derived from it, out of the public

27  domain.  The remaining material that the parties seek to jointly file under seal reflects information

28  that was designated "Confidential" pursuant to the stipulated protective order entered by this Court

1   on October 18, 2018.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012
2   WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group,
3   Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No.
4   C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial
5   information falls within the class of documents that may be filed under seal).

The parties request the following portions of the various documents be sealed:

| Document | Page(s): Lines(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|
| Ex. A to Boyle Declaration (*Daubert* Motion) | 23: 24-25 | GRANTED.  The Court has already authorized sealing the underlying material. |
| Ex. A to Boyle Declaration (*Daubert* Motion) | 2: 6-8<br>7: 9-12, 25-26<br>10: 11-21<br>11: 1-7, 20-21<br>16: 16-17, 25<br>17: 1-5<br>22: 26-27<br>23: 22-23 | GRANTED.  Confidential and proprietary information regarding securities lending business, financial information, and client relationships, including internal correspondence regarding same. |
| Ex. A to Boyle Declaration (*Daubert* Motion) | i: 19-21<br>17: 18-19, 22-24<br>18: 1, 2-3, 7-12, 22-23, 24, 25-26<br>19: 1-2, 4, 7-10, 16-18, 21-22, 25<br>20: 1, 6, 7-9, 11, 13, 14-17, 19, 28 | GRANTED.  Confidential references to the proprietary database of third party.  The license for this database obliges licensee and its expert to keep the database and materials derived from it out of the public domain. |
| Ex. B to Boyle Declaration (BlackRock's Opposition to *Daubert* Motion) | 13: 1-3, 25<br>21: 13-16 24: 17 | GRANTED.  Confidential and proprietary information regarding securities lending business, financial information, and client relationships, including internal correspondence regarding same. |
| Ex. B to Boyle Declaration (BlackRock's Opposition to *Daubert* Motion) | i: 21-22<br>2: 22-23<br>5: 15 19: 4, 6-8, 11, 14, 24-27<br>20: 1-3, 3-8, 11, 15-16, 18, 23-25<br>21: 1-2, 5, 11, 13-16, 23<br>22: 1-3, 7, 9-14, 16, | GRANTED.  Confidential references to the proprietary database of third party.  The license for this database obliges licensee and its expert to keep the database and materials derived from it out of the public domain. |

| | 19-20<br>23: 5-6, 9, 11, 13-16, 18 | |
|---|---|---|
| Ex. C to Boyle Declaration (Plaintiffs' Reply in Support of *Daubert* Motion) | i: 17-19<br>12: 14-15, 17-18, 20-26<br>13: 7-8, 12-14, 15-16, 18-22, 27-28<br>14: 4-6, 7-13, 17-18, 19-20, 22-25 | GRANTED. Confidential references to the proprietary database of third party. The license for this database obliges licensee and its expert to keep the database and materials derived from it out of the public domain. |

## I.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Motion to Seal. Dkt. No. 364. The Court **DIRECTS** the parties to file public versions of all documents for which no public version has been filed, as indicated in the chart above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated:  11/12/2020

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge