UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>  Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT, MOTION FOR SUMMARY JUDGMENT, AND MOTION TO EXCLUDE**<br><br>Re: Dkt. Nos. 378, 384, 385, 386, 387, 396, 411, 414, 418, 421,431, 433 |

Pending before the Court are Defendants' motion for summary judgment, Dkt. No. 396, and Plaintiffs' motion for partial summary judgment, Dkt. No. 385, and motion to strike, Dkt. No. 387. The parties also filed numerous administrative motions to file documents under seal in connection with their briefs. Dkt. Nos. 378, 384, 386, 411, 414, 418, 421, 431, 433. For the following reasons, the Court **DENIES** the motions for summary judgment and the motion to strike and **GRANTS** the parties' administrative motions to file under seal.[1]

**I.   BACKGROUND**

The Court has previously detailed the factual and procedural background of this case, most recently in the Court's order on class certification. *See* Dkt. No. 360 1-4.  Plaintiffs are participants in BlackRock's Retirement Savings Plan ("the BlackRock Plan"). *Id.*  Plaintiffs allege that the BlackRock Defendants violated various ERISA requirements and their fiduciary duty by improperly favoring their own proprietary funds when selecting investment options for the BlackRock Plan, and that BTC (a BlackRock subsidiary) paid itself excessive securities lending fees, all of which led to unfavorable returns for the participants. *Id.*  The Court certified a class

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

composed of participants (and their beneficiaries) in the BlackRock Plan during the class period of April 5, 2011 through the date of judgment or settlement. *Id.* at 26.

Plaintiffs now move for partial summary judgment on the issue of Defendants' liability and move to exclude the testimony of Defendants' expert witness. Dkt. Nos. 385 ("Pls.' Mot.") and 387 ("Pls.' Mot. to Strike"). Defendants also move for summary judgment. Dkt. No. 396 ("Defs.' Mot.").

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a).

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue."

2

*Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted). Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564.

## III. PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs move for partial summary judgment on the issue of Defendants' liability, arguing that there are no genuine disputes of material fact as to (1) whether Defendants violated their fiduciary duties by failing to follow the BlackRock Plan's Investment Policy Statement ("IPS"); and (2) whether Defendants violated 29 U.S.C. § 1106(b)(1) by paying themselves securities lending fees from ERISA-protected assets. Pls.' Mot. at 1-2.

The Court finds that there are genuine disputes of material fact relevant to whether Defendants failed to follow the BlackRock Plan's IPS and whether they thereby violated their fiduciary duties. To give one, non-exhaustive, example: Plaintiffs argue that Defendants failed to obtain an opinion of counsel as required by the IPS before including BlackRock-affiliated funds in the BlackRock Plan. Pls.' Mot. at 9-11. The IPS does not define what qualifies as "an opinion of counsel." *See* Dkt. No. 379-7, Ex. G at BAIRD_0041597. Defendants point to evidence in the record that BlackRock's ERISA counsel were present at the relevant investment committee meetings. *See, e.g.*, Dkt. No. 399-31, Ex. BF ¶ 48 ("These [investment committee] meetings were regularly attended by outside counsel, internal counsel, Mercer, and additional BlackRock attendees."). Defendants also submit the declaration of a member of the investment committee in which he states that "[t]he Committee specifically relied on legal counsel to ensure that its investment selections were permitted under ERISA and its implementing regulations" and that "[l]egal counsel was continuously involved in all of the Committee's discussions and decisions regarding the Plan's investments." Dkt. No. 419-1, Declaration of John Perlowski ¶¶5-6. Although Plaintiffs argue that these statements are not credible given the lack of other kinds of

3

documentary evidence, the Court is not permitted to weigh evidence and determine credibility at the summary judgment stage. The involvement of Defendants' counsel and whether this involvement was sufficient to satisfy Defendants' fiduciary duties presents a genuine dispute of a material fact and precludes summary judgment.

Similarly, the Court also finds that there are genuine disputes of material facts relevant to liability under 29 U.S.C. § 1106(b)(1). The Court has already found, and Plaintiffs acknowledge, that analyzing the lawfulness of BTC's compensation involves disputed questions of fact. *See* Dkt. No. 360 at 10-12 ("Accordingly, the Court would have to examine each individual [guideline and fee agreement] between BTC and the plan sponsor when evaluating (1) whether BTC's compensation is 'definitively calculable and nondiscretionary [as] clearly set forth in a contract,' which would determine if BTC acted as a fiduciary with respect to its fees…and (2) whether the compensation was reasonable and satisfied PTE 2006-16."); Pls.' Mot. at 21 ("The Court's class certification order notes that whether any plan contractually agreed to pay BTC a 50% fee split is a disputed question of fact."). Accordingly, summary judgment is inappropriate, and Plaintiffs' motion is denied.[2]

## IV.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Like Plaintiffs, Defendants also seek resolution of disputed issues of material fact in their favor in their motion for summary judgment.

Defendants move for summary judgment on Plaintiffs' claims for breaches of fiduciary duty. Defs.' Mot. at 7-15. As discussed with regard to Plaintiffs' motion, there is a genuine dispute as to whether Defendants complied with the IPS's direction to "[o]btain an opinion of counsel" that a prohibited transaction exemption applied when selecting a fund managed by BlackRock or one of its subsidiaries. Dkt. No. 379-7, Ex. G at BAIRD_0041597. This disputed issue is material to the Court's fiduciary duty analysis. *See California Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1042 (9th Cir. 2001) ("Fiduciaries who are responsible

---

[2] The Court has not listed, or even attempted to list, every genuine dispute of material fact precluding the grant of summary judgment, because the existence of even one is enough to require denial of the motion.

for plan investments governed by ERISA must comply with the plan's written statements of investment policy, insofar as those written statements are consistent with the provisions of ERISA."). Therefore, summary judgment is precluded as to Plaintiffs' breach of fiduciary duty claims.[3]

Defendants' loss causation arguments, Defs.' Mot. at 15-22 and 27-28, also involve weighing the credibility of the parties' respective experts and their methodologies, a task which is inappropriate at the summary judgment stage.

Defendants argue that Plaintiffs' claims brought under 29 U.S.C. § 1106 are subject to ERISA's statute of repose and are time-barred if not brought within six years after "the date of the last action which constituted a part of the breach or violations." 29 U.S.C. § 1113(1). Defs.' Mot. at 22-23. Defendants contend that the only relevant transaction for claims based on the inclusion of a fund in a plan lineup is the date the fund is initially added. Defs.' Mot. at 23. But the authority cited by Defendants does not support this broad proposition, and Plaintiffs' claims are not based solely on the inclusion of the challenged funds in a plan line up. Defendants rely heavily on the district court's decision in *White v. Chevron Corp.*, but the plaintiffs in *White* based their § 1106 claim on the discrete decision to hire a particular plan recordkeeper. No. 16-CV-0793-PJH, 2017 WL 2352137, at *22 (N.D. Cal. May 31, 2017). The district court in *White* found that this claim was not timely because the decision to hire was made more than six years prior to the claim and there was no "continuing duty to monitor…a static decision." *Id.* ("[P]laintiffs allege only that engaging Vanguard in 2002 was a prohibited transaction. Plaintiffs have offered no theory as to how a continuing duty to monitor affects a static decision made 14 years prior to the claim that plaintiffs have asserted."). Similarly, the other cases cited by Defendants involve

---

[3] Defendants also move for summary judgment of Plaintiffs' claims against individual defendants. Defs.' Mot at 28-30. Defendants' argument is based on the premise that "[t]here is no evidence that any [investment committee] member sought subjectively to further the Company's interests…in selecting BlackRock options for the Plan lineup." *Id*. at 29. But Defendants offer no authority for the proposition that their subjective intentions are dispositive in determining whether they breached their fiduciaries duties. Without question, Plaintiffs' evidence regarding the individual defendants appears thin at best, but this is not the stage for weighing the persuasiveness of that evidence. Therefore, because the Court finds that there are genuine disputes of fact as to whether Defendants complied with their fiduciary duties, it also denies summary judgment on behalf of the individual defendants.

5

the failure to remove or sell a particular investment. *See Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004) (explaining that the decision to "continue to hold" a particular investment is "not a transaction" for § 1106 purposes); *David v. Alphin*, 704 F.3d 327, 340 (4th Cir. 2013) ("Courts have held that a decision to continue certain investments, or a defendant's failure to act, cannot constitute a 'transaction'… The common understanding of the word 'transaction' implies that an affirmative action is required."). Plaintiffs' § 1160 claims are distinguishable because they challenge each affirmative purchase by the Plan of interests or units in a particular BlackRock fund as well as the fees paid to BlackRock affiliates. Dkt. No. 154, Second Amended Complaint ("SAC") ¶¶ 512-13. 522-23. In the absence of controlling Ninth Circuit authority to the contrary, the Court finds at this stage that Plaintiffs' theory that Defendants' purchase of units in a BlackRock fund and payment of fees creates a genuine issue of material fact as to whether defendants took affirmative actions under 29 U.S.C. § 1106(a)(1)(A), which prohibits the "sale or exchange…of any property between the plan and a party in interest," and § 1106(a)(1)(D), which prohibits the "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."[4]

Defendants also argue that they are entitled to summary judgment on Plaintiffs' prohibited transactions claims because their actions satisfied certain prohibited transaction exemptions. Defs.' Mot. at 24-26. But these exemptions require that the Court analyze the reasonableness of the compensation received by Defendants. *See, e.g.*, 29 U.S.C. § 1108(b)(8) (exemption available if certain conditions are satisfied including that "the bank, trust company, or insurance company receives not more than reasonable compensation."). As discussed above in relation to Plaintiffs' motion for summary judgment on their § 1106 claims, analysis of the reasonableness of Defendants' compensation requires resolution of disputed issues of fact; summary judgment is therefore inappropriate.

Regarding Plaintiffs' disclosure claim, Defendants revisit the arguments they advanced in

---

[4] The corollary to Plaintiffs' theory is that they will have to prove at trial that each purchase and each payment of fees constituted a prohibited transaction, and the Court can revisit this issue in the context of a directed verdict or JMOL motion if necessary.

6

their motion to dismiss and continue to argue that the claim must be dismissed as a matter of law. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 781-82 (N.D. Cal. 2019); Defs.' Mot. at 26-27. For the reasons explained in the order on the motion to dismiss, the Court declines to revisit its legal ruling and denies summary judgment on the disclosure claim.

Therefore, the Court denies Defendants' motion for summary judgment, with the same caveat noted in footnote 3 above.

## V. PLAINTIFFS' MOTION TO STRIKE

Plaintiffs argue that Defendants' fiduciary process expert, Eileen Kamerick, is not qualified to offer expert testimony on ERISA-related fiduciary duties. Pls.' Mot. to Strike at 1. Indeed, much of Plaintiffs' briefing on their motion to exclude Ms. Kamerick's testimony is devoted to legal argumentation about ERISA requirements. *See id.* at 6-9, 12-14; Dkt. 415 at 4-6, 10. But Ms. Kamerick is not being offered as an expert in ERISA law but rather as an expert on the processes 401(k) plan fiduciaries apply in their selection and monitoring of funds for plan participants. *See* Dkt. No. 410 at 11; Dkt. No. 411-8 ¶ 5. Given the purposes for which Ms. Kamerick's testimony is being offered, the Court finds that her qualifications[5] provide "a reliable basis in the knowledge and experience of the relevant discipline." *See Primiano*, 598 F.3d at 565. Given that Plaintiffs' claims are based on Defendants' alleged breaches of fiduciary duty, Ms. Kamerick's testimony about fiduciary processes and practices is also relevant. Therefore, Plaintiffs' motion to strike is denied.

## VI. ADMINISTRATIVE MOTIONS TO SEAL

The parties also filed numerous administrative motions to file documents under seal in connection with their briefs. Dkt. Nos. 378, 384, 386, 411, 414, 418, 421, 431, 433.

### a. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

---

[5] Among other qualifications, Ms. Kamerick oversees fiduciaries on two committees to 401(k) plans, serves as an independent director (in a fiduciary role) on the boards of two mutual fund families, and has served as a fiduciary to several other companies 401(k) plans. Dkt. No. 411-8 ¶¶ 1-2, App'x A.

7

*v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### b. Discussion

The parties seek to seal portions and documents which pertain to Defendants' motion for summary judgment and to Plaintiffs' motion for partial summary judgment and motion to strike. The motions for summary judgment and related filings are dispositive motions so the Court applies the "compelling reasons" standard. The Court applies the lower good cause standard for the motion to strike and related documents.

The current requests seek to seal information containing confidential and proprietary information about the BlackRock CTIs, BlackRock's securities lending business, financial information, and confidential client relationships. The Court previously granted requests seeking to seal materially identical information. *See* Dkt. Nos. 150, 340. The designating parties submitted supporting declarations establishing that the information contains sensitive and proprietary information. Dkt. Nos. 378-1, 384-1, 384-2, 384-3, 386-1, 411-1, 414-1, 418-1, 418-2, 418-3, 418-4, 421-1, 431-1, 431-2, 431-3 433-1. As the Court previously held, the information contains "confidential business and financial information relating to the operations of BlackRock," constituting a sufficiently compelling reason to seal. *See* Dkt. No. 340 at 32 (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014)). The Court continues to find this information sealable. The parties are also careful to request to seal only those limited portions of the briefings and supporting materials that contain confidential and proprietary information.

Accordingly, the Court **GRANTS** the parties' administrative motions to file under seal.

### VII. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment, Dkt. No. 385; Plaintiffs' Motion to Strike, Dkt. No. 387; and Defendants' Motion for

9

Summary Judgment, Dkt. No. 396.  The Court **GRANTS** the parties' administrative motions to seal.  Dkt. Nos. 378, 384, 386, 411, 414, 418, 421, 431, 433.

**IT IS SO ORDERED.**

Dated: 1/12/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge