Michelle C. Yau (*Admitted Pro Hac Vice*)
Mary J. Bortscheller (*Admitted Pro Hac Vice*)
Daniel R. Sutter (*Admitted Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699

Todd Jackson (Cal. Bar No. 202598)
Nina Wasow (Cal. Bar No. 242047)
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP
2030 Addison St. ● Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
Fax: (510) 269-7994

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| Charles Baird and Lauren Slayton, as individuals, and on behalf of the BlackRock Plan Class,<br><br>Plaintiffs,<br><br>vs.<br><br>BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; The BlackRock, Inc. Retirement Committee; The Investment Committee of the Retirement Committee; The Administrative Committee of the Retirement Committee; The Management Development & Compensation Committee; Catherine Bolz, Chip Castille, Paige Dickow, Daniel A. Dunay, Jeffrey A. Smith; Anne Ackerley, Amy Engel, Nancy Everett, Joseph Feliciani Jr., Ann Marie Petach; Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones, Philippe Matsumoto, John Perlowski, Andy Phillips, Kurt Schansinger, Tom Skrobe; Kathleen Nedl; Marc Comerchero, Joel Davies, John Davis, Milan Lint, and Laraine McKinnon,<br><br>Defendants. | **PLAINTIFFS' NOTICE OF AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS NOTICE, AND MEMORANDUM IN SUPPORT**<br><br>Case No. 4:17-cv-01892-HSG |

**<u>NOTICE OF MOTION AND MOTION</u>**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2021 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland California 94612, before the Honorable Haywood S. Gilliam, Jr., Plaintiffs Charles Baird and Lauren Slayton, individually and on behalf of all others similarly situated and on behalf of the BlackRock Retirement Savings Plan ("Plaintiffs"), will and hereby do move the Court to preliminarily approve the submitted proposed Class Action Settlement. Plaintiffs respectfully submit that they are amenable to the Court deciding this Motion on the papers, without oral argument, if the Court deems it appropriate.

Plaintiffs make this Motion pursuant to Federal Rule of Civil Procedure 23(e)(1) and Civil Local Rule 7-2. This Motion is based on the Notice of Motion and Motion; the accompanying Memorandum in support; the concurrently filed Declaration of Mary J. Bortscheller and all Exhibits appended thereto; all evidence, records, and pleadings in this action; oral argument that may be presented at any hearing of this Motion; and all other matters that the Court deems proper.

Dated:  March 23, 2021

By:     /s/ *Mary J. Bortscheller*
        Mary J. Bortscheller (admitted *Pro Hac Vice*)
        Michelle C. Yau (admitted *Pro Hac Vice*)
        Daniel R. Sutter (admitted *Pro Hac Vice*)
        COHEN MILSTEIN SELLERS & TOLL PLLC
        1100 New York Avenue, N.W., Suite 500 West
        Washington, D.C. 20005

        Nina Wasow (Cal. Bar No. 242047)
        Todd Jackson (Cal. Bar No. 202598)
        FEINBERG, JACKSON, WORTHMAN &
        WASOW LLP
        2030 Addison St., Suite 500
        Berkeley, CA 94704

        *Attorneys for Plaintiffs and the Class*

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................... 1

II.     THE PROPOSED SETTLEMENT TERMS .......................................................... 1

III.    LITIGATION HISTORY ..................................................................................... 6

IV.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ................... 7

      A.      The Settlement Satisfies the Criteria for Preliminary Approval Under Rule
             23(e)(2) and Ninth Circuit Law ................................................................. 8

          1.     Plaintiffs and Class Counsel Have Adequately Represented the Class. ...................... 9

          2.     The Settlement Was Negotiated at Arm's Length. ...................................... 10

          3.     The Relief Provided for the Class Is Adequate............................................ 10

              a.     The Class Would Face Significant Costs, Risks, and Delay Associated with Trial
                  and Appeal.................................................................................... 11

              b.     The Settlement Proposes an Effective Method of Distributing Relief to the Class.
                  .................................................................................................. 11

              c.     The Terms of the Proposed Attorneys' Fee Award Is Fair and Reasonable Given
                  the Significant Investment of Attorney Time and Expenses and the Complexity
                  and Risk of this Case. .................................................................... 12

          4.     The Proposed Settlement Treats Class Members Equitably Relative to Each Other.  14

          5.     The Litigation Stage of This Case Strongly Supports Preliminary Approval. ........... 14

      B.      Issuance of Class Notice Is Proper............................................................. 15

      C.      Proposed Schedule Upon Preliminary Approval ....................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alaniz v. Cal. Processors, Inc.*,
   73 F.R.D. 269 (N.D. Cal. 1976)........................................................................................9

*Boyd v. Coventry Health Care Inc.*,
   299 F.R.D. 451 (D. Md. 2014)..........................................................................................10

*In re Charles Schwab Corp. Sec. Litig.*,
   2011 WL 1481424 (N.D. Cal. Apr. 19, 2011)...................................................................14

*Chinitz v. Intero Real Est. Servs.*,
   2020 WL 7042871 (N.D. Cal. Dec. 1, 2020).....................................................................15

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ............................................................................................8

*Dudum v. Carter's Retail, Inc.*,
   2016 WL 7033750 (N.D. Cal. Dec. 2, 2016) (Gilliam, J.) ...............................................13

*In re Facebook Biometric Info. Priv. Litig.*,
   2020 WL 4818608 (N.D. Cal. Aug. 19, 2020) ...................................................................9

*Figueroa v. Cap. One, N.A.*,
   2021 WL 211551 (S.D. Cal. Jan. 21, 2021).......................................................................15

*In re Howrey LLP*,
   2014 WL 3427304 (N.D. Cal. July 14, 2014)......................................................................8

*Johnson v. Gen. Mills, Inc.*,
   2013 WL 12248151 (C.D. Cal. Mar. 6, 2013)...................................................................15

*Kanawi v. Bechtel Corp.*,
   2011 WL 782244 (N.D. Cal. Mar. 1, 2011).................................................................12, 13

*Krueger v. Ameriprise Fin., Inc.*,
   2015 WL 4246879 (D. Minn. July 13, 2015) ....................................................................13

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................................14

*Pfeifer v. Wawa, Inc.*,
   2018 WL 4203880 (E.D. Pa. Aug. 31, 2018) ..............................................................10, 14

*Rhom v. Thumbtack, Inc.*,
   2017 WL 4642409 (N.D. Cal. Oct. 17, 2017) (Gilliam, J.) ........................................15, 16

*Romero v. Securus Techs., Inc.*,
   2020 WL 6799401 (S.D. Cal. Nov. 19, 2020) ...........................................................15

*Scott v. ZST Digit. Networks, Inc.*,
   2013 WL 12126744 (C.D. Cal. Aug. 5, 2013) ...........................................................14

*Spann v. J.C. Penney Corp.*,
   314 F.R.D. 312 (C.D. Cal. 2016) ................................................................................16

*Spano v. Boeing Co.*,
   2016 WL 3791123 (S.D. Ill. March 31, 2016) ...........................................................13

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ......................................................................................8

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
   2018 WL 3000490 (C.D. Cal. Feb. 6, 2018).............................................................14

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
   2018 WL 8334858 (C.D. Cal. July 30, 2018) ...........................................................10

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) ........................................................................................8

*Vedachalam v. Tata Consultancy Servs., Ltd.*,
   2013 WL 3941319 (N.D. Cal. July 18, 2013) ...........................................................12

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ....................................................................................12

**STATUTES**

26 U.S.C. § 3405(c)(1)(B) ..................................................................................................3

29 U.S.C. §§ 1001 *et seq.*........................................................................................ *passim*

Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715 ......16, 17

Internal Revenue Code § 3405(c) ........................................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23 ........................................................................... *passim*

Federal Rule of Civil Procedure 30(b)(6) ...........................................................................6

Fed. Trade Comm'n, *Consumers and Class Actions: A Retrospective and Analysis of
   Settlement Campaigns* 27-28 (2019),
   https://www.ftc.gov/system/files/documents/reports/consumers-class-actions-
   retrospective-analysis-settlement-campaigns/class_action_fairness_report_0.pdf ......12

## MEMORANDUM OF LAW

Plaintiffs Charles Baird and Lauren Slayton ("Plaintiffs") submit this Memorandum in support of their Motion for Preliminary Approval of the Settlement Agreement dated March 9, 2021, which memorializes the settlement in principle the Parties reached following a settlement conference with the Honorable Judge Donna M. Ryu on February 5, 2021. Plaintiffs seek an Order (i) preliminarily approving the Settlement[1] under Federal Rule of Civil Procedure 23(e); (ii) approving the manner for notifying the BlackRock Plan Class of the Settlement; and (iii) setting a date for the Final Approval Hearing and other deadlines.

## I.   INTRODUCTION

The proposed Settlement should be preliminarily approved under Rule 23(e) because it is a fair, reasonable, and adequate resolution of the BlackRock Plan Class's claims, securing a meaningful payment of $9.65 million (less Attorneys' Fees and Expenses) for BlackRock Plan Class Members without the substantial risks and delay inherent in a trial and any subsequent appeal. The proposed Settlement falls within the scope of reasonable settlements. Moreover, it was reached after years of hard-fought litigation and over a year of arms-length negotiations that culminated in a day-long settlement conference with Judge Ryu. For the sizable payment, it settles and releases only the claims pled in the Complaint and only on behalf of the BlackRock Class as certified by the Court. It does not release broader claims or release the claims of the putative CTI Class as that class was not certified.

## II.   THE PROPOSED SETTLEMENT TERMS

This proposed Settlement releases the claims of the BlackRock Plan Class (and only the BlackRock Plan Class) in this case in return for a payment of $9,650,000. That money will be distributed by a Settlement Administrator according to a Plan of Allocation that allocates settlement

---

[1] Unless otherwise specified Capitalized terms shall have the same meaning as provided in the Settlement Agreement.

1

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

funds proportional to the assets each Class Member held in BlackRock-managed funds in the BlackRock Retirement Savings Plan ("Plan"). The Settlement will be reviewed for fairness by an Independent Fiduciary.

**The BlackRock Plan Class**. The Settlement Agreement resolves all the claims asserted by the certified BlackRock Plan Class (the "Class"), defined as follows: "All participants (and their beneficiaries) in the BlackRock Retirement Savings Plan during the Class Period." ECF No. 360; Settlement Agreement ¶ 1.8. Excluded from the Class are the individuals named in the case at any time as Defendants. The Class Period is the time period from April 5, 2011 through the date of the entry of a Preliminary Approval Order in this case. Settlement Agreement ¶ 1.14. There are approximately 17,000 Class Members. Declaration of Mary J. Bortscheller in Support of Pls.' Mot. ("Bortscheller Decl.") ¶ 4. Based on data through year-end 2019, about 70% of those Class Members are current Plan participants and 30% are former participants who no longer have an Active Account in the Plan. *Id*.

**Monetary Relief and Plan of Allocation**. Under the Settlement Agreement, Defendants will pay $9,650,000 into an escrow account established for the benefit of the Class by Class Counsel and trusteed by an escrow agent (the "Qualified Settlement Fund" or "QSF"). Following deductions for (i) any Court-approved Attorneys' Fees and Expenses; (ii) any Court-approved Class Representative Service Awards; and (iii) Administrative Expenses, the Net Settlement Amount will be distributed to the Class in accordance with the Plan of Allocation attached to the Settlement Agreement as Exhibit E. Bortscheller Decl. ¶ 3; Ex. 1 (executed Settlement Agreement and Exhibits; hereinafter "Settlement Agreement").

The Plan of Allocation provides that each Class Member will receive a share of the Net Settlement Amount that is proportionate to the value of her individual account allocations to BlackRock-managed investments relative to the aggregate value of *all* Class Members' allocations to BlackRock-managed investments. Specifically, each Class Member's Distribution shall be calculated as follows:

a. First, the Settlement Administrator shall determine the aggregate value of the portion of each Class Member's account allocated to BlackRock-managed investments during the Class Period by summing the value of the Class Member's positive (greater than zero)

account balance allocations to BlackRock-managed investments at the end of each quarter during the Class Period.

    b.   Second, the Settlement Administrator shall determine the aggregate value of the Plan's investment in BlackRock-managed funds across all quarters of the Class Period by summing the aggregate values of all Class Members' positive account balance allocations to BlackRock-managed investments.

    c.   Third, the Settlement Administrator shall, for each Class Member, divide the aggregate value of each Class Member's account balance allocations to BlackRock-managed investments by the Plan's aggregate investment in BlackRock-managed funds across all quarters of the Class Period; this is the Pro Rata Share.

    d.   A Class Member's settlement payment is equal to the product of the Pro Rata Share value and the Net Settlement Amount value.

Settlement Agreement Ex. E at Part B.

Current Participants with a greater than zero ($0) account balance on the date settlement payments are made will have their Plan accounts credited with their share of the Net Settlement Amount. Settlement Agreement ¶ 6.6.2. The settlement payment will be invested in accordance with and proportionate to the investment elections then on file for each Current Participant. *Id*. ¶¶ 6.6, 6.6.3. If the Current Participant does not have an investment election on file, then the settlement payment will be invested in the Plan's Qualified Default Investment Alternative. *Id*. ¶ 6.6.3.

Former Participants will receive a check sent to the address on file with the Plan's Recordkeeper. Settlement Agreement ¶ 6.8.2. In order to increase uptake of the settlement payments, Former Participants will not be required to submit a claim form in order to receive their settlement payment. Bortscheller Decl. ¶ 5. For each check issued to a Former Participant, the Settlement Administrator will calculate and withhold applicable taxes associated with the payment and will issue necessary tax forms to the Former Participant. Settlement Agreement ¶ 6.8.2(a). Further, the Settlement Administrator will advise the Former Participant: first, that the settlement payment is rollover eligible;[2] and second, that if a Qualified Domestic Relations Order applies to the payment,

---

[2] The settlement payments to Former Participants are intended to be eligible rollover distributions within the meaning of Internal Revenue Code § 3405(c), which requires that distributions shall be subject to a 20% withholding tax. 26 U.S.C. § 3405(c)(1)(B). The Class Notice will advise the Former Participants that if the payment is rolled over (i.e. deposited), into a qualified retirement savings account within a specific time of receipt, no additional early distribution tax penalty will be assessed on the payment.

1    they are responsible for complying with such Order. *Id*. ¶¶ 6.8.2(b)-(c). Similarly, the Settlement

2    Administrator will issue checks to any Current Participants who have a greater than zero-dollar ($0)

3    account balance as of the date settlement payments are made (e.g., Current Participants who close

4    their Plan account before settlement payments are made shall receive a check), with appropriate

5    taxes withdrawn. *Id*. ¶¶ 6.7, 6.7.1.

6          **Independent Fiduciary**. In addition, the Settlement Agreement provides that the Plan

7    Administrator shall, on behalf of the Plan, retain an Independent Fiduciary. Settlement Agreement

8    ¶ 3.2. The Independent Fiduciary shall determine whether to approve and authorize the settlement of

9    the Released Claims on behalf of the Plan and shall comply with all relevant conditions of Prohibited

10   Transaction Exemption 2003-39 ("PTE 2003-39"). *Id*. ¶ 3.2.1. Further, the Independent Fiduciary

11   will notify the Plan Administrator, as well as Class Counsel and Defense Counsel, of its conclusions

12   by no later than forty-eight (48) days prior to the Fairness Hearing. *Id*. ¶ 3.2.2.

13         **Release of Claims**. In exchange for the relief provided in the Settlement, the Class will

14   release the Released Parties from the Released Claims:

15     a.     That were asserted in the Complaint or Action, or that arise out of the conduct alleged
               in the Complaint whether or not pleaded in the Complaint;

16     b.     That arise out of, relate to, are based on, or have any connection with (1) the
               selection, oversight, retention, or performance of the Plan's investment options and
17             service providers; (2) fees, costs, or expenses charged to, paid by, or reimbursed by
               the Plan, directly or indirectly, including, without limitation, all fees charged against
18             collective trust fund assets, including fees for managing securities lending cash
               collateral and fees expressed as a share of net securities lending returns; (3)
19             disclosures or failures to disclose information regarding the Plan's investment
               options, fees, costs, expenses, or service providers;
20
21     c.     That would be barred by *res judicata* based on entry of the Final Approval Order;

22     d.     That relate to the direction to calculate, the calculation of, and/or the method or
               manner of allocation of the Qualified Settlement Fund to the Plan or any member of
               the Class in accordance with the Plan of Allocation; or
23
       e.     That relate to the approval by the Independent Fiduciary of the Settlement
24             Agreement, unless brought against the Independent Fiduciary alone.

25     ***Excluded*** from Released Claims are:

26     a.     Any rights or duties arising out of the Settlement Agreement, including the
               enforcement of the Settlement Agreement;
27     b.     Claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C.
               § 1132(a)(1)(B) that do not fall within sections (a)-(e) above;
28     c.     Wages, labor, or employment claims unrelated to the Plan;

4

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

d.    Any claims which were or may be asserted on behalf of the non-certified CTI Class other than the claims belonging to the BlackRock Plan Class; or

e.    Claims arising exclusively from conduct after the close of the Class Period.

Settlement Agreement ¶ 1.45.6. Further, the Settlement Agreement specifically does not release any claim whatsoever brought on behalf of any person or entity other than a member of the BlackRock Plan Class against the Released Parties. *Id*. ¶ 1.45.7.

**Class Notice**. Each member of the Class will be sent a notice of the Settlement ("Settlement Notice") through either email consisting of the long form Settlement Notice (Settlement Agreement Ex. C) or through both email and direct mail of a postcard notice (Settlement Agreement Ex. C.1). The email and postcard notice both shall direct Class Members to the Settlement Website.[3] *Id*. The Settlement Notice will provide information to the Class regarding, among other things: (1) the nature of the claims; (2) the scope of the settlement class; (3) the terms of the Settlement; (4) Class Members' right to object to the Settlement and the deadline for doing so; (5) the class-wide release; (6) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (7) the amount of any Service Awards requested for Class Representatives; (8) the date, time, and location of the Fairness Hearing; and (9) Class Members' right to appear at the Fairness Hearing.

The Plan Recordkeeper maintains updated email and physical mailing addresses for all Class Members who are Current Participants and will provide those email addresses to the Settlement Administrator for purposes of the Notice program. Bortscheller Decl. ¶ 6. Further, the Plan Recordkeeper has last known email and physical addresses for Former Participants. *Id*. For Current Participants, the Settlement Notice will be sent via email where possible, but where current email addresses are not available, the Settlement Administrator will send postcard notice via U.S. mail.[4]

---

[3] The Settlement Website (www.BR401kSettlement.com) shall contain the Notice, the Settlement Agreement and its exhibits, the entered Preliminary Approval Order, the operative Second Amended Complaint, and the Motions for Preliminary Approval and Final Approval (when filed); the Motion for Attorneys' Fees and Expenses (when filed); any other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Parties.

[4] Certain Class Members have directed the Plan Recordkeeper to communicate with them via U.S. mail regarding all Plan matters; the Settlement Notice program will follow those instructions. Bortscheller Decl. ¶ 7.

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

1  For Former Participants, the Settlement Notice will be sent via both email, where possible, and by

2  U.S. mail.

3  ## III.    LITIGATION HISTORY

4

5       This class action has a long litigation history, spanning nearly four years and including

numerous filings before the Court. Plaintiff Baird filed his original Complaint on April 5, 2017

6  challenging Defendants' management of the Plan. ECF No. 1. Defendants moved to dismiss the

7  Complaint on June 1, 2017. ECF No. 35. After the Parties completed their briefing on the Motion to

8  Dismiss, Plaintiff Baird amended his Complaint on October 18, 2017 to add an additional plaintiff and

9  assert additional claims concerning BlackRock Institutional Trust Company, N.A.'s compensation and

10 management of certain commingled investment vehicles. ECF No. 75. Defendants moved to dismiss

11 Plaintiffs' Amended Complaint on November 8, 2017, ECF No. 79, and, after the Parties finished

12 briefing their renewed Motion to Dismiss arguments, Plaintiffs amended their Complaint a second

13 time on August 27, 2018 to plead additional allegations and name, based on discovery, the Plan's

14 investment consultant, Mercer Investment Consulting ("Mercer"), as a defendant. ECF No. 154.

15 Defendants and Mercer moved to dismiss Plaintiffs' Second Amended Complaint on October 22,

16 2018. ECF No. 181. The Court denied Defendants' Motion in part and dismissed Mercer on September

17 3, 2019, after the Parties submitted their respective written and oral arguments. ECF No. 340.

18      The Parties engaged in extensive discovery into the claims and defenses in this case.

19 Bortscheller Decl. ¶ 10. Among other things, Class Counsel took fourteen fact depositions and four

20 expert depositions, received and reviewed over 250,000 pages of documents and emails, and

21 exchanged hundreds of pages of written discovery. *Id.* The Parties had a substantial number of

22 discovery disputes that required joint letter briefing before Magistrate Judge Kandis A. Westmore to

23 resolve. *Id.* ¶ 11. In total, the Parties submitted eleven discovery disputes to Judge Westmore,

24 concerning matters ranging from untimely disclosure of trial witnesses to inadequately prepared Rule

25 30(b)(6) witnesses. *Id.* Plaintiffs prevailed, in whole or in part, on all eleven disputes. ECF Nos. 114;

26 115; 116; 117; 119; 209; 238; 240; 241; 252; 262.

27

28

1    Plaintiffs moved to certify two classes on June 3, 2019. ECF No. 292. One class, the BlackRock

2    Plan Class, consisted of only current and former participants in the BlackRock Plan. *Id*. The other, the

3    putative CTI Class, consisted of participants in numerous retirement plans whose retirement savings

4    were invested in certain BlackRock collective trust investment vehicles that engaged in securities

5    lending. *Id*. On February 11, 2020, the Court certified the BlackRock Plan Class but denied Plaintiffs'

6    motion to certify the putatively larger CTI Class. ECF No. 360. Plaintiffs sought but were denied a

7    Rule 23(f) appeal of the Court's denial of the CTI Class certification. ECF Nos. 367, 373.[5]

8    Following class certification, the Parties engaged in expert discovery. Plaintiffs' two merits

9    experts provided reports concerning damages and fiduciary process. Bortscheller Decl. ¶ 12. In

10   addition, Class Counsel deposed Defendants' three expert witnesses and Plaintiffs' experts submitted

11   rebuttal reports addressing three of Defendants' expert reports. *Id*. ¶¶ 10, 12

12   After expert discovery closed, Plaintiffs moved for partial summary judgment and Defendants

13   moved for summary judgment on all claims, on September 24, 2020. ECF No. 396. The Court denied

14   both motions on January 12, 2021. ECF No. 455. With trial on the horizon, Plaintiffs filed numerous

15   papers and motions in preparation of trial, including two motions *in limine* on January 19, 2021, ECF

16   No. 453, and a trial brief and pre-trial conference statement on January 26, 2021, ECF Nos. 459, 464.

17   A few weeks before trial was scheduled to commence, the Court referred the Parties to a magistrate

18   judge settlement conference. ECF No. 445. At a February 5, 2021 settlement conference facilitated by

19   Magistrate Judge Ryu, the Parties reached a settlement in principle. ECF No. 468.

20

21   **IV.    THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT**

22   The Court should preliminarily approve the Settlement Agreement because it satisfies the

23   criteria for preliminary approval under Rule 23(e)(2) and Ninth Circuit law and because it proposes a

24   proper method of notifying class members.

25

26

27   [5] Any claims for that putative class are not released in this proposed Settlement. Settlement
     Agreement ¶ 1.45.7.

28

7

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

A.     The Settlement Satisfies the Criteria for Preliminary Approval Under Rule
       23(e)(2) and Ninth Circuit Law

As a matter of public policy, federal courts strongly favor and encourage settlements,
particularly in class actions and other complex matters, where the inherent costs, delays, and risks of
continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.
*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Indeed, "there is an
overriding public interest in settling and quieting litigation[,]" and this is "particularly true in class
action suits[.]" *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also In re
Howrey LLP*, 2014 WL 3427304, at *5 (N.D. Cal. July 14, 2014); *In re Syncor ERISA Litig.*, 516
F.3d 1095, 1101 (9th Cir. 2008).

Effective December 1, 2018, for a court to preliminarily approve a settlement, the settling
parties must provide the court with sufficient information to enable it to determine that it will likely
be able to approve the settlement at the final approval stage. Fed. R. Civ. P. 23(e)(1)(B). In other
words, the court should review whether the settlement "is fair, reasonable, and adequate[.]" Fed. R.
Civ. P. 23(e)(2). The revised Federal Rule directs courts, in making that evaluation, to consider
"whether: (A) the class representatives and class counsel have adequately represented the class; (B)
the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . and
(D) the proposal treats class members equitably relative to each other." *Id.* The adequacy of the
proposed relief must be considered in light of "(i) the costs, risks, and delay of trial and appeal; (ii)
the effectiveness of any proposed method of distributing relief to the class, including the method of
processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including
timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)[.]" *Id.*

The relevant factors and Rule 23(e)(2) weigh in favor of the Settlement proposed here. The
proposed Settlement Agreement is fair, adequate, and reasonable. Additionally, this Settlement,
consummated on the eve of trial, is not the product of any collusion between the Parties, but rather is
a fair agreement between Parties who aggressively litigated this case. The Court referred the Parties
to a magistrate judge settlement conference before Judge Ryu less than a month before the scheduled

trial date, which further establishes the non-collusive nature of this Settlement. Therefore, the Court should preliminarily approve the Settlement.

1.    <u>Plaintiffs and Class Counsel Have Adequately Represented the Class.</u>

The named Plaintiffs, whom the Court has previously determined were adequate representatives of the Class, are adequate representatives for the settlement class as well. *See* Order on Mot. for Class Cert., ECF No. 360. Likewise, Class Counsel were previously found, and continue to be, adequate. *Id*. Nothing has changed since the Class was certified to render Plaintiffs or Class Counsel inadequate to represent the Class. *In re Facebook Biometric Info. Priv. Litig.*, 2020 WL 4818608, at *3 (N.D. Cal. Aug. 19, 2020) (stating that, absent developments suggesting that class representatives and class counsel for a previously certified class can no longer adequately represent the class, the court is not required to revisit the adequacy inquiry).

The adequacy inquiry looks to whether "the interests of the class representatives are antagonistic to those of the class and whether counsel for the named plaintiffs possess the requisite ability and expertise to conduct the litigation." *Alaniz v. Cal. Processors, Inc*., 73 F.R.D. 269, 276 (N.D. Cal. 1976) (citation omitted). The Plaintiffs have no interests antagonistic to the Class. Indeed, Plaintiffs have diligently represented the Class throughout the last four years: responding to discovery requests, sitting for depositions, staying abreast of case developments, preparing for trial, attending the settlement conference, and carefully considering the merits of the proposed Settlement. Bortscheller Decl. ¶ 13. Class Counsel, too, have adequately and faithfully represented the Class. Specifically, Class Counsel—each of whom is a highly experienced ERISA practitioner— investigated the action, reviewed voluminous discovery and deposed witnesses in New Jersey, San Francisco, and New York, worked with multiple experts, engaged in extensive motion practice including responding to Defendants' motions to dismiss and motions for summary judgment, prepared for trial, and negotiated this Settlement. *Id*. ¶¶ 10,15; *see also* ECF No. 292 p. 25

9

(Plaintiffs' memo ISO mot. for class cert.). As such, the Court should deem the representation to be adequate at this procedural stage and the requirements of Rule 23(e)(2)(A) as having been satisfied.

### 2.   The Settlement Was Negotiated at Arm's Length.

The Parties reached this Settlement after intensive arm's-length negotiations with the assistance of Judge Ryu at a Court-ordered settlement conference on February 5, 2021. That settlement conference took place after a prior mediation in February of 2020 and ongoing settlement negotiations, facilitated by a private mediator, did not lead to a compromised resolution. Bortscheller Decl. ¶ 14. Throughout the settlement negotiation process, Plaintiffs and the Class were represented by the same team of experienced ERISA litigators who researched and initiated the case, conducted extensive discovery, and were preparing for the trial of the Class's claims. *Id*. ¶ ¶ 15-16. As a result, Class Counsel were thoroughly versed in the legal and factual issues and were alert to the strengths and weaknesses of the case. *See id.* Similarly, Defendants were represented by counsel with extensive experience defending complex litigation, including ERISA class actions. *Id*. ¶ 16. The settlement negotiations were contested and conducted in good faith. *Id*. ¶ 17.

Further, the participation of Judge Ryu at the settlement conference is strong assurance that the Settlement is the result of arm's-length negotiations. While Judge Ryu had initially set aside only four hours for the February 5th settlement conference, she continued working with the Parties for several additional hours to give the Parties time to bridge their differences and reach this Settlement. *Id*. ¶ 18 These negotiations were hard-fought and were not collusive.

### 3.   The Relief Provided for the Class Is Adequate.

This Settlement is adequate because it provides nearly one-third of the Class's potential damages based on Defendants' own fund performance benchmarks. ECF No. 385-3, Exhibit W (Pomerantz Report) at 14 (Plaintiffs' expert Dr. Pomerantz calculating $33.7 million of losses). Courts routinely approve similar settlements in ERISA cases. *See e.g., Pfeifer v. Wawa, Inc.*, 2018 WL 4203880, at *9 (E.D. Pa. Aug. 31, 2018) (approving settlement amounting to 25-50% of potential damages); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858, at *5 (C.D. Cal. July 30, 2018) (approving settlement amounting to 17-54% of potential damages); *Boyd v.*

10

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

*Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014) (approving settlement amounting to 3-48% of potential damages).

In assessing whether the proposed Settlement provides adequate relief for the putative class under Rule 23(e)(2)(C), the Court must consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the [C]lass . . . ; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Each of these considerations supports preliminary approval of this Settlement.

### a.   The Class Would Face Significant Costs, Risks, and Delay Associated with Trial and Appeal.

While Plaintiffs are confident in their claims, Plaintiffs recognize the risks associated with trial in complex litigation. This case has been ongoing for nearly four years. It involves complex factual and legal issues under ERISA. The Parties have aggressively litigated the case through motions to dismiss and motions for summary judgment up until nearly the eve of trial. As a result, Plaintiffs were fully aware of the risks of continued litigation and the complex issues involved, making this Settlement reasonable and a fair result under the circumstances.

Throughout the litigation, Defendants have indicated they are also confident in their defenses. Notably, Defendants raised several non-frivolous arguments on the ultimate question of liability and on the calculation of damages. Thus, even if the Court were to find at trial that Defendants violated ERISA, Plaintiffs and the Class had to acknowledge the risk of not recovering significant monetary relief. In addition, Plaintiffs believe that an appeal would very likely follow any judgment at trial. Class Counsel, mindful of these risks, believe that a certain result for Class Members now, rather than a possibly larger—but uncertain—recovery many years in the future, weighs in favor of approval of the Settlement.

### b.   The Settlement Proposes an Effective Method of Distributing Relief to the Class.

Because Class Members are all current or former employees of BlackRock, the Settlement proposes an efficient and effective method of distributing relief. The Class alleged that funds in the BlackRock Retirement Plan underperformed; as such, each Class Member's pro rata share of the

Settlement will be credited to their BlackRock 401(k) account. Class Members who no longer have an open account in the BlackRock Plan or who have an account balance of zero ($0) will receive a check for their share of the Settlement. In order to increase the uptake of the Settlement funds, Class Members will not need to submit a claim form to receive their portion of the Settlement. Bortscheller Decl. ¶ 5; *see also* Fed. Trade Comm'n, *Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns* 27-28 (2019),

https://www.ftc.gov/system/files/documents/reports/consumers-class-actions-retrospective-analysis-settlement-campaigns/class_action_fairness_report_0.pdf (showing that even when the most effective claims process is used, only 18% of class members file a claim).

> c.    The Terms of the Proposed Attorneys' Fee Award Is Fair and Reasonable Given the Significant Investment of Attorney Time and Expenses and the Complexity and Risk of this Case.

The Settlement Agreement stipulates that Class Counsel will not seek Attorneys' Fees in an amount greater than 29% of the Gross Settlement Amount and provides that any such Fees will not be paid until after the Settlement is finally approved by the Court. Settlement Agreement ¶¶ 7.1, 7.3. While the presumptively reasonable fee in the Northern District of California is 25% of the settlement fund, *e.g.*, *Kanawi v. Bechtel Corp.*, 2011 WL 782244, at *1 (N.D. Cal. Mar. 1, 2011), that amount can be adjusted based on a number of factors present here. Those factors include "(1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) reactions from the class; and (7) a lodestar cross-check." *Id.* (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-52 (9th Cir. 2002)).

Judge Breyer applied the enhancement factors enumerated in *Vizcaino* and approved a 30% award in *Kanawi*, an $18.5 million settlement of a similar case alleging plan fiduciaries violated 29 U.S.C. §§ 1104 and 1106, ERISA §§ 404 and 406, by selecting and maintaining plan investment options in order to benefit the plan sponsor and the Bechtel family. *Kanawi*, 2011 WL 782244, at *1; *see also Vedachalam v. Tata Consultancy Servs., Ltd.*, 2013 WL 3941319, at *1-2 (N.D. Cal. July

18, 2013) (awarding 30% fee in $29.75 million settlement).[6] These factors support preliminary approval here. Class Counsel achieved this Settlement despite a lack of clarity in the case law about the proper way to calculate damages and litigated the case for nearly four years on a contingency basis, expending significant attorney time and litigation expenses in furtherance of the case with no guarantee of ultimate payment. Bortscheller Decl. ¶¶ 19-21; *Kanawi*, 2011 WL 782244, at *1-2.

Moreover, a fee award of 29% of the Settlement, slightly above the presumptively reasonable fee of 25%, is reasonable relative to lodestar. As will be described in detail in the motion for attorneys' fees and reimbursement of costs, Class Counsel have expended considerable lodestar in this litigation to date, and a 29% fee would represent less than half of the current lodestar. Bortscheller Decl. ¶ 21; *Dudum v. Carter's Retail, Inc.*, 2016 WL 7033750, at *7 (N.D. Cal. Dec. 2, 2016) (Gilliam, J.) (granting a 31.84% fee request; explaining a negative multiplier supports a finding of reasonableness). Prior to the Settlement being finally approved, Class Counsel expect to spend additional time answering Class Member questions regarding the Settlement, conducting oversight of the Settlement Administrator, preparing the Motion for Final Approval, and attending the Preliminary Approval and Fairness Hearings. Bortscheller Decl. ¶ 21. Further, Class Counsel's retainer agreement with the Plaintiffs specified that Class Counsel would seek to be paid attorneys' fees of up to 33% of any settlement or money judgment. *Id*. ¶ 22. The reduction of attorneys' fees to no more than 29% of the settlement amount is fair and reasonable. *See Kanawi*, 2011 WL 782244, at *2 (stating that the fee provided in the retainer agreement is probative of the market rate).

In addition, Class Counsel have incurred costs and expenses of over $610,000 to date. Bortscheller Decl. ¶ 20. All of these expenses were actually incurred and were necessary to the successful prosecution of this case. *Id*. Approximately $399,700 of the expenses were fees paid to Plaintiffs' experts. *Id*.

---

[6] Courts in other jurisdictions recognize a one-third fee as the market rate in proprietary fund settlements like this one. *Krueger v. Ameriprise Fin., Inc*., 2015 WL 4246879, at *2 (D. Minn. July 13, 2015) (In "ERISA class actions asserting breaches of fiduciary duties . . . courts have consistently awarded one-third contingent fees") (citation omitted); *Spano v. Boeing Co.*, 2016 WL 3791123, at *2 (S.D. Ill. March 31, 2016) ("Comprising 33 1/3 % of the monetary recovery . . . Class Counsel's fee application is reasonable").

4.     The Proposed Settlement Treats Class Members Equitably Relative to Each Other.

As described above, the Plan of Allocation provides that each Class Member will receive a payment in proportion to the size of their BlackRock-managed retirement investments in the BlackRock Plan. *See supra* Section II; Ex. E to the Settlement Agreement. "It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008) (citation omitted).

This approach distributes the proceeds of the Settlement broadly amongst the Plan's current and former participants, and it recognizes that the Class Members with the largest investments in BlackRock-managed funds in the Plan were those most harmed by the ERISA violations alleged in the case. Courts commonly accept this type of settlement allocation method. *See Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 3000490, at *5 (C.D. Cal. Feb. 6, 2018) (approving a plan of allocation that provided for a pro rata distribution of settlement funds); *Scott v. ZST Digit. Networks, Inc.*, 2013 WL 12126744, at *7 (C.D. Cal. Aug. 5, 2013) (same); *Pfeifer*, 2018 WL 4203880, at *6 (same).

5.     The Litigation Stage of This Case Strongly Supports Preliminary Approval.

The Parties reached this Settlement only three weeks before trial was scheduled to begin. Plaintiffs not only conducted robust discovery, including receipt of thousands of Defendants' documents and 18 depositions, but also became intimately familiar with the evidence in the run-up to trial. Bortscheller Decl. ¶ 14. The Parties had already exchanged witness and exhibit lists and submitted their respective joint pretrial statements to the Court, which put them in a strong position to evaluate the merits of the case and the risks of trial. ECF Nos. 459 (Plaintiffs' Trial Brief); 464 (Joint Pre-trial Statement, detailing the Parties' positions and evidence for trial). The timing of this Settlement demonstrates both the non-collusive nature of this Settlement and the measured judgment of Class Counsel in negotiating the terms of the agreement. *See In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 1481424, at *5 (N.D. Cal. Apr. 19, 2011) (citing the timing of settlement, on the eve

1  of trial, as a factor supporting final approval); *Johnson v. Gen. Mills, Inc.*, 2013 WL 12248151, at *4

2  (C.D. Cal. Mar. 6, 2013) (same).

3      **B.**    **Issuance of Class Notice Is Proper**

4         The Court "must direct notice in a reasonable manner to all class members who would be

5  bound by the proposal[.]" Fed. R. Civ. P. 23(e)(1)(B). The "best notice . . . practicable under the

6  circumstances[] includ[es] individual notice to all [class] members who can be identified through

7  reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Class Notice program proposed here satisfies all

8  the notice requirements of Rule 23.

9         The manner of the proposed Notice is adequate and reasonably calculated to reach each Class

10  Member. With the Court's approval, the Settlement Administrator will directly notify all Class

11  Members of the Settlement by email or, if unable to deliver the Notice to a particular Class Member

12  by email or if the recipient is a Former Participant, the Settlement Administrator will send direct

13  postcard notice by U.S. Mail. Settlement Agreement ¶ 3.1.3; Exs. C (long form notice), C.1

14  (postcard notice). In addition, Notice of the Settlement will be published on a publicly available

15  Settlement Website, www.BR401kSettlement.com. Settlement Agreement ¶ 3.1.1. The Plan's

16  Recordkeeper will provide the Settlement Administrator with each Class Member's last known email

17  and physical address associated with the retirement accounts at issue. *Id.* ¶¶ 3.1.3, 1.38; *see also*

18  Bortscheller Decl. ¶ 6.

19         Both means of proposed Notice – via email and U.S. Mail – are commonly used and deemed

20  appropriate by Rule 23(c)(2)(B). *See, e.g.*, *Rhom v. Thumbtack, Inc.*, 2017 WL 4642409, at *3 (N.D.

21  Cal. Oct. 17, 2017) (Gilliam, J.) (approving use of email notice with supplemental U.S. mail notice

22  to unavailable e-recipients); *Chinitz v. Intero Real Est. Servs.*, 2020 WL 7042871, at *3 (N.D. Cal.

23  Dec. 1, 2020) (holding email notice was adequate and reasonably calculated to reach class members

24  even where the parties lacked class members' email addresses and instead used a reverse lookup

25  process); *Figueroa v. Cap. One, N.A.*, 2021 WL 211551, at *5 (S.D. Cal. Jan. 21, 2021) (permitting

26  email notice for class of over one million class members); *Romero v. Securus Techs., Inc.*, 2020 WL

27  6799401, at *4 (S.D. Cal. Nov. 19, 2020) (similar). In this case, the proposed Settlement Notice

28  program is eminently reasonable because the Plan's Recordkeeper will supply Class Member contact

15

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

information—both email and physical addresses—to the Settlement Administrator. This contact information will be accurate and up to date for the majority of Class Members who have current accounts in the Plan and will be reasonably up to date for the former Plan participants. *See* Bortscheller Decl. ¶ 6. Moreover, because the costs of Notice will be paid out of the Settlement, Settlement Agreement ¶ 1.3, the proposed Notice program endeavors to be as cost-effective as possible. Bortscheller Decl. ¶ 8.

The content of the Settlement Notice is also reasonable because "it clearly and concisely state[s] in plain, easily understood language" all information specified by Rule 23(c)(2)(B), as described *supra* Section II. This information is organized with concise headers that will help the reader navigate the Settlement Notice. Ex. C (long form notice). Similarly, the postcard notice concisely summarizes the information conveyed in the full Settlement Notice and informs recipients where to go for more information. Ex. C.1 (postcard notice). As such, the substance of the Notice program is reasonable because it explains Class Members' rights under the Settlement in plain and accessible language. *Rhom*, 2017 WL 4642409, at *3 (approving notice that included information specified by Rule 23(c)(2)(B)); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 331 (C.D. Cal. 2016) (same). Further, to the extent that Class Members have any questions after receiving notice of the Settlement, they may obtain additional information through the Settlement Website, through using the Settlement Administrator's telephone support line, or by contacting Class Counsel. For these reasons, the Court should approve the proposed Notice program because it is reasonably calculated to apprise Class Members of the Settlement, its terms, and their related rights in an easily understood manner.

### C.    Proposed Schedule Upon Preliminary Approval

The Parties propose the following schedule for final approval of the Settlement, based on the need to provide the Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715.

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

| Event | Deadline |
|---|---|
| Settlement Administrator to mail CAFA Notice on behalf of Defendants | April 2, 2021 |
| Preliminary Approval Hearing | To be set by Court, if required. |
| Settlement Website is established | 7 days after entry of Preliminary Approval Order |
| Defendants and Plan Recordkeeper to provide Plan Data to Settlement Administrator | 14 days after entry of Preliminary Approval Order |
| Settlement Administrator to mail, email Notice to Class Members | 30 days after entry of Preliminary Approval Order |
| Independent Fiduciary to notify the Plan Administrator, Class Counsel, and Defense Counsel of its fairness determination | 48 days before Fairness Hearing |
| Motions for Final Approval, for Attorneys' Fees and Costs, and for Service Awards to Class Representatives to be filed | 45 days before Fairness Hearing |
| Class Member objections to be filed, and any notice of objector's attorney appearance to be filed | 30 days before Fairness Hearing |
| Objections to the Settlement by any federal or state authorities to be filed | 30 days before Fairness Hearing |
| Responses to any filed objections | 10 days before Fairness Hearing |
| Fairness Hearing | 100 days after entry of Preliminary Approval Order |

Dated: March 23, 2021        /s/ Mary J. Bortscheller
                              Mary J. Bortscheller

                              Michelle C. Yau (admitted *Pro Hac Vice*)
                              Mary J. Bortscheller (admitted *Pro Hac Vice*)
                              Daniel R. Sutter (admitted *Pro Hac Vice*)
                              COHEN MILSTEIN SELLERS & TOLL PLLC
                              1100 New York Ave., NW, Suite 500
                              Washington, D.C. 20005
                              Telephone: (202) 408-4600
                              Facsimile: (202) 408-4699
                              myau@cohenmilstein.com
                              mbortscheller@cohenmilstein.com
                              dsutter@cohenmilstein.com

Mem. in Supp. of Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

Nina Wasow
Todd Jackson
FEINBERG, JACKSON, WORTHMAN
& WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
nina@feinbergjackson.com
todd@feinbergjackson.com

***Attorneys for Plaintiffs and the Class***