<u>**SETTLEMENT AGREEMENT**</u>

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives on behalf of themselves and all Class Members, and Defendants, as defined in § 1 below. Capitalized terms and phrases have the meanings provided in § 1 below or as specified elsewhere in this Settlement Agreement.

1. **DEFINITIONS**

1.1.    "Action" means *Baird v. BlackRock Institutional Trust Company, N.A.*, No. 17-cv-01892-HSG-KAW, an action pending in the United States District Court for the Northern District of California.

1.2.    "Active Account" means a participant account in the Plan that has not been cashed out and closed.

1.3.    "Administrative Expenses" means fees and expenses of the Settlement Administrator and Escrow Agent incurred in administering the Settlement Agreement, including all fees, expenses, and costs associated with providing the Settlement Notice to the Class and all fees, expenses, and costs associated with distributing funds to Former Participants under the Plan of Allocation; related tax expenses; all fees and costs associated with the Settlement Administrator's providing notices required by CAFA on behalf of Defendants; and fees and costs associated with the Independent Fiduciary described herein (not to exceed $25,000). Administrative Expenses shall be paid from the Gross Settlement Amount. Excluded from Administrative Expenses are any fees and costs associated with the Independent Fiduciary described herein in excess of $25,000; any other costs incurred by Class Counsel, BlackRock, or the Plan in effectuating the Settlement Agreement (including all fees, expenses, and costs associated with distributing funds to Current Participants under the Plan of Allocation); and the Parties' respective legal expenses.

1.4.    "Allocation Method" means the calculation method for allocating the Net Settlement Amount to Class Members based on their holdings in the BlackRock Plan during the Class Period. The Allocation Method is set forth in the Plan of Allocation.

1.5.    "Attorneys' Fees and Expenses" means the amount awarded by the Court as compensation for the services provided by Class Counsel.

1.6.    "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a Plan participant. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant, or other individual or trust designated by the participant, or determined under the terms of the Plan to be entitled to a benefit, who is entitled to a benefit as of the date of the Preliminary Order.

1.7.    "BlackRock Funds" means the BlackRock-sponsored and/or -advised investment options offered in the Plan during the Class Period.

1.8.    "BlackRock Plan Class" or "Class" mean the certified class in this Action, defined as follows: "All participants (and their beneficiaries) in the BlackRock Retirement Savings Plan

during the Class Period." ECF No. 360. Excluded from the Class are the individuals named in this case at any time as Defendants, including their heirs, assigns, beneficiaries and representatives in those capacities.

1.9.     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.10.   "Calendar days" when used in this Agreement, shall be given the meaning defined in Federal Rule of Civil Procedure 6 and such days shall be computed as defined by that Rule.

1.11.   "Class Counsel" means Michelle C. Yau and Mary J. Bortscheller of Cohen Milstein Sellers & Toll PLLC, and Todd Jackson and Nina Wasow of Feinberg Jackson Worthman & Wasow.

1.12.   "Class Members" means all individuals in the BlackRock Plan Class.

1.13.   "Class Member Distribution" means the settlement payment that a Class Member is entitled to receive pursuant to the Plan of Allocation.

1.14.   "Class Period" means the period from April 5, 2011 through the date of the Preliminary Order.

1.15.   "Class Representatives" means Plaintiffs Charles Baird and Lauren Slayton.

1.16.   "Complaint" means the Second Amended Complaint, ECF No. 154, the Amended Complaint, ECF No. 75, and the Complaint, ECF No. 1.

1.17.   "Confidentiality Agreement" means the Stipulated Protective Order entered by the Court on October 18, 2017, ECF No. 76.

1.18.   "Court" means The United States District Court for the Northern District of California.

1.19.   "CTI Class" means the putative class alleged in the Second Amended Complaint (ECF No. 154). This class was not certified in this Action. ECF No. 360 at 23.

1.20.   "Current Participant" means a Class Member who has an Active Account in the Plan as of the Effective Settlement Date.

1.21.   "Defendants" means all defendants named in the Complaint who remain defendants in this case: BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; The BlackRock, Inc. Retirement Committee; The Investment Committee of the Retirement Committee; The Administrative Committee of the Retirement Committee; The Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors, Catherine Bolz, Chip Castille, Paige Dickow, Daniel A. Dunay, Jeffrey A. Smith; Anne Ackerley, Amy Engel, Nancy Everett, Joseph Feliciani, Jr., Ann Marie Petach, Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones, Philippe Matsumoto, John Perlowski, Andy Phillips, Kurt Schansinger, Tom Skrobe; Kathleen Nedl, Marc Comerchero, Joel Davies, John Davis, Milan Lint, and Laraine McKinnon.

1.22.   "Defense Counsel" means O'Melveny & Myers LLP.

1.23.  "Effective Date" or "Effective Settlement Date" means the date on which all of the conditions to settlement set forth in § 4 of this Settlement Agreement have been fully satisfied or waived and the Settlement shall have become Final.

1.24.  "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended, including all regulations promulgated thereunder.

1.25.  "Escrow Agent" means the custodian of the Qualified Settlement Fund, which shall be selected by Class Counsel.

1.26.  "Fairness Hearing" means the hearing scheduled by the Court to consider any objections from Class Members to the Settlement Agreement; Class Counsel's petitions for Attorneys' Fees and Expenses, and Service Awards to Class Representatives; and whether to finally approve the settlement under Federal Rule of Civil Procedure 23.

1.27.  "Final" means with respect to any judicial ruling or order in the Action, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and completed disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.  For avoidance of doubt, the Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

1.28.  "Final Approval Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Action with prejudice, to be proposed by the Parties in substantially the form as attached at Exhibit B hereto.

1.29.  "Former Participant" means a Class Member who maintained a balance in the Plan during the Class Period, but whose account is not an Active Account as of the date the Preliminary Approval Order is entered.

1.30.  "Gross Settlement Amount" means the sum of nine million six hundred fifty thousand dollars ($9,650,000), contributed to the Qualified Settlement Fund in accordance with § 5. The Gross Settlement Amount shall be the full and sole monetary payment made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. After the Effective Date, no portion of the Gross Settlement Amount shall be returned to Defendants.

1.31.  "Independent Fiduciary" means the independent fiduciary that has no relationship to or interest in any of the Parties, selected by the Plan Administrator, with the consent of Class Counsel (which consent shall not unreasonably be withheld).

1.32.  "Net Settlement Amount" means the Gross Settlement Amount plus any returns accrued on the same while held in the Qualified Settlement Fund, minus: (a) all Attorneys' Fees and Expenses paid to Class Counsel as approved by the Court; (b) all Service Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve reasonably determined

by Class Counsel that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Effective Settlement Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Effective Settlement Date but before the end of the Settlement Period, (3) an amount estimated for adjustments of data or calculation errors, and (4) an amount estimated for payment of necessary taxes of interest earned on the Qualified Settlement Fund.

1.33.   "Party" or "Parties" means the Plaintiffs and Defendants, either individually or collectively.

1.34.   "Plaintiffs" or "Named Plaintiffs" means Charles Baird and Lauren Slayton.

1.35.   "Plan" or "401(k) Plan" means the BlackRock Retirement Savings Plan.

1.36.   "Plan Administrator" means the current Plan Administrator of the BlackRock Retirement Savings Plan.

1.37.   "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with § 6 herein.

1.38.   "Plan Data" means reasonably accessible data in the possession, custody, and control of Defendants that is necessary to implement the Plan of Allocation, including but not limited to, for each Class Member (including Former Participants and Beneficiaries), their name, most current address, email address, Social Security numbers or other individual identifiers as needed to effectuate this Agreement, and individual Plan account allocations during the Class Period to the funds included in the Plan of Allocation on a quarterly basis.

1.39.   "Plan Distribution Allocation File" means an electronic file (in the form of a spreadsheet) containing the following information for each Class Member: name, most current address, most current personal email address (where available), Social Security number, status as Current Participant or Former Participant, and final amount of the Class Member Distribution for each Class Member calculated pursuant to the Allocation Method (including for Class Members who are calculated to be entitled to a de minimis amount).

1.40.   "Plan's Recordkeeper" means the current recordkeeper of the BlackRock Retirement Savings Plan.

1.41.   "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel as described in § 3.1 and in substantially the form attached hereto as Exhibit A.

1.42.   "Proposed Final Approval Order" means a proposed order to be submitted to the Court by the Parties for the Court to sign to approve the Settlement Agreement, Plan of Allocation, make related findings, and enter final judgment in the Action, as described in § 4, in substantially the form as attached at Exhibit B hereto.

1.43.   "Qualified Domestic Relations Order" means, for the purposes of this Agreement, a Qualified Domestic Relations Order as defined in 29 U.S.C. § 1056(d)(3)(K).

1.44.  "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund escrow account to be established by Class Counsel and maintained by the Escrow Agent in accordance with § 5 herein (within the meaning of Treas. Reg. § 1.468B-1) in which the Gross Settlement Fund is deposited.

1.45.  "Released Claims" means any and all claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions during the Class Period:

    1.45.1    That were asserted in the Complaint or Action, or that arise out of the conduct alleged in the Complaint whether or not pleaded in the Complaint;

    1.45.2    That arise out of, relate to, are based on, or have any connection with (1) the selection, oversight, retention, or performance of the Plan's investment options and service providers; (2) fees, costs, or expenses charged to, paid by, or reimbursed by the Plan, directly or indirectly, including, without limitation, all fees charged against collective trust fund assets, including fees for managing securities lending cash collateral and fees expressed as a share of net securities lending returns; (3) disclosures or failures to disclose information regarding the Plan's investment options, fees, costs, expenses, or service providers;

    1.45.3    That would be barred by *res judicata* based on entry of the Final Approval Order;

    1.45.4    That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Class in accordance with the Plan of Allocation; or

    1.45.5    That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

    1.45.6    "Released Claims" specifically exclude:

        (a)    Any rights or duties arising out of the Settlement Agreement, including the enforcement of the Settlement Agreement;

        (b)    claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within sections (a)-(e) above;

        (c)    wages, labor or employment claims unrelated to the Plan;

5

(d)    any claims which were or may be asserted on behalf of the non-certified CTI Class other than the claims belonging to the BlackRock Plan Class;

(e)    claims arising exclusively from conduct after the close of the Class Period.

1.45.7    For the avoidance of doubt, nothing in this agreement shall release, or be construed to release, any claim whatsoever brought on behalf of any person or entity other than a member of the BlackRock Plan Class against the Released Parties.

1.46.  "Released Parties" means (a) Defendants; (b) their insurers, co-insurers, and reinsurers; (c) their past, present and future parent corporation(s), (d) their past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present and future members of their respective boards or trustees or boards of directors, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries (with the exception of the Independent Fiduciary), accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, associates, members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plan's fiduciaries, administrators, recordkeepers, service providers, consultants (including, without limitation, Mercer Investment Consulting and its affiliates), and other parties-in-interest.

1.47.  "Service Award" means an amount to be determined by the Court, but not to exceed $15,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

1.48.  "Settlement" or "Settlement Agreement" means the agreement between Plaintiffs and Defendants embodied in this document and exhibits hereto.

1.49.  "Settlement Administrator" means an independent contractor selected and retained by Class Counsel which shall operate under the supervision of Class Counsel.

1.50.  "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibit C. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) service awards to Class Representatives.

1.51.  "Settlement Period" means the period lasting one year after the Effective Settlement Date.

1.52.  "Settlement Website" means the internet website to be established by Class Counsel within seven (7) calendar days of entry of the Preliminary Approval Order and in accordance with § 3.

1.53.   "Settling Parties" means all Parties who are currently party to the Action.

2.      **RECITALS**

2.1.   On April 5, 2017, Charles Baird filed a complaint on behalf of himself and all the participants in the BlackRock Retirement Savings Plan, alleging that defendants breached their fiduciary duties and engaged in prohibited transactions relating to the management, operation, and administration of the Plan. Plaintiff filed an Amended Complaint. The operative complaint is the Second Amended Complaint (ECF No. 154), which asserts various ERISA claims based on defendants' management, operation, and administration of the Plan.

2.2.   On September 3, 2019, the Court granted in part and denied in part the BlackRock Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. ECF No. 340. Both before and after the Court's order on Defendants' motion to dismiss, the Parties engaged in extensive fact discovery.

2.3.   On February 11, 2020, the Court certified the BlackRock Plan Class. In the class certification Order, the Court appointed the Class Representatives and Class Counsel. In the same Order, the Court denied certification of the CTI Class. ECF No. 360. This case was set for trial beginning on March 1, 2021.

2.4.   On January 7, 2021, the Court referred the Parties to participate in a Magistrate Judge Settlement Conference facilitated by the Honorable Donna M. Ryu, United States Magistrate Judge for the Northern District of California. *See* ECF No. 444.

2.5.   On January 12, 2021, the Court denied Defendants' motion for summary judgment, and denied Plaintiffs' motion for partial summary judgment. *See* ECF No. 450.

2.6.   Judge Ryu conducted a settlement conference on February 5, 2021. The Parties reached agreement in principle to settle this Action during that settlement conference. The terms and conditions of the Parties' agreement are memorialized in this Settlement Agreement.

2.7.   The Class Representatives and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the Action be settled on behalf of the BlackRock Plan Class upon the terms set forth below. The Class Representatives and Class Counsel believe that such terms are fair, reasonable, and adequate and that this settlement will result in benefits to the Plan and the BlackRock Plan Class.

2.8.   Defendants deny all allegations of wrongdoing and deny all liability for the claims in this Action. Defendants maintain that the Plan has been managed, operated, and administered at all relevant times in compliance with ERISA and applicable laws and regulations. This Settlement Agreement, and the prior negotiations between the Parties, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by Defendants.

2.9.   Plaintiffs assert that all the claims asserted in this Action are meritorious. This Settlement Agreement, and the prior negotiations between the Parties, shall in no event constitute, be

construed as, or be deemed evidence of, an admission or concession of any lack of merit of any kind by Plaintiffs with respect to the claims asserted.

2.10.   The Parties have concluded that it is desirable that the Action be finally settled on behalf of the BlackRock Plan Class upon the terms and conditions set forth in this Settlement Agreement.

2.11.   Therefore, the Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows.

## 3.   REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL AND NOTICE TO THE CLASS

3.1.   Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit A. The Preliminary Order to be presented to the Court, as to the Class Action, shall, among other things:

> 3.1.1    Approve the text of the Settlement Notice for mailing or sending by electronic means to Class Members identified by the Settlement Administrator to notify them of the Settlement, the Fairness Hearing, and the Settlement Website.

> 3.1.2    Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

> 3.1.3    Cause the Settlement Administrator to mail by first class mail or by electronic means the Settlement Notice to each Class Member identified by the Settlement Administrator based upon the Plan Data provided by the Plan's Recordkeeper.

> 3.1.4    Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Defendants, the Released Parties, or the Plan.

> 3.1.5    Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Expenses, Class Representatives' Service

Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses.

3.1.6    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Final Approval Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

3.1.7    Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector.

3.1.8    Provide that any party may file a response to an objection by a Class Member at least ten (10) calendar days before the Fairness Hearing;

3.1.9    Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court.

3.1.10   Approve the Form of the CAFA Notices attached as Exhibit D and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

3.2.    The Independent Fiduciary retained by the Plan Administrator, on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of the Released Claims on behalf of the Plan and to advise the Plan Administrator, Class Counsel, and Defense Counsel in writing of its conclusion in that regard.

3.2.1    The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the U.S. Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39) in making its determination, for purposes of Defendants' reliance on PTE 2003-39.

3.2.2    The Independent Fiduciary shall notify the Plan Administrator directly of its determination in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than forty-eight days (48) calendar days before the Fairness Hearing.

3.2.3      The Parties, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review the Settlement Agreement.

3.3.     Defendants and Defense Counsel shall respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible Plan Data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

3.3.1      The Settlement Administrator shall be bound by the Confidentiality Agreement and any further non-disclosure or security protocol required by the Parties.

3.3.2      The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.3.3      The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.4.     By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit C or a form subsequently agreed to by the Parties and the Court. The Settlement Notice shall be sent to the last known address, or e-mail address if sent electronically, of each Class Member provided by the Plan's Recordkeeper (or its designee(s)) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee(s)). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

## 4.     FINAL SETTLEMENT APPROVAL

4.1.     No later than forty-five (45) calendar days prior to the Fairness Hearing, Class Counsel shall file with the Court the motion for final approval of the terms of this Settlement Agreement and entry of the Final Approval Order substantially in the form of the Proposed Final Approval Order (Exhibit B).

4.2.    The Final Approval Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

> 4.2.1    Approval of the settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

> 4.2.2    A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

> 4.2.3    Dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on the behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Parties other than as provided for in this Settlement Agreement;

> 4.2.4    That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties and the Plan from all Released Claims;

> 4.2.5    That Defendants have satisfied all applicable CAFA requirements;

> 4.2.6    That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation; and

> 4.2.7    That the payments made from the Qualified Settlement Fund to effect the distributions to Class Members who are eligible for a Class Member Distribution or to effect the Plan of Allocation constitute restorative payments in accordance with Revenue Ruling 2002-45.

4.3.    The Final Approval Order and final judgment entered by the Court approving the Settlement shall provide that upon its entry all Parties including the BlackRock Plan Class shall be bound by the Settlement Agreement and by the Final Approval Order.

## 5.    ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

5.1.    No later than seven (7) calendar days after entry of the Preliminary Approval Order, Class Counsel shall establish an escrow account, trusteed by the Escrow Agent. The escrow account

shall be the Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including: The "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns ("Tax Filings") necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Qualified Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in § 5.1 shall be consistent with this § 5 and, in all events, shall reflect that all taxes (as defined in § 5.3 below, including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount and shall be deducted and paid from the Gross Settlement Amount as provided in § 5.3 hereof.

5.3.    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, to the extent they are: (1) any taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) any tax expenses and costs incurred in connection with the operation and implementation of this § 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this § 5. Such taxes and tax expenses shall be paid timely by the Escrow Agent from the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from any distribution destined to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this § 5.

5.4.    Within twenty-one (21) calendar days after the later of (a) the entry of the Preliminary Approval Order, or (b) establishment of the Qualified Settlement Fund described in § 5.1 where the Escrow Agent shall have furnished to Defendants in writing the Qualified Settlement Fund account name, IRS W-9 Form, and all necessary wiring instructions, Defendants shall cause the deposit of five hundred thousand dollars ($500,000) into the Qualified Settlement Fund. Within thirty (30) calendar days after the entry of the Final Approval Order, Defendants shall cause the deposit of the remaining nine million one hundred fifty thousand dollars ($9,150,000) into the Qualified Settlement Fund, regardless of whether any appeals are filed.

5.5.    The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other interest-bearing instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.6.    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between the Parties. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.7.    The Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (i) all Attorneys' Fees and Expenses shall be paid to Class Counsel as set forth below in § 7.3; (ii) all Administrative Expenses not paid previously shall be paid within forty-five (45) calendar days after the Effective Settlement Date; (iii) any Service Awards ordered by the Court shall be paid within thirty (30) calendar days after the Effective Settlement Date; (iv) a contingency reserve shall be determined by Class Counsel and set aside by the Settlement Administrator within twenty-eight (28) calendar days after the entry of the Effective Settlement Date for: (1) Administrative Expenses incurred before the Effective Settlement Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Effective Settlement Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (v) the Net Settlement Amount shall be distributed in accordance with the Plan of Allocation as set forth in Exhibit E to this Settlement Agreement. Until the final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.8.    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and Class Counsel have no responsibility or liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

6.      **PLAN OF ALLOCATION**

6.1.    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed in accordance with the Plan of Allocation set forth in Exhibit E to this Settlement Agreement.

6.2.    The Settling Parties acknowledge that any payments to Class Members in accordance with the Settlement Agreement or the Plan of Allocation will be governed by applicable tax laws. Further, the Settling Parties agree to work in good faith to minimize any adverse tax consequences on Class members resulting from this Settlement Agreement.  Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this

Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

6.3.    Defendants shall provide Plan Data to Class Counsel to be used in implementing the Plan of Allocation and shall provide additional Plan Data that may be reasonably necessary for Class Counsel to provide notice of the Settlement to the Class and for the Settlement Administrator to carry out the Plan of Allocation in a timely manner. The Settlement Administrator shall be solely responsible for performing any calculations required by the Plan of Allocation.

6.4.    To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or a Former Participant, or a Beneficiary of such a person. Current Participants shall receive their settlement payments as contributions to their Plan account(s), as provided in § 6.6 below. Former Participants shall receive their settlement payments in the form of a check, as provided in § 6.8 below.

6.5.    Beneficiaries of deceased participants will receive checks as described in this § 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made.

6.6.    **Payments to Current Participants.** The Settlement Administrator shall complete all payment calculations for all Current Participants within forty-five (45) calendar days after the Settlement Effective Date.

6.6.1    Within five (5) calendar days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide the Plan Administrator with an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment to be made into the Active Account(s) for each of the Current Participants.

6.6.2    Thereafter, within fourteen (14) calendar days' written notice to the Plan Administrator, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan's trustee of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheet provided by the Settlement Administrator. The Plan's trustee will credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

6.6.3    The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file. If there is no investment election on file for any Current Participant, then such Current Participant shall be deemed to have

14

directed such payment to be invested in the relevant Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

6.6.4    The Settling Parties understand the Plan's Recordkeeper will process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Settlement Administrator for any Current Participant.

6.6.5    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this § 6.

6.7.    **Payments to Current Participants Who Have a $0 Account Balance as of the Date the Settlement Payments are Made**.  For each Current Participant who has an account balance of zero as of the date the settlement payments are made, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Current Participant then on file. The checks shall be issued as follows:

6.7.1    For each check issued, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Current Participant.

6.7.2    Settlement payments that cannot be made by the Plan's Recordkeeper within thirty (30) calendar days of receiving direction from the Settlement Administrator, as described in § 6.6, because the Current Participant has an account balance of zero in the Plan, shall be returned by the Plan's trustee to the Settlement Administrator for distribution pursuant to this § 6.7 within twenty (20) calendar days thereafter.

6.8.    **Payments to Former Participants.**  The Settlement Administrator shall complete all payment calculations for all Former Participants within forty-five (45) calendar days after the Settlement Effective Date.

6.8.1    Neither the Released Parties, Defense Counsel nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Former Participants or the Current Participants.

6.8.2    For each Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail the check to the address on file for such Former Participant or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

(a)    For each check issued, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the

payments allocable to the Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Former Participants.

(b)     The Settlement Administrator shall advise the Former Participant that any distribution in accordance with the Settlement is rollover eligible and of their right to rollover such an amount.

(c)     Class Members who are Former Participants shall receive a letter with their settlement payment stating that they alone bear responsibility for complying with any Qualified Domestic Relations Order that may apply to the payment.

6.9.    The Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modifications, if material, to the Independent Fiduciary for its review and approval.

6.10.   Within fourteen (14) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendants one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice; (c) the name of each Class Member whose Settlement Notice was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

6.11.   Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit) related to such tax liability.

6.12.   All checks issued in accordance with the Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.13.   No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including

costs, taxes and interest-earned on the Qualified Settlement Fund, shall be paid to the Plan and distributed by the Plan's Recordkeeper across Active Accounts on a per capita basis. In no event shall any part of the Settlement Fund be used to reimburse any Defendants or otherwise offset settlement related costs incurred by any Defendant.

## 7.   ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

7.1.   Class Counsel intend to seek an award of their attorneys' fees in an amount not to exceed 29% of the Gross Settlement Amount, plus all reasonable litigation costs and expenses advanced and carried by Class Counsel for the duration of this Action, both of which shall be recovered from the Gross Settlement Amount ("Attorneys' Fees and Expenses"). Class Counsel also intend to seek Service Awards, in an amount not to exceed $15,000 per Class Representative which shall be recovered from the Gross Settlement Amount.

7.2.   Class Counsel will file a motion for an award of Attorneys' Fees and Expenses and to seek Service Awards at least forty-five (45) calendar days before the date of the Fairness Hearing, which may be supplemented thereafter.

7.3.   The amount the Court awards to Class Counsel for Attorneys' Fees and Expenses shall be transferred to Class Counsel from the Qualified Settlement Fund after the Settlement Effective Date.

## 8.   RELEASES AND COVENANT NOT TO SUE

8.1.   As of the Effective Settlement Date, the Plan (subject to the approval of the Independent Fiduciary, as provided for herein), the Class Representatives (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys), on their own behalves and on behalf of the BlackRock Plan Class, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties and the Plan from the Released Claims, regardless of whether or not (1) Class Members have filed an objection to the Settlement or to Class Counsel's application for an award of Attorneys' Fees and Expenses, (2) the objections of such Class Members have been approved or allowed, and (3) whether or not they received any monetary benefit from the Settlement.

8.2.   As of the Effective Settlement Date, the Class Representatives and the BlackRock Plan Class expressly agree that they, acting individually or together or in combination with others, shall not sue or seek to institute, maintain, prosecute, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a U.S. Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim against any of Released Parties, or any other entity or individual, relating to or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

8.3.   As of the Effective Settlement Date, Defendants (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, representatives, agents, and attorneys), shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged the Class Representatives and Class Counsel from any and all claims, actions, causes of action,

controversies, demands, disputes, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, liens, losses, sums of money, matters, suits, proceedings, and rights of every nature and description, whether known or unknown, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law or equity, that, from the beginning of time, the Defendants ever had, now have or hereafter can, shall or may have on the basis of, connected with, or arising out of any of the Released Claims. Notwithstanding anything to the contrary in this Agreement, however, nothing herein will release the Class Representatives, Class Counsel, and the BlackRock Plan Class from (a) any rights or duties arising out of the Settlement Agreement, including the enforcement of the Settlement Agreement, (b) claims arising out of any unauthorized exfiltration of BlackRock or Plan data in the possession of the Class Representatives or Class Counsel, or (c) claims arising exclusively from conduct after the close of the Class Period.

9.    **REPRESENTATIONS AND WARRANTIES**

9.1.    The Parties represent and warrant as follows:

    9.1.1    The Parties are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

    9.1.2    The Parties assume the risk of mistake as to facts or law;

    9.1.3    The Parties recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

    9.1.4    The Parties have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Parties; and

    9.1.5    The Parties have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

9.2.    Each individual executing this Settlement Agreement on behalf of any other person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal which such individual represents or purports to represent.

10.    **TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

10.1.   The Parties are obligated to attempt, in good faith, to cure any disagreements or issues with respect to this Settlement Agreement in the event of any events listed in § 10.2 below, including but not limited to Court ordered modifications to the Settlement.

10.2.   This Settlement Agreement shall automatically terminate, and thereupon become null and void, in the following circumstances:

> 10.2.1   (1) Either the Independent Fiduciary does not approve the Settlement Agreement for any reason whatsoever, or the Plan Administrator reasonably concludes that the Independent Fiduciary's approval does not include the determinations necessary to satisfy PTE 2003-39; and (2) the Parties do not mutually agree either to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39, or to proceed with implementation of the Settlement Agreement without approval by the Independent Fiduciary.

> 10.2.2   The Preliminary Approval Order or the Final Approval Order is not entered by the Court substantially in the form submitted by the Parties or in a form which is otherwise agreed to by the Parties in writing;

> 10.2.3   The Settlement Agreement is disapproved by the Court or fails to become effective for any reason;

> 10.2.4   The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is modified on appeal, and the Parties do not mutually agree to any such modifications in writing; or

> 10.2.5   If an appeal is filed that seeks to pursue any part of this Action other than the BlackRock Plan Class claims resolved in the Final Approval Order, and the Parties do not mutually agree within seven (7) calendar days of the filing of such an appeal to continue with implementation of the Settlement Agreement notwithstanding such appeal.

10.3.   If the Settlement Agreement is terminated and rendered null and void for any reason, the Action shall for all purposes with respect to the Parties revert to its status as of February 5, 2021. All funds deposited in the Qualified Settlement Fund, and any returns thereon, shall be returned to Defendants within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in § 10.5.

10.4.   It shall not be deemed a failure to approve the Settlement Agreement if Class Counsel's application for Attorneys' Fees and Expenses and/or Service Awards is denied, in whole or in part, and/or any of the proposed orders relating to Attorneys' Fees and Expenses and/or Service Awards are modified accordingly.

10.5.   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from positive return thereon, if any, on the Qualified

Settlement Fund, and then the remainder shall be paid in equal shares by Defendants and Class Counsel.

10.6.   Defendants shall provide the Settlement Administrator with the list of all required recipients of CAFA Notices by the filing of the motion for preliminary approval. No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, the Settlement Administrator shall serve the CAFA Notices on the Secretary of the United States Department of Labor, and on the Attorney General of the United States and the Attorneys General of all states where members of the Class reside, pursuant to 28 U.S.C. § 1715.

## 11.    GENERAL PROVISIONS

11.1.   The Settling Parties agree to cooperate fully with each other in seeking Preliminary and Final Approval of the Settlement from the Court, and to do all things as may reasonably be required to effectuate such approvals and the implementation of this Settlement Agreement according to its terms.

11.2.   Defendants shall cooperate reasonably to provide Class Member contact information to the Settlement Administrator in an electronic format accessible by such vendor, to the extent the contact information exists in such a format or otherwise can be readily obtained.

11.3.   Neither the Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the Plan of Allocation as approved by the Court; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither the Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

11.4.   The Court shall retain jurisdiction over all Parties, the Action, and this Settlement Agreement to resolve any dispute that may arise regarding this Settlement Agreement or the orders and notice referenced herein, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement and no Party shall oppose the reopening and reinstatement of the Action on the Court's active docket for the purposes of effecting this paragraph. Any motion to enforce this Settlement Agreement may be filed in the U.S. District Court for the Northern District of California, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

11.5.   This Settlement Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case California law will apply without regard to conflict of law principles.

11.6.  In the event that the Defendants breach this Settlement Agreement, Plaintiffs and the BlackRock Plan Class will continue to have any and all remedies for such breach. In the event that Plaintiffs breach this Settlement Agreement, Defendants will continue to have any and all remedies for such breach.

11.7.  Each Party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to the Party by his, her, or its counsel.

11.8.  Except as expressly specified otherwise, the provisions of this Settlement Agreement are not severable.

11.9.  Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

11.10. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Settlement Date.

11.11. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach of this Settlement Agreement, whether prior, subsequent, or contemporaneous with this Settlement Agreement.

11.12. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against a drafter.

11.13. The following principles of interpretation apply to this Settlement Agreement:

>    11.13.1   The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

>    11.13.2   Definitions apply to the singular and plural forms of each term defined, and to the masculine, feminine, and neuter genders of each term defined.

>    11.13.3   Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.14. This Settlement Agreement may be executed by exchange of faxed or emailed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this

2833355 v1

Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.15. This Settlement Agreement binds and inures to the benefit of the parties hereto, their assigns, heirs, administrators, executors and successors-in-interest.

11.16. Any notice, demand, or other communication between or to the Parties under this Settlement Agreement (other than notices to members of the Class) shall be in writing and shall be deemed duly given if it is addressed to each of the intended recipients as set forth below and sent by email with confirmation given of the receipt of that email, except that any notice or demand by any Class Member to the Parties under this Settlement Agreement need only be addressed to Class Counsel and Defense Counsel.

A.      **IF TO NAMED PLAINTIFFS:**

Michelle C. Yau
Mary J. Bortscheller
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com


B.      **IF TO DEFENDANTS:**

Brian D. Boyle
Meaghan VerGow
**O'MELVENY & MYERS LLP**
bboyle@omm.com
mvergow@omm.com

Peter Vaughan
**BLACKROCK, INC.**
Peter.Vaughan@blackrock.com

11.17. The allocation of the Net Settlement Amount to Class Members is a matter separate and apart from the proposed Settlement between the Parties.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  It is not a condition of the Settlement that any particular plan of allocation be approved by the Court.  Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  There shall be no distribution of any of the Qualified Settlement Fund to any Class Member (excepting Service Awards) until an order approving a plan of allocation is Final.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

*FOR NAMED PLAINTIFFS AND THE CLASS*

Dated this ___ day of March, 2021.

By: _____

Michelle C. Yau
Mary J. Bortscheller
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave., NW, Suite 500
Washington, DC 20005

Todd Jackson
Nina Wasow
**FEINBERG     JACKSON     WORTHMAN     &
WASOW**

*Class Counsel*

2833355 v1

*FOR ALL DEFENDANTS*

Dated this the $\underline{9^{th}}$ day of March, 2021.

By: _____

Brian D. Boyle
Meaghan VerGow
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006

*Attorneys for Defendants*

25

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Charles Baird, et al., | Case No. 4:17-cv-01892-HSG |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| BlackRock Institutional Trust Company, N.A., et al., | |
| Defendants. | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

**(1)     GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**

**(2)     APPOINTING A SETTLEMENT ADMINISTRATOR;**

**(3)     DIRECTING NOTICE TO CLASS MEMBERS AND APPROVING THE FORM AND MANNER OF NOTICE;**

**(4)     APPROVING THE PLAN OF ALLOCATION;**

**(5)     SCHEDULING A FINAL APPROVAL HEARING;**

**(6)     SCHEDULING A HEARING ON CLASS COUNSEL'S FEE AND EXPENSE APPLICATION AND PLAINTIFFS' REQUEST FOR CASE CONTRIBUTION AWARDS; AND**

**(7)     ENJOINING CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT.**

Currently before the Court for preliminary approval is a settlement (the "Settlement") of this class action ("Action") asserting claims for alleged breaches of fiduciary duties in violation of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the BlackRock Retirement Savings Plan ("Plan"). The Plaintiffs/Class Representatives (hereinafter "Class Representatives") allege that Defendants violated their ERISA duties through their management, operation, and administration of the Plan. Defendants deny the allegations, claims, and contentions of the Class Representatives.

The terms of the Settlement are set forth in a Class Action Settlement Agreement ("Settlement Agreement") executed by the Parties and their Counsel on March 9, 2021. The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions used in the Settlement Agreement, which is incorporated herein by reference. The Court previously certified the BlackRock Plan Class ("Class") on February 11, 2020. (ECF No. 360 at 29). Pursuant to Plaintiffs' Motion for Preliminary Approval, and having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

2. **Class Certification**: The Court previously certified the Class as a non-opt-out class under Federal Rules of Civil Procedure 23(a) and 23(b)(1), appointed Named Plaintiffs as Class Representatives, and defined the Class as follows:

> BlackRock Plan Class: All participants (and their beneficiaries) in the BlackRock Retirement Savings Plan during the Class Period of April 5, 2011 through the date of judgment or settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appointed Cohen Milstein Sellers and Toll PLLC and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel in this action.

4. Because this Action is certified as a non-opt-out class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1), members of the Class shall be bound by any judgment concerning the Settlement in this Action.

5. **Preliminary Findings Regarding Proposed Settlement**: The Settlement documented

2

in the Settlement Agreement is hereby PRELIMINARILY APPROVED, subject to further consideration at the hearing the Court will hold pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below ( "Final Approval Hearing"), as the Court preliminarily finds that:

    a.    The proposed Settlement resulted from arm's-length negotiations facilitated by Magistrate Judge Donna M. Ryu and with the involvement and approval of the Class Representatives;

    b.    The Settlement Agreement was executed only after the Parties engaged in litigation for over four years, which included extensive fact and expert discovery, and involved numerous decisions on dispositive and discovery motions;

    c.    Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

    d.    The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; and

    e.    The Court will likely be able to grant final approval of the Settlement under Federal Rule of Civil Procedure 23(e)(2) following notice and a hearing.

    6.    **Final Approval Hearing**: A hearing is scheduled at the United States District Court for the Northern District of California, the Honorable Judge Haywood S. Gilliam, Jr. presiding, at ____ a.m./p.m. on _____, 2021, [not before 100 days after the date of this Order] ("Final Approval Hearing").

    a.    Not later than forty-five (45) calendar days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement, and in support of Class Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards.

    b.    Not later than forty-eight (48) calendar days before the Final Approval Hearing, the Independent Fiduciary shall submit its report pursuant to Section 3.2 of the Settlement Agreement.

    c.    At the Final Approval Hearing, the Court will determine, among other issues,

<div style="margin-left: 2em;">

i.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

ii.     Whether the notice and notice methodology were performed as directed by the Court;

iii.     Whether the motion for Attorneys' Fees and expenses to be filed by Class Counsel should be approved;

iv.     Whether an amount of Service Awards to Class Representatives should be approved;

v.     Whether the Administrative Expenses to administer the Settlement specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Amount; and

vi.     Whether a Final Approval Order and Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing the Action with prejudice.

</div>

d.     The Court may order, without further direct notice to the Class Members, other than by notice to Class Counsel, to adjourn or continue the Final Approval Hearing.

7.     **Claims Administrator**: The Court approves the retention by Class Counsel of Settlement Services, Inc. as the Settlement Administrator.

8.     **Notice**: The Court approves the Notice to Class Members in substantially the form attached as Exhibits C and C.1 to the Settlement Agreement.

a.     The Court approves the form and content of the Notice and finds that the proposed Settlement Notice fairly and adequately:

<div style="margin-left: 2em;">

i.     Describes the terms and effect of the Settlement Agreement and of the Settlement;

ii.     Notifies the Class concerning the proposed Plan of Allocation;

iii.     Notifies the Class that Class Counsel will seek Service Awards from the Settlement Fund for the Class Representatives and Named Plaintiffs, and Attorneys' Fees and Expenses;

</div>

<div style="text-align: center;">4</div>

iv.   Notifies the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

v.   Gives notice to the Class of the time and place of the Final Approval Hearing; and

vi.   Describes how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

b.   Defendants shall use reasonable efforts to cause the Plan Recordkeeper to provide to the Settlement Administrator, within fourteen (14) calendar days of the entry of this Preliminary Approval Order, the Plan Data, as defined in the Plan of Allocation as described Exhibit E to the Settlement Agreement (including names and last known addresses and email addresses, if available) sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund on the terms provided for in the Settlement Agreement. The names, addresses, and other information identifiable to Class Members that is provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing Notice of this Settlement and distribution of the Settlement Fund, and for no other purpose and shall be treated as "Confidential" under the Protective Order governing the Actions (ECF No. 76).

c.   Within seven (7) calendar days of the entry of this Order and no later than the first date that the emailing or the mailing of the Notice occurs, Class Counsel shall establish a website containing the Notice, the Settlement Agreement and its exhibits, this Order, the operative Second Amended Complaint, the Motions for Preliminary Approval and Final Approval (when filed); the Motion for Attorneys' Fees and Expenses (when filed); any approval order or other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Parties.

d.   Within thirty (30) calendar days after entry of this Order, or as may be modified by the Court, the Settlement Administrator shall cause copies of the Notice to be sent by email

5

[Proposed] Order Granting Mot. for Prelim. Approval of Class Action Settlement
Case No. 4:17-cv-01892-HSG

(if available) to all Class Members through the notice procedure described in the Settlement Agreement and shall cause the Postcard Notice to be sent by first-class mail to all former Plan participants based upon the Plan Data provided by the Plan's Recordkeeper.

e.     The Court finds that, under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notice: (i) constitutes the best notice practicable under the circumstances; (ii) provides due and sufficient notice of the Final Approval Hearing and of the rights of all Class Members; and (iii) complies fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law.

f.     All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement at Section 1.3.

9.     **Class Action Fairness Notice**: The Court approves the form of the CAFA Notice attached as Exhibit D and orders that upon the Settlement Administrator's mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

10.     **Plan of Allocation:** The Court finds that the Plan of Allocation proposed by Plaintiffs and Class Counsel for allocating the Settlement Amount to Class Members, as described in Exhibit E to the Settlement Agreement, is likely to receive final approval and that the Settlement Agreement is within the range of reasonableness to warrant preliminary approval.

a.     Within fourteen (14) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendants one or more affidavits described in Settlement Agreement ¶ 6.10.

11. **Objections to the Settlement:** The Court will consider written comments and objections to the Settlement, to the proposed Motion for Attorneys' Fees and Expenses, and to Class Counsel's request for Service Awards for Plaintiffs. Any objection to the proposed Settlement must be in writing and must: (a) clearly identify the case name and number (*Charles Baird, v. BlackRock Institutional Trust Co. N.A.*, Case No. 4:17-cv-01892); (b) be submitted to the Court either by mailing it to the

6

Clerk of the Court or by filing it in person at any location of the United States District Court for the Northern District of California; and (c) serve copies of the objection and all supporting authorities or evidence to Class Counsel, Defense Counsel, and Defendants set forth below by email, with confirmation given of the receipt of that email, except that any notice or demand by any Class Member to the Parties under the Settlement Agreement need only be addressed to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the Parties to this matter are as follows:

**Clerk of the Court**
United States District Court for the Northern District of California
Ronald V. Dellums Federal Building and United States Courthouse
1301 Clay Street,
Suite 400 S
Oakland, California 94612

**Class Counsel**
Michelle C. Yau
Mary J. Bortscheller
COHEN MILSTEIN SELLERS & TOLL PLLC
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com

**Defense Counsel**
Brian D. Boyle
Meaghan VerGow
O'MELVENY & MYERS LLP
bboyle@omm.com
mvergow@omm.com

    a.     To state a valid objection to the Settlement, an objecting Class Member must provide the following information in the Settlement Class Member's written objection:

          i.    His/her/their full name, current address, and current telephone number, and, if represented by counsel, any of his/her/their counsel's name and contact information;

         ii.    Whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class;

7

   iii. A statement of the position(s) the objector wishes to assert; and

   iv. Copies of any documents that the objector wishes to submit in support of his/her/their position.

  b. Any Class Members' objections must be filed or postmarked on or before thirty (30) calendar days before the Final Approval Hearing. Any objections submitted by federal or state authorities must be filed no later than thirty (30) calendar days before the Final Approval Hearing

  c. If an objector hires an attorney to represent him, her, or them for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Final Approval Hearing or by no later than _____, ____, 2021.

  d. The Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection. Any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector.

  e. Failure to serve objection(s) on either the Court or Counsel for the Parties shall constitute a waiver of the objection(s). Any member of the Class or other Person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

  f. Class Counsel may file a response to an objection, and serve the response on all Parties, no later than ten (10) calendar days before the Final Approval Hearing or by no later than _____, ____, 2021.

  12. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity commence any action or proceeding in any court or tribunal asserting any of the

8

Released Claims against any of the Defendants, the Released Parties, or the Plan.

**2.      Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

**3.      Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Named Plaintiff, Class Representative, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or they may have.


**IT IS SO ORDERED.**

Dated: _____

_____
U.S. District Judge Haywood S. Gilliam, Jr.
U.S. District Court for the
Northern District of California

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Charles Baird, et al., | Case No. 4:17-cv-01892-HSG |
| Plaintiffs, | **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |
| vs. | |
| BlackRock Institutional Trust Company, N.A., et al., | |
| Defendants. | |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

Wherefore, this        day of              , 2021, upon consideration of the Plaintiffs' motion for final approval of the settlement (the "Settlement") of this litigation (the "Action"), as previously certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1); and the proposed Plan of Allocation in accordance with the terms of a Class Action Settlement Agreement dated March 9, 2021 (the "Settlement Agreement"); and Class Representatives' motion for an award of Attorneys' Fees and reimbursement of expenses, and for Service Awards for Class Representatives; and the Court having read and considered these motions, heard any arguments of Counsel, granted preliminary approval of the Settlement by Order dated _____ ____, 2021 (ECF No. ____) (the "Preliminary Approval Order"), and considered any objections raised; and all Parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.      For purposes of this Final Order and Judgment, capitalized terms used herein have the Definitions used in the Settlement Agreement, which is incorporated herein by reference.

1

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class.

3. The Court determines that Class Representatives are asserting claims on behalf of the BlackRock Retirement Savings Plan (the "Plan") pursuant to ERISA §§ 502(a)(2) & 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), to recover losses alleged to have occurred as a result of Defendants' violations of ERISA and to seek other equitable relief.

4. The Court determines that the Settlement, which includes the payment of nine million six-hundred fifty-thousand dollars ($9,650,000) by Defendants, has been negotiated vigorously and at arm's length by and between Class Counsel and Defense Counsel under the supervision of Magistrate Judge Donna M. Ryu. The Court finds that, at all times, Class Representatives have acted independently, and that Class Representatives and Class Counsel have fairly and adequately represented the Class in connection with the Action and the Settlement Agreement. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as constituting a fair, reasonable and adequate settlement and compromise in this Action in accordance with all applicable laws, including Federal Rule of Civil Procedure 23, and orders that the Settlement Agreement shall be effective, binding and enforced according to its terms and conditions. The Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

6. In accordance with the Court's Order, notice of the Settlement was timely distributed by email and/or first-class mail to all members of the Class, and notice was also published on the website maintained by Class Counsel. In addition, as required by the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453, and 1711–1715, the Settlement Administrator has provided notice to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, the United States Secretary of Labor, and the U.S. Comptroller of the Currency.

7. The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23(c)(2),

2

any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

8.    The Court hereby approves the maintenance of the Action as a non-opt-out class under Federal Rules of Civil Procedure 23(a) and 23(b)(1), with the Class Representatives already having been appointed and the Class certified as follows:

> All participants (and their beneficiaries) in the BlackRock Retirement Savings Plan during the Class Period of April 5, 2011 through the date of the Preliminary Order.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also appointed Michelle Yau and Mary Bortscheller of Cohen Milstein Sellers & Toll PLLC and Todd Jackson and Nina Wasow of Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel.

9.    The Court determines that Defendants have fully complied with all requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453, and 1711–1715.

10.    Members of the Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

11.    Any Objection to the Settlement is overruled with prejudice.

12.    Based on the Settlement, the Court hereby dismisses with prejudice the Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on the behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Parties other than as provided for in the Settlement Agreement.

13.    The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties and the Plan from all Released Claims.

14.    The Court expressly retains jurisdiction over all Parties, the Action, and this Settlement Agreement to resolve any dispute that may arise regarding this Settlement Agreement or the Orders

3

and Notice referenced herein, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement, and no Party shall oppose the reopening and reinstatement of the Action on the Court's active docket for the purposes of effecting this paragraph. Any motion to enforce this Settlement Agreement may be filed in the U.S. District Court for the Northern District of California or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

15. Class Counsel are hereby awarded Attorneys' Fees in the amount of $_____ (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable, and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement. The Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

16. Class Counsel are hereby awarded reimbursement of expenses in the sum of $_____ (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to Class Counsel in connection with the Settlement Agreement.

17. Each Class Representative is hereby awarded a Service Award in the amount of $_____. The Service Awards have been determined by the Court to be fair, reasonable, and appropriate. In addition to their Service Awards, each Class Representative is also eligible for a share of the payment from the Settlement Fund as member of the Class. Other than these payments, no other award shall be awarded to the Class Representatives in connection with the Settlement Agreement. The Service Awards shall be paid to the Class Representatives in accordance with the terms of the Settlement Agreement.

18. Each member of the Class shall hold harmless Defendants, Defense Counsel, the Released Parties, and the Plan for any claims, liabilities, Attorneys' Fees, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related Attorneys' Fees and expenses.

19. The Plan of Allocation for the distribution of the Net Settlement Fund, as submitted by the Parties, is approved as fair, reasonable, and adequate.

20. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation.

21. The Court finds that the payments made from the Qualified Settlement Fund to effect the distributions to Class Members who are eligible for a Class Member Distribution or to effect the Plan of Allocation constitute restorative payments in accordance with IRS Revenue Ruling 2002-45.

22. Upon its entry of this Order, all Parties including the BlackRock Plan Class shall be bound by the Settlement Agreement and by the Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____

_____
U.S. District Judge Haywood S. Gilliam, Jr.
U.S. District Court for the
Northern District of California

EXHIBIT C

1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9 **OAKLAND DIVISION**

10

11 | Charles Baird and Lauren Slayton, as | Case No. 4:17-cv-01892
individuals, and on behalf of the BlackRock
12 | Plan Class, | Judge Haywood S. Gilliam, Jr.

13 | Plaintiffs,

14 | vs.

15 | BlackRock Institutional Trust Company,
N.A.; BlackRock, Inc.; The BlackRock, Inc.
16 | Retirement Committee; The Investment
Committee of the Retirement Committee; The
17 | Administrative Committee of the Retirement
Committee; The Management Development &
18 | Compensation Committee; Catherine Bolz,
Chip Castille, Paige Dickow, Daniel A.
19 | Dunay, Jeffrey A. Smith; Anne Ackerley,
Amy Engel, Nancy Everett, Joseph Feliciani
20 | Jr., Ann Marie Petach; Michael Fredericks,
Corin Frost, Daniel Gamba, Kevin Holt, Chris
21 | Jones, Philippe Matsumoto, John Perlowski,
Andy Phillips, Kurt Schansinger, Tom
22 | Skrobe; Kathleen Nedl; Marc Comerchero,
Joel Davies, John Davis, Milan Lint, and
23 | Laraine McKinnon,

24 | Defendants.

25

26 **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

27 *A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

28

1

**PLEASE READ CAREFULLY: Your legal rights will be affected by a proposed settlement of a class action lawsuit if you are a member of the following class of persons:**

> All participants (and their beneficiaries) in the BlackRock Retirement Savings Plan during the Class Period of April 5, 2011 through the date of the Preliminary Order. Excluded from the Class are the individuals named in this case at any time as Defendants, including their heirs, assigns, beneficiaries, and representatives in those capacities.

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. THE COURT PROCEEDINGS DESCRIBED IN THIS NOTICE WILL AFFECT YOUR RIGHTS IF YOU ARE A MEMBER OF THE CLASS.**

## 1. Why Did I Receive This Settlement Notice?

You are receiving this notice (the "Notice") because the records of the BlackRock Retirement Savings Plan (the "RSP" or "Plan") indicate that you have been a participant in the Plan and maintained an account with a positive balance at some point between April 5, 2011 and [date of Preliminary Approval Order]. As such, your rights may be affected by a proposed settlement of this class action litigation (the "Settlement").

**This Notice summarizes the proposed Settlement.** The complete terms and conditions of the Settlement are described in the Settlement Agreement, which is available at www.BR401kSettlement.com; by contacting Class Counsel, who are listed in Section 4 below; or by accessing the court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.[1]

**You do not need to do anything to be a part of this Class or, if the Settlement is approved, to be eligible to receive your share of the Settlement Fund.** If you still have a Plan account with a positive balance when Settlement Fund distributions are made, your Settlement benefits will be distributed to your Plan account. If you no longer have a Plan account, a check will be mailed to you.

## 2. What Is This Class Action Lawsuit About?

Plaintiffs sued BlackRock, Inc. ("BlackRock") and the other Defendants,[2] alleging violations

---

[1] Except as otherwise described herein, all defined terms in this Notice shall have the same meaning as provided in Section 1 of the Settlement Agreement.

[2] BlackRock Institutional Trust Co., N.A.; the BlackRock, Inc. Retirement Committee; The Investment Committee of the Retirement Committee; The Administrative Committee of the Retirement Committee; The Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors; Catherine Bolz; Chip Castille; Paige Dickow; Daniel A. Dunay; Jeffrey A. Smith; Anne Ackerley; Amy Engel; Nancy Everett; Joseph Feliciani, Jr.; Ann Marie Petach; Michael Fredericks; Corin Frost; Daniel Gamba; Kevin Holt; Chris Jones; Philippe

of the Employee Retirement Income Security Act ("ERISA"), a federal law governing employee retirement plans such as the RSP. Plaintiffs' allegations concerned the use of BlackRock-managed funds as investment options in the Plan. Plaintiffs alleged that the use of BlackRock-managed investment options caused the Plan to forgo superior investment options, pay BlackRock and its affiliates compensation that was excessive and undisclosed to participants, and experience undue risk. On February 11, 2020, the Court permitted this case to proceed as a class action on behalf of present and former participants in the RSP.

Defendants deny all allegations of wrongdoing and deny all liability for the claims in this Action. Defendants maintain that the Plan has been managed, operated, and administered at all relevant times in compliance with ERISA and applicable laws and regulations.

The United States District Court for the Northern District of California (the "Court") has given its preliminary approval to a proposed settlement of the class action lawsuit.

## 3.   What Does the Settlement Provide?

The Settlement pays money to RSP participants to settle the class action claims against Defendants concerning the use of BlackRock-managed funds as investment options in the Plan. The monetary payment represents BlackRock's sole obligation to Class Members under the Settlement. The Settlement does not require BlackRock to undertake any changes in its management or operation of the RSP. The complete terms of the Settlement are set forth in the Settlement Agreement and Release dated March 9, 2021 (the "Settlement Agreement"), which is available at www.BR401kSettlement.com. Those terms are summarized below.

Under the Settlement, Defendants will pay Nine Million Six Hundred Fifty Thousand Dollars ($9,650,000) (the "Settlement Amount") into an Escrow Account. Then, according to a Plan of Allocation described below, and available on the Settlement Website, the Net Settlement Amount will be paid to the Plan's trust for allocation to the individual accounts of the Class Members who currently have accounts in the Plan with balances greater than $0 ("Current Participants"). Class Members who no longer have a positive account balance in the Plan ("Former Participants") will receive their allocated amounts by check, with applicable taxes withheld. Former Participant Class Members may be able to deposit the settlement payment into a qualified retirement savings account within sixty (60) days of receipt in order to avoid a potential tax penalty for the early withdrawal of retirement savings. **Former Participant Class Members are encouraged to consult with a tax professional regarding the tax implications of the settlement payment.**

### Allocation of the Settlement

The Net Settlement Amount distributed to Class Members is the Settlement Amount net of (a)

---

Matsumoto; John Perlowski; Andy Phillips; Kurt Schansinger; Tom Skrobe; Kathleen Nedl; Marc Comerchero; Joel Davies; John Davis; Milan Lint; and Laraine McKinnon (collectively, with BlackRock, the "Defendants").

all Attorneys' Fees and Expenses paid to Class Counsel as approved by the Court; (b) all Service Awards paid to the two individual plaintiffs who served as Class Representatives as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve reasonably determined by Class Counsel that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Effective Settlement Date but not yet paid; (2) Administrative Expenses estimated to be incurred after the Effective Settlement Date but before the end of the Settlement Period; (3) an amount estimated for adjustments of data or calculation errors; and (4) an amount estimated for payment of necessary taxes on interest earned by the Qualified Settlement Fund.

Exhibit E to the Settlement Agreement describes the Court-approved Plan of Allocation, according to which the Net Settlement Amount will be allocated amongst Class Members. Under the proposed Plan of Allocation (which is subject to the Court's approval), the amount, if any, that will be allocated to you will be based upon the Plan's records of the average balance you held in BlackRock-managed funds offered in the Plan each quarter during the Class Period. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. All inquiries related to distributions should be addressed solely to the Settlement Administrator, Settlement Services Inc. ("SSI"), at the address listed below.

**Settlement Services, Inc. ("SSI")**
Post Office Box 469
Tallahassee, FL 32302-0469
www.SettlementServicesInc.com
Tel: (833) 594-2001 - Toll-Free

## Release in Exchange for Settlement

In exchange for the Settlement Amount, all members of the Class will release any and all claims, actions, demands, rights, obligations, liabilities, damages, Attorneys' Fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions during the Class Period: (1) that were asserted in the Complaint or Action, or that arise out of the conduct alleged in the Complaint whether or not pleaded in the Complaint; (2) that arise out of, relate to, are based on, or have any connection with (i) the selection, oversight, retention, or performance of the Plan's investment options and service providers; (ii) fees, costs, or expenses charged to, paid by, or reimbursed by the Plan, directly or indirectly, including, without limitation, all fees charged against collective trust fund assets, including fees for managing securities lending cash collateral and fees expressed as a share of net securities lending returns; (iii) disclosures or failures to disclose information regarding the Plan's investment options, fees, costs, expenses, or service providers; (3) that would be barred by *res judicata* based on entry of the Final Approval Order; (4) that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Class in accordance with the Plan of Allocation; or (5) that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**The Release specifically excludes**: (1) any rights or duties arising out of the Settlement Agreement, including the enforcement of the Settlement Agreement; (2) claims of individual denial

4

of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within the release provisions above; (3) wages, labor or employment claims unrelated to the Plan; (4) any claims which were or may be asserted on behalf of the non-certified CTI Class other than the claims belonging to the BlackRock Plan Class; and (5) claims arising exclusively from conduct after the close of the Class Period.

### 4.  Do I Have a Lawyer in the Lawsuit?

The Court has appointed Michelle C. Yau and Mary J. Bortscheller of the law firm Cohen Milstein Sellers & Toll PLLC and Nina Wasow and Todd Jackson of the law firm Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel in the lawsuit.

### 5. How Will the Lawyers Be Paid?

Class Counsel and the Class Representatives have devoted many hours to investigating the claims, bringing this litigation, and pursuing it for over four years. During that time, Class Counsel incurred litigation expenses in addition to the time spent by attorneys, paralegals, and others. Class Counsel also took the risk of litigation and have not been paid for their time and expenses while this litigation has been pending before the Court.

Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of reasonable attorneys' fees and reimbursement of the expenses they incurred in prosecuting the litigation. This motion will be considered at the Fairness Hearing. Class Counsel have agreed to limit their application for an award of Attorneys' Fees to no more than 29% of the Settlement Amount plus their expenses. Class Counsel will also request that the Court order Service Awards of $15,000 for each of the Named Plaintiffs. The Court will determine whether to grant Class Counsel's requests for fees and expenses, and Service Awards to the Named Plaintiffs, and in what amount.

### 6. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court has granted preliminary approval of the proposed Settlement and approved this Notice. The Settlement will not take effect, and there will be no benefits distributed under the Settlement, however, if the Court does not enter a Final Approval Order and Judgment or the Settlement otherwise does not become effective. The Court will hold a Final Approval Hearing on [_____] in Courtroom 2 at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California or by Court Zoom linked below. Class Counsel will attend the hearing to answer any questions the Court may have. You are not required to attend the Final Approval Hearing.

- https://cand-uscourts.zoomgov.com/j/1607976056?pwd=aW5IeE14UkJRbkdPTGJFWFUrRG1Cdz09
- Webinar ID: 160 797 6056
- Password: 129759

## 7. How Do I Object to the Settlement?

The date and location of the Final Approval Hearing is subject to change by order of the Court without further notice to the Class. If you would like to attend the Final Approval Hearing, you should check the Settlement Website, www.BR401kSettlement.com, or the Court's online docket to confirm that the date has not been changed. Prior to the Final Approval Hearing, an Independent Fiduciary will be asked to approve the Settlement and Released Claims on behalf of the Plan, as may be required by ERISA Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions.

As a Class Member, you can ask the Court to deny approval of the Settlement by filing an objection. You cannot, however, ask the Court to order settlement on different terms; the Court can only approve or reject the Settlement on the terms reached by the Parties. If the Court denies approval, the Settlement Amount will not be distributed, and the litigation will resume.

Any objection to the proposed Settlement must be made in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Baird, et al. v. BlackRock Institutional Trust Co. N.A., et al.,* 4:17-cv-01892-HSG); (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [_____]. Any objection shall: (1) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (2) state the specific grounds for the objection.

Those Class Members or their attorneys intending to appear at the Final Approval Hearing must give notice of their intention to appear to Class Counsel and Defendants' Counsel and file it with the Court Clerk on or before [_____]. Such notice shall set forth the name, address, and telephone number of the Class Member and, if applicable, the name, address, and telephone number of that Class Member's attorney, who intend to appear at the Final Approval Hearing.

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement. The Court certified the Class under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

## 8. How Do I Get More Information?

You can visit the Settlement Website at www.BR401kSettlement.com, where you will find the full Settlement Agreement, the Court's Order granting Preliminary Approval, this Notice, and other relevant documents. If there are any changes to the deadlines identified in this Notice, the date of the Final Approval Hearing, or the Settlement Agreement, those changes will be posted

to the Settlement Website. You will not receive an additional mailed notice with those changes, unless separately ordered by the Court. If you cannot find the information you need on the Settlement Website, you may also contact counsel for the Parties, below.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Michelle C. Yau<br>Mary J. Bortscheller<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Ave., NW, Suite 500 West<br>Washington, DC 20005<br>myau@cohenmilstein.com<br>mbortscheller@cohenmilstein.com<br>Tel: (202) 408-4600<br><br>Nina Wasow<br>Todd Jackson<br>**FEINBERG, JACKSON, WORTHMAN, & WASOW LLP**<br>2030 Addison Street, Suite 500<br>Berkeley, CA 94704<br>nina@feinbergjackson.com<br>todd@feinbergjackson.com<br>Tel: (510) 269-7998 | Brian D. Boyle<br>Meaghan VerGow<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>bboyle@omm.com<br>mvergow@omm.com |

7

EXHIBIT C.1

## NOTICE OF CLASS ACTION SETTLEMENT

*Baird et al. v. BlackRock Institutional Trust Co. et al. 4:17-cv-01892-HSG (N.D. Cal.)*

### IF YOU ARE OR WERE A PARTICIPANT IN THE BLACKROCK RETIREMENT SAVINGS PLAN ("PLAN"), YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.

A settlement has been reached in a class action lawsuit alleging that BlackRock, Inc. and other fiduciaries of the Plan ("Defendants") violated the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan.

**What is included in the Settlement?** Defendants deny any wrongdoing but have entered into a Settlement Agreement with Plaintiffs that includes a **$9,650,000** Settlement Fund that will be allocated to Class Members in exchange for a release of certain claims related to the Action. Costs of administering this Settlement as well as, at the Court's discretion, attorneys' fees not exceeding 29%, expenses, and service awards to Named Plaintiffs will be paid from the Settlement Fund before the Net amount is disbursed to Class Members.

**Who is included in the Class?** Participants (and their beneficiaries) in the Plan during the Class Period of April 5, 2011 through [date of the Preliminary Order].

**How will I get paid?** You do not need to take action to receive a payment if the Court approves the Settlement. If you no longer have a Plan account, you will receive a check for your pro rata share, if any, of the Net Settlement Fund. If you are a current Plan participant, your pro rata share, if any, of the Net Settlement Fund will be contributed directly into your Plan account.

**Can I object to the Settlement?** Yes. You can ask the Court to deny approval of the Settlement by filing an objection according to the process described at www.BR401kSettlement.com by [DATE]. The Court certified a non-opt out Class in this case. You will be bound by the Settlement Agreement if it is approved.

**Visit www.BR401kSettlement.com for more information about the Settlement, to review the Settlement Agreement and related documents, or if you have questions.**

EXHIBIT D

[Settlement Administrator Letterhead]

[DATE]

**VIA USPS PRIORITY MAIL**

[recipient]
[address 1]
[address 2]

**Re: Notice of Class Action Settlement**
*Baird et al. v. BlackRock Institutional Trust Company, N.A. et al.*

Dear Counsel or Official:

On behalf of the Defendants[1] in the litigation described above, [Settlement Administrator], an independent claims administrator, hereby provides your office with notice of the following proposed class action settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1711-1715:

> **Case Name**:  *Baird et al. v. BlackRock Institutional Trust Company, N.A. et al. ("Baird v. BlackRock")*
>
> **Case Number:**  4:17-cv-01872-HSG-KAW
>
> **Jurisdiction:**  United States district Court, Northern District of California, Oakland Division
>
> **Date Settlement Filed with Court:**  [DATE]

The Defendants specifically deny any liability or wrongdoing, and elected to enter into the settlement agreement solely to eliminate the burden and expense of protracted litigation.  In accordance with the requirements of 28 U.S.C. § 1715, Defendants provided the following information regarding the settlement.  Copies of the referenced documents can be found on the enclosed flash drive.

---

[1] BlackRock Institutional Trust Company, N.A.; BlackRock, Inc.; The BlackRock, Inc. Retirement Committee; The Investment Committee of the Retirement Committee; The Administrative Committee of the Retirement Committee; The Management Development & Compensation Committee of the BlackRock, Inc. Board of Directors, Catherine Bolz, Chip Castille, Paige Dickow, Daniel A. Dunay, Jeffrey A. Smith; Anne Ackerley, Amy Engel, Nancy Everett, Joseph Feliciani, Jr., Ann Marie Petach, Michael Fredericks, Corin Frost, Daniel Gamba, Kevin Holt, Chris Jones, Philippe Matsumoto, John Perlowski, Andy Phillips, Kurt Schansinger, Tom Skrobe; Kathleen Nedl, Marc Comerchero, Joel Davies, John Davis, Milan Lint, and Laraine McKinnon.

1

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials.**  The enclosed flash drive contains copies of the Complaint filed on April 5, 2017 (ECF No. 1); the First Amended Complaint filed on October 18, 2017 (ECF No. 75); the Second Amended Complaint filed on August 27, 2018 (ECF No. 154); and the related Answer to the Second Amended Complaint filed on October 1, 2019 (ECF No. 353).

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearings.**  The enclosed flash drive contains Plaintiffs' [Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice and Scheduling of Fairness Hearing, filed on [DATE].  The motion will be set for hearing, but that date has yet to be scheduled.]  There are no other judicial hearings currently scheduled.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members.**  The enclosed flash drive contains the [Notice of Proposed Class Action Settlement, filed on [DATE]].

4. **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement.**  The enclosed flash drive contains the Settlement Agreement, filed on [DATE].

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement.**  Other than the Settlement Agreement (including the Plan of Allocation referenced in and attached to the Settlement Agreement), no other settlements or agreements have been contemporaneously executed between the parties.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment.**  The Court has not entered a final judgment or notice of dismissal as of the date of this CAFA notice.

7. **28 U.S.C. § 1715(b)(7)(B) –Estimate of Class Members in [STATE].**  [BAML - TBD]

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to Settlement.**  As of the date of this CAFA notice, the Court has not issued a judicial opinion related to the settlement.

If you have questions about this CAFA notice, the proposed settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact Defendants' counsel:

> Brian D. Boyle
> Partner
> O'Melveny & Myers LLP
> 1625 Eye St. NW
> Washington, DC 20006
> Tel: (202) 383-5314
> Email: bboyle@omm.com

Sincerely,

[Settlement Administrator]

Enclosures

EXHIBIT E

*Baird v. BlackRock Institutional Trust Co., N.A.*

## PLAN OF ALLOCATION

The Parties reached an agreement to settle the lawsuit for a cash payment by *Defendants*[1]

in the amount of $9,650,000 (the *Settlement Fund*). The *Settlement Fund* shall remain in an

interest-bearing escrow account within the meaning of Treasury Regulation § 1.468B-1 (the

*Qualified Settlement Fund*) in an FDIC-insured bank, to be established by *Class Counsel* no later

than five (5) business days after the Court enters the *Preliminary Approval Order*, and trusteed

by the *Escrow Agent.* This *Plan of Allocation* describes how the *Net Settlement Amount*, that is,

the *Settlement Fund* plus any interest earned thereon, less (1) *Attorneys' Fees*, expenses, and

costs (including *Service Awards* to *Class Representatives*), (2) the expense of *Class Notice*, and

(3) other *Administrative Expenses* (including taxes and tax expenses), are allocated to *Class

Members*.

After the Court enters the *Final Approval Order* and after the *Effective Date*, the

*Settlement Administrator* shall distribute the *Net Settlement Amount* to *Class Members* from the

*Qualified Settlement Fund* as promptly as possible pursuant to this *Plan of Allocation.*

## 1.  Allocation Method

Generally, the *Net Settlement Amount* is allocated in proportion to each *Class Member's*

investments in *BlackRock Funds* during the *Class Period*. Each *Class Member* receives a pro

rata share of the *Net Settlement Amount*, based on the respective *Class Member's* average

BlackRock-managed investment balance during each quarter of the Class Period. However, if a

*Class Member*'s *Distribution* is less than $10.00 and it is required to be paid by check, it will be

---

[1] The capitalized italicized terms in this *Plan of Allocation* have the same meaning as they appear in the [Proposed] *Settlement Agreement*, filed concurrently.

1

considered *de minimis* and the *de minimis* amount will not be paid by check to such *Class Member*. Each *Class Member* shall receive his or her settlement payment as determined under the *Allocation Method* described in this paragraph.

To be eligible for a distribution from the *Net Settlement Amount*, a *Class Member* must be a *Current Participant*, a *Former Participant*, or a *Beneficiary* of such a person, and, in cases where the distribution must be paid by check, have a *Class Member Distribution* that is greater than the *de minimis* amount. A *Beneficiary* will receive their payment as described in this *Plan of Allocation* in an amount corresponding to their entitlement as a *Beneficiary* of a *Current Participant* or of a *Former Participant* with respect to which the payment is made. The *Settlement Administrator* shall have sole and final responsibility to determine the amounts of payment to *Beneficiaries* in accordance with the *Plan of Allocation* and as ordered by the *Court*.

A.   <u>Assumptions</u>

The *Plan of Allocation* is based on quarterly account balances in BlackRock-managed investments in the *BlackRock Retirement Savings Plan* during the *Class Period*. *See infra* Appendix A (listing the at-issue BlackRock-managed investments). There are at least 39 calendar quarters in the *Class Period*, which runs from April 5, 2011 to the date the *Preliminary Approval Order* is entered. The first quarter of the *Class Period* is the second quarter of 2011 (Q2 2011). For purposes of the *Plan of Allocation*, treating the data from April 5, 2011 – June 30, 2011 as representing a full quarter in the *Class Period* simplifies and streamlines administration and implementation of the *Plan of Allocation*. The last quarter of the *Class Period* will be determined by the date the *Preliminary Approval Order* is entered, but in all events shall be the latest quarter for which complete data is available following the entry of the Preliminary Approval Order.

     B.    <u>Calculation of Each Class Member's Share of the Net Settlement Amount</u>

The share of the *Net Settlement Amount* to be distributed to each *Class Member* shall be calculated based on each *Class Member's* total investment in the Plan during the *Class Period*. Specifically, each *Class Member's Distribution* shall be calculated as follows:

a) Determine the aggregate value of the portion of each *Class Member's* account allocated to BlackRock-managed investments during the *Class Period* by summing the value of the *Class Member's* positive (greater than zero) account balance allocations to BlackRock-managed investments at the end of each quarter during the *Class Period*.

b) Determine the aggregate value of the *Plan's* investment in BlackRock-managed funds across all quarters of the *Class Period* by summing the aggregate values of each *Class Member's* positive (greater than zero) account balance allocations to BlackRock-managed investments.

c) For each *Class Member*, divide the aggregate value of each *Class Member's* account balance allocations to BlackRock-managed investments by the aggregate value of the *Plan's* investment in BlackRock-managed funds across all quarters of the *Class Period*; hereinafter this shall be referred to as the "Pro Rata Share" value.

d) The settlement payment is equal to the product of the Pro Rata Share value and the *Net Settlement Amount* value.

**2. Distribution of Net Settlement Amount**

Within 10 calendar days after the entry of the *Preliminary Approval Order*, *Defense Counsel* shall provide the *Plan Data* to *Class Counsel* and the *Settlement Administrator*.

Within 10 calendar days after the *Effective Date* (unless *Class Counsel* direct the *Settlement Administrator* in writing to use a later date), the *Settlement Administrator* shall provide to *Class Counsel* a preliminary electronic file (in the form of a spreadsheet) containing the following information for each *Class Member*, drawn from the *Plan Data*: i) name; ii) most current address; iii) most current personal email address (where available); iv) Social Security number; v) status as *Current Participant* or *Former Participant*; and vi) preliminary amount of the *Class Member Distribution* for each *Class Member* calculated pursuant to the *Allocation Method* (including for Class Members who are calculated to be entitled to a *de minimis* amount).

*Class Counsel* will promptly share this file with *Defense Counsel*. The *Parties* will work cooperatively and in good faith to resolve any issues related to this preliminary electronic file.

Within 20 calendar days after *Class Counsel* receive the preliminary electronic file, unless *Class Counsel* direct a different date in writing, the *Settlement Administrator* will provide to *Class Counsel* an electronic *Plan Distribution Allocation File* containing, for each *Class Member*, the following information: i) name; ii) most current address; iii) most current personal email address (where available); iv) Social Security number; v) status as *Current Participant* or *Former Participant*; and vi) final amount of the *Class Member Distribution* for each *Class Member* calculated pursuant to the *Allocation Method* (including for *Class Members* who are calculated to be entitled to a *de minimis* amount). *Class Counsel* will promptly provide the *Plan Distribution Allocation File* to *Defense Counsel*. The *Parties* will work cooperatively and in good faith to resolve any issues related to this *Plan Distribution Allocation File*.

    A.    <u>Current Participants</u>

In all events, the *Settlement Administrator* shall complete all payment calculations for all *Current Participants* by no later than within forty-five (45) calendar days after the *Settlement Effective Date*.

Within five (5) calendar days after the *Settlement Administrator* has completed all payment calculations for all *Current Participants*, the *Settlement Administrator* will provide the *Plan Administrator* with an Excel spreadsheet containing the name, Social Security number, and amount of the settlement payment to be made into the *Active Account(s)* for each of the *Current Participants*.

Thereafter, within fourteen (14) calendar days written notice to the *Plan Administrator*, the *Settlement Administrator* shall effect a transfer from the *Qualified Settlement Fund* to the *Plan's* trustee of the aggregate amount of all settlement payments payable to *Current*

*Participants*, as reflected in the *Plan Distribution Allocation File* provided by the *Settlement Administrator*. The *Plan's* trustee will credit the individual *Active Account(s)* of each *Current Participant* in an amount equal to that stated on the spreadsheet provided by the *Settlement Administrator* in relation to such *Current Participant*.

The settlement payment for each *Current Participant* will be invested in accordance with and proportionate to such *Current Participant's* investment elections then on file. If there is no investment election on file for any *Current Participant*, then such *Current Participant* shall be deemed to have directed such payment to be invested in the relevant *Plan's* "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

The *Settling Parties* understand the *Plan's Recordkeeper* will process all *Current Participant* transactions within thirty (30) calendar days of receiving direction from the *Settlement Administrator* for any *Current Participant*.

B. <u>Current Participants Who Have a Zero ($0) Account Balance as of the Date the Settlement Payments Are Made</u>

Settlement payments that cannot be made by the *Plan's Recordkeeper* within thirty (30) calendar days of receiving direction from the *Settlement Administrator*, because the *Current Participant* has an account balance of zero ($0) in the *Plan*, shall be returned by the *Plan's* trustee to the *Settlement Administrator* for distribution pursuant to Section 3, below, within twenty (20) calendar days thereafter.

For each *Current Participant* who has an account balance of zero ($0) as of the date the settlement payments are made, the *Settlement Administrator* shall issue a check from the *Qualified Settlement Fund* and mail the check to the address of the *Current Participant* then on file. For each check issued, the *Settlement Administrator* shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the *Current Participant*; (ii) report

5

such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the *Current Participant*. No distribution by check will be made of *de minimis* amounts.

C.      Former Participants

In all events, the *Settlement Administrator* shall complete all payment calculations for all *Current Participants* by no later than within forty-five (45) calendar days after the *Settlement Effective Date*.

For each *Former Participant*, the Settlement Administrator will issue a single check from the *Qualified Settlement Fund* and mail the check to the address on file for such *Former Participant* or, in the case of ambiguity or uncertainty, to the address of such person as determined by the *Settlement Administrator* using commercially reasonable means. For each check issued, the *Settlement Administrator* shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the *Former Participant*; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the *Former Participants*. No distribution by check will be made of *de minimis* amounts.

Upon issuing the check to the *Former Participant*, in a letter accompanying such check, the *Settlement Administrator* shall advise the *Former Participant* that (i) any distribution in accordance with the *Settlement* is rollover eligible and of their right to rollover such an amount; and (ii) they alone bear responsibility for complying with any *Qualified Domestic Relations Order* that may apply to the settlement payment.

     D.    *De Minimis* Amounts

No amount shall be distributed by check to a *Class Member* that is less than $10, the *de minimis* amount. All such *de minimis* amounts shall be retained in the *Qualified Settlement Fund* for distribution with the residual amount, as described below in Section 3.

**3.  Final Settlement Administration**

All checks issued in accordance with the *Plan of Allocation* shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the *Qualified Settlement Fund* for distribution as stated in this Section.

No sooner than thirty (30) calendar days following the end of the *Settlement Period*, any *Net Settlement Amount* remaining in the *Qualified Settlement Fund* after distributions, including undelivered and uncashed checks, the aggregate total of *de minimis* settlement payments, and costs, taxes and interest earned on the *Qualified Settlement Fund*, shall be paid to the *Plan* and distributed by the *Plan's Recordkeeper* across *Active Accounts* on a per capita basis. In no event shall any part of the *Settlement Fund* be used to reimburse any *Defendants* or otherwise offset settlement-related costs incurred by any *Defendant*.

**4.  Tax-Related Issues and General Responsibilities**

The payments made from the *Qualified Settlement Fund* to effect settlement distributions to *Current Participants* and *Former Participants* are intended to constitute restorative payments in accordance with Revenue Ruling 2002-45.

The *Defendants*, *Defense Counsel*, *Class Counsel*, and *Class Representatives* will provide no tax advice to the *Class Members* and make no representation regarding the tax consequences of any of the settlement payments described in the *Settlement Agreement*. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment

shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the *Settlement Administrator*, as required by law in respect of all payments made under the *Settlement Agreement*. Each *Class Member* who receives a payment under this *Settlement Agreement* shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each *Class Member* shall hold the *Parties*, *Defense Counsel*, *Class Counsel*, and the *Settlement Administrator* harmless from any tax liability, including penalties and interest, related in any way to payments under the *Settlement Agreement*, and shall hold the *Parties*, *Defense Counsel*, *Class Counsel*, and the *Settlement Administrator* harmless from the costs (including, for example, *Attorneys' Fees* and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

Neither the *Parties*, *Class Counsel*, *Class Representatives*, nor *Defense Counsel* shall have any responsibility or liability whatsoever with respect to: (i) any act, omission, or determination of the *Settlement Administrator*, or any of their respective designees or agents, in connection with the administration of the *Gross Settlement Amount* or otherwise; (ii) the management, investment, or distribution of the *Qualified Settlement Fund*; (iii) the administration or allocation of the *Net Settlement Amount*; (iv) the determination, administration, calculation, or payment of any claims asserted against the *Qualified Settlement Fund*; (vi) any losses suffered by, or fluctuations in the value of, the *Qualified Settlement Fund*; or (vii) the payment or withholding of any taxes and/or expenses incurred in connection with the taxation of the *Qualified Settlement Fund* or tax reporting, or the filing of any Tax Filings. Further, neither the *Defendants* nor *Defense Counsel* shall have any responsibility for, or liability whatsoever

with respect to any act, omission, or determination of *Class Counsel* in connection with the administration of the *Gross Settlement Amount* or otherwise.

## 5.  Modifications

The Court may approve the *Plan of Allocation*, or modify it, without additional notice to the *BlackRock Plan Class*. Any order modifying the *Plan of Allocation* will be posted on the *Settlement Website,* www.BR401kSettlement.com, within ten (10) business days of the modification.

## Appendix A:  BlackRock-Managed Investments

BlackRock Active Stock Fund F
BlackRock Emerging Markets Index Fund F
BlackRock Emerging Markets NL Index Fund F
BlackRock Equity Dividend Fund F
BlackRock Global Allocation Fund F
BlackRock Global Allocation Mutual Fund
BlackRock Large Cap Core Fund
BlackRock LifePath 2015 Index Fund F
BlackRock LifePath 2020 Index Fund F
BlackRock LifePath 2025 Index Fund F
BlackRock LifePath 2030 Index Fund F
BlackRock LifePath 2035 Index Fund F
BlackRock LifePath 2040 Index Fund F
BlackRock LifePath 2045 Index Fund F
BlackRock LifePath 2050 Index Fund F
BlackRock LifePath 2055 Index Fund F
BlackRock LifePath 2060 Index Fund F
BlackRock LifePath 2065 Index Fund F
BlackRock LifePath Retirement Index Fund F
BlackRock Low Duration Bond Fund K
BlackRock MSCI ACWI Ex-US IMI Index Fund F
BlackRock MSCI ACWI Ex-US Index Fund F
BlackRock Retirement Preservation Trust
BlackRock Russell 1000 Index Fund F
BlackRock Russell 2000 Alpha Tilts Fund F
BlackRock Short Term Investment Fund A
BlackRock Strategic Income Opportunities Fund F
BlackRock Total Return Fund F
BlackRock Total Return Mutual Fund K
BlackRock U.S. Debt Index Fund F
BlackRock U.S. TIPS Index Fund F
FFI Government Fund
FFI Premier Government Institutional Fund I