Michelle C. Yau (*Admitted Pro Hac Vice*)
Mary J. Bortscheller (*Admitted Pro Hac Vice*)
Daniel R. Sutter (*Admitted Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699

Todd Jackson (Cal. Bar No. 202598)
Nina Wasow (Cal. Bar No. 242047)
FEINBERG, JACKSON, WORTHMAN & WASOW, LLP
2030 Addison St. ● Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
Fax: (510) 269-7994

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| Charles Baird, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BlackRock Institutional Trust Company, N.A., *et al.*, <br><br> Defendants. | Case No: 4:17-cv-01892-HSG <br><br> **DECLARATION OF CLASS REPRESENTATIVE CHARLES BAIRD IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS** <br><br> Hearing: October 21, 2021 2:00 PM |

I, Charles Baird, declare under penalty of perjury of the laws of the United States:

1. I am a Class Representative in the above litigation concerning the BlackRock Retirement Savings Plan (the "Plan"). As a Named Plaintiff and later as a Class Representative, I have worked with the lawyers in this litigation and discussed litigation decisions with them.

2. I submit this Declaration in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I have personal knowledge of the matters set forth in this Declaration.

4. I am more than 18 years of age and would testify competently to the matters set forth herein if called upon to do so.

5. I was an employee at Barclays Global Investors ("BGI") from 2000 until 2009, when BGI was acquired by BlackRock Institutional Trust Company, N.A. ("BlackRock"), and an employee of BlackRock from 2009 until July 2016. I participated in the Plan during the Class Period.

6. I have been personally involved in this litigation and contributed to the case. I have earnestly worked with Class Counsel to understand how the Plan I participated in was allegedly operated in violation of ERISA's requirements. I was aware of, and took seriously, my duty to act in the best interests of the Class.

7. I worked with Cohen Milstein and assisted in developing the factual information necessary to file a complaint. I provided Cohen Milstein's attorneys my documents related to the Plan and reviewed the Complaint filed on April 5, 2017. I also provided information for and reviewed the First and Second Amended Complaint filed on October 18, 2017 and July 13, 2018, respectively.

8. I actively participated in discovery in this case. I had multiple calls with the attorneys at Cohen Milstein to review requests for interrogatories that Defendants served on me and provided information requested in them. I searched my computer, physical records, emails, phone, and other repositories for documents Defendants requested I produce. Among other things, I located and produced to my counsel text messages between me and my peers about this litigation; bank records; and other records about my 401(k) account.

9. I also responded to questioning during an in-person deposition. I prepared to be deposed for 3 hours and sat for a deposition for nine hours on November 7, 2018 in San Francisco.

10. I reviewed and approved a declaration filed on July 25, 2019. I reviewed draft and final filings with the court which Class Counsel provided to me.

11. I attended the hearing on Class Certification in Oakland on September 6, 2019.

12. I participated in numerous telephone and email communications with Class Counsel over the past four-plus years. These calls concerned my discovery obligations; my duties as a Class Representative; case events and strategy; trial preparation; and possible settlements.

13. Class Counsel conferred with me before, during, and after the February 7, 2020 mediation about the possible outcomes in this case and a potential settlement.

14. Similarly, Class Counsel conferred with me before the February 5, 2021 settlement conference to prepare me for what to expect during mediation.

15. I attended the parties' seven-hour settlement conference with Judge Donna M. Ryu on February 5, 2021. Having been present at and actively participated in the settlement conference, I understand the risks involved in this litigation and possible outcomes if we proceeded to trial.

16. I support the proposed Settlement, and I believe that it is fair, reasonable and adequate and is a good, favorable result for the Class.

17. Based on the risks of continuing litigation compared to accepting the proposed Settlement, I believe the proposed Settlement provides a better outcome for the Class, which I represent, because it achieves a significant recovery and eliminates risks, inc1uding the risk of achieving no recovery at trial.

18. I understand that Class Counsel seek an award of their attorneys' fees of 29% of the $9.65 million Settlement, reimbursement of the expenses they advanced to litigate the case, and Service Awards in the amount of $15,000 each for the two Class Representatives, including myself.

19. While I understand that the decision on the motion for an award of attorneys' fees and expenses and Service Awards is left to the Court, in my role as a Class Representative, I have considered and support that motion.

20. I recognize that Class Counsel took risks in litigating this case, and I believe that Class Counsel represented the Class well. Class Counsel communicated the basis of major litigation decisions to me and answered my questions about the litigation. I believe that Class Counsel carefully considered what was in the Class's best interest throughout the lawsuit including when they recommended settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this __19__ day of August 2021.

*Charles Baird*
_____
Charles Baird

Alameda, California