UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BAIRD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BLACKROCK INSTITUTIONAL TRUST COMPANY, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01892-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 460 |

Pending before the Court is Plaintiffs' Administrative Motion to File Under Seal. Dkt. No. 460. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6  The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal must "establish[] that the document, or portions thereof, are
12 privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The
13 request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

14 Finally, records attached to motions that are only "tangentially related to the merits of a
15 case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*,
16 LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need
17 only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard
18 requires a "particularized showing" that "specific prejudice or harm will result" if the information
19 is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
20 Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II.   DISCUSSION**

The parties seek to file portions of Plaintiffs' Trial Brief under seal. *See* Dkt. No. 460.
Because this document is more than tangentially related to the underlying cause of action, the
Court applies the "compelling reasons" standard.

In support of Plaintiffs' motion, Defendants filed two declarations in which BlackRock
executives explain that certain statements in Plaintiffs' Trial Brief reflect Plaintiffs'
characterization of materials that convey confidential information related to BlackRock's
securities lending business, as well as the BlackRock Retirement Savings Plan ("Plan") and its

fiduciary committees, including internal committee deliberations, meeting materials, governing documents, and communications with the Plan's active and prospective service providers. *See* Dkt. Nos. 465-66. The Court finds that the parties have provided a compelling interest to seal the portions of Plaintiffs' Trial Brief that contain confidential business and financial information relating to the operations of BlackRock. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal).

The Court therefore **GRANTS** Plaintiffs' motion to seal as to the statements in Plaintiffs' Trial Brief on pages 1:17-1:20; 2:27-3:2; 3:9-12; and 4:11-13. However, the parties have not articulated compelling reasons to seal the statements in Plaintiffs' Trial Brief on pages 1:8-9; 1:21; 2:25-26; 4:28-5:3; and 5:12-13. *See, e.g.*, Dkt. No. 465 ("Kirsch Decl.") at 1 n.1 ("I have also reviewed pages 1:8-9, 1:21, and 2:25-26 of plaintiffs' Trial Brief. Those statements are not required to be filed under seal."); Dkt. No. 466 ("Strofs Decl.") at 1 n.1 ("I have also reviewed pages 4:28-5:3 and 5:12-13 of plaintiffs' Trial Brief. Those statements are not required to be filed under seal."). The Court accordingly **DENIES** Plaintiffs' motion as to those statements.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Administrative Motion to File Under Seal, Dkt. No. 460, is **GRANTED IN PART** and **DENIED IN PART.** The Court **DIRECTS** Plaintiffs to file within seven days a public version of Plaintiffs' Trial Brief with redactions that comport with this Order.

**IT IS SO ORDERED**

Dated: 9/29/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge